## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PAMELA A. DARLING, MERRILL C. TRADER, | ) | C.A. No. 08-295 GMS |
| ROSEMARY BETTS BEAUREGARD, ROBERT | ) | |
| B. YOUNG, WILLIAM L. WITHAM, JACK B. | ) | |
| JACOBS, CAROLYN BERGER, HENRY | ) | |
| DUPONT RIDGELY, MYRON T. STEELE, | ) | |
| LIGUORI, MORRIS & YIENGST, YOUNG, | ) | |
| CONAWAY, STARGATT & TAYLOR, LLP, | ) | |
| LINDA LAVENDER AND SHEILA A. | ) | |
| DOUGHERTY, | ) | |
| | ) | |
| Defendants. | ) | |

### STATE JUDICIAL DEFENDANTS' MOTION TO DISMISS COMPLAINT

The above-captioned state judicial defendants by and through undersigned

counsel, hereby move this Honorable Court to enter an Order dismissing plaintiff's

Complaint with prejudice, pursuant to Fed.R Civ.P. 12(b)(1) and 12(b)(6), for the reasons

set forth in the accompanying judicial defendants' Memorandum in Support of Their

Motion to Dismiss.

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
>
> /s/  · *Kevin R. Slattery*
> Kevin R. Slattery, I.D. #2297
> Deputy Attorney General
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> Attorney for State Judicial
> Defendants

Dated: July 14, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PAMELA A. DARLING, MERRILL C. TRADER, | ) | C.A. No. 08-295 GMS |
| ROSEMARY BETTS BEAUREGARD, ROBERT | ) | |
| B. YOUNG, WILLIAM L. WITHAM, JACK B. | ) | |
| JACOBS, CAROLYN BERGER, HENRY | ) | |
| DUPONT RIDGELY, MYRON T. STEELE, | ) | |
| LIGUORI, MORRIS & YIENGST, YOUNG, | ) | |
| CONAWAY, STARGATT & TAYLOR, LLP, | ) | |
| LINDA LAVENDER AND SHEILA A. | ) | |
| DOUGHERTY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At Wilmington, Delaware, this _____ day of _____, 2008,

IT IS SO ORDERED that plaintiff's Complaint against the State judicial

defendants is dismissed with prejudice for the reasons stated in the attached Motion to

Dismiss and the State Judicial Defendants Memorandum in Support of Their Motion to

Dismiss.

_____
United States District Court Chief Judge
Gregory M. Sleet

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NINA SHAHIN, )<br><br>Plaintiff, )<br>   v. )<br><br>PAMELA A. DARLING, MERRILL C. TRADER, )<br>ROSEMARY BETTS BEAUREGARD, ROBERT )<br>B. YOUNG, WILLIAM L. WITHAM, JACK B. )<br>JACOBS, CAROLYN BERGER, HENRY )<br>DUPONT RIDGELY, MYRON T. STEELE, )<br>LIGUORI, MORRIS & YIENGST, YOUNG, )<br>CONAWAY, STARGATT & TAYLOR, LLP, )<br>LINDA LAVENDER AND SHEILA A. )<br>DOUGHERTY, )<br><br>   Defendants. ) | C.A. No. 08-295 GMS |

## CERTIFICATE OF MAILING AND/OR DELIVERY

    The undersigned certifies that on July 14, 2008, he caused the attached **JUDICIAL DEFENDANTS' MOTION TO DISMISS COMPLAINT** to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

| | |
|---|---|
| Ms. Nina Shahin<br>103 Shinnecock Road<br>Dover, DE 19904 | Norman H. Brooks, Jr.<br>Theodore John Segletes, III<br>Marks, O'Niell, O'Brien & Courtney, P.C.<br>913 N. Market Street, Suite 800<br>Wilmington, DE 19801 |

**MANNER OF DELIVERY:**

    <u> X </u>   Two true copies by first class mail, postage prepaid, to each recipient

                         STATE OF DELAWARE
                         DEPARTMENT OF JUSTICE

                         <u>s/s    *Kevin R. Slattery*   </u>
                         Kevin R. Slattery, I.D. #2297
                         Deputy Attorney General
                         Carvel State Office Building
                         820 N. French Street, 6th floor
                         Wilmington, DE 19801
                         (302) 577-8400
                         Attorney for State Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,               )
                                      )
           Plaintiff,       )
     v.                      )
                                      )
PAMELA A. DARLING, MERRILL C. TRADER, )    C.A. No. 08-295 GMS
ROSEMARY BETTS BEAUREGARD, ROBERT )
B. YOUNG, WILLIAM L. WITHAM, JACK B. )
JACOBS, CAROLYN BERGER, HENRY )
DUPONT RIDGELY, MYRON T. STEELE, )
LIGUORI, MORRIS & YIENGST, YOUNG, )
CONAWAY, STARGATT & TAYLOR, LLP, )
LINDA LAVENDER AND SHEILA A. )
DOUGHERTY,                     )
                                      )
          Defendants.      )

## STATE JUDICIAL DEFENDANTS' MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

KEVIN R. SLATTERY,  I.D. #2297
Deputy Attorney General
Carvel State Office Building
820 North French Street/ 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Judicial Defendants

DATED: July 14, 2008

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS.................................................................iii

NATURE AND STAGE OF THE PROCEEDINGS ...............................................1

STATEMENT OF FACTS ........................................................6

ARGUMENT..........................................................................7

    I.      STANDARD OF REVIEW ..........................................................7

    II.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO
          THE STATE JUDICIAL DEFENDANTS AS THEY ARE IMMUNE
          FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE
          JUDICIAL IMMUNITY..................................................9

    III.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS
          STATE JUDICIAL DEFENDANTS ARE NOT "PERSONS"
          SUBJECT TO SUIT UNDER 42 U.S.C.A §1983................................17

    IV.    THE OFFICIAL COURT REPORTERS ARE ENTITLED TO
          QUASI-JUDICIAL IMMUNITY AND ARE NOT SUBJECT TO
          SUIT IN CONNECTION WITH THE PERFORMANCE OF
          THEIR OFFICIAL FUNCTIONS................................................18

    V.      PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE
          DEFENDANTS ARE IMMUNE FROM LIABILITY UNDER
          THE ELEVENTH AMENDMENT TO THE UNITED STATES
          CONSTITUTION AND THE DOCTRINE OF SOVEREIGN
          IMMUNITY...................................................20

    VI.    PLAINTIFF'S CLAIMS ARE BARRED BY THE
          ROOKER-FELDMAN DOCTRINE..................................22

    VII.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED, PURSUANT
          TO FRCP 12(b)(1) AND FRCP 12(b)(6) AS THE COURT LACKS
          SUJBECT MATTER JURISDCITION OVER THIS ACTION
          AND THE COMPLAINT OTHERWISE FAILS TO STATE ANY
          CLAIM UPON WHICH RELIEF CAN BE GRANTED........................23

CONCLUSION................................................................................24

*("Shahin I") Shahin v. Delaware Federal Credit Union*, C.A. No. 06A-01-004
    (Young, J.)(August 3, 2006)...........................................................TAB A

Justice of the Peace Civil Docket in Civil Action No. J0507004516........................TAB B

Transcript of the Court of Common Pleas proceedings
    in Civil Action No. 05-09-0074AP.................................................TAB C

*Shahin v. Delaware Federal Credit Union*, 918 A.2d 1171,
    2007 WL 176631 (Del. 2007)......................................................TAB D

*("Shahin II") Shahin v. Delaware Federal Credit Union*, C.A. No. 07A-02-001 WLW
    (Witham, R.J.) (December 31, 2007)(ORDER)...................................TAB E

*Shahin v. Delaware Federal Credit Union*, 945 A.2d 595,
    2008 WL 623225 (Del. 2008).....................................................TAB F

Superior Court Civil Docket in Civil Action No. 07A-02-001WLW........................TAB G

Superior Court Civil Docket in Civil Action No. 06C-10-027................................TAB H

*Shahin v. Del-One Delaware Federal Credit Union*, 2008 WL 2332451 (Del. 2008).........TAB I

18 U.S.C.A. §§ 241, 242, 1506, 1512 and 1513................................................TAB J

UNREPORTED OPINIONS.............................................................TAB K

*Abulkhair v. Friedrich*, 2006 WL 1644821 (D.N.J. 2006)

*E. Liggon-Redding v. Congress Title*, 229 Fed.Appx. 105, 2007 WL 1211589 (3d Cir. 2007)

*Martin v. Kline*, 105 Fed.Appx. 367, 2004 WL 1598733 (3d Cir. 2004)

*Pendleton v. NEPA Community Federal Credit Union*, 2007 WL 2155509 (M.D.Pa. 2007)

## TABLE OF CITATIONS

**CASES**                                                                      **Page**

*Abulkhair v. Friedrich*, 2006 WL 1644821 (D.N.J. 2006) .................................... 23

*Antoine v. Byers & Anderson*, 508 U.S. 429 (1993) ............................................. 18

*Bradley v. Fisher*, 80 U.S. 335 (1872) .......................................................... 8,9,10

*Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624 (W.D. Pa. 1996) .............. 7

*Cruz v. Beto*, 405 U.S. 319 (1972) ................................................................. 7

*D'Alessandro v. Robinson*, 210 F.Supp.2d 526 (D.Del. 2002 ................................... 16

*District of Columbia v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983) ...................... 22

*Doe v. Cates*, 499 A.2d 1175 (Del. Supr. 1985) ................................................. 21

*E. Liggon-Redding v. Congress Title*, 229 Fed.Appx. 105,
      2007 WL 1211589 (3d Cir. 2007) .......................................................... 23

*Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1974) ........................................ 20

*Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538 (1988) .................................. 9,10,15

*Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760 (3d Cir. 2000) ...................... 18

*Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993) .............. 7

*Halling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960),
      *cert. denied*, 364 U.S. 835 (1960)......................................................... 8

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982) ............................... 9

*Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968),
      *cert. denied*, 395 U.S. 961 (1969)......................................................... 8

*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534 (1991)......................................... 9

*John v. Barron*, 897 F.2d 1387 (7th Cir. 1990), *cert. denied*, 111 S.Ct. 69 (1990)........... 11,16

*Keene Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1986) ................................................. 22

*Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631 (2004) ........................... 20

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ................................. 7

*Martin v. Kline*, 105 Fed.Appx. 367, 2004 WL 1598733 (3d Cir. 2004) ............................. 18

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806 (1985) ....................................... 9

*Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) ...... 7

*Neeley v. Samis*, 183 F. Supp. 2d 672 (D. Del. 2002) ............................................ 20

*Pagano v. Hadley*, 535 F.Supp. 92 (D.Del. 1982) .................................................. 21

*Pendleton v. NEPA Community Federal Credit Union*, 2007 WL 2155509 (M.D.Pa. 2007) 22

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89,
     104 S.Ct. 900 (1984) ........................................................................ 20

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923) ............................... 22

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S. Ct. 1114 (1996) .................. 20

*Signore v. City of McKeesport*, 680 F.Supp. 200 (W.D. Pa. 1988),
     *aff'd*, 877 F.2d 54 (3d Cir. 1989) ......................................................... 8

*State ex rel. Walker v. Harrington*, 27 A.2d 67 (Del. 1942)................................... 12

*Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978) ........................... 9,10,11,12

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) ................................... 17

## STATUTES, RULES AND OTHER AUTHORITIES

*U.S. Constitution, Eleventh Amendment* ..........................................................17,20

18 *U.S.C.* §1512 ...............................................................................................23

42 *U.S.C.A.* §1983...........................................................................................17,21

*Federal Rule of Civil Procedure* 12(b)(1)..................................................................7

*Federal Rule of Civil Procedure* 12(b)(6)..................................................................7

*Del. Const.*, Art. IV, §7 ............................................................................................12

10 *Del.C.* §148 ..........................................................................................................12

10 *Del.C.* §541 ..........................................................................................................12

10 *Del.C.* §1326 ........................................................................................................12

10 *Del.C.* §4001 ........................................................................................................21

10 *Del.C.* §9301 ........................................................................................................11

10 *Del.C.* §9571 ........................................................................................................11

v

## NATURE AND STAGE OF THE PROCEEDINGS

The plaintiff, Nina Shahin ("Shahin"), initiated three State court proceedings against a credit union and a complaint before the Delaware Court on the Judiciary[1] that have led to the case before the court. Some discussion of these proceedings is necessary to assist the court in understanding the background of this matter.

### A.    The "first" case against the Delaware Federal Credit Union

Shahin and her husband, Mazen Shahin, filed a debt action against the Delaware Federal Credit Union (presently known as "Del-One") in June of 2005. *Complaint*, at page 1; *Shahin v. Delaware Federal Credit Union*, C.A. No. 06A-01-004 (Opinion at page 2) (Young, J.)(August 3, 2006)("*Shahin I*")(Attached at Tab "A"). The action sought reimbursement for an erroneously assessed fee of $35.00 for insufficient funds ("NSF fee"). *Shahin I*, at page 2. The Honorable Pamela A. Darling ("judicial defendant Darling") was the Magistrate who presided over the Justices of the Peace Courts trial. Upon learning that Del-One had admitted the error and had credited the $35.00 to the Shahins' account on the date of trial, the Magistrate dismissed the action with prejudice.[2] *Id;* Justice of the Peace Civil Docket in Civil Action No. J0507004516 (Attached at Tab "B"). The Shahins appealed the Magistrate's decision to the Court of Common Pleas. Id. (Tab "B").

In the Court of Common Pleas, the Honorable Merrill C. Trader ("judicial defendant Trader") considered, and granted, Del-One's motion for summary judgment. *Shahin I*, at page 2; Transcript of

---

[1] As all Court on the Judiciary proceedings are confidential pursuant to the court's Rule 17, only Shahin as the complainant, the judicial officer and the Court would have received a copy of the dismissal of the complaint. Court on the Judiciary Rules 5(b), 8(a) and 15(a). Accordingly, any discussion of the complaint in relation to this proceeding is not possible at this stage of the proceedings.

[2] Del-One claimed that it did not learn of the error until it was served the JP Court complaint.

the Court of Common Pleas proceedings in Civil Action No. 05-09-0074AP. (Attached at Tab "C").

In his decision issued from the bench, judicial defendant Trader held that as the $35.00 had been

paid for more than three months, the Shahins failed to state a claim for which relief could be granted.

Id. He further held that as no sum was due, court costs and interest could not be awarded. Id. The

Shahins appealed this decision to the Superior Court. *Shahin I*, at page 2.

Before the Superior Court, the Shahins contended, in part, that the transcript from the Court

of Common Pleas proceedings contained errors. Those proceedings had been transcribed by Linda

A. Lavender ("defendant Lavender"), an official court reporter. Transcript of the Court of Common

Pleas proceedings in Civil Action No. 05-09-0074AP. (Tab "C"). The Superior Court denied the

Shahins' motion seeking to have the audio tape of the hearing reviewed and to have the alleged

erroneous transcript corrected. *Shahin I*, at page 3.

Upon consideration of the merits of the Shahins' appeal, the Honorable Robert B. Young

("judicial defendant Young") denied the appeal. *Shahin I*, at page 7. He concluded that the Court of

Commons Pleas correctly determined that there were no genuine issues of material fact and that the

court had not committed any errors of law. *Id.*, at pages 4 through 7. Upon further appeal to the

Delaware Supreme Court, the Superior Court's decision was summarily affirmed. *Shahin v.*

*Delaware Federal Credit Union*, 918 A.2d 1171, 2007 WL 176631 (Del. 2007)(Attached at Tab

"D"). The panel of the Delaware Supreme Court that considered the appeal consisted of Justices

Carolyn Berger, Jack B. Jacobs and Henry duPont Ridgely ("judicial defendants Berger, Jacobs and

Ridgely").

**B.**    *The "second" case against the Delaware Federal Credit Union*

Shahin and her husband filed a second (albeit earlier filed) Justices of the Peace Courts debt

action on or about April 24, 2005. *Complaint,* at page 3. In this action, Shahin contended she should

not have been assessed the $35.00 NSF fee as her check could have been deposited as a "local"

check rather than a "non-local" check. *Shahin v. Delaware Federal Credit Union,* C.A. No. 07A-02-

001 WLW (Opinion at page 2)(Witham, R.J.) (December 31, 2007)(ORDER)("*Shahin II*").

(Attached at Tab "E"). Again, the Justices of the Peace Courts Magistrate found in favor of Del-One

and Shahin appealed the decision to the Court of Common Pleas. *Shahin II,* at page 3. Following a

hearing on January 17, 2007, the Honorable Rosemary Betts Beauregard ("judicial defendant

Beauregard") found in favor of Del-One. *Complaint,* at page 3; *Shahin II,* at page 3.

In the process of her appeal to the Court of Common Pleas, Shahin again claimed there were

errors in the transcript of the hearing that she wanted corrected. Defendant Lavender was the court

reporter who transcribed the Court of Common Pleas proceeding. Judicial defendant Beauregard

denied Shahin's motion to amend the transcript concluding that changes were "inconsequential

proofreading which serves no legitimate purpose." *Shahin II,* at page 4. The judge also denied

Shahin's request to access the audio tape recordings of the hearing. On appeal to the Superior Court,

Shahin resurrected her motion to amend the transcript, and the Honorable William L. Witham

("judicial defendant Witham") also denied the motion. *Shahin II,* at pages 4 and 5.

Shahin appealed the denial of her motions to the Delaware Supreme Court on January 28,

2008. *Shahin v. Delaware Federal Credit Union,* 945 A.2d 595, 2008 WL 623225 (Del. 2008).

(Attached at Tab "F"). By order dated March 7, 2008, the Supreme Court dismissed the appeal as

interlocutory. *Id.* The Superior Court appeal in this matter is pending a decision on its merits.

3

Superior Court Civil Docket in Civil Action No. 07A-02-001WLW (Attached at Tab "G").

## C.    *The third case against the Delaware Federal Credit Union*

In October 2006, Shahin filed a personal injury complaint in the Superior Court against Del-One alleging pain and suffering and emotional distress related to poor service, an accounting mistake and two NSF fees in the amount of $35.00 each assessed in March and June of 2005. Superior Court Civil Docket in Civil Action No. 06C-10-027 (Attached at Tab "H"); *Shahin v. Del-One Delaware Federal Credit Union*, 2008 WL 2332951 (Del. 2008). (Attached at Tab "I"). Del-One filed a motion for judgment on the pleadings that was granted by the Superior Court on January 22, 2007. *Id.* The Superior Court held that Shahin's claims were barred by the doctrine of *res judicata*. *Id.* Shahin appealed to the Delaware Supreme Court. The Delaware Supreme Court remanded the matter to the Superior Court for consideration of Del One's application for sanctions (attorneys fees) against Shahin. *Id.* The Superior Court heard the motion on July 19, 2007, and in Shahin's absence[3], it awarded fees against Shahin in the amount of $2,984.79 as a sanction for filing a frivolous claim. *Id.*

On the merits of the appeal, the Delaware Supreme Court affirmed the Superior Court's decision and concluded the Superior Court had correctly found that Shahin's claims were barred by the doctrine of *res judicata*. On the issue of the sanction, the Delaware Supreme Court found there was no abuse of discretion by the Superior Court in awarding attorneys fees to Del One for Shahin's

---

[3] Shahin chose not to appear at the hearing, and instead filed a document entitled "Motion-Protest And Request For A Court Ruling."

4

"repeated , unwarranted litigation." *Id.* The Delaware Supreme Court went further to note that:

> [u]nder the unique circumstances of this case, it appears that a
> monetary sanction may be the only means of deterring Shahin from
> filing future baseless claims.

Unfortunately for the judicial defendants, the sanction appears to have had little deterrent effect.

**D.**     ***The present case against the Delaware judicial defendants.***

Shahin filed her complaint with this court on or about May 20, 2008. (D.I. 1). The entirety of

the complaint reiterates Shahin's prior allegations raised in her various lawsuits. While she has

clothed it in terms of violations of federal law involving civil rights, criminal conspiracy, retaliation

and witness tampering by referencing those provisions in the United States Code, she has not

specifically indicated how the actions on the part of the judicial defendants constitute such alleged

violations.

This is the judicial defendants' Memorandum in Support of their Motion to Dismiss.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, which is based on legal defenses such as absolute judicial immunity, it is not necessary to recite the factual history of the State court cases beyond what has been set forth in detail at "Nature and Stage of the Proceedings," *supra*. Shahin's views of those facts are irrelevant to the defense of absolute judicial immunity. For additional facts relating to the underlying State court proceedings, as established by the various courts, please refer to the attachments at Tabs A, E and I.

## ARGUMENT

## I.    STANDARD OF REVIEW

### A.    *Federal Rule of Civil Procedure 12(b)(1)*

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996)(*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993)). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e., demonstrate a federal question) on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff bears the burden of persuasion under Rule 12(b)(1). *Coxson*, 935 F.Supp. at 626.

### B.    *Federal Rule of Civil Procedure 12(b)(6)*

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (*per curiam*). In this case, however, Shahin's factual allegations of improper conduct are of no significance as judicial officers are entitled to absolute immunity "however

7

erroneous the [judge's] act may have been, and however injurious in its consequences it may

have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872).  The court does not

have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast

in the form of factual allegations.  *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir.

1968), *cert. denied*, 395 U.S. 961 (1969); *Halling v. McElroy*, 278 F.2d 252 (D.C. Cir.

1960), *cert. denied*, 364 U.S. 835 (1960).

Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a

cause of action.  *Signore v. City of McKeesport*, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877

F.2d 54 (3d Cir. 1989).  Under this standard, Shahin's complaint must be dismissed because none of

her allegations would entitle her to maintain this action or obtain relief in this court.

## II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS STATE JUDICIAL DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY.

All of Shahin's allegations against the judicial officers are barred by the doctrine of absolute judicial immunity, and her complaint must therefore be dismissed. Absolute immunity is more than a simple insulation against damages: it is an entitlement not to stand trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985). Immunity is defined by the functions it protects and serves (*i.e.* the judicial process), rather than the title of the defendant. *Forrester v. White*, 484 U.S. 219, 227-29, 108 S.Ct. 538, 544 (1988). Immunity issues should be decided as a matter of law at the earliest possible stage of the litigation and may be decided on a motion to dismiss. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); *Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 537 (1991).

Since at least as early as 1871, the United States Supreme Court has recognized that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). It is simply beyond dispute that a judge is entitled to absolute immunity when performing judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function usually performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362. The U.S. Supreme Court has held the doctrine of judicial immunity to be applicable to actions filed

9

pursuant to 42 U.S.C.A §1983.  *See Stump*, 98 S.Ct. at 1104.

This well-established principle of judicial immunity cannot be avoided simply by crafting allegations of corruption and collusion as Shahin has done here.  As the Court in *Bradley* explained: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly*."  *Bradley*, 80 U.S. at 351 (emphasis added).

In 1871, the Supreme Court could have been describing the case at bar when it noted that human nature will often give rise to perceptions of improper conduct in the minds of disgruntled litigants:

> [T]he disappointment occasioned by an adverse decision, often finds vent in imputations of this character, and from the imperfection of human nature this is hardly a subject of wonder.  If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in a complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away.  Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action.

*Bradley v. Fisher*, 80 U.S. at 348.

These principles remain unchanged in modern Supreme Court jurisprudence, which emphasizes the channels of higher judicial review that are available to dissatisfied litigants.  "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."  *Forrester*, *supra*, 108 S.Ct. at 543.

10

A judge is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be taken within the judge's jurisdiction; second, the acts must be performed in the judge's judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990), *cert. denied*, 111 S.Ct. 69 (1990) (*citing Stump* and *Bradley, supra*). Both prongs of this test are met in this case.

## A.   There is no dispute that the various State court jurists had jurisdiction in their respective matters.

It is well settled that a judge will not be deprived of immunity from liability because the action he took was in error, or in excess of his authority. Rather, a judge will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Stump*, 98 S.Ct. at 1101 (citing *Bradley*). There is no real question of jurisdiction in any of the underlying cases from which Shahin claims to be aggrieved and which precipitated her suit against the judicial defendants. The original Justices of the Peace Courts debt actions were filed by either Shahin or Shahin in combination with her husband. Shahin and Del-One are either Delaware residents or Delaware entities. The acts of filing her complaints in the Justices of the Peace Courts and the Superior Court amount to her concession that these courts had jurisdiction over her claims. Shahin does not dispute these facts in her complaint.

Shahin's original Justices of the Peace Courts complaints sought monetary relief for debts she claimed were owed by Del-One for the allegedly improper NSF fees. It is well-settled that in Delaware, the Justices of the Peace Courts have jurisdiction over such debt actions in any amount not exceeding $15,000. 10 *Del. C.* §9301. Appeals from the Justices of the Peace Courts are heard *de novo* in the Court of Common Pleas. 10 *Del.C.* §9571. Shahin's appeals to the Court of Common Pleas gave judicial defendants Trader and Beauregard jurisdiction to consider her

11

cases. Further appeals to the Delaware Superior Court are considered on the record. 10 *Del.C.* §1326. Shahin's appeals to the Superior Court gave judicial defendants Young and Witham jurisdiction to consider her issues on appeal. Subsequent appeals to the Delaware Supreme Court are also heard on the record. 10 *Del.C.* §148. Shahin's appeals to the Supreme Court gave judicial defendants Berger, Jacobs and Ridgely jurisdiction to consider her issues on appeal.

In addition, the Delaware Superior Court is a court of general jurisdiction able to hear disputes arising in common law, including tort claims. *Delaware Constitution,* Article IV, §7; 10 *Del.C.* §541. *State ex rel. Walker v. Harrington*, 27 A.2d 67, 74 (Del. 1942). In her third action, brought in Superior Court, Shahin brought claims alleging personal injury and sought damages for pain and suffering and emotional distress in excess of $100,000. Again, these causes of action sounding in tort are within the jurisdiction of the Superior Court.

There is no question that the judicial defendants had jurisdiction over the subject matter of the underlying litigation from which Shahin claims to be aggrieved. Accordingly, the first prong of the judicial immunity test is met.

**B.    *The judicial defendants were, at all times, acting in their judicial capacities.***

Given jurisdiction over the subject matter, absolute immunity will attach if the judge's acts were "judicial acts." A judicial act is "a function normally performed by a judge, and to the expectations of the parties, *i.e.* whether they dealt with the judge in his judicial capacity." *Stump*, 98 S.Ct. at 1107.

In this case, Shahin has sued the judicial officers solely for acts performed in their judicial capacities. With regard to the "first case", Shahin identifies judicial defendants Darling, Trader,

Young, Berger, Jacobs and Ridgely as either committing or covering up alleged constitutional violations. *Complaint*, at pages 1-3. It is evident from the complaint that Shahin is alleging that these judicial defendants were acting in their judicial capacities.

As to judicial defendant Darling, Shahin alleges that "*during [the] hearing* [Magistrate Darling] denied their right to question a witness ... denied them the opportunity to present their evidence and testimony and ruled against the plaintiff...." *Complaint*, at page 2.[4] (Emphasis added). Shahin, by invoking the Court's jurisdiction and participating in a hearing, expressed her intention to address judicial defendant Darling in her judicial capacity. Shahin's complaint in the instant case arises from her dissatisfaction with the outcome of the Justices of the Peace Court decision. It is difficult to imagine an act that is more reflective of "judicial capacity" than issuing a court decision.

As to judicial defendant Trader, Shahin alleges that "*[d]uring [the] hearing* on the Attorney's Motion for Summary Judgment ... the presiding judge, Merrill C. Trader, mocked and dismissed the Plaintiff's responses, while allowing false statements made by the attorney to stand and eventually ruled against the Plaintiff...." *Complaint*, at page 2 (Emphasis added). Once again, having filed her appeal of the Magistrate's decision to the Court of Common Pleas, and by participating in a motion's hearing before judicial defendant Trader, Shahin expressed her intent to address the judge in his official capacity. Shahin, again, expresses her disagreement with the court's ruling.

---

[4] The complaint also alleges that judicial defendant Darling "...denied the Plaintiff service of process by failing to mail a copy of the Defendant's response..." Service of such documents is not the responsibility of the Magistrate, but rather that of counsel for the opposing party.

On further appeal to the Delaware Superior Court, Shahin alleges that judicial Defendant Young "...falsified the decision of the JP Court to a completely opposite conclusion ... and ruled against the Plaintiff." *Complaint*, at page 2. While Shahin casts no light on (and alleges no facts detailing) what she views as a "falsification" of the lower court's decision, she is again simply dissatisfied with the judge's decision.

With respect to judicial defendant's Berger, Jacobs and Ridgely, the only allegation is that they affirmed the Superior Court's decision, and that this allegedly constituted a "cover up" for all the previous "violations" committed by the lower courts.

With regard to the "second case", Shahin identifies judicial defendant Beauregard as covering up alleged actions amounting to the obstruction of justice and collusion. *Complaint*, at page 3. The allegations in the complaint indicate that judicial defendant Beauregard was acting in her judicial capacity. Shahin alleges that *"[t]he hearing on the appeal* was held in private chambers of the judge, Merrill C. Trader ... with *ex parte* communications of attorney and the defendant with the presiding judge, Rosemary Betts Beauregard, who ruled in favor of the Defendant based on facts never proven in the courtroom." *Complaint*, at page 3 (Initial Emphasis added). As with the "first case", Shahin alleges that all the acts of judicial defendant Beauregard occurred during the course of a "hearing on the appeal". Consistent with the first set of allegations, Shahin is dissatisfied with the judge's ruling.

As to judicial defendant Witham, the only allegation is that he denied Shahin access to the tapes of the Court of Common Pleas hearing. As there was a verbatim transcript available, the granting of such access was solely within the judge's discretion, and his decision on the

matter was purely a judicial act. *See Shahin II*, at pages 4 and 5 (Tab "F"). The underlying

decision reviewed by Judge Witham denying Shahin's request to modify the transcript and for

access to the hearing tapes was also a judicial act performed by judicial defendant Beauregard.

With regard to the personal injury action Shahin brought in the Superior Court, she again

identifies judicial defendant Young as having colluded with the opposing counsel to exclude her

from the proceeding that resulted in a decision adverse to her. As before, Shahin alleges that

judicial defendant Young, conducted a hearing and ruled against her. There are no factual

allegations as to what constituted the "collusion" of which she speaks. All she contends is that

the opposing counsel did not properly notice her of the hearing.

In connection with all the proceedings in the Delaware courts, Shahin disagrees with the

decisions and feels that the courts erred in reaching their outcomes. The caselaw establishes

definitively that error on the part of a jurist will not circumvent judicial immunity. *Forrester v.*

*White*, 108 S.Ct. at 543. Error, if any, is a matter to be corrected by the appellate process, not by

suing the trial judges and intermediate appellate judges in Federal Court. In this case, Shahin

had, and exercised, the ultimate right to appeal the lower court decisions to the Delaware

Supreme Court (and in one case to the U.S. Supreme Court).

In her complaint, Shahin makes additional, blatantly unsupported, allegations that the

various judicial defendants covered up constitutional violations, had *ex parte* communications

with opposing counsel or attempted to intimidate her through their decisions. Even these

allegations are asserted within the context of the judicial proceedings. *Complaint*, at pages 2, 3

and 4. As contended above, the law is well settled that clearly erroneous, malicious or even

15

illicit decisions on the part of a judge (and there is no evidence whatsoever of such conduct here) are protected by absolute judicial immunity. The risk of a judge being hauled into court and made to defend his judicial acts by the mere allegation of "conspiracy" is the precise harm that judicial immunity seeks to avoid. *John v. Barron*, 897 F.2d at 1392. All actions taken by the judicial defendants as the presiding jurists in the various actions brought by Shahin must be considered judicial acts. Accordingly, they are protected from suit by the doctrine of judicial immunity.

In *D'Alessandro v. Robinson*, 210 F.Supp.2d 526 (D.Del. 2002), the court considered a complaint against a judge containing allegations similar to those alleged here. The plaintiffs in *D'Alessandro* alleged that a District Court judge had violated their constitutional rights by dismissing their case and had "conspired" with defense counsel in the underlying case. The court dismissed the complaint pursuant to Rule 12(b)(6) on the basis of judicial immunity. The court noted that all the acts taken by the judge occurred in her official capacity as the jurist in plaintiffs' underlying case. *D'Alessandro*, 210 F.Supp.2d at 530. Furthermore, the court held that "even if [the judge's] rulings were contrary to the law, she is still immune from suit." *Id.* Finally, with regard to the (unsubstantiated) allegations of "conspiracy", the court held "even if [the judge's] actions were taken as a result of a conspiracy, [she] is still immune from suit." *Id.* The allegations lodged against the judicial defendants here are similar in nature, and the result must be the same. Shahin's complaint must be dismissed as the judicial defendants are absolutely immune from suit.

### III.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS STATE JUDICIAL DEFENDANTS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C.A §1983.

To the extent that Shahin's complaint could be interpreted as having been brought pursuant to 42 U.S.C.A. § 1983, the judicial defendants while acting in their official capacities cannot be considered "persons" as contemplated by the caselaw interpreting section 1983. [5]

The United States Supreme Court has held that a state official acting in his or her official capacity is immune from suit under 42 U.S.C.A. §1983 because he or she is not a "person" under the statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Just as States themselves are protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution (*See* Argument V, *infra*), so are state actors in their "official" capacities.

As the Supreme Court in *Will* explained: "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. As discussed above, the allegations set forth in Shahin's complaint stem entirely from the judicial defendants' actions and decisions issued as the presiding jurists in their respective cases. Thereby, all actions allegedly taken by the judicial defendants occurred in their official capacities as judges, and individually, each judicial defendant may not be considered a "person" subject to suit in this court.

---

[5]  42 U.S.C.A. §1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

17

IV.    **THE OFFICIAL COURT REPORTERS ARE
ENTITLED TO QUASI-JUDICIAL IMMUNITY
AND ARE NOT SUBJECT TO SUIT IN
CONNECTION WITH THE PERFORMANCE
OF THEIR OFFICIAL FUNCTIONS.**

Official court reporters are not absolutely immune from suit for their actions in

connection with the performance of their duties. *Antoine v. Byers & Anderson*, 508 U.S. 429

(1993). They are, however, entitled to "quasi-judicial immunity." *Martin v. Kline*, 105

Fed.Appx. 367, 2004 WL 1598733 (3d Cir. 2004). The *Martin* court cites to the case of *Gallas*

*v. Supreme Court of Pennsylvania*, 211 F.3d 760 (3d Cir. 2000) in support of its conclusion that

court reporters are entitled to "quasi-judicial immunity". The *Gallas* court, in turn, refers to

several prior precedents to help define what quasi-judicial immunity entails. *Gallas*, 211 F.3d at

772, 773. Court officials perform quasi-judicial functions when they are acting as an arm of the

court. *Id.* In that capacity, they are an "integral part of the judicial process" and protected by the

same immunity that protects judges.

Here, there is no allegation that either of the two official court reporters, defendants

Lavender and Dougherty, were performing in any role other than their official capacities as court

reporters. Moreover, in both cases where Shahin contested the accuracy of the transcripts, the

courts considered her objections and found them to be groundless. *See Shahin II*, at pages 3, 4

and 5 (Tab "E"); *Shahin I*, at pages 2 and 3 (Tab "A"). In *Shahin II*, the Superior Court cites

from the Court of Common Pleas decision that found the alleged errors to be "inconsequential

proofreading". *Shahin II*, at page 4. On appeal, the Superior Court agreed and found that the

changes were "minor ... such as adding an 'is' after an 'and.'" *Shahin II*, at page 5. The

18

situation here is similar to that in *Martin* where the plaintiff's objections to the transcript were denied and the court refused to correct the transcript. As such, defendants Lavender and Dougherty are immune from suit as they have quasi-judicial immunity.

V.    **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE AND JUDICIAL DEFENDANTS ARE IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its own citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S. Ct. 1114 (1996). "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80, 120 S.Ct. 631 (2004). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*citing Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900 (1984)). The United States Congress can waive the states' sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however,

only a clear indication of Congress' intent to waive state immunity will produce this result. *Id.*

No such clear intent can be seen in 42 U.S.C.A. §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 U.S.C.A. §1983. Neither the State of Delaware nor its officials acting in their official capacity are "persons" as contemplated by 42 *U.S.C.* § 1983. (*See* Argument III, *supra*).

To the extent plaintiff claims any violations of state laws, the Doctrine of Sovereign Immunity also bars such a claim. *See Pagano v. Hadley*, 535 F.Supp. 92 (D.Del. 1982). Sovereign immunity provides that the State and its agencies may not be sued without consent. *See Doe v. Cates*, 499 A.2d 1175, 1881 (Del. Supr. 1985). No such consent exists here. *See also* 10 *Del.C.* §4001 (providing for absolute tort immunity for judges).

### VI.    PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE.

A review of the Nature and Stage of the Proceedings section of this brief makes clear that Shahin is engaged in a pattern of abusing the judicial process with attempts to appeal unfavorable rulings through new litigation.  It is well established that federal district courts do not have jurisdiction to review judgments of a state court. *District of Columbia v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149 (1923).  The Rooker-Feldman doctrine is based on the theory that only the United States Supreme Court has authority to review final state court judgments. *Id.* at 476.

The essence of Shahin's claims against the judicial defendants is that the Delaware Courts have ruled against her.  With one exception, she appealed those rulings to the Delaware Supreme Court.  In one case, she appealed her case to the U.S. Supreme Court where certiorari was denied. The Rooker-Feldman doctrine bars Shahin from submitting the final judgment of a state court to a federal district court for review.  The doctrine has also been held to apply even where there has been no "final" judgment in the state court. *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1986) (affirming the District Court's dismissal of suit against a state court and judge on the basis of judicial immunity and *Rooker-Feldman*).

**VII.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED, PURSUANT TO FRCP 12(b)(1) AND FRCP 12(b)(6) AS THE COURT LACKS SUJBECT MATTER JURISDCITION OVER THIS ACTION AND THE COMPLAINT OTHERWISE FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Notwithstanding the bar of absolute judicial immunity and the other defenses discussed above, Shahin's complaint must fail as she states no cognizable claim for relief under any of the federal statute she cites.

All of the statutory provisions cited by Shahin are criminal; including 18 U.S.C. §1512[6], the provision under which she claims federal jurisdiction for her civil action in this court.  Shahin cannot utilize criminal statutes to form the basis of her civil cause of action.  *Pendleton v. NEPA Community Federal Credit Union*, 2007 WL 2155509 (M.D.Pa. 2007).   None of the statutes cited by Shahin provide for a private right of action, and none have a civil remedy.  Shahin, therefore, lacks standing to bring her cause of action in this court.  *Abulkhair v. Friedrich*, 2006 WL 1644821 (D.N.J. 2006).  Moreover, she cannot utilize them to raise a federal question.  *E. Liggon-Redding v. Congress Title*, 229 Fed.Appx. 105, 2007 WL 1211589 (3d Cir. 2007); *Abulkhair v. Friedrich*, 2006 WL 1644821 (D.N.J. 2006).  The ultimate conclusions to be reached from this defect in Shahin's pleading is that the federal district court lacks subject matter jurisdiction to entertain this action, and furthermore, that Shahin has failed to state a cause of action for which relief may be granted.  Her complaint must be dismissed.

---

[6] The federal statutes cited by Shahin in her complaint are attached at Tab "J".

## CONCLUSION

For the foregoing reasons, the judicial and State defendants respectfully request this

Honorable Court to grant their Motion to Dismiss plaintiff's complaint with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


/s/    *Kevin R. Slattery*
Kevin R. Slattery, I.D. #2297
Deputy Attorney General
Carvel State Office Building
820 North French Street/ 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Judicial Defendants

DATED: July 14, 2008

24

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on ___*July 14,*___ 2008, he caused the attached ***Defendants'***

***Memorandum in Support of Motion to Dismiss Complaint*** to be delivered to the following

persons in the form and manner indicated:

### NAME AND ADDRESS OF RECIPIENT(S):

Ms. Nina Shahin                    Norman H. Brooks, Jr.
103 Shinnecock Road                Theodore John Segletes, III
Dover, DE 19904                    Marks, O'Niell, O'Brien & Courtney, P.C.
                                   913 N. Market Street, Suite 800
                                   Wilmington, DE 19801
                                   Counsel for Liguori, Morris & Yiengst

### MANNER OF DELIVERY:

_____    One true copy by facsimile transmission to each recipient.

__X__    Two true copies by first class mail, postage prepaid, to each recipient.

_____    Two true copies by Federal Express.

_____    Two true copies by hand delivery to each recipient.


/s/    *Kevin R. Slattery*
Kevin R. Slattery, I.D. #2297
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for State Defendants

TAB "A"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA and MAZEN SHAHIN,    :
    :
    :
        Appellants,    :   C.A. NO: 06A-01-004
    :
    v.    :
    :
DELAWARE FEDERAL CREDIT    :
UNION,    :
    :
        Appelle.    :

Submitted: May 2, 2006
Decided: August 3, 2006

Nina and Mazen Shahin, *pro se.*

Gregory A. Morris, Esq., Liguori, Morris & Yiengst, Dover, Delaware for Appellant.

*OPINION*

UPON CONSIDERATION OF APPELLANT'S
APPEAL FROM FROM COURT OF COMMON PLEAS
**DENIED**

Young, Judge

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

Appellants, Nina and Mazen Shahin, bring the present appeal from a decision of the Court of Common Pleas, which granted summary judgment to appellee, Delaware Federal Credit Union ("DFCU"). This case is a debt action, which originated in the Justice of the Peace Court, and was appealed to the Court of Common Pleas. In both of the proceedings below, the Court found in favor of DFCU. For the following reasons, the Shahins' appeal is **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

The Shahins initiated their claims against DFCU in the Justice of the Peace Court, seeking reimbursement for a $35.00 fee assessed to their account for insufficient funds ("NSF fee"). The Magistrate held in favor of DFCU after learning that DFCU credited the Shahins' account for the $35.00 NSF fee.[1]  The Shahins appealed the Magistrate's decision to the Court of Common Pleas, which granted DFCU's motion for summary judgment. The Shahins made a timely appeal of the decision of the Court of Common Pleas to this Court on January 11, 2006.[2]

In preparation for the Superior Court appeal, the Shahins obtained a copy of the transcript of the proceeding in the Court of Common Pleas, and complained that

---

[1]      DFCU admits that it assessed the Shahins the $35.00 NSF fee in error. The parties dispute whether the Shahins advised DFCU directly of the error. DFCU claims it did not learn of the problem until they were served with the JP Court complaint. DFCU credited the Shahins' account for the NSF fee on the day of the JP Court hearing.

[2]      10 Del.C. § 1326(b).

2

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

the transcript contained errors.[3]  The Court of Common Pleas denied the Shahins' request to review the tape of December 21, 2005 hearing and submit corrections of the transcript errors.  The Shahins filed a similar motion with this Court, seeking to review the tape and correct the hearing transcript.  At oral argument on March 3, 2006, this Court considered the Shahins' motion as an appeal of the Court of Common Pleas decision, and denied their request.

The Shahins now present their brief in support of their appeal of the decision of the Court of Common Pleas on DFCU's motion for summary judgment.

## STANDARD OF REVIEW

When considering an appeal from the Court of Common Pleas, this Court's function is similar to that of the Delaware Supreme Court.[4]  "In reviewing appeals from the Court of Common Pleas, the Superior Court must limit its scope of review to correcting errors of law and ascertaining whether the trial judge's factual findings 'are adequately supported by the record and are the product of an orderly and logical deductive process.'"[5]  This Court must accept any decision of the Court of Common

---

[3]    Record of the parties' oral arguments before the Court of Common Pleas on the summary judgment motion was recorded by Court of Common Pleas Reporter Linda Lavender. An audiotape of the proceeding was also prepared.  The Shahins argue that the transcript contains mistakes, omissions, and unauthorized additions.

[4]    *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[5]    *Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del. Super.)(*citing Wyatt v. Motorola, Inc.*, 1994 WL 714006, at *2 (Del. Super.)).

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

Pleas that is supported by sufficient evidence.[6] However, when reviewing a summary judgment decision on appeal, "the applicable standard requires that this Court examine the record below *de novo* to determine whether the court below correctly applied the applicable legal principles."[7]

## DISCUSSION

The Shahins make several arguments about the propriety of the proceedings, not only at the hearing in the Court of Common Pleas, but also in the Justice of the Peace Court. The scope of this Court's review is limited to the issues the parties raised at trial, and this Court will not hear issues the parties did not raise and address before the lower court.[8] In this case, the Court of Common Pleas decision at issue was on DFCU's motion for summary judgment. Accordingly, this opinion is limited to those issues raised in the Court of Common Pleas hearing on that motion.

Summary judgment should be rendered if the record shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as

---

[6]     *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972); *Wilson v. Klabe Construction Co.*, 2004 WL 1732217, at *2 (Del. Super.).

[7]     *Baldwin v. Conner*, 1999 WL 743276, at *2 (Del.Super.) (*citing Hoechst Celanese Corp. v. Certain Underwriters at Lloyds*, 656 A.2d 1094, 1098 (Del. 1995)).

[8]     *Pringle v. Atlantic Millwork*, 1998 WL 472751, at *4 (Del. Super.) (*citing Wilmington Trust Co. v. Conner*, 415 A.2d 773 (Del. 1980)).

4

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

a matter of law.[9]  The facts must be viewed in the light most favorable to the non-moving party.[10]  Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances.[11]  However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[12]

In the Court of Common Pleas appeal, which was a *de novo* proceeding, DFCU argued that the Shahins' claim was without merit, because the $35.00 NSF fee had been credited to the Shahins' account.  In fact, there was no dispute that the Shahins had been reimbursed for the improperly assessed NSF fee.[13]  The record shows that

---

[9]      Super. Ct. Civ. R. 56(c).

[10]     *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. Ct. 1995).

[11]     *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[12]     *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[13]     Court of Common Pleas transcript at 8

THE COURT:        Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN:       The credited only for 35 after the Court, after this hearing, not before.

* * * * *

THE COURT:        But, before you came here they credited it?

MS. SHAHIN:       No.  Oh, before I came here?

5

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

DFCU credited the Shahins' account on September 6, 2005, the day of the Justice of the Peace hearing. However, the Shahins argue that they are entitled to interest and court costs. The Court of Common Pleas denied their claim, however, ruling that interest and costs cannot be awarded when there is no claim upon which relief can be granted.

The Court of Common Pleas did not err in determining that no genuine issue of material fact existed as to the Shahins' claim that DCFU owed them $35.00 for the NSF fee, because the evidence shows that the Shahins received reimbursement. There is no dispute that the Shahins were paid; therefore, summary judgment was appropriate. Having determined that DFCU is entitled to judgment as a matter of law, the Shahins' claims for interest and costs cannot be considered.

Finally, the Shahins complain, *inter alia*, that they were not afforded due process, because the Justice of the Peace Magistrate engaged in *ex parte* communications with DFCU.[14] The Shahins also complain that their due process rights were violated by the Court of Common Pleas, because their claims were not considered *de novo*. The Shahins' claim that the Court of Common Pleas proceeding

---

THE COURT:        Yes.

MS. SHAHIN:       Yes.

[14]    The Shahins were not served with a copy of DFCU's answer to the complaint in the Justice of the Peace action. At the hearing before the Magistrate, the Shahins complained that the Justice of the Peace Court should have taken the initiative and served them with DFCU's answer. Because the Court received DFCU's answer, but the Shahins did not, the Shahins accused the Court of engaging in *ex parte* communications with DFCU.

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

was not a *de novo* review is without merit. The record of the proceedings in the Court

of Common Pleas is clear that the Shahins did receive a *de novo* review of their

original claim for the $35 NSF fee. The hearing on the motion for summary judgment

focused on the Shahins' original complaint. Ironically, the Shahins' arguments about

the propriety of the proceedings in the Justice of the Peace action contradict their

wish for a *de novo* review and are inappropriate.

## CONCLUSION

For the reasons stated above, the Shahins' Appeal from Defendants' Motion

for Summary Judgment is **DENIED.**

_/s/ Robert B. Young_
J.

RBY/sal
oc:   Prothonotary
cc:   Opinion Distribution

TAB "B"

JUSTICE OF PEACE CIVIL DOCKET - COURT 16
AS OF 09/20/2005                    PAGE    1

CIVIL ACTION NO. J0507004516

FILED  06/28/2005                DEBT ACTION
                                NON-ARBITRATION
                                NON-JURY TRIAL

*** L I T I G A N T S ***

NINA M SHAHIN

- - - - - - VS - - - - - -

DE FEDERAL CREDIT UNION

| NO. | EVENT DATE | DOCKET TEXT |
|---|---|---|
| 2 | 07/06/2005 | FILING DATE: 06/28/2005 FEE: 30.00 RELIEF AMT:  35.00 PERSONAL PROPERTY VALUE:     OTHER AMT:  15.00 PRE INT RATE:     PRE INT AMT: POST INT RATE: OTHER-SUBPOENA FOR LISA BREWER, BRANCH MANAGER |
| 3 | 07/06/2005 | NOTICE(S) GENERATED: 07/06/2005 |
| 4 | 07/06/2005 | FORMS GIVEN TO:CONSTABLE COURT 16 DATE: 07/07/2005 |
| 5 | 07/18/2005 | RETURN OF SERVICE POSITIVE FOR AND DATE SIGNED FOR: DE FEDERAL CREDIT UNION  - 07/14/2005 SIGNED BY IF DIFFERENT THAN NAME ABOVE: JANE WASHINGTON |
| 6 | 07/29/2005 | CASE UPDATED: 07/29/2005 7/28/05 -PER JUDGE DARLING LETTER SENT TO PLAINTIFF STATING:THE COURT IS REQUIRING THAT WITHIN 15 DAYS YOU SUPPLY THE COURT WITH THE FOLLOWING INFORMATION CONCERNING CASE #'S J0507004516, AND J0506073516: THE AMOUNTS OF THE CHECKS, CHECK NUMBERS AND EXACT DATES IN WHICH YOUR ACCOUNT WAS DEBITED FOR NON-SUFFICIENT FUNDS:  FAILURE TO SUPPLY THE COURT WITH THE ABOVE INFORMATION BY 8/12/05 WILL RESULT IN THE CASES BEING DISMISSED. |
| 7 | 08/15/2005 | TRIAL SCHEDULED:  Tuesday 09/06/2005 01:00 PM TO BE HEARD WITH CA# J0507004516. |
| 8 | 08/15/2005 | NOTICE(S) GENERATED: 08/15/2005 |
| 9 | 09/06/2005 | 9/6/05 A DEBT ACTION IS FILED WHEN A PARTY OWES MONEY AND REFUSED OR DOES NOT PAY. IN THIS CASE THE DEFENDANT WAS NEVER GIVEN OPPORTUNITY TO PAY THE DEBT PRIOR TO PLAINTIFF FILING CASE. AFTER FILING DEFENDANT REVIEWED THEIR RECORDS AND ADMITTED THEY HAD MADE AN ERROR AND OFFERED TO CORRECT THE ERROR. THIS WAS REFUSED BY PLAINTIFF. DEFENDANT HAS AGREED TO CREDIT |

A-3

JUSTICE OF PEACE CIVIL DOCKET - COURT 16
AS OF 09/20/2005                          PAGE      2

CIVIL ACTION NO. J0507004516
                    PLAINTIFF ACCOUNT IN THE AMOUNT OF #35.00. CASE
                    DISMISSED WITH PREJUDICE.

10   09/06/2005     JUDGMENT MAILED: 09/06/2005
                    APPEAL PROCEDURES INCLUDED

11   09/09/2005     CASE UPDATED: 09/09/2005
                    9/7/05-RECV'D LETTER OF COMPLAINT FROM NINA SHAHIN
                    CONCERNING JUDGES DECISION IN THIS CASE.
                    9/7/05-SENT LETTER TO PLAINTIFF STATING:
                    JUDICIAL OPERATIONS MGR DOES NOT REVIEW THE CASE
                    DECISIONS OF THE JP JUDGES, NOR DO I DIRECT THEM HOW
                    ANY INDIVIDUAL CASE SHOULD BE HANDLED.
                    INCLUDED IN THE LETTER OF NAMES AND ADDRESSES OF
                    DCM AND CHIEF MAGISTRATE FOR FILING COMPLAINTS.
                    STATED ALSO THAT APPEAL PROCEDURES WERE INCLUDED
                    WITH THE ORDER.

12   09/20/2005     APPEAL - CASE APPEALED TO COURT OF COMMON PLEAS
                    TRANSCRIPT REQUESTED BY:NINA SHAHIN
                    DATE TRANSCRIPT ISSUED:9/20/05
                    FEE PAID:  $10.00
                    DOCKET ABOVE IS A TRUE AND CORRECT COPY OF ALL ENTRIES ON
                    THIS CASE.
                    JUDGE:



A-4

TAB  "C"

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| MAZEN SHAHIN, and<br>NINA SHAHIN, | ) | Civil Action Number<br>05-09-0074AP |
| | ) | |
| Plaintiffs/Appellants, | ) | |
| vs. | ) | |
| | ) | |
| DELAWARE FEDERAL<br>CREDIT UNION, | ) | |
| | ) | |
| Defendant/Appellee, | ) | December 21, 2005 |

- - - - -

BEFORE:

HONORABLE MERRILL C. TRADER

- - - - -

APPEARANCES:

NINA SHAHIN,
Pro Se.

GREGORY A. MORRIS, ESQUIRE
on behalf of the Defendant.

LINDA A. LAVENDER
Official Court Reporter



A-14

Court of Common Pleas
December 21, 2005

Present:  As noted.

THE COURT:  All right.  This is the time, or it's a little past the time, that we scheduled a hearing on a motion for summary judgment.

How do you pronounce your name?

MS. SHAHIN:  Shahin, Nina Shahin.

THE COURT:  Nina Shahin, and Mazen Shahin versus...

MS. SHAHIN:  Shahin, just Shahin.

THE COURT:  Shahin vs. Delaware Federal Credit Union.  It looks like there are two cases, and it looks like one case there was a judgment entered for $35 and another case a judgment was entered on behalf of the defendant.

I suppose there's been some confusion, and that the end result of the case was judgment for the defendant.  Is that right, Mr. Morris?

MR. MORRIS:  Yeah, that's correct, Your Honor, and the motion I filed only deals with the one case, the other one just came up just recently.

THE COURT:  Well, it should really cover both; do you ask that it cover both?

MR. MORRIS:  It could essentially, Your Honor.  I mean both, essentially both decisions were on behalf of the Delaware Federal Credit Union.  It was all concerning this $35 payment, which actually the

A-15

Delaware Federal Credit Union made back on September 6, 2005, which credited the account. In fact...

THE COURT: Did the Magistrate first make one decision, and then later on he made a different decision?

MR. MORRIS: Well, no, there were two separate cases filed.

THE COURT: There were two cases?

MR. MORRIS: They're two separate cases, at least, and she can correct me if I'm wrong, but there were two separate cases filed.

THE COURT: I see.

MR. MORRIS: The first one, which I filed the motion for summary judgment on, was actually a defendant's verdict in one respect, and a plaintiffs' verdict in the other respect.

Essentially what happened is the defendant came into court, told the Court that they were willing to credit the plaintiffs' account in the amount of $35, which had been refused by plaintiffs, and then based upon that statement, the Court essentially initially found, or dismissed it with prejudice, but the docket sheet seems to indicate they entered judgment for $35 for the plaintiffs without court costs, and interest.

It was at that point that the plaintiffs then appealed to this court. Quite frankly the fact that the $35 has been paid since September of 2005, clearly the case is over at that point, and her ability to get court costs, and interest, we would respectfully argue is moot at this point.

A-14

4

The second case I didn't file the motion on, because it just came up, so I feel a little unprepared to deal with that one at this point, because I don't know all one hundred percent of the facts, because I didn't represent Delaware Credit Union at either one, at the court below; I've just been taking the cases up once they've been appealed, but at least as to the one at this point, feel that there is no action whatsoever, because...

THE COURT: Okay. Now, the one that...

MS. SHAHIN: Your Honor, can I now correct, and add?

THE COURT: Just let me finish with counsel for a minute, then I'll let you make some kind of statement, or argument.

Well, the October 17th judgment in favor of Dover Federal Credit Union against the plaintiffs, that is the case that apparently your motion does not cover?

MR. MORRIS: That is correct, Your Honor. The one I...

THE COURT: And you don't want to cover it?

MR. MORRIS: Well, again, I didn't even bring that file with me when I filed this motion, in fact. So I don't have it in front of me, but maybe if I could ask the Credit Union.

(PAUSE).

MR. MORRIS: It's my understanding, Your Honor, they're two separate matters.

THE COURT: They're two separate matters?

MR. MORRIS: Two separate matters, even...

A-17

MS. SHAHIN: It's the same matter, two separate incidents.

MR. MORRIS: Two separate incidents, so I respectfully submit that probably my motion will not be able to address the second one today unfortunately.

THE COURT: But, doesn't it involve the $35 fee?

MR. MORRIS: Yeah, but I think they may have sued for a little bit more, because there was an extended hold, and the first $100 of the thing would have gone to the account, so they weren't just suing for the $35 I don't believe, and maybe she can correct me if I'm wrong in that regards, but I think, they're two separate issues.

THE COURT: The complaint states exactly... well, no, it's a little different.

MR. MORRIS: It's a little different, Your Honor, it's the...

THE COURT: All right. Okay. Tell me what you want to tell me about your motion for summary judgment, and this is the case.

MS. SHAHIN: Now?

THE COURT: No, the defense attorney goes first, he hadn't made an argument yet.

MR. MORRIS: Your Honor, I think, my motion speaks for itself. Essentially what the plaintiffs did, they filed an action against the Delaware Federal Credit Union, for $35, court costs, and interest as a result of it was a hold put on a check, and as such they were debited $35, or they were charged $35.

A-18

When Delaware Federal Credit Union agreed to reimburse them the $35 when they realized the error, it was refused by plaintiffs. However, when the Court was informed of that, that the Delaware Federal Credit Union was willing to credit their account for $35, that's when the Court found essentially in favor of the defendant at that point, and in fact, $35 was placed on their account on September 6, 2005 which was the very day that they were in court.

THE COURT: Well, this is the case where the judgment was entered in their behalf?

MR. MORRIS: Correct.

THE COURT: For $35.

MR. MORRIS: Well, Your Honor, it's really bizarre...

THE COURT: That's what the transcript...

MR. MORRIS: ...because if you look at the docket sheet, and the judgment itself, and I think I've attached this one. Essentially what it said is a debt action... this is the notice of action which is signed by the Justice of the Peace Court, it's not the docket sheets, it's September 6th, 2005, a debt action is filed when a party owes money, refused or does not pay.

In this case, the defendant was not given an opportunity to pay the debt prior to plaintiffs filing the case. After filing defendant reviewed their records, admitted they made an error, and offered to correct the error; this was refused by plaintiffs. Defendant has agreed to

A-19

credit plaintiffs' account in the amount of $35, case dismissed with prejudice.

THE COURT: Okay. Now, I see that.

MR. MORRIS: And, I think that...

THE COURT: There's some confusion in the...

MR. MORRIS: I agree, Your Honor, that there is a confusion, but I would argue that this is essentially what the true judgment is, and not what the docket says per se.

THE COURT: Okay. All right.

MR. MORRIS: But, either way the plaintiffs appealed it at that point saying they should've been given court costs, and interest. At this point, the fact that it's still pending...

THE COURT: Okay.

MR. MORRIS: The $35 has been paid; I just don't see a reason why...

THE COURT: All right. All right. Now, it's your chance.

MS. SHAHIN: Okay. Thank you, Your Honor.

THE COURT: Now, is it correct that in this case it was dismissed below?

MS. SHAHIN: This is what I want to address, this is correct. On the certified copy, which I attached to my appeal, it says that the judgment was entered in the Justice of the Peace Court in favor of Nina and Mazen Shahin. And this is correct, the original decision of the judge,

*A-20*

it states all the facts that we allegedly didn't give appropriate notice. That they offer to pay, and some other facts, which has never...

THE COURT: Well, was it ultimately dismissed by the Justice of the Peace?

MS. SHAHIN: It was dismissed.

THE COURT: Okay.

MS. SHAHIN: And all these facts, which she claims in her decision, have never been proved in her court.

THE COURT: Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN: The credited only for 35 after the Court, after this hearing, not before.

THE COURT: Okay.

MS. SHAHIN: So, it means for three months...

THE COURT: But, before you came here they credited it?

MS. SHAHIN: No. Oh, before I came here?

THE COURT: Yes.

MS. SHAHIN: Yes.

THE COURT: All right.

MS. SHAHIN: But, it was after the court, and the whole premise of our appeal is that we have been denied the right to present our case in the Court of Peace. We have the right to present, because what the Judge claim, and what the defendant/appellee claim is not true.

A-21

THE COURT: Well, you did present your case, he just ruled against you.

MS. SHAHIN: No, we didn't present, that's the whole point. She didn't allow us to question the witness, she didn't allow us to present any proofs. As a matter of fact, we even didn't receive the response of the defendant, so when we entered her room we didn't even know what they claimed, so we couldn't even address their claim, because we didn't know what the claims were, so we're denied due process...

THE COURT: Well, okay, what's your second suit about? You've got two suits; it's about something different than this?

MS. SHAHIN: What happened when we deposited our...

THE COURT: Answer my question, what's the second suit about?

MS. SHAHIN: This is what I'm trying to explain.

THE COURT: All right.

MS. SHAHIN: To explain the confusion what is this all about. We deposited our own check from one Delaware bank to another, from PNC Bank to Delaware Credit Union. PNC Bank was a local branch, so it was miscoded by the Delaware Credit Union as not a local check, when in fact it was a local check. So according to their procedures a local check was supposed to have a hold only of three days, they put a hold of seven days.

THE COURT: Okay.

A-22

MS. SHAHIN:  And in the course of those three days they bounced two transactions, and charged twice $35.

THE COURT:  They charged two separate...

MS. SHAHIN:  Two separate occasion although it was triggered by the same check, on two separate occasions, and they claim that we didn't notify them when, in fact, we made every effort to notify them of the fact, they just didn't want to listen.

THE COURT:  Okay.

MS. SHAHIN:  And, the Judge didn't allow us to hear the case, so all this in the motion for summary judgment, all these claims are false, all these claims, in fact, are not true.  So this is why we claim that there could be no summary judgment when there is such a wide dispute on the matters of fact, which were not heard in the Justice of Peace Court, because there was no practical hearing.

When we entered the Court, Judge listened and communicated with the defendant only without giving us opportunity even to say a word, and then she dismissed the case, so we didn't have the opportunity to present our part...

THE COURT:  Okay.

MS. SHAHIN:  ...of the evidence or claims.

THE COURT:  That may be.  Were two separate hearings on the two different cases?

MS. SHAHIN:  Yes, there were two separate, and we

*A-23*

appealed both of them, and this is actually the second incident, although it was processed by time in the court system as the first. The second one...

THE COURT: What are you claiming in the second case that you're not claiming in the first case?

MS. SHAHIN: In the second case we claim plus all the court of appeals fees.

THE COURT: The one I'm not...

MS. SHAHIN: And all the interest on all the money.

THE COURT: You're really claiming the same thing in the second case you're claiming in the first case, aren't you?

MS. SHAHIN: Not necessarily. Here I claim only $38 of the courts fees in Justice of the Peace Court, plus the interest on the money.

THE COURT: Okay.

MS. SHAHIN: There I claim everything plus court claim fees...

THE COURT: In this case you're claiming court costs plus interest; the other case you're claiming what, court costs, interest, and what?

MS. SHAHIN: And any other amounts which Court finds equitable and necessary.

THE COURT: Any other amount for what?

MS. SHAHIN: Penalty for false claims, for perjury.

*A-24*

THE COURT: Well, you have to prove that. It seems to me you're claiming the same thing in both cases.

Have you completed your statement to the Court in this case?

MS. SHAHIN: Yeah, Your Honor, yeah, I want to say additionally that we practically in the Court of Peace we were denied our constitutional rights of equal protection, and due process, and this is why we want to hear the case de novo in the Court of Common Pleas.

THE COURT: All right. Okay. Thank you.

Anything further Mr. Morris?

MR. MORRIS: Just briefly, Your Honor. I don't really know what the heck happened in J. P. Court, all I know is $35 has been paid since September 6th.

If you heard the trial today, on those issues, you would have to find on behalf of the defendant at that point, because...

THE COURT: Is my decision on this case going to be res judicata on the other one? It sounds like it would be?

MR. MORRIS: I think it is, I think, and I apologize to the Court not bringing that file, but I do think there was something a little bit different from this one, and in fact that one just came up recently, but I think ultimately...

THE COURT: I can't determine what it is, it seems like they're suing for the same thing.

A-25

MR. MORRIS:  It seems like it to me, Your Honor, but factually it's a little different, because there was some issue about a three day period, and whether certain checks should have cleared.

In this one it's all about $35 to their account, and quite frankly that $35 has been paid over three months ago.

THE COURT:  Okay.  In the case that remains open is 0113, I'll hand that file back to the clerk so we're clear.  In the motion for summary judgment is for 0074.

And the question is does the plaintiffs' claim state a claim for which relief can be granted.  There must be a principal sum due, or shown to be due before you can get interest, and court costs.  In other words, the plaintiffs are going to have to demonstrate from the pleadings, that there is still $35 due in order to recover interest, and court costs.

The $35 has been paid, there's nothing before the Court to indicate that there is a sum due still, at least in this case, from the Delaware Federal Credit Union to these plaintiffs.

MS. SHAHIN:  But they paid it three...

THE COURT:  Keep quiet, I'm rendering my decision.

You don't get court costs and interest unless you have a claim from which relief can be granted.  There is no claim for which relief can be granted in this case.  The motion for summary judgment is granted.

- - - -

A-26

TAB "D"

Westlaw.

918 A.2d 1171
918 A.2d 1171, 2007 WL 176631 (Del.Supr.)
(Cite as: 918 A.2d 1171, 2007 WL 176631 (Del.Supr.))

Page 1

**H**

Shahin v. DelawareFederalCreditUnion
Del.Supr.,2007.
(The decision of the Court is referenced in the At-
lantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
**Mazen and NinaSHAHIN, Appellants Below-
Appellants,**
v.
**DELAWAREFEDERALCREDITUNION, Ap-
pellee Below-Appellee.
No. 472, 2006.**

Submitted: Nov. 20, 2006.
Decided: Jan. 24, 2007.

Court Below-Superior Court of the State of
Delaware, in and for Kent County, C.A. No.
06A-01-004.

Before BERGER, JACOBS, and RIDGELY, Justices.

*ORDER*

JACK B. JACOBS, Justice.
*1 This 24th day of January 2007, after careful con-
sideration of the appellants' opening brief and the
appellee's motion to affirm, the Court finds it mani-
fest that the judgment below should be affirmed on
the basis of the Superior Court's well-reasoned de-
cision, dated August 3, 2006, which affirmed the
Court of Common Pleas' order granting summary
judgment to appellee. The Superior Court did not
err in affirming the Court of Common Pleas' judg-
ment that there was no genuine issue of material
fact and that appellee was entitled to judgment as a
matter of law.

NOW, THEREFORE, IT IS ORDERED that the
judgment of the Superior Court is AFFIRMED.

Del.Supr.,2007.

Shahin v. Delaware Federal Credit Union
918 A.2d 1171, 2007 WL 176631 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

TAB "E"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA and MAZEN SHAHIN,      :
                            :       C.A. No. 07A-02-001 WLW
            Appellants,     :
                            :
    v.                      :
                            :
DELAWARE FEDERAL CREDIT     :
UNION,                      :
                            :
            Appellee.       :

Submitted: September 21, 2007
Decided: December 31, 2007

## ORDER

Upon Appellants' Motion to Override the Court of
Common Pleas' Decision. Denied.
Upon Appellants' Motion Requesting a Stay of Case
Briefing. Denied.

Nina Shahin and Mazen Shahin, *pro se*.

Gregory A. Morris, Esquire of Liguori Morris & Yiengst, Dover, Delaware; attorneys
for the Appellee.

WITHAM, R.J.

*Shahin v. DFCU*
C.A. No. 07A-02-001 WLW
December 31, 2007

Appellants Nina and Mazen Shahin ("Plaintiffs" or "Appellants") are pro se and have filed a Motion to Override the Court of Common Pleas' Decision Denying Appellants Access to the Tape of Hearing of January 17, 2007[1] and a Motion Requesting a Stay of Case Briefing Scheduled for September 24, 2007.[2] Appellee has filed responses. The first motion is a result of an appeal from the Court of Common Pleas' denial of Plaintiffs' Motion to Amend the Record and to Obtain the Audio Tapes of the Hearing.[3] Their ostensible need for correction stems from two alleged issues: *ex parte* communications between the Defendant-Appellee and "violation on the rule of witnesses." Upon reviewing the record from the court below, the Court must *deny* the motions.

## BACKGROUND

The case *sub judice* began in the Justice of the Peace Court addressing whether the check that caused the $35.00 transaction fee had been deposited as a "local" check or a "non local" check and whether Defendant had withheld funds in violation of the contractual obligations of the parties.[4] The Justice of the Peace found in favor of Defendant, holding that the incorrect classification of the check is irrelevant and that

---

[1] Hereinafter "Motion to Override."

[2] Hereinafter "Motion to Stay."

[3] *Shahin v. Delaware Federal Credit Union*, C.A. 05-10-0113AP (Del.Com.Pl. May 10, 2007). Appellants' "Appeal of the Decision of Court of Common Pleas Denying Appellants Access to the Tape of Hearing of January 17, 2007," filed on May 17, 2007, and Appellants' Motion to Override the Court of Common Pleas' Decision Denying Appellants Access to the Tape of Hearing of January 17, 2007," filed September 10, 2007, are the same motion. Appellee submitted a response on September 19, 2007.

[4] *Shahin v. Delaware Federal Credit Union*, No. J0507023416 (Del. J.P. Oct. 19, 2005).

*Shahin v. DFCU*
C.A. No. 07A-02-001 WLW
December 31, 2007

Defendant is in compliance with its contractual obligation.[5]

Appellants appealed this decision to the Court of Common Pleas, arguing again that the check had been misclassified as "non local," and also arguing that they disagree with the Justice of the Peace Court's finding that there had been a contractual relationship between Appellee and Appellants.[6] The court held that the facts do not find any negligence on the part of Defendant and entered judgment in favor of the Defendant.[7] On February 27, 2007, Appellants appealed the decision to this Court.

For this appeal, Appellants motioned the Court of Common Pleas to amend portions of the record from the hearing held on January 17, 2007 and to obtain access to the audiotape of those proceedings. Appellants claimed that there were errors in the transcript for which they wanted cured by listening to the audio tape. The Court of Common Pleas denied their motion, providing the following analysis:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders. CCP Civ. R. 60(a). Under 10 *Del.C.* § 4101, the Court before a record is, *may* order the amendment of any clerical error in any part of such record, which will *tend to the furtherance of justice.* (Emphasis added.)

_____

[5]*Id.*

[6]Complaint ¶¶ 3-4, *Shahin v. Delaware Federal Credit Union*, No. 05-10-0113AP (Del. Com. Pl.). The Court understands that Appellants are pro se but must note that an absence of a contractual relationship may be an issue for this Court to decide on appeal.

[7]*Shahin v. Delaware Federal Credit Union*, No. 05-10-0113AP (Del. Com. Pl. Jan. 17, 2007).

3

*Shahin v. DFCU*
**C.A. No. 07A-02-001 WLW**
December 31, 2007

   Here, the Plaintiffs' requests do not tend to the furtherance of
justice as required by the statute. They are inconsequential proofreading
which serves no legitimate purpose. The Court Reporter made several
changes to the transcript that she found to be important, but has refused
to make the additional modifications that the Plaintiffs request. After
reviewing the proposed amendments set forth by the Plaintiffs, I agree
that changes are not necessary. I therefore decline to order the transcript
be amended.
   As to the request for access to the audiotape, I deny this motion
as well since the Plaintiffs have failed to set forth any legal grounds to
support a right to have access to these records.[8]

   The Court heard oral arguments on the Motion to Override on September 21,
2007. Appellants' appeal alleges that the transcript amendments and the audio tape
will reveal alleged *ex parte* communications with the judge by the Appellees and an
alleged violation on the rule of witnesses.

   Appellants' Motion to Stay is based on their Motion to Override, arguing that
briefing cannot proceed until the transcript is "fixed."

### STANDARD OF REVIEW

   When considering an appeal from the Court of Common Pleas, this Court's
function is similar to that of the Delaware Supreme Court.[9] "In reviewing appeals
from the Court of Common Pleas, the Superior Court must limit its scope of review
to correcting errors of law and ascertaining whether the trial judge's factual findings

---

   [8]Decision and Order on Plaintiff's Motion to Amend the Record and to Obtain the Audio
Tapes of the Hearing, No. 05-10-0113AP (Del. Com. Pl. May 10,2007).
   [9]*Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

4

*Shahin v. DFCU*
**C.A. No. 07A-02-001 WLW**
December 31, 2007

are 'adequately supported by the record and are the product of an orderly and logical deductive process.'"[10] This Court must accept any decision of the Court of Common Pleas that is supported by sufficient evidence.[11]

## DISCUSSION

Regarding Appellants' Motion to Overrule, the Court has carefully reviewed the Record and finds that the well-reasoned decision of the court below must stand. As quoted above, "the Court before a record is, **may** order the amendment of any clerical error in any part of such record, which will **tend to the furtherance of justice.**"[12] Even if all the proposed changes requested by Appellants at the oral arguments held on September 21, 2007 were incorporated into the transcript, the result would not materially change the facts that the Court of Common Pleas used to base its decision. The changes are minor, such as adding an "is" after an "and." In other words, the changes would not tend to the furtherance of justice. Further, Appellants have not furnished any evidence or support that the audio tape would

---

[10]*Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del.Super. December 02, 1999) (*citing Wyatt v. Motorola, Inc.*, 1994 WL 714006 at *2 (Del. Super. Mar. 11, 1994).

[11]*Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972); *Wilson v. Klabe Construction Co.*, 2004 WL 1732217, at *2 (Del. Super. July 29, 2004).

[12]10 *Del.C.* § 4101 (emphasis added).

5

*Shahin v. DFCU*
C.A. No. 07A-02-001 WLW
December 31, 2007

materially change the outcome.[13]   The lower court's decision is supported by sufficient evidence and Appellants' motion must be *denied*.

The Court must therefore also deny Appellants' Motion to Stay. To determine whether a stay is warranted, a court must consider whether the moving party will suffer irreparable harm if the stay is denied, whether any other interested party will suffer substantial harm if the stay is granted; and whether the public interest will be harmed if the stay is granted.[14]  "No single factor is dispositive; rather, the court should 'consider all of the relevant factors together to determine where the appropriate balance should be struck.'"[15]  Since the Court denied the Motion to Override, and having considered all other relevant factors, the Court has found no reason to grant the stay.

---

[13]The general practice in Delaware is that Court Reporters' manual or electronic notes, audio and videotape recordings of court proceedings, which do not represent the official record, shall not be disclosed. The audio tape recordings of the Court of Common Pleas proceedings have never been considered part of the official record.  Since the record is deplete of any support to provide an exception to this practice, the Court will not grant one here. *See* Administrative Directives 2000-5 N.

[14]*DaimlerChrysler Corp. v. Delaware Dept. of Ins.*, 2007 WL 634153, *3 (Del.Supr. March 02, 2007).

[15]*Id.   See also* Sup.Ct.Rules, Rule 30 (e) (stating the rule for Motions Not to Delay the Progress of the Appeal in the Delaware Supreme Court: "Unless the Court shall otherwise order, and subject to Rule 25(a), the filing and disposition of a motion shall not stay, alter or extend the time for the filing of briefs pursuant to Rule 15.").

*Shahin v. DFCU*
**C.A. No. 07A-02-001 WLW**
December 31, 2007

## CONCLUSION

Based on the above conclusions of fact and law, the Court *denies* Appellants'

motions.  IT IS SO ORDERED.

_____
R.J.

WLW/dmh
oc:    Prothonotary
xc:    Order Distribution

7

TAB "F"



945 A.2d 595                                                                Page 1
945 A.2d 595, 2008 WL 623225 (Del.Supr.)
**(Cite as: 945 A.2d 595, 2008 WL 623225 (Del.Supr.))**

Shahin v. **DelawareFederalCreditUnion**
Del.Supr.,2008.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
**Nina** and **MazenSHAHIN,** Appellants Below-Appellants,
v.
**DELAWAREFEDERALCREDITUNION,** Appellee Below-Appellee.
**No. 47,2008.**

Submitted: Feb. 11, 2008.
Decided: March 7, 2008.

Court Below-Superior Court of the State of Delaware, in and for Kent County, C.A. No. 07A-02-001.

Before BERGER, JACOBS, and RIDGELY, Justices.

### *ORDER*

JACK B. JACOBS, Justice.
*1 This 7th day of March 2008, it appears to the Court that:

(1) On January 28, 2008, the Court received the appellants' notice of appeal from a Superior Court order denying their motions entitled, "Motion to Override the Court of Common Pleas' Decision Denying Appellants Access to the Tape of Hearing of January 17, 2007" and "Motion Requesting a Stay of Case Briefing Scheduled for September 24, 2007."The Assistant Clerk of this Court issued a notice pursuant to Supreme Court Rule 29(b) directing the appellants to show cause why the appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 in seeking to take an interlocutory appeal.

(2) The appellants filed a response to the notice to show cause on February 11, 2008, which sets forth the reasons why they believe they are entitled to the relief denied by the Superior Court. They offer no explanation, however, for their failure to make any attempt to comply with Rule 42 in seeking to appeal the Superior Court's interlocutory ruling.

(3) The ruling from which the appeal is taken is interlocutory in nature because it did not finally determine and terminate the cause before the Superior Court.[FN1]Absent compliance with Supreme Court Rule 42, this Court lacks jurisdiction to consider an appeal from the Superior Court's interim order.

    FN1.*See Julian v. State,* 440 A.2d 990 (Del.1982).

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

Del.Supr.,2008.
Shahin v. Delaware Federal Credit Union
945 A.2d 595, 2008 WL 623225 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

TAB "G"

SUPERIOR COURT - KENT COUNTY
AS OF 07/01/2008

PAGE      1

07A-02-001
FILED  February 01,2007
JUDGE:  WLW
STATUS:  CLO    E-FILED:

APPEALS FROM COURT OF COMMON PLEAS
NON ARBITRATION
NON-JURY TRIAL

PRO SE
PRO SE

NINA SHANIN
MAZEN SHANIN

-- VS --

MORRIS GREGORY A.        DELAWARE FEDERAL CREDIT UNION, CURRENTLY DEL-ONE

| 02/01/2007 | 1 | INITIAL COMPLAINT - APPEAL (COURT OF COMMON PLEAS) CCP HEARING OF 01/17/07. (PRO SE) LJSP 2/27/07 |

02/27/2007        ISSUE NOTICE OF APPEAL & SUMMONS FOR SERVICE TO CCP
                  TO GET RECORD/TRANSCRIPT.
                  LJSP

03/05/2007     2  SHERIFF'S RETURN: WRIT OF SUMMONS SERVED TO
                  COURT OF COMMON PLEAS BY LEAVING IN THE HANDS OF
                  TERESA LINDALE ON 3/1/07.
                  (J HIGDON) LJSP 3/6/07

03/20/2007     3  RECORD AND TRANSCRIPT FROM THE COURT OF COMMON PLEAS
                  (LMR)

03/27/2007     4  BRIEF SCHEDULE AS FOLLOWS:  OPENING BRIEF DUE
                  04/16/07; ANSWERING BRIEF DUE 05/07/07; REPLY
                  BRIEF DUE 05/21/07.
                  LMR
                  8/30/07 - NO EVIDENCE THAT BRIEF SCHEDULE WAS ACTUALLY
                       MAILED.  NEW BRIEFING SCHEDULE TO BE SET.
                       (LJSP)

05/17/2007     5  PLAINTIFF'S APPEAL DECISION OF COURT OF COMMON PLEAS
                  DENYING APPELLANTS ACCESS TO THE TAPE OF HEARING ON
                  01/17/07
                  (N.SHAHIN) MSC

05/25/2007     6  COPY OF LETER FROM U.S. SUPREME COURT TO DEL. SUPREME
                  COURT ... PETITION FOR A WRIT OF CERTIORARI IS
                  DENIED.
                  (WM. SUTER, CLERK) LJSP

08/30/2007     7  BRIEF SCHEDULE AS FOLLOWS:  OPENING BRIEF DUE
                  09/24/07; ANSWERING BRIEF DUE 10/17/07; REPLY
                  BRIEF DUE 11/05/07.
                  (LJSP)

09/10/2007     8  NOTICE OF MOTION ... MOTION TO OVERRIDE THE COURT OF
                  COMMON PLEAS DECISION DENYING APPELANTS' ACCESS TO
                  THE TAPE OF HEARING ON 1/17/07.
                  TO BE HEARD 9/21/07 AT 11:00 A.M.
                  (N. SHAHIN - PRO SE) LJSP
                  - FILE TO CHAMBERS

SUPERIOR COURT - KENT COUNTY
AS OF 07/01/2008

PAGE    2

07A-02-001

09/10/2007    9  NOTICE OF MOTION - MOTION REQUESTING STAY OF BRIEFING
                 SCHEDULE PENDING MOTION TO OVERRIDE CCP DECISION TO
                 DENY ACCESS TO TAPE OF 1/17/07 HEARING.
                 (N SHAHIN - PRO SE) LJSP
                 - FILE TO CHAMBERS

09/19/2007   10  NOTICE OF RESPONSE TO APPELLANT'S MOTION TO OVERRIDE
                 CCP'S DECISION DENYING APPELLANT'S ACCESS TO TAPED
                 HEARING OF 1/17/07.
                 (G. MORRIS) LJSP
                 - REFER TO CHAMBERS

09/19/2007   11  NOTICE OF RESPONSE TO APPELLANT'S MOTION TO REQUEST A
                 STAY OF BRIEFING SCHEDULE.
                 (G MORRIS) LJSP
                 - REFER TO CHAMBERS

09/21/2007   12  MOTION TO OVERRIDE CCP DECISION
                 DENYING APPELLANT'S ACCESS TO TAPE OF 1/17/07
                 HEARING
                 RESERVE DECISION - JUDGE WITHAM
                 JM

09/21/2007   13  MOTION TO STAY BRIEFING SCHEDULE
                 RESERVE DECISION - JUDGE WITHAM
                 JM

12/31/2007   14  UPON APPELLANTS' MOTION TO OVERRIDE THE COURT OF
                 COMMON PLEAS' DECISION.  DENIED
                 UPON APPELLANTS' MOTION REQUEST A STAY OF CASE BRIEFING
                 DENIED
                 JUDGE WITHAM
                 JM

12/31/2007   15  APPELLANT'S REQUEST FOR A DECISION ON A MOTION FOR
                 ACCESS TO THE TAPE OF COURT PROCEEDING UPON HEARING
                 HELD ON 9/21/2007.
                 (PRO SE) LJSP
                 REFER TO CHAMBERS - 1/4/08
                 LJSP
                 RETURNED FROM CHAMBERS ... REQUEST WAS PREVIOUSLY
                 ADDRESSED IN JUDGE WITHAM'S ORDER OF 12/31/07.
                 LJSP

01/17/2008   16  TRANSCRIPT FROM SUPERIOR CT. OF MOTION HEARD ON 9/21/07
                 PREPARED BY S. DOUGHTERTY.
                 LJSP

03/25/2008   17  OPENING BRIEF FILED 3/25/08.   (PRO SE) LJSP

04/14/2008   18  ANSWERING BRIEF FILED
                 (G MORRIS) LJSP

TAB "H"

SUPERIOR COURT - KENT COUNTY
AS OF 09/12/2007

PAGE   *   1

06C-10-027
FILED  October 20,2006
JUDGE:  RBY
STATUS:  CLO    E-FILED: YES

PERSONAL INJURY
NON ARBITRATION
JURY TRIAL

PRO SE                    NINA SHAHIN

-- VS --

SQUIRE MONTE' TERRELL     DEL-ONE DELAWARE FEDERAL CREDIT UNION,
                          FORMERLY, DE FEDERAL CREDIT UNION

10/20/2006    1   INITIAL COMPLAINT - PERSONAL INJURY - COURT TO SCAN
                  DOCUMENTS - FILED PRO SE.
                  (PRO SE - N.SHAHIN)
                  LMR

10/23/2006        SUMMONS SENT TO KENT COUNTY SHERIFF FOR SERVICE UPON
                  DEL-ON DELAWARE FEDERAL CREDIT UNION, FORMERLY
                  DE FERDERAL CREDIT UNION
                  LMR

11/01/2006    2   WRIT RETURNED
                  SERVED DEL-ONE DELAWARE FEDERAL CREDIT UNION
                  FORMERLY DE FEDERAL CREDIT UNION BY LEAVING WITH JANE
                  WASHINGTON, RECEPTIONIST ON 10/27/2006
                  (JIM HIGDON) LMR

11/15/2006    3   DELAWARE DEL-ONE'S ANSWER TO
                  COMPLAINT
                  (G.MORRIS/M.SQUIRE) MSC

11/17/2006    4   ENTRY OF APPEARANCE OF MONTE T SQUIRE, ESQ.
                  (M.SQUIRE) MSC

11/27/2006    5   PLAINTIFF'S ANSWER TO
                  COMPLAINT
                  (PRO SE) MSC

12/21/2006    6   NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS
                  (M.SQUIRE) MSC

01/19/2007    7   PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
                  GRANTED, JUDGE YOUNG WILL DO AN ORDER.
                  JUDGE YOUNG
                  MSC

01/19/2007    8   PLAINTIFF'S RESPONSE TO MOTION FOR JUDGMENT ON PLEDINGS
                  (N.SHAHIN) MSC

01/22/2007    9   SO ORDERED, ON 01/22/2007 BY JUDGE YOUNG,
                  ON 10/20/06, NINA SHAHIN FILED A PRO SE COMPLAINT
                  AGAINST THE DEFENDANT, DEL-ONE DELAWARE FEDERAL CREDIT
                  UNION.  THE DEFENDANT, AFTER ANSWERING THE COMPLAINT,
                  FILED A MOTION FOR JUDGMENT ON THE PLEADINGS OR A
                  MOTION TO DISMISS.  FOR THE FOLLOWING REASONS, THE
                  MOTION SHOULD BE GRANTED.

SUPERIOR COURT - KENT COUNTY
AS OF 09/12/2007

PAGE     2

06C-10-027

ACCORDINGLY, THE DEFENDANT'S MOTION IS GRANTED AND THE
COMPLAINT IS DISMISSED WITH PREJUDICE
JUDGE YOUNG
MSC

02/26/2007     10     DEFENDANT'S MOTION FOR ATTORNEY FEES
(M.SQUIRE) MSC

06/13/2007     11     NOW THEREFORE, IT IS ORDERED THAT: THE SUPERIOR COURT
ORDER OF MARCH 16, 2007, IS VACATED, SUA SPONTE, AND
THIS MATTER IS REMANDED, WITH JURISDICTION RETAINED, TO
THE SUPERIOR COURT FOR A HEARING ON DEL-ONE'S MOTION
FOR ATTORNEY'S FEES.   THE SUPERIOR COURT IS DIRECTED TO
ISSUE A WRITTEN DECISION ON DEL-ONE'S MOTION FOR
ATTORNEY'S FEES WITHIN 60 DAYS AND FILE WITH THIS COURT
A TRANSCRIPT OF THE HEARING ON REMAND
JUSTICE CAROLYN BERGER
MSC

07/19/2007     12     CIVIL MOTION ON ATTORNEY'S FEES
DECISION RESERVED
(M.SQUIRE) CR - J.CAHILL
JUDGE YOUNG
MSC

07/20/2007     13     TRANSCRIPT FROM JEANNE CAHILL - HEARING TRANSCRIPT OF
07/19/07
MSC

08/15/2007     14     NOTICE FROM SUPREME COURT THAT AN UPDATED RECORD AND
TRANSCRIPT TO BE FILED BY 08/27/07
(A.BACINO) MSC

TAB "I"

Westlaw.

Slip Copy                                                                    Page 1
Slip Copy, 2008 WL 2332951 (Del.Supr.)
**(Cite as: 2008 WL 2332951 (Del.Supr.))**

Shahin v. Del-One Delaware Federal Credit Union
Del.Supr.,2008.
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RE-
LEASED FOR PUBLICATION IN THE PER-
MANENT LAW REPORTS. UNTIL RELEASED,
IT IS SUBJECT TO REVISION OR WITHDRAW-
AL.
NOTE: THIS OPINION WILL NOT BE PUB-
LISHED IN A PRINTED VOLUME. THE DIS-
POSITION WILL APPEAR IN A REPORTER TA-
BLE.

Supreme Court of Delaware.
Nina **SHAHIN**, Plaintiff BelowAppellant,
v.
DEL-ONE DELAWARE FEDERAL CREDIT
UNION, Defendant BelowAppellee.
No. 93, 2007.

Submitted: March 14, 2008.
Decided: June 9, 2008.

Court Below-Superior Court § of the State of
Delaware, in and for Kent County, C.A. No.
06C-10-027.

Before STEELE, Chief Justice, JACOBS, and
RIDGELY, Justices.

***ORDER***

HENRY DuPONT RIDGELY, Justice.
*1 This 9th day of June 2008, upon consideration
of the parties' briefs and the record below, it ap-
pears to the Court that:

(1) The appellant, Nina Shahin, filed this appeal
from a decision of the Superior Court, dated Janu-
ary 22, 2007, which granted the defendant, Del-One
Delaware Federal Credit Union's (Del-One) motion
for judgment on the pleadings. Shahin also appeals
the Superior Court's award of attorneys fees against

her.[FN1] We find no merit to the appeal. Accord-
ingly, we affirm the Superior Court's judgment.

> FN1. Plaintiff filed her notice of appeal in
> this Court on February 20, 2007. After the
> notice of appeal was filed, Del-One filed a
> motion for attorneys fees in the Superior
> Court, which the Superior Court granted
> on March 16, 2007. We vacated the award
> of attorneys fees as improvidently granted
> because the Superior Court had no jurisdic-
> tion to act on Del-One's motion while
> Shahin's appeal was pending. Accordingly,
> we remanded the matter back to the Super-
> ior Court for a hearing and decision on the
> request for attorneys fees. Shahin failed to
> appear at the hearing. The Superior Court
> granted Del-One's motion for attorneys fees.

(2) The record reflects that Shahin, who is a Del-
One customer, filed her complaint in the Superior
Court in October 2006 for alleged accounting mis-
takes made by Del-One and other alleged incidents
of poor customer service in connection with bank-
ing transactions conducted by Shahin and her hus-
band in 2003, 2004, and 2005. Her complaint
sought damages in excess of $100,000. Prior to fil-
ing her complaint in October 2006, Shahin had filed
lawsuits in other Delaware courts against Del-One
alleging identical or nearly identical claims. Those
other actions were resolved against Shahin.

Del-One answered Shahin's complaint and later
filed a motion for judgment on the pleadings. Des-
pite Shahin's contention to the contrary, the record
reflects that Del-One's motion was properly noticed
on December 21, 2006 with a hearing date sched-
uled for January 19, 2007. Following the hearing,
the Superior Court issued an opinion holding that
Shahin's claims were barred by the doctrine of *res
judicata* and otherwise failed to state any legally
cognizable claim for relief. After filing her notice
of appeal, this Court remanded the matter to the Su-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                      Page 2
Slip Copy, 2008 WL 2332951 (Del.Supr.)
(Cite as: 2008 WL 2332951 (Del.Supr.))

perior Court for consideration of Del-One's motion for attorneys fees. Shahin notified the Superior Court of her intention not to appear at the hearing. The Superior Court held the hearing on July 19, 2007, in Shahin's absence, and awarded Del-One a portion of its fee request, $2984.79, as a sanction against Shahin [FN2] for bringing claims that were both factually and legally unwarranted.

FN2. *See* Super. Ct. Civ. R. 11(c) (2008).

(4) In her opening brief on appeal, Shahin contends that the Superior Court's rulings were both erroneous and an abuse of discretion. We disagree. The Superior Court correctly determined that Shahin's claims were barred by the doctrine of *res judicata* and the rule against claim splitting because she had previously raised, or could have raised, the same claims in her previous lawsuits.[FN3] Moreover, we find no abuse of discretion in the Superior Court's award of attorneys fees to Del-One as a sanction against Shahin for repeated, unwarranted litigation.[FN4] Under the unique circumstances of this case, it appears that a monetary sanction may be the only means of deterring Shahin from filing future baseless claims. The Superior Court's award in this case took into account Shahin's status as a pro se litigant and awarded Del-One only a fraction of its actual attorneys fees incurred in defending against Shahin's frivolous claims.

FN3. *See Maldonado v. Flynn,* 417 A.2d 378, 382 (Del. Ch.1980) ( "The rule against claim splitting is an aspect of the doctrine of res judicata and is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.").

FN4. *See Barker v. Huang,* 610 A.2d 1341, 1345 (Del.1992) (noting that Rule 11 sanctions are appropriate to deter and punish

frivolous litigation).

*2 NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2008.
Shahin v. Del-One Delaware Federal Credit Union
Slip Copy, 2008 WL 2332951 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

TAB "J"

Westlaw.

18 U.S.C.A. § 241                                                                                                                    Page 1

▷

**Effective: October 11, 1996**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    Part I. Crimes (Refs & Annos)
      Chapter 13. Civil Rights (Refs & Annos)
      → **§ 241. Conspiracy against rights**

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90-284, Title I, § 103(a), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100-690, Title VII, § 7018(a), (b)(1), 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103-322, Title VI, § 60006(a), Title XXXII, §§ 320103(a), 320201(a), Title XXXIII, § 330016(1)(L), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104-294, Title VI, §§ 604(b)(14)(A), 607(a), 110 Stat. 3507, 3511.)

Current through P.L. 110-244 (excluding P.L. 110-234) approved 6-6-08

Copr. (C) 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

18 U.S.C.A. § 242                                                                                Page 1

▷

**Effective: October 11, 1996**

United States Code Annotated Currentness
    Title 18. Crimes and Criminal Procedure (Refs & Annos)
        Part I. Crimes (Refs & Annos)
            Chapter 13. Civil Rights (Refs & Annos)
                → **§ 242. Deprivation of rights under color of law**

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90-284, Title I, § 103(b), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100-690, Title VII, § 7019, 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103-322, Title VI, § 60006(b), Title XXXII, §§ 320103(b), 320201(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104-294, Title VI, §§ 604(b)(14)(B), 607(a), 110 Stat. 3507, 3511.)

1996 Acts. Amendment by section 604 of Pub.L. 104-294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104-294, set out as a note under section 13 of this title.

Current through P.L. 110-244 (excluding P.L. 110-234) approved 6-6-08

Copr. (C) 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

Westlaw.

18 U.S.C.A. § 1506    Page 1

C

**Effective:[See Text Amendments]**

United States Code Annotated Currentness
   Title 18. Crimes and Criminal Procedure (Refs & Annos)
      Part I. Crimes (Refs & Annos)
        Chapter 73. Obstruction of Justice (Refs & Annos)
          → **§ 1506. Theft or alteration of record or process; false bail**

Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record, writ, process, or other proceeding, in any court of the United States, whereby any judgment is reversed, made void, or does not take effect; or

Whoever acknowledges, or procures to be acknowledged in any such court, any recognizance, bail, or judgment, in the name of any other person not privy or consenting to the same--

Shall be fined under this title or imprisoned not more than five years, or both.

CREDIT(S)

(June 25, 1948, c. 645, 62 Stat. 770; Sept. 13, 1994, Pub.L. 103-322, Title XXXIII, § 330016(1)(K), 108 Stat. 2147.)

Current through P.L. 110-244 (excluding P.L. 110-234) approved 6-6-08

Copr. (C) 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

18 U.S.C.A. § 1512

▷

**Effective: January 7, 2008**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    ᴿⁱᵍ Part I. Crimes (Refs & Annos)
      ᴿⁱᵍ Chapter 73. Obstruction of Justice (Refs & Annos)
        → § 1512. Tampering with a witness, victim, or an informant

(a)(1) Whoever kills or attempts to kill another person, with intent to--

  (A) prevent the attendance or testimony of any person in an official proceeding;

  (B) prevent the production of a record, document, or other object, in an official proceeding; or

  (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

(2) Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to--

  (A) influence, delay, or prevent the testimony of any person in an official proceeding;

  (B) cause or induce any person to--

    (i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

    (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;

    (iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

    (iv) be absent from an official proceeding to which that person has been summoned by legal process; or

  (C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

  shall be punished as provided in paragraph (3).

(3) The punishment for an offense under this subsection is--

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(A)** in the case of a killing, the punishment provided in sections 1111 and 1112;

**(B)** in the case of--

    **(i)** an attempt to murder; or

    **(ii)** the use or attempted use of physical force against any person;

    imprisonment for not more than 30 years; and

**(C)** in the case of the threat of use of physical force against any person, imprisonment for not more than 20 years.

**(b)** Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--

    **(1)** influence, delay, or prevent the testimony of any person in an official proceeding;

    **(2)** cause or induce any person to--

        **(A)** withhold testimony, or withhold a record, document, or other object, from an official proceeding;

        **(B)** alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

        **(C)** evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

        **(D)** be absent from an official proceeding to which such person has been summoned by legal process; or

    **(3)** hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation [FN1] supervised release,, [FN2] parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

**(c)** Whoever corruptly--

    **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

    **(2)** otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

**(d)** Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from--

    **(1)** attending or testifying in an official proceeding;

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(2) reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation [FN1] supervised release,, [FN2] parole, or release pending judicial proceedings;

(3) arresting or seeking the arrest of another person in connection with a Federal offense; or

(4) causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined under this title or imprisoned not more than 3 years, or both.

(e) In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

(f) For the purposes of this section--

(1) an official proceeding need not be pending or about to be instituted at the time of the offense; and

(2) the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

(g) In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance--

(1) that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or

(2) that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.

(h) There is extraterritorial Federal jurisdiction over an offense under this section.

(i) A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

(j) If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(k) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

CREDIT(S)

(Added Pub.L. 97-291, § 4(a), Oct. 12, 1982, 96 Stat. 1249, and amended Pub.L. 99-646, § 61, Nov. 10, 1986,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

18 U.S.C.A. § 1512                                                                                    Page 4

100 Stat. 3614; Pub.L. 100-690, Title VII, § 7029(a), (c), Nov. 18, 1988, 102 Stat. 4397, 4398; Pub.L. 101-650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117; Pub.L. 103-322, Title VI, § 60018, Title XXXIII, § 330016(1)(O), (U), Sept. 13, 1994, 108 Stat. 1975, 2148; Pub.L. 104-214, § 1(2), Oct. 1, 1996, 110 Stat. 3017; Pub.L. 104-294, Title VI, § 604(b)(31), Oct. 11, 1996, 110 Stat. 3508; Pub.L. 107-204, Title XI, § 1102, July 30, 2002, 116 Stat. 807; Pub.L. 107-273, Div. B, Title III, § 3001(a), (c)(1), Nov. 2, 2002, 116 Stat. 1803, 1804; Pub.L. 110-177, Title II, § 205, Jan. 7, 2008, 121 Stat. 2537.)

[FN1] So in original. A comma probably should appear.

[FN2] So in original. The second comma probably should not appear.

Current through P.L. 110-244 (excluding P.L. 110-234) approved 6-6-08

Copr. (C) 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

Westlaw.

18 U.S.C.A. § 1513                                                                                      Page 1

▷

**Effective: January 7, 2008**

United States Code Annotated Currentness
    Title 18. Crimes and Criminal Procedure (Refs & Annos)
        Part I. Crimes (Refs & Annos)
          Chapter 73. Obstruction of Justice (Refs & Annos)
          → § 1513. Retaliating against a witness, victim, or an informant

(a)(1) Whoever kills or attempts to kill another person with intent to retaliate against any person for--

  (A) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

  (B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings,

shall be punished as provided in paragraph (2).

(2) The punishment for an offense under this subsection is--

  (A) in the case of a killing, the punishment provided in sections 1111 and 1112; and

  (B) in the case of an attempt, imprisonment for not more than 30 years.

(b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for--

  (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

  (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

(c) If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(d) There is extraterritorial Federal jurisdiction over an offense under this section.

(e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interfer-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ence with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

**(f)** Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

**(g)** A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred.

CREDIT(S)

(Added Pub.L. 97-291, § 4(a), Oct. 12, 1982, 96 Stat. 1250, and amended Pub.L. 103-322, Title VI, § 60017, Title XXXIII, § 330016(1)(U), Sept. 13, 1994, 108 Stat. 1975, 2148; Pub.L. 104-214, § 1(1), Oct. 1, 1996, 110 Stat. 3017; Pub.L. 107-204, Title XI, § 1107(a), July 30, 2002, 116 Stat. 810; Pub.L. 107-273, Div. B, Title III, § 3001(b), (c)(2), Title IV, § 4002(b)(4), Nov. 2, 2002, 116 Stat. 1804, 1807; Pub.L. 110-177, Title II, §§ 204, 206, Jan. 7, 2008, 121 Stat. 2537.)

Current through P.L. 110-244 (excluding P.L. 110-234) approved 6-6-08

Copr. (C) 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB "K"

Westlaw.

Not Reported in F.Supp.2d                                                                              Page 1
Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.))**

Abulkhair v. Friedrich
D.N.J.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. New Jersey.
Assem A. ABULKHAIR, Plaintiff,
v.
Jay Joseph FRIEDRICH, Esq., Defendant.
**Civil Action No.: 06-2521 (JLL).**

June 9, 2006.

Assem A. Abulkhair, Clifton, NJ, pro se.

### OPINION & ORDER

LINARES, District Judge.

*1 Plaintiff *pro se* Assem A. Abulkhair seeks to bring this action in *forma pauperis* pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court (1) grants Mr. Abulkhair's application to proceed in *forma pauperis,* and (2) directs the Clerk of the Court to file the Complaint without prepayment of the filing fees or security. 28 U.S.C. § 1915(a).

Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that Mr. Abulkhair's Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. BACKGROUND

Plaintiff filed a Complaint that was received by the Court on June 5, 2006. The Complaint asserts two grounds for this Court's jurisdiction: **federal question** and diversity of citizenship. Plaintiff is a resident of Clifton, New Jersey. Defendant is a resident of Ridgewood, New Jersey. Defendant is alleged to have violated 18 U.S.C. § 1001(a)(1)(2)(3) and 18 U.S.C. § 1621.

The following is a synopsis of the facts set forth in the Complaint. For purposes of this section 1915 review, the facts are deemed true. The facts of this case stem from Defendant's legal representation of Plaintiff in 1995 in a claim involving an automobile accident. It appears that a little over a month prior to trial, Plaintiff, appearing *pro se* in that action, decided to retain Defendant to represent him for trial. Plaintiff informed Defendant that he did not wish to settle and wanted to proceed to trial. Defendant attempted to obtain an adjournment from the trial judge by submitting a substitution of counsel allegedly showing that he had only recently been retained. According to Plaintiff, Defendant changed the retention date on the substitution and committed the above federal violations by submitting it to the Court. Plaintiff asserts that Defendant called him names and acted unprofessionally when the judge would not adjourn the trial. In the end, Plaintiff felt coerced into accepting a settlement because Defendant was not prepared for trial. Although this occurred in 1995, Plaintiff just became aware that he has a basis to seek a remedy in federal court. As such, Plaintiff believes that the statute of limitations must be waived.

### II. STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992). The Court must

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.))**

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."*Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

**\*2** A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines,* 404 U.S. at 521 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Milhouse v. Carlson,* 652 F .2d 371, 373 (3d Cir.1981).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."*Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States,* 67 F.3d 1080, 1086-87 (3d Cir.1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir.2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); *Shane v. Fauver,* 213 F.3d 113, 116-17 (3d Cir.2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); *Urrutia v. Harrisburg County Police Dept .,* 91 F.3d 451, 453 (3d Cir.1996).

### III. *ANALYSIS*

Because Plaintiff is proceeding *pro se,* the Court construes his Complaint in the way most favorable to him. *Carr v. Sharp,* 454 F.2d 271, 272 (3d Cir.1971). However, even construing the claims liberally in the *pro se* Plaintiff's favor, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the Court concludes that the Complaint demonstrates that this

Court **lackssubjectmatterjurisdiction** over this case. Plaintiff cannot establish diversity jurisdiction under 28 U.S.C. § 1332, which grants federal jurisdiction only if the litigants are citizens from different States or involve a citizen of a foreign State. The facts indicate that both parties involved are citizens of New Jersey.

In the absence of diversity, this Court can look to see whether jurisdiction can be asserted on the ground that the Complaint raises a **federalquestion.** 28 U.S.C. § 1331. Although Plaintiff alleges that this Court has jurisdiction because the Complaint is premised on violations of Title 18 of the United States Code, the statutory provisions he **cites** are **criminalstatutes** that have no civil remedy.

18 U.S.C. § 1001 is a federal **criminalstatute** that provides a **criminal** punishment for submitting a false statement to the federal government. Although this matter was before a state court judge, Plaintiff still does not have standing to assert such a cause of action. "Nothing in that **criminalstatute** provides for a private right of **action** or provides **civil** remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime."*Daniels v. Am. Postal Worker Union,* 167 F.Supp.2d 999, 1003 (N.D.Ill.2001). Therefore, the § 1001 claim must be dismissed.

18 U. S. C. § 1621 is also a federal **criminalstatute,** which provides a **criminal** punishment for perjury. Again, while this alleged perjury occurred in state court, a private plaintiff may not prosecute such an action. The purpose of the **statute** is to provide punishment for the wrong done to the court and the administration of justice-not the effect it may have had on the outcome of the trial. *State v. Manfredonia,* 414 F.2d 760 (2d Cir.1969). Further, unless the statement was made under oath, no violation occurred. A substitution of attorney is not generally made under oath. In any event, Plaintiff does not have standing to prosecute this **criminal** charge and the § 1621 claim must be dismissed.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.))**

**\*3** Moreover, it is insufficient to merely allege a federal **statute** as the basis for the Court's jurisdiction. As stated by the United States Supreme Court, "a complaint alleging a violation of a federal **statute** as an element of a state cause of action ... does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331).

Even having "accept[ed] as true all of the allegations in the complaint and all reasonable inferences that [could] be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff,"*Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir.1997), there is no basis in fact or law to support a civil cause of action. Furthermore, there is no other discernable federal claim based upon the facts set forth in Plaintiff's Complaint. Since Plaintiff has failed to set forth a basis for this Court's jurisdiction, and for failure to state a claim, his case must be dismissed, without leave to amend.

**IV. *CONCLUSION***

For the reasons stated herein, it is on this 8th day of June, 2006, hereby

**ORDERED** that Plaintiff's Complaint is DIS-MISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall close the Court's file on this matter. This case is **CLOSED.**

D.N.J.,2006.
Abulkhair v. Friedrich
Not Reported in F.Supp.2d, 2006 WL 1644821 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

229 Fed.Appx. 105                                                    Page 1
229 Fed.Appx. 105, 2007 WL 1211589 (C.A.3 (N.J.))
(Cite as: 229 Fed.Appx. 105, 2007 WL 1211589 (C.A.3 (N.J.)))

**H**

Liggon-Redding v. Congress Title
C.A.3 (N.J.),2007.
This case was not selected for publication in the
Federal Reporter.Not for Publication in West's Fed-
eral Reporter See Fed. Rule of Appellate Procedure
32.1 generally governing citation of judicial de-
cisions issued on or after Jan. 1, 2007. See also
Third Circuit LAR, App. I, IOP 5.7. (Find CTA3
App. I, IOP 5.7)
United States Court of Appeals,Third Circuit.
E. LIGGON-REDDING, Appellant
v.
CONGRESS TITLE, Fidelity National Title Ins.
Co.; Key Properties GMAC Realty.
**No. 07-1426.**

Submitted For Possible DismissalUnder 28 U.S.C.
§ 1915(e)(2)(B)March 29, 2007.
Filed April 25, 2007.

**Background:** Plaintiff brought action alleging
fraud in sale of her home. The United States Dis-
trict Court For the District of New Jersey, Jerome
B. Simandle, J., 2007 WL 432985, dismissed com-
plaint, and plaintiff appealed.

**Holding:** The Court of Appeals held that plaintiff
failed to adequately plead claim under Racketeer
Influenced and Corrupt Organizations Act (RICO).
Dismissed.

West Headnotes

**Racketeer Influenced and Corrupt Organiza-
tions 319H ☞69**

319H Racketeer Influenced and Corrupt Organiza-
tions
   319HI Federal Regulation
      319HI(B) Civil Remedies and Proceedings
         319Hk68 Pleading
            319Hk69 k. In General. Most Cited
Cases
Plaintiff failed to adequately plead claim under

Racketeer Influenced and Corrupt Organizations
Act (RICO), and thus dismissal of her pro se com-
plaint for lack of **subjectmatterjurisdiction** was
warranted, even though complaint mentioned
"fraud," and informed court of defendants' alleged
heinous acts in connection with sale of her home.
18 U.S.C.A. § 1962; 28 U.S.C.A. § 1915(e)(2)(B).

*106 On Appeal From the United States District
Court For the District of New Jersey, (D.C.Civ. No.
06-cv-03127), District Judge: Honorable Jerome B.
Simandle.
E. Liggon-Redding, Rancocas, NJ, pro se.
Emmanuel J. Argentieri, Parker McCay, Marlton,
NJ, for Congress Title, Fidelity National Title Ins.
Co.; Key Properties GMAC Realty.

BEFORE: RENDELL, SMITH and JORDAN, Cir-
cuit Judges.

OPINION

PER CURIAM.
**1 E. Liggon-Redding appeals from an order of
the United States District Court for the District of
New Jersey that dismissed her complaint without
prejudice for lack of **subjectmatterjurisdiction**.
For the reasons stated herein, we will dismiss this
appeal under 28 U.S.C. § 1915(e)(2)(B).

Liggon-Redding filed a complaint alleging fraud in
the sale of her home. She indicated on a cover sheet
that she was bringing the case as a tort action, and
that all parties were residents of New Jersey. Fol-
lowing defendants' motion to dismiss and further
filings from both parties regarding the motion, the
District       Court       determined       that       it
lackedsubjectmatterjurisdiction to consider the
complaint. Although the cover sheet for her com-
plaint indicated that the court had **federalquestion**
jurisdiction, Liggon-Redding failed to **cite** any fed-
eral **statute** or constitutional provision in support of
her complaint. The District Court noted that Lig-
gon-Redding **cited** some federal **criminalstatutes**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

229 Fed.Appx. 105
229 Fed.Appx. 105, 2007 WL 1211589 (C.A.3 (N.J.))
**(Cite as: 229 Fed.Appx. 105, 2007 WL 1211589 (C.A.3 (N.J.)))**

Page 2

in her response to the motion to dismiss, but that none of those **statutes** created a private right of action, and that she had not moved to amend her complaint to add claims arising under those **statutes**. The Court also noted that Liggon-Redding's complaint could in no way be construed to raise a civil RICO claim.[FN1]

> FN1. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.

On appeal, Liggon-Redding argues that she did indeed raise a civil RICO claim, and that she did not know she had to amend her complaint, because "informing the Court of the heinous acts of the Defendants was enough." See Notice of Appeal. We disagree. "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of America,* 361 F.3d 217, 223 (3d Cir.2004). Liggon-Redding's complaint, although it mentioned the word "fraud," certainly did not put anyone on notice that she was raising a civil RICO claim. Where the absence of **subjectmatterjurisdiction** is clear from the face of a complaint, the District Court need not give a plaintiff the opportunity to amend the complaint before dismissing it. *SeeMiklavic v. USAir,* 21 F.3d 551, 557-58 (3d Cir.1994).

We therefore will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[FN2]

> FN2. Liggon-Redding's motion for a "restraining order" or stay, and her motion for appointment of counsel, are denied as moot.

C.A.3 (N.J.),2007.
Liggon-Redding v. Congress Title
229 Fed.Appx. 105, 2007 WL 1211589 (C.A.3 (N.J.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

105 Fed.Appx. 367
105 Fed.Appx. 367, 2004 WL 1598733 (C.A.3 (Pa.))
(Cite as: 105 Fed.Appx. 367, 2004 WL 1598733 (C.A.3 (Pa.)))

Page 1

**H**
Martin v. Kline
C.A.3 (Pa.),2004.
This case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,Third Circuit.
James L. MARTIN, et al. Appellants,
v.
Samuel L. KLINE, et al.
No. 03-4408.

Submitted Under Third Circuit L.A.R. 34.1(a) July 16, 2004.
Decided July 19, 2004.

**Background:** Litigants in state court proceedings brought action alleging that state court judge and **courtreporter** violated their First Amendment rights by their mishandling of court transcript. The United States District Court for the Middle District of Pennsylvania, John E. Jones III, J., 289 F.Supp.2d 597, dismissed complaint, and litigants appealed.

**Holdings:** The Court of Appeals, Weis, Circuit Judge, held that:
(1) judge had **absoluteimmunity**, and
(2) **reporter** had quasi-judicial **immunity**.

Order of dismissal vacated, and judgment entered in favor of defendants.

West Headnotes

**[1] Judges 227 ⚖══36**

227 Judges
   227III Rights, Powers, Duties, and Liabilities
      227k36 k. Liabilities for **Official** Acts. Most Cited Cases

State court judge had **absoluteimmunity** from liability arising from his alleged mishandling of court transcript.

**[2] Courts 106 ⚖══57(.5)**

106 Courts
   106II Establishment, Organization, and Procedure
      106II(B) Court Officers
         106k57 Stenographers
            106k57(.5) k. In General. Most Cited Cases
State **courtreporter** had quasi-judicial **immunity** from liability arising from her alleged mishandling of court transcript.

*367 Appeal from the United States District Court for the Middle District of Pennsylvania.*368 (D.C.Civ. No. 03-cv-00922). District Judge: Honorable John E. Jones III.
Donald A. Bailey, Bailey Stretton & Ostrowski, Harrisburg, PA, for Appellants.
David M. Donaldson, Supreme Court of Pennsylvania, Philadelphia, PA, Adrienne C. Snelling, Sullivan, Sullivan & Snelling, Lebanon, PA, for Appellees.

Before SLOVITER, BARRY, and WEIS, Circuit Judges.

*OPINION*

WEIS, Circuit Judge.
**1 From the parties' briefs and appendix, notable for their lack of specific information, we glean the following. Plaintiffs were litigants in an Orphan's Court proceeding of some nature in the Court of Common Pleas of Lebanon County, Pennsylvania. Defendant, Judge Kline, presided. Apparently, after a hearing concluded, plaintiffs called alleged errors in the transcript to the attention of Judge Kline and defendant Lisa M. Martel, the **courtreporter**.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiffs contend that their objections to the transcript were denied by the judge and defendant Martel. Plaintiffs took an appeal from the ruling at the hearing (whatever it was) to the Superior Court of Pennsylvania, which decided in favor of plaintiffs on the merits. As part of their appeal, plaintiffs apparently cited the refusal of Judge Kline to correct the transcript. We do not know from the material presented whether the Superior Court ruled on that contention or even discussed it.

Plaintiffs filed suit in the District Court for the Middle District of Pennsylvania, claiming that Defendants had violated their First Amendment rights by their mishandling of the court transcript. Plaintiffs asserted that the Orphan's Court matter was inactive for two years before arguments were heard in the District Court in the case now before us. The District Court concluded that it lacked subject matter jurisdiction based on the Rooker-Feldman doctrine, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and dismissed the case.

We conclude that Rooker-Feldman is not applicable here because the relief plaintiffs seek could not affect the favorable judgment that they obtained from the Superior Court. *SeeParkview Assoc. P'ship v. City of Lebanon,* 225 F.3d 321, 325-326 (3d Cir.2000). The suit filed against the judge and the **courtreporter** does not, so far as we can determine, require any alteration of the state court judgment. Rather, the complaint sets out an independent action seeking judgment against the defendants for "fees, costs, attorney's fees, emotional distress and such other relief as the court deems appropriate," and does not seek modification of the Superior Court's ruling.

[1][2] We conclude, nonetheless, that judgment must be entered for the defendants. As the District Court noted in footnote 14 of its opinion, the defendants would be entitled to judgment based on judicial **immunity** in the instance of Judge Kline, and

quasi-judicial **immunity** with respect to the **courtreporter**, Lisa M. Martel. *See Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 769 (3d Cir.2000); *Marcedes v. Barrett,* 453 F.3d 391 (3d Cir.1971).

The claims that plaintiffs present in this suit may more suitably be presented to the Pennsylvania judicial disciplinary system.

**\*369** Accordingly, the order of dismissal will be vacated and judgment will be entered in favor of defendants.

C.A.3 (Pa.),2004.
Martin v. Kline
105 Fed.Appx. 367, 2004 WL 1598733 (C.A.3 (Pa.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
Slip Copy, 2007 WL 2155509 (M.D.Pa.)
(Cite as: 2007 WL 2155509 (M.D.Pa.))

Page 1

Pendleton v. Nepa Community Federal Credit Union
M.D.Pa.,2007.
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
Ellsworth PENDLETON, Plaintiff,
v.
NEPA COMMUNITY FEDERAL CREDIT UNI-
ON & Board of Directors, et al., Defendants.
No. 3:CV-06-2170.

July 26, 2007.

Ellsworth Pendleton, Mt. Pocono, PA, pro se.
Edmund G. Flynn, Robert Maurice Maskrey, Jr.,
James V. Fareri, Newman, Williams, Mishkin,
Corveleyn, Wolfe & Fareri, Stroudsburg, PA, Mi-
chael T. Killion, PA, Office of the Attorney Gener-
al, Harrisburg, PA, for Defendants.

### MEMORANDUM

A. RICHARD CAPUTO, United States District
Judge.
*1 Presently before the Court are two motions. The
first is a motion to dismiss filed by Defendant Sec-
retary of State of the Commonwealth of
Pennsylvania. (Doc. 9.) The second is a motion for
judgment on the pleadings filed by Defendants
NEPA Community Federal Credit Union and its
Board of Directors. (Doc. 20.) For the reasons
stated below, the Court will *sua sponte* dismiss the
Plaintiff's Complaint for **lack of subject matter jur-
isdiction** pursuant to Federal Rule of Civil Proced-
ure 12(b)(1), as the causes of action included
therein are frivolous and devoid of merit. As a res-
ult, the present motions will be mooted.

The Court has jurisdiction over this action pursuant
to Title 28 of the United States Code, Section 1331
("federal question").

### BACKGROUND

The allegations contained in the Complaint (Doc. 1)
are as follows.

On or about November, 1, 2004 Plaintiff filed a
"Commercial claim tort claim" pursuant to "13 pa
C.S 9-102(b)(i)" against NEPA Community Federal
Credit Union and Oakview Terrace Condo Associ-
ation & its Board of Directors with the Secretary of
State of the Commonwealth of
Pennsylvania.[FN1](Compl., "First Cause of Action"
¶ 1.) Plaintiff alleges that this tort was committed in
the course of his business and profession. (*Id.*) On
or about September 27, 2004, Plaintiff mailed certi-
fied copies of his "Commercial Affidavit" to De-
fendants on two separate occasions, and each time
Defendants failed to respond. By not answering the
"Commercial Affidavit" in a timely manner,
Plaintiffs allege that Defendants went into
"default".(*Id.* ¶¶ 2, 3.) Judge Jerome P. Cheslock,
of the Court of Common Please of Monroe County,
Pennsylvania, entered unconstitutional and biased
orders by "derailing" Plaintiff's Commercial tort
and Constitutional tort claims. (*Id.* ¶ 4.)

> FN1. This section does not exist in the
> Pennsylvania code. Plaintiff must have in-
> tended to cite to 13 Pa.C.S.A. § 9102(b), in
> which section the term "commercial tort
> claim" is defined.

Plaintiff states that Defendants NEPA Community
Federal Credit Union and its Board of Directors,
along with Oakview Terrace Condo. Association
and its Board of Directors conspired to oppress,
threaten, and intimidate Plaintiff for enforcing his
constitutional rights in violation of Title 18 of the
United States Code, Section 241. (Compl., "Second
Cause of Action" ¶ 1.) Plaintiff states that he has a
commercial lien against two of the defendants
which needs to be reduced to judgment, and that
Judge Cheslock has rendered unconstitutional de-
cisions in "expunging" these liens. (*Id.* ¶ 2.)

Plaintiff states that Pedro Cortez, the Secretary of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 2155509 (M.D.Pa.)

**(Cite as: 2007 WL 2155509 (M.D.Pa.))**

State of the Commonwealth of Pennsylvania, and his assistant, Martha Brown, have violated Title 18 of the United States Code, Section 242 under the color of law by expunging his Uniform Commercial Code ("UCC") filings on the grounds that the filings were fraudulent. (Compl. "Third Cause of Action" ¶ 1.) Martha Brown stated that the expungement was a court order from Judge Cheslock. Plaintiff states that the expungement exceeded both Judge Cheslock's judicial powers and the powers of the Secretary of State. (*Id.*) Plaintiff asserts that, pursuant to UCC Article 9-518(c), a "correction statement does not have any effect on the initial filing"; however, Martha Brown stated that the expungement was pursuant to UCC Article 9-518(d) because it was a fraudulent filing of a financial statement. (*Id.*) None of the delivered "affidavits" have been disputed, and therefore Plaintiff prays that his liens are enforced, and that he is awarded damages against the Secretary of State in the amount of $1,000,000, and "anything else just and proper." (*Id.*)

*2 On November 6, 2006, Plaintiff filed a Complaint. (Doc. 1.) On November 14, 2006, the Court issued an Order granting Plaintiff's application to proceed *in forma pauperis.* (Doc. 4.) On December 22, 2006, Defendant Secretary of State of the Commonwealth of Pennsylvania filed a motion to dismiss. (Doc. 9.) On April 10, 2007, Defendants NEPA Community Federal Credit Union and its Board of Directors filed a motion for judgment on the pleadings. (Doc. 20 .)

These two motions are fully briefed and ripe for disposition.

### LEGAL STANDARD

A federal court may dismiss a plaintiff's complaint, *sua sponte,* for lack of subjectmatterjurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), when the allegations of the complaint are attenuated, insubstantial, frivolous, devoid of merit, and/or no longer open to discussion. *Hagans v.*

*Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Thus, the Court has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir.1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*" ).*See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408-09 (3d Cir.1991) (dismissal is proper only when the claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666-67, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) (some federalquestions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court....")."Moreover, dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899 (3d Cir.1987), *quoting Oneida Indian Nation,* 414 U.S. at 666.

### DISCUSSION

Plaintiff's "First Cause of Action" alleges that Plaintiff filed a commercial tort claim against Defendants NEPA Community Federal Credit Union and its Board of Directors (collectively, "Credit Union") and Oakview Terrace Condo Association and its Board of Directors (collectively, "Oakview") with the Secretary of State of the Commonwealth of Pennsylvania on or about November 1, 2004. (Compl., "First Cause of Action" ¶ 1.) This

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2155509 (M.D.Pa.)
(Cite as: 2007 WL 2155509 (M.D.Pa.))

Count further alleges that Plaintiff, on or about September 27, 2004, twice mailed to said Defendants "Commercial Affidavits" and that Defendants failed to respond to same. (*Id.* ¶ 2.) Plaintiff further alleges that failure to respond to these affidavits in a timely manner caused Defendants to go into "default".(*Id.* ¶ 3.) The final paragraph of this Count states that this tort claim was unconstitutionally denied by Judge Jerome P. Cheslock. (*Id.* ¶ 4.)

*3 Judge Cheslock, on September 18, 2006, determined that the commercial tort claim filed by Plaintiff with the Secretary of State was fraudulently filed, and therefore ordered the claim expunged from the record. Upon a notice of appeal, Judge Cheslock affirmed this holding in a statement issued on October 24, 2006 pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). Plaintiff then appealed to the Superior Court of Pennsylvania, which affirmed Judge Cheslock's order. Plaintiff's Petition for Allowance of Appeal to the Pennsylvania Supreme Court was thereafter denied.

Judge Cheslock's memorandum and order of September 18, 2006 is not in the record, and Judge Cheslock is not named as a party in this action. Plaintiff makes no allegations to support his contention that Judge Cheslock's holding was unconstitutional, and this Court sees no reason to challenge the findings of the Court of Common Pleas that the Plaintiff's commercial tort claim was of a fraudulent nature. Judge Cheslock's findings of fraud are buttressed by the subsequent state courts' affirmation thereof, which provide *res judicata* effect herein.

Plaintiff's "Second Cause of Action" and "Third Cause of Action" allege, *inter alia,* that Defendants Credit Union and Oakview conspired to threaten and intimidate Plaintiff for exercising his constitutional rights (though these counts fail to identify which constitutional rights Plaintiff was exercising when Defendants allegedly so acted), and that the Secretary of State of the Commonwealth of Pennsylvania Pedro Cortes, and his assistant counsel Martha Brown, unlawfully expunged Plaintiff's filings. In raising these claims, Plaintiff cites to Title 13 of the Pennsylvania **Statute,** Section 9102(b) (a purely definitional section), and Sections 241 and 242 of Title 18 of the United States Code, which are **criminalstatutes** and cannot form the basis of a civil cause of **action.**

It is clear, therefore, that the claims contained in Plaintiff's Complaint are frivolous and devoid of merit, and that the Court is thus justified in dismissing the Complaint with prejudice for lack of **subjectmatterjurisdiction,** pursuant to Federal Rule of Civil Procedure 12(b)(1).

#### CONCLUSION

For the reasons articulated above, the Court will dismiss the Plaintiff's Complaint *sua sponte* for lack of **subjectmatterjurisdiction** pursuant to Federal Rule of Civil Procedure 12(b)(1) as frivolous and devoid of merit. As a result, the two motions *sub judice* will be mooted.

An appropriate Order follows.

#### *ORDER*

**NOW,** this *26th* day of July, 2007, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for lack of **subjectmatterjurisdiction** pursuant to Federal Rule of Civil Procedure 12(b)(1), as the claims contained therein are frivolous and devoid of merit;

(2) Defendant Secretary of State of the Commonwealth of Pennsylvania's motion to dismiss (Doc. 9) is thereby **MOOTED;**

*4 (3) Defendants NEPA Community Federal Credit Union and its Board of Directors' motion for judgment on the pleadings (Doc. 20) is thereby **MOOTED;**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2155509 (M.D.Pa.)
**(Cite as: 2007 WL 2155509 (M.D.Pa.))**

Page 4

(4) The Clerk of Court shall mark this case as **CLOSED.**

M.D.Pa.,2007.
Pendleton v. Nepa Community Federal Credit Union
Slip Copy, 2007 WL 2155509 (M.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.