UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,                            :
       Plaintiff,                     :
                          :
       v.                             :     Civil Action No. 08-295-GMS
                          :
YOUNG CONAWAY STARGATT                  :
AND TAYLOR, LLP, et al.,                :
       Defendants.                    :

DEFENDANT YOUNG CONAWAY STARGATT & TAYLOR, LLP'S OPENING BRIEF
AND APPENDIX IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Richard H. Morse (No. 531)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6651
rmorse@ycst.com
Attorneys for Defendant

DATED: July 14, 2008

TABLE OF CONTENTS

Page

NATURE AND STATE OF THE PROCEEDING ........................................................................1

SUMMARY OF ARGUMENT ....................................................................................................3

STATEMENT OF FACTS ..........................................................................................................4

ARGUMENT ................................................................................................................................5

I.    PLAINTIFF HAS FAILED TO ALLEGE ESSENTIAL ELEMENTS OF EACH OF
      HER CLAIMS. .....................................................................................................................5

      A. Applicable Standard. .......................................................................................................5

      B. Racketeer Influenced and Corrupt Organizations Act. ...................................................5

      C. Obstruction of Justice. ....................................................................................................8

      D. Civil Rights. ....................................................................................................................9

II.   THE ALLEGATIONS AGAINST YOUNG CONAWAY CANNOT SUPPORT ANY
      CAUSE OF ACTION. ........................................................................................................10

CONCLUSION ...........................................................................................................................13

APPENDIX

      Shahin v. Young Conaway Stargatt & Taylor, LLP, No. 08-295-GMS
      (Summons and Complaint) ...................................................................................................A

      Shahin v. Del-One Delaware Federal Credit Union, No. 06C-10-027-RBY
      (ORDER) (Jan. 22, 2007) ......................................................................................................B

      Shahin v. Del-One Delaware Federal Credit Union, No. 06C-10-027-RBY
      (ORDER) (Mar. 16, 2007) .....................................................................................................C

      Shahin v. State of Delaware, C.A. No. 07-373-GMS (D. Del. Nov. 13, 2007)
      (Memorandum Opinion.) .......................................................................................................D

      Shahin v. State of Delaware, 2008 U.S. App. LEXIS 6843 (3d Cir. Mar. 31, 2008) ..........E

      Shahin v. Del-One Delaware Federal Credit Union, No. 93, 2007 (Del. June 9, 2008)
      (ORDER) ................................................................................................................................F

# TABLE OF AUTHORITIES

## Cases

*Bell Atl. Corp. v. Twombly,*
  550 U.S.____; 127 S. Ct. 1955 (2007)...................................................................... 5

*Hamilton v. Reed,*
  29 F. App'x. 202 (6th Cir. 2002), *cert. denied,* 536 U.S. 971 ................................ 8

*Iacaponi v. New Amsterdam Cas. Co.,*
  379 F.2d 311 (3d Cir. 1967) ................................................................................ 11

*Lerch v. Boyer,*
  929 F. Supp. 319 (N.D. Ind. 1996) ....................................................................... 9

*Lum v. Bank of Am.,*
  361 F.3d 217 (3d Cir. 2004) ................................................................................. 5

*Messick v. Star Enter.,*
  655 A.2d 1209 (Del. 1995) ................................................................................. 11

*Morse v. Lower Merion Sch. Dist.,*
  132 F.3d 902 (3d Cir. 1997) ........................................................................... 5, 12

*O'Malley v. N.Y.C. Transit Auth.,*
  896 F.2d 704 (2d Cir. 1990) ................................................................................. 8

*Ojserkis v. Aprile,*
  245 F. App'x. 217 (3d Cir. 2007) .......................................................................... 9

*Polk County v. Dodson,*
  454 U.S. 312 (1981)............................................................................................. 9

*Port Drum Co. v. Umphrey,*
  852 F.2d 148 (5th Cir. 1988) .............................................................................. 10

*Rocks v. City of Phila.,*
  868 F.2d 644 (3d Cir. 1989) ................................................................................. 5

*S. Cross Overseas Agencies v. Trans. Int'l Pool,*
  181 F.3d 410 (3d Cir. 1999) ............................................................................... 11

*Shahin v. Delaware,*
  No. 07-4566, 2008 U.S. App. LEXIS 6843 (3d Cir. Mar. 31, 2008) ....................... 2

*Shahin v. Del-One Delaware Fed. Credit Union,*
  C.A. No. 0C-10-027 -RBY (Del. Super. Ct. Jan. 22, 2007) (ORDER), *aff'd,* No. 93, 207 (Del.
  June 9, 2008) (ORDER)....................................................................................... 1

*Shahin v. Del-One Delaware Fed. Credit Union,*
    No. 93, 2007 (Del. June 9, 2008 (ORDER) ........................................................ 1, 11

*Shahin v. State,* C.A. No. 07-373-GMS (D. Del. Nov. 13, 2007), aff'd, Shahin v. Delaware, No.
    07-4566, 2008 U.S. App. LEXIS 6843 (3d Cir. Mar. 31, 2008) ............................... 2

*Simpson v. Chicago Pneumatic Tool Co.,*
    693 N.W. 2d 612 (N.D. 2005) ...................................................................... 10

*Thorpe v. Newell,*
    Civ. No. 05-572-SLR, 2005 U.S. Dist. LEXIS 19591, (D. Del. 2005) .................... 12

*Weiszmann v. Kirkland and Ellis,*
    732 F. Supp. 1540 (D. Colo. 1990) ............................................................... 10

*West v. Atkins,*
    487 U.S. 42 (1988) ................................................................................... 9

## Statutes

18 U.S.C. § 1503 ............................................................................................. 7

18 U.S.C. § 1506 ............................................................................................. 8

18 U.S.C. § 1512 ....................................................................................... 5, 7, 8

18 U.S.C. § 1513 ............................................................................................. 8

18 U.S.C. § 1961 ............................................................................................. 6

18 U.S.C. § 1961 (5) ........................................................................................ 6

18 U.S.C. § 241 .............................................................................................. 9

18 U.S.C. § 242 ........................................................................................... 5, 9

28 U.S.C. § 1915(e)(2)(B) ................................................................................. 2

28 U.S.C. § 1915A (b)(1) .................................................................................. 2

28 U.S.C. § 2072 ........................................................................................... 11

42 U.S.C. § 1983 ............................................................................................. 9

10 *Del. C.* § 561(b) ....................................................................................... 10

## Rules

Fed. R. Civ. P. 11 ......................................................................................... 11

Fed. R. Civ. P. 12(b)(6) .................................................................................... 2

DB02:6979184.1                                                                                      067524.1001

## NATURE AND STATE OF THE PROCEEDING

On May 20, 2008, Nina Shahin filed a complaint against Young Conaway Stargatt &
Taylor, LLP ("Young Conaway"), alleging that Young Conaway colluded with Delaware
Superior Court Judge Robert B. Young to subvert her constitutional rights and to commit
obstruction of justice, fraud and racketeering. (Complaint at 5; D.I. 1).

She also sued Judge Young; four members of the Delaware Supreme Court, Chief Justice
Myron T. Steel and Justices Henry duPont Ridgely, Jack B. Jacobs and Carolyn Berger; Justice
of the Peace Pamela Darling; Court of Common Pleas Judges Merrill C. Trader and Rosemary
Betts Beauregard; Superior Court Judge William L. Witham; the law firm of Ligouri Morris &
Yiengst; and Court reporters Linda Lavender and Shelia A. Dougherty. *See* Civil Docket.

Plaintiff alleges violation of her civil rights in each of three civil cases filed in Delaware
state courts. (*Id.* at 1.) All of these alleged violations relate to proceedings against the Delaware
Federal Credit Union. Young Conaway represented Delaware Federal Credit Union ("Del-One")
in one of three civil cases. It won that case on a motion to dismiss, *Shahin v. Del-One Delaware
Fed. Credit Union*, C.A. No. 0C-10-027 -RBY (Del. Super. Ct. Jan. 22, 2007) (ORDER), *aff'd*,
No. 93, 207 (Del. June 9, 2008) (ORDER).

Young Conaway's client was subsequently awarded attorneys fees by Judge Young,
*Shahin*, *supra*, (Del. Super. Ct. Mar. 16, 2007) (ORDER), *aff'd*, No. 93, 207 (Del. June 9, 2008)
(ORDER). In affirming the award of attorneys fees, the Delaware Supreme Court stated "We
find no abuse of discretion in the Superior Court's award of attorneys fees to Del-One as a
sanction against Shahin for repeated, unwarranted litigation. Under the unique circumstances of
this case, it appears that a monetary sanction may be the only means of deterring Shahin from

1

filing future baseless claims." (*Id.* at 3) (footnotes omitted) The Delaware Superior Court and Supreme Court Orders are in the appendix to this brief.

This is plaintiff's second action in federal court complaining about those state court proceedings. The first action, filed on June 12, 2007, was brought against the State of Delaware and its judiciary. *Shahin v. State*, C.A. No. 07-373-GMS (D. Del. Nov. 13, 2007) (Mem. Op.), at 3. There, plaintiff also alleged violation of her Constitutional rights and collusion between the judges and attorneys. She complained of Judge Young's award of attorney's fees to Young Conaway, and alleged that a hearing was "rigged." *Id.* at 2.

This court dismissed that action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1). *Id.* at 5. That decision has been affirmed. *Shahin v. Delaware*, No. 07-4566, 2008 U.S. App. LEXIS 6843, at *3 (3d Cir. Mar. 31, 2008) (per curiam). Copies of those decisions are in the appendix to this brief.

Young Conaway has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This is its opening brief in support of the motion.

2

## SUMMARY OF ARGUMENT

1.      Plaintiff has failed to allege the essential elements of any of the causes of action she asserts:

      (a)      Her Racketeer Influenced and Corrupt Organizations Act ("RICO") claim is deficient because she did not allege two predicate acts of racketeering activity.

      (b)      Her obstruction of justice claim is deficient because she did not allege conduct prescribed by any of the statues on which she relies.

      (c)      Her civil rights claim is deficient because the civil rights statutes on which she relies do not create a private right of action.  In addition, accepting the allegations of the complaint as true for the purposes of this motion, Young Conaway was not acting under color of state law.

2.      Plaintiff's claims based on alleged violations of Superior Court rules are deficient because violation of a rule of procedure does not create a cause of action.

3.      Plaintiff is collaterally estopped by an adverse Delaware Supreme Court ruling from proving the central element of her claim against Young Conaway—that she was not given notice of a hearing on the motion to dismiss her state court claim.

4.      Plaintiff's complaint consists of conclusory statements and speculative factual allegations.

          

## STATEMENT OF FACTS

Plaintiff's claim against the Defendant stems from the third case referenced in her complaint. She alleges the following for her claim against Young Conaway:

The third Case for different violations of federal laws, personal injury, and perjury was filed by the Plaintiff at the Superior Court of the Kent County on 10/20/2006 seeking damages above $100,000 and was assigned also to the judge, Robert B. Young, and docketed under #06C-10-027 RBY. The original attorney, Gregory Morris, (from the defendant's firm of Liquori, Morris and Yiengst) was substituted in violation of the provision of the rule 90(b) of the Superior Court Rules of Civil Procedure by an attorney from anther Defendant's law firm owned by a brother of the presiding judge, Stuart B. Young (Young Conaway Stargatt & Taylor, LLP). The new Attorney, Monté T. Squire, filed a Motion for Judgment on Pleading without a proper Notice of hearing to the Plaintiff. As a result the hearing on the Motion either did not take place or was held in *ex parte* communications between the presiding judge and the attorney and the decision was taken against the Plaintiff as a result of collusion between the judge and the attorney in a complete exclusion of the Plaintiff form the judicial process. The decision ignored provisions of different laws adopted by the US Congress in protection of consumer rights. In addition, when the case was on appeal to the Supreme Court of Delaware, the judge, Robert B. Young, entered a decision awarding attorney fees to the illegitimate attorney as a trespassing [sic] decision when he had no jurisdiction over the matter. That decision was aimed at coercing and intimidating the Plaintiff to stop filing lawsuits seeking damages and fair trials as well as satisfaction of her constitutional rights and benefits of other federal laws.

The case was appealed to the Supreme Court of Delaware where it is currently on appeal under docket #93, 2007 after the Plaintiffs and the Attorney having [sic] filed their respective Briefs. The Plaintiff expressed doubts on the possibility of a fair trial in this case and requested the case to be transferred to another state jurisdiction.

The Plaintiff was denied a fair trial in every court in the state of Delaware with judges, attorneys nad court reporters acting in collusion to subvert the Plaintiff's constitutional rights, committing obstruction of justice, fraud and racketeering. The Plaintiffs seeks the damages in the amount of $9,000,000 (triple amount of $1,000,000 for each case) and will hold all Defendants jointly and severally liable for the entire amount of damages.

DB02:6979184.1                                           067524.1001

# ARGUMENT

## I. PLAINTIFF HAS FAILED TO ALLEGE ESSENTIAL ELEMENTS OF EACH OF HER CLAIMS.

### A. Applicable Standard.

The standard applicable to a Fed. R. Civ. P. 12(b)(6) motion is well settled. The court is required "to accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (*citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)). The court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Id.* Factual allegations must be enough to raise a right of relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S.___; 127 S. Ct. 1955, 1965 (2007).

Plaintiff asserts she has causes of action under "the RICO Act, Obstruction of Justice (sections 1506, 1512, 1513) [and] Civil Rights sections 241 and 242 of Title 18 of the U.S. Code." (Complaint at 5; D.I. 1). Review of her allegations shows she has failed to state a claim upon which relief may be granted on any of those theories.

### B. Racketeer Influenced and Corrupt Organizations Act.

To state a RICO cause of action, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)). A pattern of

racketeering activity requires at least two predicate acts of racketeering." *Id.*, citing 18 U.S.C. § 1961(5).

Plaintiff's RICO claim must be dismissed because it fails to allege the commission of two or more predicate acts of racketeering. Racketeering activity is defined by statute to be any act which is indictable under the various criminal statutes cited in 18 U.S.C. § 1961. The factual allegations against Young Conaway are that a Young Conaway attorney was substituted for another attorney in violation of Superior Court Rules, that it filed a motion without giving proper notice and that it may have engaged in *ex parte* communications with the presiding judge. (Complaint at 4; D.I. 1). Plaintiff has failed to allege any act of wrongdoing by Young Conaway that would violate the criminal statutes listed in § 1961, so she has failed to allege that Young Conaway engaged in a pattern racketeering activity.

Section 1961 characterizes the subject matter of each of the statutes whose violation would be racketeering activity. [1] A review of those characterizations shows, with one exception,

---

[1] Section 1961(1)  provides:

(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement),

that those statutes are plainly inapplicable to the conduct with which plaintiff charges Young

Conaway. The one exception is 18 U.S.C. § 1503, which is described in § 1961 as "relating to

obstruction of justice." Plaintiff cannot be found to have alleged a violation of § 1503 against

Young Conaway because her allegations relate to state court litigation, and, by its terms, § 1503

---

section 1512 (relating to tampering with a witness, victim, or an informant), section 1513
(relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false
statement in application and use of passport), section 1543 (relating to forgery or false use of
passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and
misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery,
and trafficking in persons)[.], section 1951 (relating to interference with commerce, robbery, or
extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate
transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund
payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956
(relating to the laundering of monetary instruments), section 1957 (relating to engaging in
monetary transactions in property derived from specified unlawful activity), section 1958
(relating to use of interstate commerce facilities in the commission of murder-for-hire), section
1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to
sexual exploitation of children), section 2312 and 2313 (relating to interstate transportation of
stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen
property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer
programs or computer program documentation or packaging and copies of motion pictures or
other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section
2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos
of live musical performances), section 2320 (relating to trafficking in goods or services bearing
counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor
vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections
2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons),
sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C)
an act which is indictable under title 29, United States Code, section 186 (dealing with
restrictions on payments and loans to labor organizations) or section 501(c) (relating to
embezzlement from union funds), (D) any offense involving fraud connected with a case under
title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the
felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise
dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled
Substances Act), punishable under any law of the United States, (E) any act which is indictable
under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable
under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring
certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United
States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable
under such section of such Act was committed for the purpose of financial gain, or (G) any act
that is indictable under any provision listed in section 2332b(g)(5)(B)[.]

067524.1001

relates only to federal court proceedings. The statute provides that it criminalizes intimidation of "any grand or petit juror, or officer in or of any court of the United States." *See also, O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 707 (2d Cir. 1990) ("To constitute an offense under this statute, the act must relate to a proceeding in a federal court of the United States.").

Since plaintiff has failed to allege a violation of any racketeering activity statues, she has failed to state a cause of action under RICO.

### C.    Obstruction of Justice.

Plaintiff's complaint asserts she has an obstruction of justice claim under three statutes, 18 U.S.C. § 1506, 1512 and 1513. She does not.

The first obstruction of justice statute cited against Young Conaway, 18 U.S.C. § 1506, is a criminal statute relating to the theft or alteration of record or process, and false bail, in a court of the United States. Plaintiff's complaint relates to state court proceedings, and it does not allege conduct of the type criminalized. Moreover, a private cause of action may not be based on violations of § 1506. *See Hamilton v. Reed*, 29 F. App'x. 202, 204 (6th Cir. 2002), *cert. denied*, 536 U.S. 971 (affirming dismissal of complaint because violation of 18 U.S.C. § 1506, a criminal statute, does not create a private cause of action). Thus, plaintiff has not alleged a cause of action under § 1506.

Plaintiff's second statute, 18 U.S.C. § 1512, is a criminal statute prohibiting witness or evidence tampering, *inter alia*, by using physical force or intimidation to prevent a person from testifying, or by mutilating a document with the intent to impair its integrity or availability for use at trial. The plaintiff has not pleaded any facts tending to show that Young Conaway has engaged in such conduct. Thus, she has not alleged a cause of action under § 1512.

Finally, plaintiff asserts a violation of 18 U.S.C. § 1513, which makes it illegal, *inter alia*, to kill or injure a person or his property in retaliation for that person testifying in an official

8

proceeding. The complaint does not allege that Young Conaway engaged in such activity. Thus, her § 1513 claim fails as well. Her factual allegations do not support a right to relief on any of her obstruction of justice theories.

### D.    Civil Rights.

Plaintiff's complaint asserts that Yong Conaway violated her civil rights under 18 U.S.C. §§ 241 and 242. These are criminal statutes that do not create a private right of action. *Lerch v. Boyer*, 929 F. Supp. 319, 322 (N.D. Ind. 1996); *see also, Cok. v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating 18 U.S.C. § 241-242 do not provide a basis for civil liability). Thus, plaintiff cannot be found to have stated a claim upon which relief may be granted under those statutes.

Nor could plaintiff be found to have alleged a viable claim under 42 U.S.C. § 1983, because plaintiff has not alleged facts showing Young Conaway was acting under color of state law. To succeed on a claim under § 1983, a plaintiff must show that the conduct complained of was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claim is that Young Conaway acted improperly in representing a client against her. That is not action under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Ojserkis v. Aprile*, 245 F. App'x. 217, 218 (3d Cir. 2007) (same).

Since plaintiff alleges Young Conaway was acting in its role as attorney for a party in litigation, she has not alleged it was acting under the color of state law. Thus, Plaintiff has failed to allege a cause of action under § 1983.

9

## II.    THE ALLEGATIONS AGAINST YOUNG CONAWAY CANNOT SUPPORT ANY CAUSE OF ACTION.

Examination of the allegations in the complaint directed to Young Conaway

demonstrates that they cannot support any cause of action.

The allegations against Young Conaway are essentially that it violated the Superior Court

Rules of Civil Procedure:

> The original attorney, Gregory Morris, (from the defendant's firm of Liquori, Morris and Yiengst) was substituted in violation of the provision of the rule 90(b) of the Superior Court Rules of Civil Procedure by an attorney from anther Defendant's law firm owned by a brother of the presiding judge, Stuart B. Young (Young Conaway Stargatt & Taylor, LLP). The new Attorney, Monté T. Squire, filed a Motion for Judgment on Pleading without a proper Notice of hearing to the Plaintiff.

(Complaint at 4; D.I. 1)

Abundant authority demonstrates that a violation of rules of civil procedure cannot create

a cause of action against an adversary attorney. *See e.g.*, *Weiszmann v. Kirkland and Ellis*, 732

F. Supp. 1540, 1544 (D. Colo. 1990) ("Violation of a rule of a civil procedure does not create a

private cause of action."); *Simpson v. Chicago Pneumatic Tool Co.*, 693 N.W. 2d 612, 617 (N.D.

2005) (finding plaintiff's claims had no basis in law because, *inter alia*, "a violation of the rules

of civil procedure does not create a cause of action against an adversary attorney").

Delaware statutory law also prevents a violation of the Delaware Superior Court Rules of

Civil Procedure from establishing a cause of action that is not independently supported by

existing law. The statute that authorizes Superior Court to adopt its civil rules provides that they

"shall not abridge, enlarge or modify any substantive right of any party." 10 *Del. C.* § 561(b).

As a result, the procedural rules do not create substantive rights and cannot be the basis of a

cause of action. *See Port Drum Co. v. Umphrey*, 852 F.2d 148, 150 (5th Cir. 1988) (recognizing

that identical language in The Enabling Act, 28 U.S.C. § 2072, prevented Fed. R. Civ. P. 11 from giving rise to a private cause of action).

Plaintiff is also barred from basing a claim on Young Conaway's alleged failure to give her proper notice of the hearing under the doctrine of collateral estoppel. In its order affirming Judge Young's decision, the Delaware Supreme Court stated that "[d]espite Shahin's contention to the contrary, the record reflects that Del-One's Motion [to dismiss or for judgment on the pleadings] was properly noticed on December 21, 2006 with a hearing date scheduled for January 19, 2007." *Shahin v. Del-One Fed. Credit Union, supra,* (Del. June 9, 2008) (ORDER), at 2. This court may rely on the decision of the Delaware Supreme Court in plaintiff's prior litigation in deciding on a motion to dismiss whether the lateral estoppel applies. *See, e.g., S. Cross Overseas Agencies v. Transp. Int'l Pool,* 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."); *Iacaponi v. New Amsterdam Cas. Co.,* 379 F.2d 311, 311-12 (3d Cir. 1967) (Previous litigation referred to in complaint may be considered in resolving 12(b)(6) motion).

Since the issue was decided against plaintiff, it cannot be relitigated in this action. *See Messick v. Star Enter.,* 655 A.2d 1209, 1211 (Del. 1995) (Under the doctrine of collateral estoppel, if a court has decided an issue of fact that is necessary to its judgment, then that decision precludes relitigation in another lawsuit on a different cause of action involving a party to the fist case.).

Plaintiff's other allegation is that

> "[a]s a result [of the absence of notice] the hearing on the Motion for Judgment on the Pleadings either did not take place or was held in *ex parte* communications between the presiding judge and the attorney and the decision was taken against the Plaintiff as a result of collusion between

the judge and the attorney in a complete exclusion of the Plaintiff form the judicial process."  (Complaint at 4)

The conclusory statement that there was collusion between Judge Young and the Young Conaway attorney is unsupported by any factual allegation.  The complaint merely speculates that there may have been *ex parte* communications.  *See id.*  Since unsupported conclusions cast in the form of factual allegations may not be accepted, *Morse, supra,* 132 F.3d at 906, this allegation, too, is deficient.  *See Thorpe v. Newell*, Civ. No. 05-572-SLR, 2005 U.S. Dist. LEXIS 19591 at *7 (D. Del. 2005) (case dismissed as frivolous; "To the extent [plaintiff] asserts that [opposing attorney, his client and trial judge] conspired with each other to deprive him of his federally protected rights, such claims fail because allegations of conspiracy that are vague, conclusory and present no overt acts must be dismissed.") (citing *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)).

DB02:6979184.1                                                   067524.1001

# CONCLUSION

For the reasons stated herein above, Young Conaway Stargatt & Taylor, LLP respectfully

requests that plaintiff's complaint be dismissed as to it with prejudice.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Richard H. Morse*

Richard H. Morse, (I. D.# 531)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6651
Facsimile: (302) 576-3319
Email: rmorse@ycst.com

Attorneys for Defendant

Dated:  July 14, 2008

13

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on July 14, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on July 14, 2008, I caused a copy of the foregoing document to be served by first class mail on the following:

> Ms. Nina Shahin
> 103 Shinnecock Road
> Dover, DE 19904

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Richard H. Morse*

Richard H. Morse (I.D. No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICRT OF DELAWARE

| | | |
|---|---|---|
| <u>NINA SHAHIN</u> | ) | |
| Plaintiff | ) | |
| v. | ) | **Civil Action No. 08-295** |
| | ) | |
| <u>YOUNG, CONAWAY, STARGATT & TAYLOR  LLP et al</u>) | | |
| Defendant | ) | |

## Summons in a Civil Action

**To:**  **YOUNG, CONAWAY, STARGATT & TAYLOR LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 198899-0391

A lawsuit has been filed against you.

Within 30 days after the service of this summons on you (not including the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff, whose name and address are:

**Nina Shahin**
103 Shinnecock Rd.
Dover, DE 19904

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

PETER T. DALLEO

Date: S| ∂ ∂/ U)
_____
Name of the Clerk of Court

_____
Deputy clerk's signature

🖎 AO 440 (Rev. 03/08) Civil Summons (Page 2)

## Proof of Service

*and Form 1085*

I declare under penalty of perjury that I served the summons and complaint in this case on _____ ,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
       _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
       _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 _____ .


Date: _____

                                          _____
                                              Server's signature

                                          _____
                                              Printed name and title

                                          _____
                                              Server's address

**FEDERAL COURT FOR THE DISTRICT OF DELAWARE**

**COMPLAINT**

Here come the Plaintiff, Nina Shahin, and files the Complaint against Delaware judges (from the Justice of the Peace to the Chief Judge of the Delaware Supreme Court), two law firms, and two court reporters who together operated as a corrupt and racketeering organization denying the Plaintiff the benefits of the US Constitution, federal laws, rules of civil procedures of relevant courts or cover up of all the violations (service of process, due process, equal protection, and a fair trial). One of the judges and a law firm related to the judge was engaged in coercion, intimidation and retaliation. Court reporters were engaged in falsification of transcripts of court hearing to tamper with testimonies of witnesses, plaintiff, and attorney or to change the character, scope, and nature of court hearings.

The charges stem from three cases the Plaintiff filed in the Delaware Courts against the same Defendant, Delaware Federal Credit Union (presently called Del-One). The first two originated in the Justice of the Peace Court # 16 of the Kent County. One of those cases was appealed to the Supreme Court of the United States but the Writ of Certiorari was denied; the second one is presently on appeal at the Superior Court of Delaware. The third case was initiated at the Superior Court and is presently on Appeal at the Supreme Court of Delaware.

**FIRST CASE** (Chronologically the second filed)

The case was filed in the Justice of the Peace Court # 16 of the Kent County on 06/28/2005 and was given the docket number J0507004516. The Justice of the Peace judge, Pamela Darling, denied the Plaintiff the service of process by failing to mail a

copy of the Defendant's response, during hearing denied their right to question a witness whom they had subpoenaed to the court, denied them the opportunity to present their evidence and testimony and ruled against the plaintiff in violation of the provisions of the Regulation CC which was the law governing the case.

The case was appealed to the Court of Common Pleas of the Kent Country and was docketed under # 05-09-0074AP. During hearing on the Attorney's Motion for Summary Judgment held on 12/21/2005 the presiding judge, Merrill C. Trader, mocked and dismissed the Plaintiff's responses, while allowing false statements made by the attorney to stand and eventually ruled against the Plaintiff in violation of the terms on which the Summary Judgment can be granted. The transcript of that hearing was modified to change the nature of the Plaintiff's claims as well as the scope and character of the proceedings.

The case was appealed to the Superior Court of Delaware and docketed under the docket # C.A. No. 06A-01-004. The presiding judge, Robert B. Young, falsified the decision of the JP Court to a completely opposite conclusion (which is an offense of obstruction of justice as defined under 18 U.S.C. § 1506) and ruled against the Plaintiff.

The case was appealed to the Supreme Court of Delaware and was docketed under # 472, 2006. In violation of the provisions of Rule 25 of the Supreme Court Rules of Civil Procedure the Attorney filed a Motion to Affirm which the panel of thee Judges (Berger, Jacobs and Ridgely) affirmed thus providing a cover up for violations in all courts.

Complaints against actions of the judges: Pamela Darling and Merrill C. Trader were dismissed without any proper reasoning (except that the Plaintiff did not agree with

2

the decision which was true, especially since the decision was in violation of governing law), by the Court on the Judiciary providing another cover up for the constitutional violations of the Plaintiff's rights and professional dishonesty of judges.

Writ of Certiorari filed to the Supreme Court of the US was denied.

**SECOND CASE** (Chronologically filed as first).

The case was filed on 04/24/2005 and was docketed under # J0506073516. During hearing on this case the Plaintiff was denied the benefit of the facts and circumstances of the case and ruled against on the basis of the unproven false fact.

The case was appealed to the Court of Common Pleas of the Kent Country, was docketed under # 05-10-0113 AP. The hearing on the appeal was held in private chambers of the judge, Merrill C. Trader, on 01/17/2007 with *ex parte* communications of attorney and the defendant with the presiding judge, Rosemary Betts Beauregard, who ruled in favor of the Defendant based on facts never proven in the courtroom. The transcript of the hearing was falsified in such a way as to change the essence of witness and Plaintiff testimonies, and the attorney's closing words. Access to the transcript was denied by the Court of Common Pleas and the Superior Court providing further cover up for the obstruction of justice and collusion committed by the judges, attorney, and the court reporter. The transcript of the hearing on the Plaintiff's motion for the access to the tape of hearing at CCP court held at the Superior Court in September of 2007 was also falsified to change the character, scope and the nature of that hearing.

The case was appealed to the Superior Court and was docketed under # 07C-02-001 WLW and is currently still there under appeal with Plaintiff and the Attorney having filed their respective Briefs.

3

## THE THIRD CASE

The third Case for different violations of federal laws, personal injury, and perjury was filed by the Plaintiff at the Superior Court of the Kent County on 10/20/2006 seeking damages above $ 100,000 and was assigned also to the judge, Robert B. Young, and docketed under # 06C-10-027 RBY. The original attorney, Gregory Morris, (from the defendant's firm of Liguori, Morris and Yiengst) was substituted in violation of the provision of the rule 90(b) of the Superior Court Rules of Civil Procedure by an attorney from another Defendant's law firm owned by a brother of the presiding judge, Stuart B. Young (Young Conaway Stargatt & Taylor, LLP). The new Attorney, Monté T. Squire, filed a Motion for Judgment on Pleading without a proper Notice of hearing to the Plaintiff. As a result the hearing on the Motion either did not take place or was held in *ex parte* communications between the presiding judge and the attorney and the decision was taken against the Plaintiff as a result of collusion between the judge and the attorney in a complete exclusion of the Plaintiff from the judicial process. The decision ignored provisions of different laws adopted by the US Congress in protection of consumer rights. In addition, when the case was on appeal to the Supreme Court of Delaware, the judge, Robert B. Young, entered a decision awarding attorney fees to the illegitimate attorney as a trespassing decision when he had no jurisdiction over the matter. That decision was aimed at coercing and intimidating the Plaintiff to stop filing lawsuits seeking damages and fair trials as well as satisfaction of her constitutional rights and benefits of other federal laws.

The case was appealed to the Supreme Court of Delaware where it is currently on appeal under docket # 93, 2007 after the Plaintiffs and the Attorney having filed their respective Briefs. The Plaintiff expressed doubts on the possibility of a fair trial in this case and requested the case to be transferred to another state jurisdiction.

The Plaintiff was denied a fair trial in every court in the state of Delaware with judges, attorneys and court reporters acting in collusion to subvert the Plaintiff's constitutional rights, committing obstruction of justice, fraud and racketeering. The Plaintiffs seeks the damages in the amount of $ 9,000,000 (triple amount of $1,000,000 for each case) and will hold all Defendants jointly and severally liable for the entire amount of damages.

The lawsuit is filed under the RICO Act, Obstruction of Justice (sections 1506, 1512, 1513), Civil Rights sections 241 and 242 of Title 18 of the U.S. Code and has a federal jurisdiction under 18 U.S.C. 1512(h).

The Plaintiffs is asking for a trial with a Jury.

The Complaint has been submitted on this 16th day of May, 2008.


For the Plaintiff

**Nina Shahin**
103 Shinnecock Rd.
Dover, DE 19904

**Tel. # 302-678-1805**

# EXHIBIT B

EFiled: Jan 22 2007 11:03AM EST
Transaction ID 13534469

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | C.A. No: 06C-10-027 (RBY) |
| | : | |
| v. | : | |
| | : | |
| DEL-ONE Delaware Federal Credit | : | |
| Union, et al., | : | |
| | : | |
| Defendants. | : | |

## O R D E R

On October 20, 2006, Nina Shahin, (Plaintiff) filed a *pro se* complaint against the Defendant, DEL-ONE Delaware Federal Credit Union. The Defendant, after answering the complaint, filed a Motion for Judgment on the Pleadings or a Motion to Dismiss.[1] For the following reasons, the motion should be **GRANTED.**

## FACTS

In her Complaint, the Plaintiff avers that between 2003 and 2006, the Defendant "provided poor service, violated fiduciary duties owed to [her] as a financial institution entrusted with safekeeping and management of public money, verbally insulted and harassed [her] and [her] husband and as a direct and proximate result of those actions [she] and [her] husband sustained financial, physical and emotional damages." The Plaintiff lists six incidents that inflicted the above damages. First, in October 2003, a bi-weekly payment on her car loan was deducted from her account

---

[1] The Defendant's answer, which claimed an affirmative defense of the Plaintiff's failure to state a claim upon which relief can be granted, adequately preserved its ability to make a separate motion raising a defense under Superior Court Civil Rule 12(b)(6).

but was added to the balance of the loan rather than being subtracted and it took a month for the Defendant to correct the mistake. Second, in May 2004, the Plaintiff applied for a home equity loan. The Defendants initially stated it was due to a poor credit, but then stated it was due to the form of the ownership of the property. The Plaintiff stated the whole conversation over this was "nothing short of harassment in which the CEO tried to force [her] to accept the poor level of services provided by the Defendant." Third, in December 2004, the Plaintiff deposited a check of $5,000 from a credit card company into her daughter's account. According to Plaintiff's allegation, a few days later, the bank called and informed the Plaintiff there was not enough money to cover the check. The Plaintiff states she was forced to go to the bank and have an employee listen to a recording that states there was enough money to cover the check. The Plaintiff asserts the absence of any apology from the manager over this. Fourth, on March 22, the Plaintiff realized there was not enough money in her account to cover her pending payments. The next day, the Plaintiff rushed to the bank to deposit the difference, but was subjected to insufficient funds charges. Fifth, the Plaintiff states that on June 20, 2005, her husband made a deposit. The deposit was classified as non-local and the funds were not available for seven days, triggering a shortage of funds and additional charges for insufficient funds. The Plaintiff stated in her complaint that this was the subject of one of her previous lawsuits that is now before the Delaware Supreme Court. Finally, the Plaintiff cites "other incidents" in 2006 that "demonstrated the unwillingness of the branch manager . . . to provide assistance to the [P]laintiff and the [P]laintiff's husband." In addition, the Plaintiff cites the false statements of fact made by the Defendant, its attorney and its employees and a harassing phone call between the Plaintiff's husband and the Defendant's CEO as additional ways in which she has been aggrieved.

2

According to the Complaint, the Plaintiff seeks: $50,000 for the perjury committed by the Defendant in the other matters she raised in the Justice of the Peace Court, the Court of Common Pleas and the Superior Court; $35,000 for the damages to her health, well being, and the risk of life to her husband and the insult to herself by the Defendant's Chief Executive Officer; $15,000 for continuous poor customer services by the branch manager that amounted to dereliction of duties; and $5,000 in compensation for pain, suffering and emotional distress inflicted on the plaintiff and her husband because of poor services, financial losses and court battles.

## DISCUSSION

As the Plaintiff admits, this is not her first foray into the judicial system based upon allegations concerning the service she has received from the Defendant.  The Defendant argues that the Plaintiff's claims in this Complaint are barred by the doctrine of *res judicata* because of her previous lawsuits.  In addition, the Defendant seeks the dismissal of these claims pursuant to Superior Court Civil Rule 12(b)(6) due to the Plaintiff's failure to state a claim upon which relief can be granted.

To begin, *res judicata* ensures that "a final judgment upon the merits of a case are rendered by a court of competent jurisdiction may, in the absence of fraud or collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies."[2] *Res judicata* bars claims that were raised as well as those that might have been raised.[3]  The latter types of claims, i.e., claims that might have been raised, are precluded under the rule against claim splitting.[4]  This rule "is based on the belief that it is fairer to require a

---

[2] *Epstein v. Chatham Park, Inc.*, 153 A.2d 180, 184 (Del. Super. 1959).

[3] *See RSS Acquisition, Inc. v. Dart Group Corp.*, 1999 WL 1442009, at *3 (Del. Super.).

[4] *See Maldonado v. Flynn*, 417 A.2d 378, 382 (Del. Ch. 1980).

3

plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times."[5] If the rule were otherwise, defendants would be subject to continual harassment from a multiplicity of suits arising from claims based on the same set of facts set forth in the initial litigation.[6]  Additionally, "piecemeal litigation of a single cause of action is contrary to the orderly administration of justice."[7]

　　To determine if the rule against claim splitting has been violated, a court must look to the facts of each case and decide if the claim initially asserted, "transactionally defined, is identical to the claim [presently before it], even though the substantive theory of recovery asserted by [the plaintiff] in the two courts is different."[8]  If the court so finds, then the plaintiff, to prevent dismissal, must "show that there was some impediment to the presentation of his entire claim for relief in the prior forum."[9]  If the court concludes that the plaintiff has not met this burden, then the court should assess whether *res judicata* may apply.[10]   For *res judicata* to be applied, five requisites must be met: (1) the court making the prior adjudication must have had jurisdiction over the subject matter of the suit and of the parties in it; (2) the parties to the prior action were the same parties, or their privies, in the pending case; (3) the

_____

[5] *Id.*

[6] *See Webster v. State Farm Mutual Automobile Ins. Co.*, 348 A.2d 329, 331 (Del. Super. 1975).

[7] *Id.*

[8] *Maldonado*, 417 A.2d at 382.

[9] *Id.* 383-384.

[10] *Id.* 383.

4

prior cause of action was the same as that in the present case, or the issues necessarily decided in the prior action were the same as those raised in the pending case; (4) the issues in the prior action were decided adversely to the contentions of the plaintiff in the pending case; and (5) the prior decree is final.[11]

In the present case, only one of three actions the Plaintiff originally brought in the Justice of the Peace Court is final; that is, C.A. No. J0504026216, which was commenced on April 18, 2005. This matter meets all five elements of *res judicata*. Therefore, unless the Plaintiff can demonstrate an impediment to presenting her claim in that forum, *res judicata* precludes any further claims arising out of any interaction with the Defendant prior to April 18, 2005. Thus, no claims arising from the allegations listed in the first four bullet points under paragraph 3 of the Complaint can be raised by the Plaintiff in the present action.

To the extent that the rule against claim splitting does not preclude the claims made in the Plaintiff's Complaint, the Court holds that the Plaintiff has failed to state a claim upon which relief can be granted. "To show entitlement of relief as required in Rule 8(a), the complaint must aver either the necessary elements of a cause of action or facts which would entitle the plaintiff to relief under the theory alleged."[12] The Plaintiff's whole Complaint, even including the parts precluded by *res judicata*, is held together mainly by bare boned allegations of "poor service" or errors from which she has demonstrated no harm. Based on the face of the Complaint the Court finds no suggestion that the Plaintiff's allegations give rise to a basis for a cause of action against the Defendant. While the Court recognizes the Plaintiff is proceeding

---

[11] *RSS Acquisition, Inc.*, 1999 WL 1442009, at *3-*4.

[12] *American Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101, 1104 (Del. Super. 1982).

*pro se*, that does not excuse her from meeting the requirements necessary to maintain a cause of action in this Court.

Accordingly, the Defendant's motion is **GRANTED** and the Complaint is **DISMISSED** with prejudice.

**SO ORDERED** this 22nd day of January, 2007.


                /s/ Robert B. Young
                          J.

RBY/sal
oc:     Prothonotary
cc:     Parties

6

# EXHIBIT C

EFiled: Feb 26 2007 5:05PM EST
Transaction ID 13928862
Case No. 06C-10-027-RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, upon consideration of Defendant Del-One Delaware Federal Credit Union's

Motion for Attorney's Fees and Costs and good cause for the Motion having been shown and

upon finding that Defendant is entitled to judgment in its favor,

IT IS HEREBY ORDERED, this _16th_ day of _March_, 2007, that the

_IN THE AMOUNT OF $3500.00_

Defendant's Motion for Attorney's Fees and Costs is GRANTED.

Judge Robert B. Young

3

065810.1001

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-373-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

The plaintiff, Nina Shahin ("Shahin") filed this rights action alleging her constitutional

rights were violated by the State of Delaware and its judiciary in three civil cases venued in

different courts in Delaware.  (D.I. 2.)  She appears *pro se* and was granted leave to proceed

without prepayment of fees pursuant to 28 U.S.C. § 1915.  (D.I. 4.)  The court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the court will dismiss the complaint pursuant to 28

U.S.C. § 1915(e)(2)(B).

**I. THE COMPLAINT**

Shahin alleges her civil rights were violated on three different occasions, all violations

related to, or stemming from, a case against the Delaware Federal Credit Union.  Shahin alleges

the first instance occurred when she and her husband filed one case in the Justice of the Peace

Court of Kent County on June 26, 2005, and another other case in the Court of First Instance on

June 28, 2005.  The cases were heard together.  Shahin took exception to the actions and rulings

of Delaware State Judge Pamela Darling, whom she alleges, violated the basic elements of due

process and equal protection.  She and her husband filed a complaint with the Chief Magistrate

Judge, the Court of the Judiciary, and appeals, all to no avail. Shahin alleges all appellate courts completely ignored the issues she raised "in each and every court of appeals of her constitutional rights."

Shahin alleges her constitutional rights were violated a second time when a case she filed was dismissed with prejudice by the Honorable Robert Young and attorney's fees were awarded to opposing counsel. Shahin alleges the judge rushed to his decision, and further alleges there was collusion between the judges and the attorney. Once again, Shahin alleges she was denied her right to due process and equal protection.

Shahin alleges her constitutional rights were violated a third time because a hearing she participated in was "rigged" and this is where the most constitutional violations occurred. Shahin presumes ex parte communications occurred, complains that the compliance officer for the Delaware Federal Credit Union was allowed to be present throughout the entire court hearing, alleges the transcript was falsified, and complains that the presiding judge denied Shahin access to the tape to correct falsifications. Again, Shahin alleges she was denied her right to due process and equal protection. She seeks $3,000,000 in compensatory damages

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

2

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v.*

*Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002). Additionally, a complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127

S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.*

(citations omitted).

Because the plaintiff proceeds *pro se*, her pleading is liberally construed and her

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations

omitted).

## III. DISCUSSION

Shahin names as defendants the State of Delaware and its judiciary. The Eleventh

3

Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F.3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State *School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Neither the State of Delaware nor its judiciary have waived their Eleventh Amendment immunity, and therefore, they are immune from suit.

The court notes that Shahin makes mention of, but does not name as defendants, several members of the Delaware judiciary. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12.

Shahin takes exception to the handling of her cases in state court and recites a litany of complaints. Despite her numerous allegations, it is obvious after a thorough perusal of the complaint that the mentioned judges did not act outside the scope of their judicial capacities, or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11. Based upon the foregoing, the complaint has no arguable basis in law or in fact. It is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

**IV. CONCLUSION**

Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim

upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229

(3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v.*

*City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Nov 13 _____, 2007
Wilmington, Delaware

```
FILED

NOV 14 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-373-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this _13ᵗʰ_ day of _Nov._, 2007, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED for failure to state a claim upon

which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).  Amendment of the complaint would be futile.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

NOV 1 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# EXHIBIT E

**LexisNexis®** *Total Research System*

Switch Client | Preferences | Sign Out | [?] Help

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Cour

Source: Legal > / . . . / > Federal Court Cases, Combined [i]
Terms: name(shahin and state of delaware) (Edit Search | Suggest Terms for My Search)

☞Select for FOCUS™ or Delivery
☐

2008 U.S. App. LEXIS 6843, *

NINA **SHAHIN,** Appellant v. **STATE OF DELAWARE**

NO. 07-4566

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

2008 U.S. App. LEXIS 6843

February 28, 2008, Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2008, Filed

**NOTICE:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING
PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH BIND
THE COURT.

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE
CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
Appeal From the United States District Court For the District of Delaware. (D.C. Civil No. 07-
cv-00373). District Judge: Gregory M. Sleet.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant sought review of an order of the United States
District Court for the District of Delaware dismissing her complaint against appellee, the
State of Delaware, as frivolous pursuant to 28 U.S.C.S. § 1915(e)(2)(B).

**OVERVIEW:** The district court granted appellant leave to proceed in forma pauperis, then
screened her complaint pursuant to § 1915(e)(2) and dismissed it as frivolous. In
particular, the district court explained that appellant's claim for monetary damages against
the State, including its judiciary, was absolutely barred by the State's Eleventh
Amendment immunity. The district court also explained that, although appellant had not
named any members of the Delaware judiciary as defendants, any claims for monetary
damages against them for actions undertaken in their judicial capacity would be absolutely
barred by judicial immunity. On appeal, the court agreed that appellant's complaint was
frivolous and that amendment would be futile, for the reasons explained by the district
court. The court's independent review revealed that, for those same reasons, there was no
arguable basis to challenge the district court's ruling on appeal.

**OUTCOME:** The court dismissed the appeal pursuant to § 1915(e)(2)(B).

**CORE TERMS:** frivolous, monetary damages, forma pauperis, immunity, arguable, civil rights

**LEXISNEXIS® HEADNOTES**                                    ⊟**Hide**

Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity 🗏
Constitutional Law > State Autonomy > General Overview 🗏
*HN1* ⯮ A plaintiff's claim for monetary damages against a state, including its judiciary, is absolutely barred by the state's Eleventh Amendment immunity. More Like This Headnote

Civil Rights Law > Immunity From Liability > Court Personnel & Judges 🗏
Governments > Courts > Judicial Immunity 🗏
*HN2* ⯮ Any claims for monetary damages against members of the state judiciary for actions undertaken in their judicial capacity would be absolutely barred by judicial immunity. More Like This Headnote

Civil Procedure > Appeals > Appeals in Forma Pauperis 🗏
Civil Procedure > Appeals > Frivolous Appeals 🗏
*HN3* ⯮ Where an appellant is proceeding in forma pauperis, the court of appeals reviews the appeal to determine whether it should be dismissed as frivolous pursuant to 28 U.S.C.S. § 1915(e)(2)(B). An appeal is frivolous if it lacks an arguable basis in law or in fact. More Like This Headnote

**COUNSEL:** NINA SHAHIN, Plaintiff - Appellant, Pro se, Dover, DE.

For STATE OF DE, Defendant - Appellee: Judy O. Hodas, Esq., Department of Justice, Wilmington, DE.

**JUDGES:** Before: McKEE ⯆, RENDELL ⯆ and SMITH ⯆, Circuit Judges.

**OPINION**

OPINION OF THE COURT

PER CURIAM

Nina Shahin appeals *pro se* from the District Court's order dismissing her complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Because we conclude that this appeal is frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

The background of this case is known to the parties and has been ably summarized by the District Court. Briefly, Shahin filed a civil rights complaint against the State of Delaware, alleging that her civil rights were violated in connection with three state court proceedings that were resolved unfavorably to her. According to Shahin, a state court judge denied her due process in the first proceeding by, among other things, refusing to let her question a witness. She alleges that the judge in the second proceeding "rushed to judgment" and colluded with opposing counsel in awarding **[*2]** attorney's fees against her. Finally, she alleges that the hearing in the third proceeding was "rigged," that the transcript was falsified, and that the judge improperly allowed a certain witness to remain present throughout the proceedings. The sole relief she seeks is monetary damages in the amount of $ 3,000,000.

The District Court granted Shahin leave to proceed *in forma pauperis*, then screened her complaint pursuant to § 1915(e)(2) and dismissed it as frivolous. In particular, the District Court explained that [HN1]Shahin's claim for monetary damages against the State of Delaware, including its judiciary, is absolutely barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atlantic of Pa.,* 271 F.3d 491, 503 (3d Cir. 2001). The District Court also explained that, although Shahin had not named any members of the Delaware judiciary as defendants, [HN2]any claims for monetary damages against them for actions undertaken in their judicial capacity would be absolutely barred by judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Shahin appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[HN3]Shahin is proceeding *in forma pauperis*, so we review this **[*3]** appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B). An appeal is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). We agree that Shahin's complaint was frivolous, and that amendment would be futile, for the reasons explained by the District Court. Our independent review reveals that, for those same reasons, there is no arguable basis to challenge the District Court's ruling on appeal. Accordingly, this appeal will be dismissed.

Source: Legal > / . . . / > **Federal Court Cases, Combined** 
Terms: **name(shahin and state of delaware)** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Monday, July 14, 2008 - 1:21 PM EDT

---

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

**LexisNexis®**    About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT F

EFiled: Jun 9 2008 11:19AM
Filing ID 20153353
Case Number 93,2007

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | § | |
| | § | |
| Plaintiff Below- | § | No. 93, 2007 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| DEL-ONE DELAWARE | § | Court Below—Superior Court |
| FEDERAL CREDIT UNION, | § | of the State of Delaware, |
| | § | in and for Kent County |
| | § | C.A. No. 06C-10-027 |
| Defendant Below- | § | |
| Appellee. | § | |
| | § | |

Submitted:  March 14, 2008
Decided:  June 9, 2008

Before **STEELE**, Chief Justice, **JACOBS**, and **RIDGELY**, Justices.

## O R D E R

This 9th day of June 2008, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Nina Shahin, filed this appeal from a decision of the Superior Court, dated January 22, 2007, which granted the defendant, Del-One Delaware Federal Credit Union's (Del-One) motion for judgment on the pleadings. Shahin also appeals the Superior Court's award of attorneys fees against her.[1] We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

---

[1] Plaintiff filed her notice of appeal in this Court on February 20, 2007. After the notice of appeal was filed, Del-One filed a motion for attorneys fees in the Superior Court, which the Superior Court granted on March 16, 2007. We vacated the award of attorneys fees as improvidently granted because the Superior Court had no jurisdiction to act on Del-One's motion while Shahin's appeal was pending. Accordingly, we remanded the matter back to the Superior Court for a hearing and decision on the request for attorneys fees. Shahin failed to appear at the hearing. The Superior Court granted Del-One's motion for attorneys fees.

(2)     The record reflects that Shahin, who is a Del-One customer, filed her complaint in the Superior Court in October 2006 for alleged accounting mistakes made by Del-One and other alleged incidents of poor customer service in connection with banking transactions conducted by Shahin and her husband in 2003, 2004, and 2005. Her complaint sought damages in excess of $100,000. Prior to filing her complaint in October 2006, Shahin had filed lawsuits in other Delaware courts against Del-One alleging identical or nearly identical claims. Those other actions were resolved against Shahin.

(3)     Del-One answered Shahin's complaint and later filed a motion for judgment on the pleadings. Despite Shahin's contention to the contrary, the record reflects that Del-One's motion was properly noticed on December 21, 2006 with a hearing date scheduled for January 19, 2007. Following the hearing, the Superior Court issued an opinion holding that Shahin's claims were barred by the doctrine of *res judicata* and otherwise failed to state any legally cognizable claim for relief. After filing her notice of appeal, this Court remanded the matter to the Superior Court for consideration of Del-One's motion for attorneys fees. Shahin notified the Superior Court of her intention not to appear at the hearing. The Superior Court held the hearing on July 19, 2007, in Shahin's absence, and awarded Del-One a portion of its fee request, $2984.79, as a sanction against Shahin[2] for bringing claims that were both factually and legally unwarranted.

---

[2] *See* Super. Ct. Civ. R. 11(c) (2008).

2

(4)     In her opening brief on appeal, Shahin contends that the Superior Court's rulings were both erroneous and an abuse of discretion.  We disagree.  The Superior Court correctly determined that Shahin's claims were barred by the doctrine of *res judicata* and the rule against claim splitting because she had previously raised, or could have raised, the same claims in her previous lawsuits.[3]  Moreover, we find no abuse of discretion in the Superior Court's award of attorneys fees to Del-One as a sanction against Shahin for repeated, unwarranted litigation.[4]  Under the unique circumstances of this case, it appears that a monetary sanction may be the only means of deterring Shahin from filing future baseless claims.  The Superior Court's award in this case took into account Shahin's status as a pro se litigant and awarded Del-One only a fraction of its actual attorneys fees incurred in defending against Shahin's frivolous claims.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[3] *See Maldonado v. Flynn*, 417 A.2d 378, 382 (Del. Ch. 1980) ("The rule against claim splitting is an aspect of the doctrine of res judicata and is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.").

[4] *See Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992) (noting that Rule 11 sanctions are appropriate to deter and punish frivolous litigation).

3

EFiled: Jun 20 2008 9:49AM
Filing ID 20333176
Case Number 93,2007

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | § | |
| | § | No. 93, 2007 |
| Plaintiff Below- | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| DEL-ONE DELAWARE FEDERAL | § | C.A. No. 06C-10-027 |
| CREDIT UNION | § | |
| | § | |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted:  June 16, 2008
Decided:    June 20, 2008

Before **STEELE**, Chief Justice, **JACOBS** and **RIDGELY**, Justices.

*O R D E R*

This 20th day of June 2008 the Court, having carefully considered the appellant's motion for reargument pursuant to Supreme Court Rule 18, of this Court's Order dated June 9, 2008, we conclude that the motion should be denied.

NOW, THEREFORE, IT IS ORDERED that the motion for reargument is **DENIED**.

BY THE COURT:

/s/Henry duPont Ridgely
Justice

**STATE OF DELAWARE**      }

                                    } **ss.**

**KENT COUNTY**              }

I, Audrey F. Bacino, Assistant Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing are true and correct copies of the Orders dated June 9 and June 20, 2008, in *Nina Shahin v. Del-One Delaware Federal Credit Union,* No. 93, 2007, as they remain on file and of record in said Court.

                                      **IN TESTIMONY WHEREOF,**

I have hereunto set my hand and affixed the seal of said Court at Dover this 23rd day of June A.D. 2008.

/s/ Audrey F. Bacino
Assistant Clerk of Supreme Court