# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICRT OF DELAWARE

**FILED**
JUL 18 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(2D scanned)

<u>NINA SHAHIN</u>            )
Plaintiff                    )
            v.               )    Civil Action No. 08-295
                             )
<u>PAMELA A. DARLING et al</u>  )
Defendant                    )

## MOTION FOR SANCTIONS AGAINST STATE ATTORNEY, KEVIN R. SLATTERY, UNDER RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURES

The Plaintiff, Nina Shahin, files this Motion for sanctions under Rule 11 against the attorney, Kevin R. Slattery, for falsifying facts presented to the Federal Court for the District of Delaware in his Memorandum in Support of Motion to Dismiss Complaint. Federal Rule 11(b)(3) of Civil Procedures requires any party to a lawsuit to make sure that "the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation or discovery;"

In his section entitled "Nature and State of the Proceedings" on the first page the attorney presented in the part A. 'The "first" case against the Delaware Federal Credit Union' the following "facts": "The Honorable Pamela A. Darling ("judicial defendant Darling") was the Magistrate who presided over the Justices of the Peace Court trial. Upon learning that Del-One had admitted the error and had credited the $ 35.00 to the Shahins' account on the date of the trial, the Magistrate dismissed the action with

1

prejudice." The subscript 2 made a reference at the end of that sentence to the claim that Del-One did not learn of the error until it was served the JP Court complaint.

The above-presented description of the facts is completely falsified and cannot be supported by any original evidence and the decision of the Superior Court that falsified the facts is not such evidence. The evidence the attorney presented to support these claims in his Exhibit B is the copy of the docket text from the JP Court on two pages which has the most important piece – the front page- entitled "Transcript of Judgment and Execution for Transfer to Kent County Court of Common Pleas" missing which made his presentation of evidence incomplete, and statement of facts – inaccurate, to say the least, or, more correctly, completely falsified. The Plaintiff attaches in **Exhibit A** to this Motion the entire three-page record of the case from the JP Court including the front page of "Transcript of Judgment" that provides the complete judgment entered by the Honorable Pamela A. Darling: "On September 6, 2005 judgment by trial was entered by Justice of the Peace Court No. 16 in **FAVOR OF NINA MAZEN SHAHIN AND AGAINST DE FEDERAL CREDIT UNION FOR $ 35.00" (EMPHASIS BY BOLD AND CAPITAL LETTERS IS ADDED BY THE PLAINTIFF).**

In the Honorable Pamela A. Darling's courtroom it was soundly established that $35.00 of erroneously deducted Non Sufficient Funds (NSF) fee had not been paid. The fee was paid on the date of the court hearing, i.e. 09/06/2005 (this is the only true statement of the attorney) but it was made two hours after the court decision and **PERSUANT TO THAT DECISION**. The Plaintiff provides in **Exhibit B** to this Motion a copy of the Del-One deposit slip made on that date with the Compliance Officer of the Del-One Reneé Thompson's business card and her handwritten note that reads

"The following fee has been placed back into your account **PER JUSTICE OF PEACE COURT DECISION.**" In **Exhibit C** to this Motion the Plaintiff provides a copy of the Notice of the JP Court hearing that demonstrates that the hearing was at 1:00 PM (it took only 15 minutes of proceedings) and the deposit slip has a time of deposit as 3:12 PM, i.e. two hours after the decision of the court.

The Plaintiff and her husband has never officially received the Defendant's response with their claims of "no notice" and "their offer to pay" neither from the JP Court nor from the Defendant, were not allowed to speak at Honorable Pamela A. Darling's courtroom without penalty, present any evidence, or question the Manager of the branch whom they subpoenaed to the court which are gross violations of their constitutional rights under Fourteenth Amendment of the US Constitution. The discussions in the courtroom were only between the judge and the Del-One representative who were allowed to speak and present their claims and the judge listened only to the Defendant's arguments. There is, therefore a question of why the judge that established in her courtroom that the violation of Regulations CC had occurred denied the plaintiffs their rights for court fees and damages under the statutory penalties provided by § 229.21 of these Regulations.

The Attorney Kevin R. Slattery, presented in his Exhibit C a copy of the transcript of hearing at Court of Common Pleas on the Del-One attorney's Motion for Summary Judgment held on 12/21/2005. The Del-One attorney described the decision of the JP court in the following terms:

"MR.MORRIS: The first one, which I filed the motion for summary judgment, was actually a defendant's verdict in one respect, and a plaintiffs' verdict in the other respect.

Essentially what happened is the defendant came into court, told the Court that they were willing to credit the plaintiffs' account in the amount of $35, which had been refused by plaintiffs, and then based upon that statement, the Court essentially initially found, or dismissed it with prejudice, but the docket sheet seems to indicate they entered judgment for $ 35 for the plaintiffs without court costs, and interest" (page A-16, middle of the page); THE COURT: Well, this is the case where the judgment was entered in their behalf?" MR. MORRIS: Correct. THE COURT: For   $ 35.00. MR. MORRIS: Well, Your Honor, it's really bizarre... THE COURT: That's what the transcript... MR.MORRIS: ...because if you look at the docket sheet, and the judgment itself, and I think I've attached this one.  Essentially what it said is a debt action... this is the notice of action which is signed by the Justice of the Peace Court, it's not the docket sheet, it's September 6th, 2005, a debt action is filed when a party owes money, refuses or does not pay". (Page A-19).

    The Superior Court Judge Honorable Robert B. Young's decision that is supposed to be based on the review of the lower court decision actually falsified that decision to a completely opposite: "The Magistrate held in favor of DFCU after learning that DFCU credited the Shahin's account for the $35.00 NSF fee". (A copy of the decision was presented by the attorney in his Exhibit A).  Such a falsification of the lower court decision to a completely opposite falls under the definition of 'obstruction of justice' as presented in 18 *U.S.C.* § 1506 'Theft or alteration of record or process; false bail' – "Whoever feloniously steals, takes away, **alters, falsifies**, or otherwise avoids any record, writ, process, or other proceedings, in any court of the United States, whereby any judgment is **reversed (N.S.)** made void, or does not take effect; ...

4

Shall be fines under this title or imprisoned more than five years, or both". Therefore, the Honorable Robert B. Young committed felony of obstruction of justice against which he has no immunity absolute or limited.

By falsifying these most basic and exceptionally important facts of this case the state attorney tries to nullify the very essence of the legal basis of the Plaintiff's claims and he also violates the canons of attorneys' professional conduct.

The Plaintiff therefore seeks the sanctions against the attorney for falsification of the above-presented facts without having any evidence to support his claims.

Submitted on this 16th day of July of 2008.

For Plaintiff:                                                   *N. Shahin*

                                                             **Nina Shahin**

                                                             103 Shinnecock Rd.
                                                             Dover, DE 19904
                                                             Tel. # 302-678-1806



# EXHIBIT A

IN THE JUSTICE OF THE PEACE COURT OF
THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
COURT NO. 16

**COURT ADDRESS:**
**480 BANK LANE**
**DOVER DE 19904**

TRANSCRIPT OF JUDGMENT AND EXECUTION FOR
TRANSFER TO KENT COUNTY COURT OF COMMON PLEAS

**PLAINTIFF:**

NINA MAZEN SHAHIN            **CIVIL ACTION NO.** J0507004516
103 SHINNECOCK RD.            **JUDGMENT:** $35.00
DOVER DE 19901
302-678-1805

v.

**DEFENDANT:**
DE FEDERAL CREDIT UNION
150 EAST WATER STREET
DOVER DE 19901
302-739-4496

ON SEPTEMBER 6, 2005 JUDGMENT BY TRIAL WAS ENTERED BY JUSTICE OF THE PEACE COURT NO. 16 IN FAVOR OF NINA MAZEN SHAHIN AND AGAINST DE FEDERAL CREDIT UNION FOR $35.00



This is to certify that this is a true and correct transcript of the judgment and Constable's return of execution.

_____
Justice of the Peace/Court Official

Date: SEPTEMBER 20, 2005

J P Civ. Form No. 24 (Rev. 6/15/00)

```
                    JUSTICE OF PEACE CIVIL DOCKET - COURT 16
                              AS OF 09/20/2005                        PAGE

CIVIL ACTION NO. J0507004516

FILED  06/28/2005                         DEBT ACTION
                                          NON-ARBITRATION
                                          NON-JURY TRIAL


*** L I T I G A N T S ***

NINA M SHAHIN

       VS ------

DE FEDERAL CREDIT UNION

        EVENT
NO.     DATE              DOCKET TEXT


 2    07/06/2005    FILING DATE: 06/28/2005 FEE:  30.00 RELIEF AMT:      35.00
                    PERSONAL PROPERTY VALUE:       OTHER AMT:     15.00
                    PRE INT RATE:     PRE INT AMT:
                    POST INT RATE:
                    OTHER-SUBPOENA FOR LISA BREWER, BRANCH MANAGER

      07/06/2005    NOTICE(S) GENERATED: 07/06/2005

 4    07/06/2005    FORMS GIVEN TO:CONSTABLE COURT 16
                    DATE: 07/07/2005

      07/18/2005    RETURN OF SERVICE POSITIVE FOR AND DATE SIGNED FOR:
                    DE FEDERAL CREDIT UNION  - 07/14/2005
                    SIGNED BY IF DIFFERENT THAN NAME ABOVE:
                    JANE WASHINGTON

 6    07/29/2005    CASE UPDATED: 07/29/2005
                    7/28/05 -PER JUDGE DARLING LETTER SENT TO PLAINTIFF
                    STATING:THE COURT IS REQUIRING THAT WITHIN 15 DAYS
                    YOU SUPPLY THE COURT WITH THE FOLLOWING INFORMATION
                    CONCERNING CASE #'S J0507004516, AND J0506073516;
                    THE AMOUNTS OF THE CHECKS, CHECK NUMBERS AND EXACT
                    DATES IN WHICH YOUR ACCOUNT WAS DEBITED FOR NON-
                    SUFFICIENT FUNDS.  FAILURE TO SUPPLY THE COURT WITH
                    THE ABOVE INFORMATION BY 8/12/05 WILL RESULT IN THE
                    CASES BEING DISMISSED.

 7    08/15/2005    TRIAL SCHEDULED: Tuesday 09/06/2005 01:00 PM
                    TO BE HEARD WITH CA# J0507004516.

      08/15/2005    NOTICE(S) GENERATED: 08/15/2005

      09/06/2005    9/6/05 A DEBT ACTION IS FILED WHEN A PARTY OWES MONEY
                    AND REFUSED OR DOES NOT PAY. IN THIS CASE THE DEFENDANT
                    WAS NEVER GIVEN OPPORTUNITY TO PAY THE DEBT PRIOR TO
                    PLAINTIFF FILING CASE. AFTER FILING DEFENDANT
                    REVIEWED THEIR RECORDS AND ADMITTED THEY HAD MADE AN
                    ERROR AND OFFERED TO CORRECT THE ERROR. THIS WAS
                    REFUSED BY PLAINTIFF. DEFENDANT HAS AGREED TO CREDIT
```

```
                JUSTICE OF PEACE CIVIL DOCKET - COURT 16
                           AS OF 09/20/2005                      PAGE

CIVIL ACTION NO. J0507004516
               PLAINTIFF ACCOUNT IN THE AMOUNT OF #35.00. CASE
               DISMISSED WITH PREJUDICE.

10  09/06/2005  JUDGMENT MAILED: 09/06/2005
                APPEAL PROCEDURES INCLUDED

11  09/09/2005  CASE UPDATED: 09/09/2005
                9/7/05-RECV'D LETTER OF COMPLAINT FROM NINA SHAHIN
                CONCERNING JUDGES DECISION IN THIS CASE.
                9/7/05-SENT LETTER TO PLAINTIFF STATING:
                JUDICIAL OPERATIONS MGR DOES NOT REVIEW THE CASE
                DECISIONS OF THE JP JUDGES, NOR DO I DIRECT THEM HOW
                ANY INDIVIDUAL CASE SHOULD BE HANDLED.
                INCLUDED IN THE LETTER OF NAMES AND ADDRESSES OF
                DCM AND CHIEF MAGISTRATE FOR FILING COMPLAINTS.
                STATED ALSO THAT APPEAL PROCEDURES WERE INCLUDED
                WITH THE ORDER.

12  09/20/2005  APPEAL - CASE APPEALED TO COURT OF COMMON PLEAS
                TRANSCRIPT REQUESTED BY:NINA SHAHIN
                DATE TRANSCRIPT ISSUED:9/20/05
                FEE PAID:  $10.00
                DOCKET ABOVE IS A TRUE AND CORRECT COPY OF ALL ENTRIES ON
                THIS CASE.
                JUDGE:
```



**EXHIBIT B**

```
SIUE Journal Voucher              09/06/05  ... ..FM 22316 21  211 RIT BR:0?

    39382-75   SHAHIN/MAZEN M                EFF DT:09/06/05           0
AMT:      35.00 TO GOLDEN ADVANTAGE
MEMB FEES:    .00 BAL:   7,438.68
DESCRIPTION. FEE REV/JP CRT 6/23

              NF  FEE REV/JP CRT 6/23         EFF DT:09/06/05           0
AMT.      35.00 FROM F & T TYPE SUM

SWITCH TO E-STATEMENTS AND YOU COULD WIN A DELL COMPUTER AND PRINTER!* VISIT
WWW.DELAWAREFCU.ORG OR ASK A DEFCU REPRESENTATIVE FOR MORE INFORMATION.
*CONDITIONS AND RESTRICTIONS APPLY.

      MAZEN M SHAHIN
      103 SHINNECOCK RD
      DOVER          DE 19904
```

                    DELAWARE FEDERAL CREDIT UNION              DATE:[09/06/05
ID:[   ] TRAN CODE:[    ] PARAMETERS:[

**Delaware** FEDERAL CREDIT UNION
www.delawarefcu.org

RENEE L. THOMPSON, CUCE, NCCO
Compliance Officer

... E. Water Street
Dover, DE 19901

Phone   (302) 698-1028
Fax     (302) 698-1638
E-mail  rthompson@delawarefcu.org

www.delawarefcu.org

**APPENDIX G**

**EXHIBIT C**

IN THE JUSTICE OF THE PEACE COURT OF
THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
COURT NO. 16

COURT ADDRESS:                           CIVIL ACTION NO. J0507004516
JP COURT 16
480 BANK LANE
DOVER, DE 19904

NINA M SHAHIN
          ----- VS -----
DE FEDERAL CREDIT UNION

NINA M SHAHIN
103 SHINNECOCK ROAD
DOVER , DE 19904-


NOTICE TO PLAINTIFF AND DEFENDANT OF TIME FOR HEARING
(CONTINUANCE)

THE ABOVE ACTION HAS BEEN SCHEDULED AND CONTINUED AT THE REQUEST OF:
    √      THE COURT
    _      THE PLAINTIFF(S)(OR PLAINTIFF(S) ATTORNEY)
    _      THE DEFENDANT(S)(OR DEFENDANT(S) ATTORNEY)
    _      OTHER

THE COURT WILL HOLD A TRIAL ON     Tuesday    , 09/06/2005
AT    01:00 PM         IN THE JUSTICE OF THE PEACE COURT NAMED ABOVE.

IF YOUR CLAIM IS SUPPORTED BY WITNESSES, ACCOUNT BOOKS, RECEIPTS OR OTHER DOCUMENTS, YOU SHOULD BRING ENOUGH COPIES OF EACH DOCUMENT TO GIVE ONE TO THE OTHER PARTY AND ONE TO THE COURT. SUBPOENAS FOR WITNESSES, IF REQUIRED IN ADVANCE, WILL BE ISSUED BY THE COURT (FOR A FEE FOR EACH PERSON SUBPOENAED).

DATED:  08/16/2005

                                    _____
                                       COURT OFFICIAL

Persons with disabilities should contact the Court 10 days prior to trial, if possible, to request reasonable accommodations. TDD telephone numbers of JP Courts for the hearing impaired can be obtained from the blue pages of your phone book (listed as "TT" under each court).
J.P. CIVIL FORM NO. 8A (6/15/00)

## CERTIFICATE OF SERVICE

I, NINA SHAHIN, CPA

Hereby certify that two copies of this MOTION FOR SANCTIONS AGAINST STATE ATTORNEY, KEVIN R. SLATTERY, UNDER RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURES with Exhibits from A to C have been mailed today, July 16th, 2008 by certified mail with a return receipt to the attorney at the following address:

**Kevin R. Slattery** Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

Date: July 16, 2008

_____
(signature)

Nina Shahin, CPA