

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

Please respond to: Civil Division

July 22, 2008

**By Electronic Filing**

The Honorable Gregory M. Sleet
Chief Judge
United States District Court for the District of Delaware
Caleb Boggs Federal Courthouse
844 N. King Street/ Lock Box 18
Wilmington, DE 19801

    Re:    **Shahin v. Darling, et al.**
              C.A. No. 08-295 GMS

Dear Chief Judge Sleet:

    I received Ms. Shahin's Motion for Rule 11 sanctions yesterday afternoon.

    I reviewed the State Judicial Defendants' Memorandum in Support of Motion to Dismiss Complaint, as well as the supporting documentation utilized in preparation of the Memorandum, in light of Ms. Shahin's motion. As a result, I have modified three words in the first page of the Nature and Stage of Proceedings section of the Memorandum. (Page attached). The modification is highlighted. This change more accurately reflects what occurred at the "first" Justices of the Peace Courts proceeding in which the Shahins were involved. Please substitute this corrected page in place of the page originally filed in the Memorandum. After reasonable inquiry, and to the best of my knowledge, information and belief, the remainder of the document contains factual contentions that have evidentiary support.

    I believe this should appropriately correct any perceived misinterpretation of the facts in accordance with Rule of Civil Procedure 11(c)(1)(A). While Ms. Shahin has prematurely filed her motion with the court in violation of Rule 11(c)(1)(A), the above-mentioned correction should result in her withdrawing the motion. Should she persist, however, in pursuing the motion, I will be seeking reasonable expenses and attorney's fees associated with any successful

Hon. Gregory M. Sleet
July 22, 2008
Page 2

opposition of her motion for sanctions.

Respectfully yours,

*/s/ Kevin R. Slattery*
Kevin R. Slattery
Deputy Attorney General
Bar ID# 2297

Attachment
Xc.   Ms. Nina Shahin (by U.S. Mail)
      File

*I:/Kevin.Slattery/Litigation/Shahin/SubstitutePageCoverLetter.doc*

## **NATURE AND STAGE OF THE PROCEEDINGS**

The plaintiff, Nina Shahin ("Shahin"), initiated three State court proceedings against a credit union and a complaint before the Delaware Court on the Judiciary[1] that have led to the case before the court. Some discussion of these proceedings is necessary to assist the court in understanding the background of this matter.

### *A.     The "first" case against the Delaware Federal Credit Union*

Shahin and her husband, Mazen Shahin, filed a debt action against the Delaware Federal Credit Union (presently known as "Del-One") in June of 2005. *Complaint*, at page 1; *Shahin v. Delaware Federal Credit Union*, C.A. No. 06A-01-004 (Opinion at page 2) (Young, J.)(August 3, 2006)("*Shahin I*")(Attached at Tab "A"). The action sought reimbursement for an erroneously assessed fee of $35.00 for insufficient funds ("NSF fee"). *Shahin I*, at page 2. The Honorable Pamela A. Darling ("judicial defendant Darling") was the Magistrate who presided over the Justices of the Peace Courts trial. Upon learning that Del-One had admitted the error and **agreed to credit** the $35.00 to the Shahins' account on the date of trial, the Magistrate dismissed the action with prejudice.[2] *Id;* Justice of the Peace Civil Docket in Civil Action No. J0507004516 (Attached at Tab "B"). The Shahins appealed the Magistrate's decision to the Court of Common Pleas. Id. (Tab "B").

In the Court of Common Pleas, the Honorable Merrill C. Trader ("judicial defendant Trader") considered, and granted, Del-One's motion for summary judgment. *Shahin I*, at page 2; Transcript of

---

[1] As all Court on the Judiciary proceedings are confidential pursuant to the court's Rule 17, only Shahin as the complainant, the judicial officer and the Court would have received a copy of the dismissal of the complaint. Court on the Judiciary Rules 5(b), 8(a) and 15(a). Accordingly, any discussion of the complaint in relation to this proceeding is not possible at this stage of the proceedings.

[2] Del-One claimed that it did not learn of the error until it was served the JP Court complaint.