## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,

      Plaintiff;

v.

LIGUORI, MORRIS & YIENGST, et al,

      Defendants.

C. A. No. 08-295 GMS

## DEFENDANT LIGUORI, MORRIS & YIENGST'S OPENING BRIEF AND APPENDIX IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**MARKS, O'NEILL,**
**O'BRIEN & COURTNEY, P.C.**

    */s/ Theodore J. Segletes, III*
Norman H. Brooks, Jr., Esq. (#2568)
Theodore J. Segletes, III, Esq. (#4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
*Attorneys for Defendant*
*Liguori, Morris & Yiengst*

Dated: July 24, 2008

{DE113313.1}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

NATURE AND STATE OF THE PROCEEDING ...................................................... 1

SUMMARY OF ARGUMENT .............................................................................. 3

STATEMENT OF FACTS ................................................................................... 5

ARGUMENT ................................................................................................... 7

    PLAINTIFF FAILS TO ALLEGE FACTS ESSENTIAL TO ESTABLISH
    ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................. 7

    A.    Standard of Review ........................................................................ 7

    B.    Violations of Federal Criminal Statutes ............................................. 7

        1.    Violations of Racketeer Influenced
                Corrupt Organizations (RICO) Act ............................................. 8

        2.    Violations of 18 U.S.C. §§ 241 & 242 ......................................... 10

        3.    Violations of 18 U.S.C. §§ 1506, 1512, and 1513 .......................... 10

        4.    Potential Action under 42 U.S.C. § 1983 .................................... 12

    C.    Violations of Local Rules of Procedure and Professional Conduct ................ 13

        1.    Violations of the Delaware Lawyers'
                Rules of Professional Conduct ................................................ 13

        2.    Violations of the Civil Rules of Procedure ................................. 14

    D.    Collateral Estopple & Res Juticata .................................................. 14

    E.    Conclusory Statements .................................................................. 16

CONCLUSION ............................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Bell Atl. Corp. v. Twombly,* 550 U.S. 127 S. Ct. 1955 (2007) …………………………..……. 7

*Boddie v. Schnieder*, 105 F.3d 857, 862 (2[d] Circ. 1997) ………………………………..… 16

*Del Elmer v. Metzger*, 967 F. Supp. 398 (S.D. Ca. 1997) …………………………………..… 7

*Gipson v. Callahan*, 18 F. Supp. 2d 662 (W.D. Tex. 1997);
   *dismissed w/o opinion*, 157 F.3d 903 (5th Circ. 1998) ……………………………… 3, 11

*Hamilton v. Reed*, 29 F. Appx. 2d 202 (6th Circ. 2002);
   *cert. denied*, 536 U.S. 971 …………………………………………………………… 3, 10

*In re Appeal of Infotechnology, Inc.*, 582 A.2d 215 (Del. 1990). ……………………………… 13

*Lum v. Bank of Am.,* 361 F.3d 217 (3d Cir. 2004) ………………………………………… 8

*Maldonado v. Flynn*, 417 A. 2d 378, 382 (Del. Ch. 1980) ……………………………..… 15

*Marcus Hook Development Park, Inc. v. Lampl, Sable & Makoroff*,
   153 B.R. 693 (Bankr. W.D. Pa. 1993) ……………………………………………… 3, 14

*Marino v. Richards Layton & Finger*, 160 Fed. Appx. 268 (3rd Circ. 2005) ……………….. 3, 13

*McCauley v. Computer Aid, Inc.*, 447 F. Supp. 2d 469 (E.D. Pa. 2006);
   *aff'd*, 242 Fed. Appx. 810 (3rd Circ. 2007) ……………………………………… 3, 10

*Messick v. Star Enterprises*, 655 A.2d 1209, 1211 (Del. 1995) ……………………………... 14

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902 (3d Cir. 1997) ………………………….… 7

*O'Malley v. N.Y.C. Transit Auth.,* 896 F.2d 704 (2d Cir. 1990) ……………………………… 10

*Polk v. Dodson*, 454 U.S. 312 (1981) …………………………………………………… 12

*Port Drum Company v. Umphry*, 852 F.2d 148 (5th Circ. 1988) ……………………………… 14

*Rocks v. City of Phila.,* 868 F.2d 644 (3d Cir. 1989). ………………………………………… 7

*Rojas v. Debevoise & Plimpton*, 1994 U.S. Dist. LEXIS 9382 (S.D.N.Y. 1994) …………… 3, 12
   (Ex. 1)

*Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479 (1985) …………………………………………… 8

{DE113313.1}

*Shahin v. Del-One Delaware Fed. Credit Union*,
    C.A. No. 06C-10-027 RBY (Del. Super. Ct. Mar. 16, 2007),
    *aff'd* 2008 Del. LEXIS 259 (June 9, 2008) ………………………………………… 2, 10, 15
    (Ex. 2)

*Shahin v. State*, C.A. No. 07-373-GMS (D. Del. Nov. 13, 2007) (Mem. Op.) ……………….… 2
    (Ex. 3)

*Shahin v. Delaware*, 2008 U.S. App. LEXIS 6843 (3d Cir. Mar. 31, 2008) ……………….. 2, 16
    (Ex. 4)

*Shahin v. Del-One Delaware Fed. Credit Union*, C.A. No.
    06A-01-004 RBY (Del. Super. Ct. Aug.3, 2006) (Opinion),
    *aff'd*, No. 472, 2006 (Del. January 24, 2007) (ORDER)
    *cert. denied* 127 S. Ct. 2440 (2007) ………………………………………… 5, 10, 14, 15
    (Ex 5)

*Simpson v. Chicago Pneumatic Tool Company*, 693 N.W. 2d 612 (N.D. 2005) ….…………… 14

*Thorpe v. Newell*, 2005 U.S. Dist. LEXIS 19591 (D. Del. 2005) ……………………………… 16
    (Ex 6)

*United States v. City of Philadelphia*, 482 F. Supp. 1248 (E.D. Pa. 1979) …………….……… 10

*West v. Atkins*, 487 U.S. 42 (1988) …………………………………………………………….. 12

*Weiszmann v. Kirkland and Ellis*, 732 F. Supp. 1540 (D. Colo. 1990) …………………….…... 14

*Wilmington Trust Company, v. Connor*, 415 A.2d 773 (Del. 1980). …………………………... 15

## STATUTES & RULES

18 U.S.C. § 241 …………………………………………………………………………………… 3

18 U.S.C. § 242 …………………………………………………………………………………… 3

18 U.S.C. §1503 …………………………………………………………………………….…... 9, 10

18 U.S.C. § 1506 ………………………………………………………………………………. 3, 10, 11

18 U.S.C. § 1512 …………………………………………………………………………..…... 3, 11

18 U.S.C. § 1513 ………………………………………………………………………………… 3, 12

18 U.S.C. § 1961 ………………………………………………………………………………… 8, 9

42 U.S.C. § 1983 ……………………………………………………………… 12, 13

Fed. R. Civ. P. 9(b) …………………………………………………………….. 11

Fed. R. Civ. P. 12(b)(6) ………………………………………………………. 2, 5, 7

{DE113313.1}

## NATURE AND STATE OF THE PROCEEDING

The Complaint in this matter was filed on May 20th, 2008 by Nina Shahin against thirteen different Defendants, among them the law firm of Liguori, Morris & Yiengst ("LMY"). Plaintiff alleges that LMY was part of a conspiracy involving four Justices on the Delaware Supreme Court, two Delaware Superior Court Judges, two Kent County Court of Common Pleas Judges, one Kent County Justice of the Peace, two Court reporters, and the law firm of Young, Conaway, Stargatt & Taylor, LLP ("Young Conaway"). Complaint at pgs. 1-3. The alleged object of this conspiracy was to obstruct justice, commit fraud and racketeering offenses in violation of the Racketeer-Influenced Corrupt Organizations Act ("RICO"), and to deprive Plaintiff of her Constitutional rights. Complaint at pgs. 1, 5.

Plaintiff alleges that her civil rights were violated during the course of three civil cases, all of which were filed in various Courts in the State of Delaware. Id. at 1. These three civil cases relate to actions brought by the Plaintiff against the Delaware Federal Credit Union (hereafter, "Del-One") in which Plaintiff sought to recover a $35 overdraft fee on an account held jointly by her and her husband. (The $35 has since been refunded by Del-One.) LMY represented Del-One in two of these three actions. The first of these was dismissed by the Kent County Justice of the Peace and was subsequently affirmed by the Court of Common Pleas for Kent County, the Superior Court of the State of Delaware, and the Delaware Supreme Court. Id. at 2-3. The second of these was also dismissed by the Kent County Justice of the Peace and affirmed by the Court of Common Pleas for Kent County, but its appeal is currently pending before the Superior Court. Id. at 3.

The third action, in which LMY was replaced as counsel for Del-One by Young Conaway, was dismissed by Delaware Superior Court Judge Robert B. Young (also named as a

{DE113313.1}

Defendant in this matter), who subsequently awarded Del-One attorneys' fees due to the frivolous nature of the lawsuit. The Delaware Supreme Court affirmed the award of attorneys' fees in that case, finding the award proper in light of the pattern of "repeated, unwarranted litigation" in which Shahin had engaged and finding that "a monetary sanction may be the only means of deterring Shahin from filing future baseless claims." *Shahin v. Del-One Delaware Fed. Credit Union*, C.A. No. 06C-10-027 RBY (Del. Super. Cr. Mar. 16, 2007) (ORDER), aff'd, No. 93, 207 (Del. June 9, 2008) (ORDER) pg. 3.

This is the second attempt by the Plaintiff to seek relief before this Court because she was unhappy with the State Court proceedings. On November 13th, 2007, this Court dismissed a lawsuit filed by the Plaintiff against the State of Delaware and its judiciary alleging, as she does here, collusion between judges and attorneys in violation of her constitutional rights. *Shahin v. State*, C.A. No. 07-373-GMS (D. Del. Nov. 13, 2007) (Mem. Op.) at 2. This Court dismissed Plaintiff's claims as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B), holding that they had "no arguable basis in law or fact." Id. at 4. On appeal, the Third Circuit affirmed this decision. *Shahin v. Delaware*, 2008 U.S. App. LEXIS 6843, *3 (3d Cir. Mar. 31, 2008).

LMY has filed the instant motion to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6), and this brief is being filed to support that motion.

2

## SUMMARY OF ARGUMENT

Defendant LMY submits that Plaintiff's claims against them should be dismissed for the following reasons:

- Plaintiff fails to allege facts essential to establish any claim upon which relief can be granted.

- Plaintiff has failed to allege two or more predicate acts which are sufficiently related so as to infer a pattern of racketeering activity upon which a civil claim under RICO may be based.

- Plaintiff has no private cause of action under 18 U.S.C. § 241 or § 242 (*McCauley v. Computer Aid, Inc.*, 447 F. Supp. 2d 469, 477 (E.D. Pa. 2006; *aff'd*, 242 Fed. Appx. 810, 813 (3rd Circ. 2007) (*dismissal affirmed*; 18 U.S.C. §§ 241 & 242 do not create a private cause of action).

- Plaintiff has no private cause of action under 18 U.S.C. § 1506 (*Hamilton v. Reed*, 29 F. Appx. 2d 202, 204 (6th Circ. 2002); *cert. denied*, 536 U.S. 971 (dismissal affirmed; 18 U.S.C. § 1506 does not create a private cause of action)).

- Plaintiff has no private cause of action under 18 U.S.C. § 1512 (*Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997); *dismissed w/o opinion*, 157 F.3d 903 (5th Circ. 1998)).

- Plaintiff has no private cause of action under 18 U.S.C. § 1513 (*Rojas v. Debevoise & Plimpton*, 1994 U.S. Dist. LEXIS 9382 (S.D.N.Y. 1994)).

- Even if a private cause of action were to exist under these criminal statutes, Plaintiff has failed to allege any facts supporting any colorable claim against LMY for violations of 18 U.S.C. § 241, § 242, § 1506; § 1512; or § 1513.

3

- Alleged violations of the Delaware Lawyers' Rules of Professional Conduct do not create a basis for civil liability (*Marino v. Richards Layton & Finger*, 160 Fed. Appx. 268, 269 (3rd Circ. 2005).

- Alleged violations of the judicial rules of civil procedure do not create a basis for civil liability (*See e.g. Marcus Hook Dev. Park, Inc. v. Lampl, Sable & Makoroff*, 153 B.R. 693, 704 (Bankr. W.D. Pa. 1993)).

- Plaintiff is collaterally estopped by adverse rulings by the Delaware Supreme Court and Third Circuit Court of Appeals from proving certain elements which are central to her claims against LMY.

- Plaintiff's Complaint consists of conclusory statements and speculative allegations against LMY.

4

## STATEMENT OF FACTS

Because LMY is seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must consider only the facts alleged in the Plaintiff's Complaint. Plaintiff's claims against LMY are based upon the following alleged facts[1]:

- "The [First] case was appealed to the Court of Common Pleas of the [sic] Kent County and was docketed under #05-09-0074AP. During hearing on the Attorney's Motion for Summary Judgment held on 12/21/2005 the presiding judge, Merrill C. Trader, mocked and dismissed the Plaintiff's responses, while allowing false statements made by the attorney to stand and eventually ruled against the Plaintiff in violation of the terms on which the [sic] Summary Judgment can be granted. The transcript of that hearing was modified to change the nature of the Plaintiff's claims as well as the scope and character of the proceedings." Complaint, pg. 2.

- "The [First] case was appealed [after its dismissal was affirmed by the Superior Court] to the Supreme Court of Delaware and was docketed under #472, 2006. In violation of the provisions of Rule 25 of the Supreme Court Rules of Civil Procedure the Attorney filed a Motion to Affirm which the panel of thee [sic] Judges [sic] (Berger, Jacobs, and Ridgely) affirmed thus providing a cover up for violations in all courts." *Id.*

- "The [Second] case was appealed [after its dismissal by the Justice of the Peace] to the Court of Common Pleas of the [sic] Kent Country [sic], [and] was docketed under

---

[1] The portions of Plaintiff's Complaint quoted herein come from the Plaintiff's allegations with regard to the first two cases. In the third case, Plaintiff erroneously alleges that "[t]he original attorney, Gregory Morris (from the defendant's firm of Liguori, Morris and Yiengst) was substituted in violation of the provision of the [sic] rule 90(b) of the Superior Court Rules of Civil Procedure…." Complaint, pg. 4. However, neither Mr. Morris nor his firm ever represented Del-One with regard to the third case. Young, Conaway, Stargatt & Taylor was retained by Del-One's insurance carrier to represent Del-One in that matter, since their insurance carrier agreed to provide coverage for that particular lawsuit, but not the first two.

{DE113313.1}

#05-10-0113 AP.   The hearing on the appeal was held in private chambers of the judge, Merrill C. Trader, on 01/17/2007 with *ex parte* communications of attorney and the defendant with the presiding judge, Rosemary Betts Beauregard, who rules in favor of the Defendant based on facts never proven in the courtroom.   The transcript of the hearing was falsified in such a way as to change the essence of witness and Plaintiff testimonies, and the attorney's closing words.   Access to the transcript was denied by the Court of Common Pleas and the Superior Court providing further cover up for the obstruction of justice and collusion committed by the judges, attorney, and the court reporter.   The transcript of the hearing on the Plaintiff's motion for the [sic] access to the tape of hearing at CCP court held at the Superior Court in September of 2007 was also falsified to change the character, scope and the nature of that hearing."

*Id.* at 3.

**ARGUMENT**

**PLAINTIFF FAILS TO ALLEGE FACTS ESSENTIAL TO ESTABLISH ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### A.  Standard of Review

In reviewing a Fed. R. Civ. P. 12(b)(6) motion, this Court should "accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.,* 868 F.2d 644, 645 (3d Cir. 1989). However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)(citations omitted). The court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Id.* Rather, factual allegations must be enough to raise a right of relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 127 S. Ct. 1955, 1965 (2007).

Plaintiff asserts she has causes of action under "the RICO Act, Obstruction of Justice (sections 1506, 1512, 1513) [and] Civil Rights sections 241 and 242 of Title 18 of the U.S. Code."  Complaint, pg. 5. However, she has failed as a matter of law to establish a claim upon which relief can be granted under any of these statutory provisions.

### B.  Violations of Federal Criminal Statutes

"Civil causes of action … do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Ca. 1997).

**1.    Violations of Racketeer Influenced Corrupt Organizations (RICO) Act.**

To state a RICO cause of action, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.,* 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)).  However, to establish a "pattern" of racketeering activity, the Plaintiff must plead two predicate acts of racketeering activity.  *Id.,* citing 18 U.S.C. § 1961(5).  Plaintiff's RICO claim must fail because she has not sufficiently pled those two predicate acts.

The very language of the RICO statute defines "racketeering activity" as any act that is indictable under the various criminal statutes cited in 18 U.S.C. §1961.  Section 1961 goes on to list several statutes whose violation would constitute "racketeering activity."[2]    With the

---

[2] Section 1961(1) provides:

(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons)[.], section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures

---

exception of obstruction of justice (18 U.S.C. §1503), none of the criminal acts listed in 18 U.S.C. §1961 are pled to any degree in the Plaintiff's Complaint. The sum total of Plaintiff's allegations against LMY are that LMY participated in a hearing whose transcript was allegedly later altered to change the nature of the proceedings that took place, that LMY moved the Delaware Supreme Court to affirm a Superior Court ruling in violation of Rule 25 of that Court's Rules of Civil Procedure, and that LMY colluded with the court reporter and the judge to deny her access to a transcript in a second case. None of these so-called "facts" fit within the violations of criminal law identified in 18 U.S.C. §1961, so they cannot be considered "predicate acts" that would enable the Plaintiff to establish a pattern of racketeering activity necessary to state a RICO claim.

Furthermore, even though obstruction of justice under 18 U.S.C. §1503 can be pled to establish a pattern of racketeering activity, the Plaintiff has not sufficiently alleged violations of this section against LMY because her claims are based upon events that occurred in state court, and the plain language of §1503 applies only to intimidating or tampering with "any grand or petit juror, or officer in or of any court of the United States." This language is a bright-line rule;

---

or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) an act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, **or** (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B)[.]"

9

offenses under 18 U.S.C. §1503 can *only* apply to actions relating to proceedings in a federal court of the United States. *O'Malley v. N.Y.C. Transit Auth.,* 896 F.2d 704, 707 (2d Cir. 1990).

### 2.    Violations of 18 U.S.C. §§ 241 & 242.

It is well settled that no private cause of action exists under 18 U.S.C. § 241 or § 242 (*McCauley v. Computer Aid, Inc.*, 447 F. Supp. 2d 469, 477 (E.D. Pa. 2006; *aff'd*, 242 Fed. Appx. 810, 813 (3rd Circ. 2007) (*dismissal affirmed*; 18 U.S.C. §§ 241 & 242 do not create a private cause of action).   Mindful that pro se litigants are held to less stringent standards for pleadings than are attorneys, (*Id.* at 471) the Court in *McCauley* nonetheless found that "[t]hese statutes create criminal penalties for deprivations of constitutional rights, effected by means of conspiracy or under color of state law" *Id.* citing  *United States v. City of Philadelphia*, 482 F. Supp. 1248, 1260 (E.D. Pa. 1979).   Even had a civil cause of action existed, Plaintiff has simply failed to allege facts upon which this Court could hold that LMY participated in any conspiracy or acted under the color of state law to deprive Plaintiff of any of her constitutional rights.

In fact, just the opposite is true.  As Plaintiff notes in her Complaint, the underlying alleged violations associated with her "FIRST CASE" were reviewed and ruled upon by the Supreme Court of Delaware (2007 Del. LEXIS 30) and *certiori* for their consideration by the United States Supreme Court was ultimately denied (127 S. Ct. 2440 (May 21, 2007)).  Those associated with her "SECOND CASE" were likewise submitted for consideration, and subsequently disposed of, by the Delaware Supreme Court (2008 Del. LEXIS 259).

### 3.    Violations of 18 U.S.C. §§ 1506, 1512, and 1513.

It is equally well settled that no private cause of action exists under 18 U.S.C. § 1506 (*Hamilton v. Reed*, 29 F. Appx. 2d 202, 204 (6th Circ. 2002); *cert. denied*, 536 U.S. 971 (dismissal affirmed; 18 U.S.C. § 1506 does not create a private cause of action)). This statute

governs the theft or alteration of a record or process upon which a judgment is reversed, voided, or otherwise rendered ineffective, and the procurement of false bail. *See 18 U.S.C. § 1506*. Plaintiff never received a judgment in her favor in any of the underlying actions that could have been reversed, made void, or made not to take effect as a result of any act of LMY. Moreover, Plaintiff alleges that LMY attorney Morris made "false statements" to the Court of Common Please in and for Kent County (Complaint at pg. 2) and that attorney Morris had *ex parte* communications with Her Honor, Judge Rosemary B. Beauregard. Accusations of this nature must be made with particularity (*Fed. R. Civ. P. 9(b)*) and Plaintiff has offered nothing but vague comments about attorney Morris' alleged activity. Thus, even if this court were to recognize a cause of action under the statute, which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have feloniously stolen, took away, altered, falsified, or otherwise avoid any record, writ, process, or other proceeding (*id.*) of any Court, or that any Court's any judgment was reversed, made void, or did not take effect (*id.*) as a result.

It is equally well settled that no private cause of action exists under 18 U.S.C. § 1512 (*Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997); *dismissed w/o opinion*, 157 F.3d 903 (5th Circ. 1998)). This statute governs tampering with a witness, victim, or an informant. In particular it is directed at acts of an one person designed to prevent the testimony of another whereby the first person kills, uses physical force, or the threat of physical force against the second (or attempts any of these). *See 18 U.S.C. § 1512*. Plaintiff has alleged no facts that implicate attribute any of these acts on any party to this case, let alone implicate such conduct to LMY. Thus, even if the Court were to recognize a cause of action under the statute,

{DE113313.1}

which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have committed any of the acts governed by the statute.

Finally, no private cause of action exists under 18 U.S.C. § 1513 (*Rojas v. Debevoise & Plimpton*, 1994 U.S. Dist. LEXIS 9382 (S.D.N.Y. 1994)). This statute governs retaliations against witnesses, victims and informants for testimony or similar assistance given in "official proceedings". *18 U.S.C. § 1513*. Specifically, it governs persons who kill or attempt to kill a witness, victim or informant (*§ 1513(a)*); and persons who knowingly engage in any conduct and thereby cause bodily injury to a witness, victim or informant or damages the tangible property of a witness, victim or informant (*§ 1513(b)*). Again, Plaintiff has alleged nothing of the sort and again, even if the Court were to recognize a cause of action under the statute, which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have committed any of the acts governed by the statute.

### 4. Potential Action under 42 U.S.C. § 1983.

Even if, under the generous pleading guidelines afforded *pro se* plaintiffs, the Court would consider the Complaint as having attempted to state a claim under 42 U.S.C. § 1983, such a claim would ultimately fail. Plaintiff here has not alleged any direct, supervisory, or responsible relationship whereby the acts of LMY in defending Del-One in two of the three cases upon which Plaintiff bases her Complaint can be found to be actions taken "under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has alleged, in the most general terms, that LMY acted improperly in representing Del-One in first two cases she cites in her Complaint. Actions taken by LMY in furtherance of such representation are not actions taken under the color of state law. *See Polk v. Dodson*, 454 U.S. 312, 318 (1981)(A lawyer

representing a client is not, by virtue of being an officer of the court, a state actor under the color of state law within the meaning of § 1983).

### C. Violations of Local Rules of Procedure and Professional Conduct.

#### 1. Violations of the Delaware Lawyers' Rules of Professional Conduct

Alleged violations of the Delaware Lawyers' Rules of Professional Conduct do not create a basis for civil liability (*Marino v. Richards Layton & Finger*, 160 Fed. Appx. 268, 269 (3rd Circ. 2005). Plaintiff has alleged certain facts that, were they to be considered true, could be viewed as independent violations of Delaware Lawyers' Rules of Professional Conduct. However matters of Professional Conduct of a Delaware attorney are the exclusive purview of the Delaware Supreme Court. *In re Appeal of Infotechnology, Inc.*, 582 A.2d 215, 218 (Del. 1990). In addressing the potential for civil liability founded on an alleged violation of the Rules of Professional Conduct, the *Infotechnology* Court said

> Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rules. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

582 A.2d at 220.

The Third Circuit dismissed the *Marino* case using the same logic. 160 Fed. Appx. at 269.

{DE113313.1}

## 2. Violations of the Civil Rules of Procedure

Like alleged violations of Rules of Professional Conduct, alleged violations of judicial rules of civil procedure do not create a basis for civil liability (*See e.g. Marcus Hook Development Park, Inc. v. Lampl, Sable & Makoroff*, 153 B.R. 693, 704 (Bankr. W.D. Pa. 1993)). Although not yet addressed in terms of the Rules of Civil Procedure governing the several state courts as alleged in Plaintiff's Complaint, there is abundant authority for the position that civil rules do not create independent causes of action. (*See e.g. Weiszmann v. Kirkland and Ellis*, 732 F. Supp. 1540 (D. Colo. 1990) (violations of civil rules of procedure do not create a private cause of action); *see also Simpson v. Chicago Pneumatic Tool Company*, 693 N.W. 2d 612 (N.D. 2005) (violations of rules of civil procedure do not create a cause of action against opposing counsel). Ultimately, allegations of the nature presented by Plaintiff could have been considered under separate motions for Rule 11 sanctions brought within the original actions wherein the allegedly occurred, and it is well settled that Rule 11 cannot be used as the basis for civil liability in a separate litigation. *Port Drum Company v. Umphry*, 852 F.2d 148, 150 (5th Circ. 1988).

## D. Collateral Estopple & Res Judicata

Under the doctrine of collateral estoppel, if a court has decided an issue of fact that is necessary to its judgment, then that decision precludes relitigation in another lawsuit on a different cause of action involving a party in the first case. *Messick v. Star Enterprises*, 655 A.2d 1209, 1211 (Del. 1995). Plaintiff alleges impropriety of judicial procedures, and the conduct of LMY attorney Morris, in the various State courts that have heard the actions referenced in the Complaint. Here, in action 06A-01-004, heard by Judge Young, he noted that Plaintiff failed to raise arguments concerning these improprieties to the Court of Common Pleas.

14

(*Shahin v. Del-One Delaware Fed. Credit Union*, C.A. No. 06A-01-004 RBY (Del. Super. Ct. Aug.3, 2006) (Opinion), *aff'd*, No. 472, 2006 (Del. January 24, 2007) (ORDER), *cert. denied* 127 S. Ct. 2440.[3]  Moreover, the Court addressed Plaintiff's claims that her constitutional rights had been violated, finding the argument without merit because the violation complained of, i.e. lack of a *de novo* review of the J.P. Court decision, was granted.  *Shahin*, C.A. No. 06A-01-004 RBY, at 6-7.  The Delaware Supreme Court found that Superior Court decision "well-reasoned" and that no legally reversible error was committed.  *Shahin*, 472, 2006, at 1.  Thus, Plaintiff estopped from complaining that she did not receive her constitutional rights to due process in the state courts surrounding this claim either because she failed to argue the merits of such claims while before them, or was found to have received the process she alleges was lacking.

Moreover, earlier this year, when considering whether to award of attorneys fees to Defendant Attorney for having to defend "repeated, unwarranted litigation," Delaware's Supreme Court found that "[t]he Superior Court correctly determined that Shahin's claims were barred by the doctrine of *res judicata* and the rule against claim splitting because she had previously raised, or could have raised, the same claims in her previous lawsuits."  *Shahin v. Del-One Del. Fed. Credit Union*, 2008 Del. LEXIS 259 (June 9, 2008).  "The rule against claim splitting is an aspect of the doctrine of res judicata and is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times." *Maldonado v. Flynn*, 417 A. 2d 378, 382 (Del. Ch. 1980).  Here, Plaintiff has alleged a variety of civil claims for alleged violations of federal statutes as well as those based in violations of state judicial rules of procedure or state

---

[3] It is axiomatic that an appellate Court will not hear issues the parties failed to raise and address in a lower court. *See Wilmington Trust Company, v. Connor*, 415 A.2d 773 (Del. 1980).

Rules of Professional Conduct.  To the extent Plaintiff failed to raise these issues in State Court, it appears the rule against claim splitting applies.  In the alternative, to the extent Plaintiff has already raised them in State court, she is barred by the doctrines of collateral estoppel and *res judicata* from raising them here.

Finally, it should be noted that Plaintiff has also brought federal claims alleging virtually the same facts present in the Complaint.  In ruling on Plaintiff's appeal of the District Courts dismissal of the Complaint there on the basis of sovereign immunity, the Circuit Court agreed that "Shahin's complaint was frivolous, and that ***amendment would be futile***, for the reasons explained by the District Court."  *Shahin v. Delaware*, 2008 U.S. App. LEXIS 6843, *3 (3rd Circ., March 31, 2008), ***emphasis added***.  To the extent Plaintiff could have amended her Complaint in that action to raise the claims set out in her Complaint in this action, the Circuit Court has already ruled that such claims are frivolous.

### E.  Conclusory Statements

Of note, Plaintiff's complaint is riddled with conclusory statements and vague claims about alleged collusion and *ex parte* communication between and among LMY attorney Morris and the various judges named in the Complaint.  Such speculation is inappropriate and insufficient to overcome a motion to dismiss.  *Morse, supra.*, at 906.  Such "allegation of conspiracy that are vague, conclusory and present no overt acts must be dismissed."  Thorpe v. Newell, 2005 U.S. Dist. LEXIS 19591 at *7 (D. Del. 2005); citing Boddie v. Schnieder, 105 F.3d 857, 862 (2[d] Circ. 1997).

{DE113313.1}

## CONCLUSION

For the reasons stated herein above, Defendant Liguori, Morris & Yiengst respectfully requests that Plaintiff's Complaint be DISMISSED as to it, with prejudice.

Respectfully submitted,

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

_/s/ Theodore J. Segletes, III_
Norman H. Brooks, Jr., Esq. (#2568)
Theodore J. Segletes, III, Esq. (#4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
_Attorneys for Defendant
Liguori, Morris & Yiengst_

Dated: July 24, 2008

17

## <u>CERTIFICATE OF SERVICE</u>

I, **Theodore J. Segletes, III**, hereby certify that on this **24th day of July, 2008**, I caused to be electronically filed with the Clerk of the Court a true and correct copy of Defendant Liguori, Morris & Yiengst's **Opening Brief and Appendix** in Support of its Motion to Dismiss using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on this **24th day of July, 2008**, I caused a true and correct copy of Defendant Liguori, Morris & Yiengst's **Opening Brief and Appendix** in Support of its Motion to Dismiss to be served upon the Plaintiff via First Class Mail at the following address:

Ms. Nina Shahin
103 Shinecock Road
Dover, DE 19904

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

*     /s/ Theodore J. Segletes, III*
Theodore J. Segletes, III, Esq. (# 4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
tsegletes@mooclaw.com

# APPENDIX

# EXHIBIT 1

LEXSEE 1994 U.S. DIST. LEXIS 9382

**LETICIA C. ROJAS, Plaintiff, v. DEBEVOISE & PLIMPTON, MARIO BAEZA, BARRY MILLS, and EDWARD SHALLET, Defendants.**

**93 Civ. 6861 (MBM)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1994 U.S. Dist. LEXIS 9382; 129 Lab. Cas. (CCH) P57,795*

**July 8, 1994, Decided**
**July 12, 1994, Filed**

**COUNSEL:** [*1] ROBERT N. MARX, ESQ., JEAN SIMONOFF MARX, ESQ., MARX & MARX, (Attorneys for Plaintiff), New York, New York.

EVAN A. DAVIS, ESQ., RICHARD F. ZIEGLER, ESQ., LYNN A. DUMMETT, ESQ., CHAYA F. WEINBERG-BRODT, ESQ., CLEARY, GOTTLIEB, STEEN & HAMILTON, (Attorneys for Defendants), New York, New York.

**JUDGES:** Mukasey

**OPINION BY:** MICHAEL B. MUKASEY

**OPINION**

OPINION AND ORDER

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Leticia Rojas brings this action alleging violation of the Victim and Witness Protection Act of 1982, *18 U.S.C. § 1513*, breach of implied employment contract, and defamation. Defendants Debevoise & Plimpton, Mario Baeza, Barry Mills and Edward Shallet move to dismiss the complaint for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*. For the reasons set forth below, defendants' motion is granted with respect to the claim under *18 U.S.C. § 1513*. The contract and defamation claims are dismissed without prejudice for lack of subject matter jurisdiction.

I.

For the purposes of this motion, the following facts are presumed to be true: From March 30, 1992 to February 5, 1993, plaintiff was employed as an associate [*2] by defendant Debevoise & Plimpton, a New York law firm. (Complt PP 9, 38) At first, she was assigned to the "Cuba Task Force" under the supervision of defendant Mario Baeza, a partner at the firm. (Complt PP 9, 10) In or about the end of May 1992, plaintiff attended a meeting with Baeza and Eduardo Martinez-Borbonet, a member of the Cuban Mission to the United Nations. The purpose of the meeting was to "discuss potential business opportunities in Cuba." (Complt P 12) After the meeting with Borbonet, Baeza told plaintiff that Baeza had visited Cuba several times and had had a "one-to-three hour conversation with Castro" on one of his trips. (Complt P 13) Plaintiff became concerned that developing business opportunities in Cuba and meeting with a representative of the Cuban government might be in violation of the Trading with the Enemy Act, 50 U.S.C. app. § 1988 (1990), and the Cuban Embargo Act. (Complt P 14) In or about June 1992, Baeza went on an excursion to Cancun, Mexico, which was paid for by the Cuban government. The excursion included a brief visit with Fidel Castro. (Complt P 16)

On or about January 16, 1993, plaintiff was told by defendant [*3] Barry Mills, a partner of Debevoise & Plimpton, that she should expect a call from the Clinton Administration Transition Team inquiring about the character of defendant Baeza. Baeza was being considered for appointment as Under Secretary of State for Inter-American Affairs. Plaintiff was reluctant to

1994 U.S. Dist. LEXIS 9382, *3; 129 Lab. Cas. (CCH) P57,795

speak to the Transition Team, but Mills told her that she must. (Complt P 18) On or about January 16, 1993, plaintiff spoke to Renee Ring, a member of the Transition Team, for approximately one half-hour at plaintiff's apartment. (Complt P 20)

On or about January 19, 1993, plaintiff met with Agents Susan Blumer and Chuck Gomez of the FBI. Blumer told plaintiff that their investigation of Baeza was independent of the routine background check in connection with Baeza's proposed nomination, and that plaintiff had been contacted because they believed that she might have been present during the May 1992 meeting between Baeza and Borbonet. (Complt P 22) Plaintiff discussed with the agents the meeting with Borbonet, and Baeza's other dealings with Borbonet. (Complt P 23)

On January 29, 1993, Borbonet called plaintiff and asked plaintiff to meet with him. (Complt P 25) On the advice of Agent [*4] Blumer, plaintiff agreed to see Borbonet and record the conversation. (Complt PP 26, 27) Plaintiff and Borbonet met on January 30, 1993. Borbonet made statements which caused plaintiff to "fear for her physical safety should she continue to testify honestly regarding her knowledge of the meetings and contacts between Messrs. Baeza and Borbonet." (Complt P 30) After that meeting, plaintiff met with Agents Blumer and Gomez and gave them the tape of her conversation with Borbonet as well as some materials about Cuba that he had given her. (Complt P 31)

Plaintiff began to feel frightened and, on January 31, 1993, she called defendant Mills and told him everything that had transpired. (Complt P 31) On February 3, 1993, plaintiff met with defendant Mills and defendant Shallet, and Mills told plaintiff that she should resign from the firm. (Complt P 37) On or about February 5, 1993, plaintiff submitted her resignation. Plaintiff believes that had she not resigned, she would have been dismissed from her job. (Complt P 38) Although plaintiff does not explicitly say as much, she appears to allege that defendants forced her to resign in retaliation for her providing information to the FBI that [*5] could have jeopardized Baeza's nomination.

II.

Plaintiff sues under *18 U.S.C. § 1513*, part of the Victim and Witness Protection Act of 1982. That provision makes it a crime to retaliate against a victim or

witness for providing testimony or information to the government in connection with an official proceeding. Although *§ 1513* does not include a private right of action, plaintiff argues that such a right should be inferred. (Pl. Mem. at 5-25) Because plaintiff's complaint would not state a claim under *§ 1513* even if a private right of action were to be inferred, the claim is dismissed and the court need not address the issue of whether *§ 1513* allows such a claim.

*Section 1513* provides, in pertinent part:

Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for . . . the attendance of a witness or party at an official proceeding, or any testimony given or any record, document or other object produced by a witness in an official proceeding . . . or attempts to do so, shall be fined not [*6] more than $ 250,000 or imprisoned not more than ten years, or both.

*18 U.S.C. § 1513.*

Here, plaintiff alleges that defendants deprived her of her income and a "promising legal career." (Complt P 40) She alleges also that defendants caused her to suffer mental anguish and emotional distress. (Complt P 42) None of these allegations amount to a deprivation of "tangible property" as provided for in the statute, and thus plaintiff would fail to state a claim even if a civil claim were to be implied. As Judge Wood noted in *Benedetti v. Nissenbaum, 1993 U.S. Dist. LEXIS 4559* at *11 (S.D.N.Y. 1993):

The qualification of the word "property" by the word "tangible" makes it evident that Congress intended to restrict the reach of this criminal statute only to interference with one's person or one's physical, existing property as opposed to one's intangible property interest in things. Had Congress meant to include as well one's interests in intangible items . . . it would have had no need to add "tangible" before property. The legislative history offers no

Case 1:08-cv-00295-GMS    Document 28-2    Filed 07/24/2008    Page 5 of 33

Page 3

1994 U.S. Dist. LEXIS 9382, *6; 129 Lab. Cas. (CCH) P57,795

illumination on Congress' motivation for including the word [*7] "tangible" in the section . . . .

Beyond the plain meaning of the statute which defeats plaintiff's would-be claim, the legislative history she cites discusses a previous version of the statute, defining "property" before that word was modified by "tangible." (Pl. Mem. at 17) Her assertion that *§ 1513* applies to loss of employment is unpersuasive. Plaintiff has failed to state a claim under the plain meaning of *§ 1513. See Farley v. Metro-North Commuter R.R., 865 F.2d 33, 35 (2d Cir. 1989)* (quoting *Caminetti v. United States, 242 U.S. 470, 485, 61 L. Ed. 442, 37 S. Ct. 192 (1917)* ("It is elementary that the meaning of a statute must be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms.")).

Plaintiff's *§ 1513* claim provided the basis for "federal question" jurisdiction over this matter under *28 U.S.C. § 1331.* Defendants urge the court to assert pendent jurisdiction over the remaining claims, which are brought under state law. (Def. Mem. at 15) [*8] However, in *United Mine Workers v. Gibbs, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966),* the Supreme Court stated that

Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

The state claims brought by plaintiff are not closely tied to questions of federal policy, and therefore do not require resolution in federal court. *Id. at 727.*

For the foregoing reasons, plaintiff's *§ 1513* claim is dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)*, and plaintiff's contract and defamation claims are dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED:

Dated: New York, New York

July 8, 1994

Michael B. Mukasey,

U.S. District Judge

EXHIBIT 2

4 of 9 DOCUMENTS

**NINA SHAHIN, Plaintiff Below-Appellant, v. DEL-ONE DELAWARE FEDERAL
CREDIT UNION, Defendant Below-Appellee.**

**No. 93, 2007**

**SUPREME COURT OF DELAWARE**

*2008 Del. LEXIS 259*

**March 14, 2008, Submitted
June 9, 2008, Decided**

**NOTICE:**

THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** [*1]
Court Below--Superior Court of the State of Delaware, in and for Kent County. C.A. No. 06C-10-027.

**JUDGES:** Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

**OPINION BY:** Henry duPont Ridgely

**OPINION**

**ORDER**

This 9th day of June 2008, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Nina Shahin, filed this appeal from a decision of the Superior Court, dated January 22, 2007, which granted the defendant, Del-One Delaware Federal Credit Union's (Del-One) motion for judgment on the pleadings. Shahin also appeals the Superior Court's award of attorneys fees against her. [1] We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

1   Plaintiff filed her notice of appeal in this Court

on February 20, 2007. After the notice of appeal was filed, Del-One filed a motion for attorneys fees in the Superior Court, which the Superior Court granted on March 16, 2007. We vacated the award of attorneys fees as improvidently granted because the Superior Court had no jurisdiction to act on Del-One's motion while Shahin's appeal was pending. Accordingly, we remanded the matter back to the Superior Court for a hearing and decision on the request [*2] for attorneys fees. Shahin failed to appear at the hearing. The Superior Court granted Del-One's motion for attorneys fees.

(2) The record reflects that Shahin, who is a Del-One customer, filed her complaint in the Superior Court in October 2006 for alleged accounting mistakes made by Del-One and other alleged incidents of poor customer service in connection with banking transactions conducted by Shahin and her husband in 2003, 2004, and 2005. Her complaint sought damages in excess of $ 100,000. Prior to filing her complaint in October 2006, Shahin had filed lawsuits in other Delaware courts against Del-One alleging identical or nearly identical claims. Those other actions were resolved against Shahin.

(3) Del-One answered Shahin's complaint and later filed a motion for judgment on the pleadings. Despite Shahin's contention to the contrary, the record reflects that Del-One's motion was properly noticed on December 21, 2006 with a hearing date scheduled for January 19, 2007. Following the hearing, the Superior Court issued an opinion holding that Shahin's claims were barred by the doctrine of *res judicata* and otherwise failed to state any legally cognizable claim for relief. After filing [*3] her notice of appeal, this Court remanded the matter to

the Superior Court for consideration of Del-One's motion for attorneys fees. Shahin notified the Superior Court of her intention not to appear at the hearing. The Superior Court held the hearing on July 19, 2007, in Shahin's absence, and awarded Del-One a portion of its fee request, $ 2984.79, as a sanction against Shahin [2] for bringing claims that were both factually and legally unwarranted.

> [2]  *See* Super. Ct. Civ. R. 11(c)(2008).

(4) In her opening brief on appeal, Shahin contends that the Superior Court's rulings were both erroneous and an abuse of discretion. We disagree. The Superior Court correctly determined that Shahin's claims were barred by the doctrine of *res judicata* and the rule against claim splitting because she had previously raised, or could have raised, the same claims in her previous lawsuits. [3] Moreover, we find no abuse of discretion in the Superior Court's award of attorneys fees to Del-One as a sanction against Shahin for repeated, unwarranted litigation. [4] Under the unique circumstances of this case, it appears that a monetary sanction may be the only means of deterring Shahin from filing future baseless claims. [*4] The Superior Court's award in this case took into account Shahin's status as a pro se litigant and awarded Del-One

only a fraction of its actual attorneys fees incurred in defending against Shahin's frivolous claims.

> [3]  *See Maldonado v. Flynn, 417 A. 2d 378, 382 (Del. Ch. 1980)* ("The rule against claim splitting is an aspect of the doctrine of res judicata and is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.").
>
> [4]  *See Barker v. Huang, 610 A.2d 1341, 1345 (Del. 1992)* (noting that Rule 11 sanctions are appropriate to deter and punish frivolous litigation).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely

Justice

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-373-GMS |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

The plaintiff, Nina Shahin ("Shahin") filed this rights action alleging her constitutional

rights were violated by the State of Delaware and its judiciary in three civil cases venued in

different courts in Delaware. (D.I. 2.) She appears *pro se* and was granted leave to proceed

without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the court will dismiss the complaint pursuant to 28

U.S.C. § 1915(e)(2)(B).

## I. THE COMPLAINT

Shahin alleges her civil rights were violated on three different occasions, all violations

related to, or stemming from, a case against the Delaware Federal Credit Union. Shahin alleges

the first instance occurred when she and her husband filed one case in the Justice of the Peace

Court of Kent County on June 26, 2005, and another other case in the Court of First Instance on

June 28, 2005. The cases were heard together. Shahin took exception to the actions and rulings

of Delaware State Judge Pamela Darling, whom she alleges, violated the basic elements of due

process and equal protection. She and her husband filed a complaint with the Chief Magistrate

Judge, the Court of the Judiciary, and appeals, all to no avail. Shahin alleges all appellate courts completely ignored the issues she raised "in each and every court of appeals of her constitutional rights."

Shahin alleges her constitutional rights were violated a second time when a case she filed was dismissed with prejudice by the Honorable Robert Young and attorney's fees were awarded to opposing counsel. Shahin alleges the judge rushed to his decision, and further alleges there was collusion between the judges and the attorney. Once again, Shahin alleges she was denied her right to due process and equal protection.

Shahin alleges her constitutional rights were violated a third time because a hearing she participated in was "rigged" and this is where the most constitutional violations occurred. Shahin presumes ex parte communications occurred, complains that the compliance officer for the Delaware Federal Credit Union was allowed to be present throughout the entire court hearing, alleges the transcript was falsified, and complains that the presiding judge denied Shahin access to the tape to correct falsifications. Again, Shahin alleges she was denied her right to due process and equal protection. She seeks $3,000,000 in compensatory damages

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Because the plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Shahin names as defendants the State of Delaware and its judiciary. The Eleventh

3

Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atlantic of Penn.*, 271 F.3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State *School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Neither the State of Delaware nor its judiciary have waived their Eleventh Amendment immunity, and therefore, they are immune from suit.

The court notes that Shahin makes mention of, but does not name as defendants, several members of the Delaware judiciary. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12.

Shahin takes exception to the handling of her cases in state court and recites a litany of complaints. Despite her numerous allegations, it is obvious after a thorough perusal of the complaint that the mentioned judges did not act outside the scope of their judicial capacities, or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11. Based upon the foregoing, the complaint has no arguable basis in law or in fact. It is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

## IV.  CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  An appropriate order will be entered.



CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2007
Wilmington, Delaware

FILED

NOV 1 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-373-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this _13th_ day of _Nov._, 2007, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED for failure to state a claim upon

which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1). Amendment of the complaint would be futile.

CHIEF, UNITED STATES DISTRICT JUDGE

**FILED**

NOV 1 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# EXHIBIT 4

*2008 U.S. App. LEXIS 6843, **

**NINA SHAHIN,** Appellant v. STATE OF DELAWARE

NO. 07-4566

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

2008 U.S. App. LEXIS 6843

February 28, 2008, Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2008, Filed

**NOTICE:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING
PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH
BIND THE COURT.

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE
CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [*1]**
Appeal From the United States District Court For the District of Delaware. (D.C. Civil No. 07-
cv-00373). District Judge: Gregory M. Sleet.

**CASE SUMMARY**
**PROCEDURAL POSTURE:** Appellant sought review of an order of the United States District
Court for the District of Delaware dismissing her complaint against appellee, the State of
Delaware, as frivolous pursuant to 28 U.S.C.S. § 1915(e)(2)(B).

**OVERVIEW:** The district court granted appellant leave to proceed in forma pauperis, then
screened her complaint pursuant to § 1915(e)(2) and dismissed it as frivolous. In particular,
the district court explained that appellant's claim for monetary damages against the State,
including its judiciary, was absolutely barred by the State's Eleventh Amendment immunity.
The district court also explained that, although appellant had not named any members of
the Delaware judiciary as defendants, any claims for monetary damages against them for
actions undertaken in their judicial capacity would be absolutely barred by judicial
immunity. On appeal, the court agreed that appellant's complaint was frivolous and that
amendment would be futile, for the reasons explained by the district court. The court's
independent review revealed that, for those same reasons, there was no arguable basis to
challenge the district court's ruling on appeal.

**OUTCOME:** The court dismissed the appeal pursuant to § 1915(e)(2)(B).

**CORE TERMS:** frivolous, monetary damages, forma pauperis, immunity, arguable, civil
rights

LEXISNEXIS® HEADNOTES                                                    −Hide

Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity

Constitutional Law > State Autonomy > General Overview 🔍

*HN1* ⚖ A plaintiff's claim for monetary damages against a state, including its judiciary, is absolutely barred by the state's Eleventh Amendment immunity.  More Like This Headnote


Civil Rights Law > Immunity From Liability > Court Personnel & Judges 🔍


Governments > Courts > Judicial Immunity 🔍

*HN2* ⚖ Any claims for monetary damages against members of the state judiciary for actions undertaken in their judicial capacity would be absolutely barred by judicial immunity.  More Like This Headnote


Civil Procedure > Appeals > Appeals in Forma Pauperis 🔍


Civil Procedure > Appeals > Frivolous Appeals 🔍

*HN3* ⚖ Where an appellant is proceeding in forma pauperis, the court of appeals reviews the appeal to determine whether it should be dismissed as frivolous pursuant to 28 U.S.C.S. § 1915(e)(2)(B). An appeal is frivolous if it lacks an arguable basis in law or in fact.  More Like This Headnote


**COUNSEL:** **NINA SHAHIN,** Plaintiff - Appellant, Pro se, Dover, DE.

For STATE OF DE, Defendant - Appellee: Judy O. Hodas, Esq., Department of Justice, Wilmington, DE.

**JUDGES:** Before: McKEE ▾, RENDELL ▾ and SMITH ▾, Circuit Judges.

**OPINION**


OPINION OF THE COURT

PER CURIAM

**Nina Shahin** appeals *pro se* from the District Court's order dismissing her complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Because we conclude that this appeal is frivolous as well, we will dismiss it pursuant to § 1915(e)(2)(B).

The background of this case is known to the parties and has been ably summarized by the District Court. Briefly, Shahin filed a civil rights complaint against the State of Delaware, alleging that her civil rights were violated in connection with three state court proceedings that were resolved unfavorably to her. According to Shahin, a state court judge denied her due process in the first proceeding by, among other things, refusing to let her question a

witness. She alleges that the judge in the second proceeding "rushed to judgment" and colluded with opposing counsel in awarding **[*2]** attorney's fees against her. Finally, she alleges that the hearing in the third proceeding was "rigged," that the transcript was falsified, and that the judge improperly allowed a certain witness to remain present throughout the proceedings. The sole relief she seeks is monetary damages in the amount of $ 3,000,000.

The District Court granted Shahin leave to proceed *in forma pauperis*, then screened her complaint pursuant to § 1915(e)(2) and dismissed it as frivolous. In particular, the District Court explained that ᴴᴺ¹✦Shahin's claim for monetary damages against the State of Delaware, including its judiciary, is absolutely barred by the State's Eleventh Amendment immunity. See *MCI Telecom. Corp. v. Bell Atlantic of Pa., 271 F.3d 491, 503 (3d Cir. 2001)*. The District Court also explained that, although Shahin had not named any members of the Delaware judiciary as defendants, ᴴᴺ²✦any claims for monetary damages against them for actions undertaken in their judicial capacity would be absolutely barred by judicial immunity. See *Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)*. Shahin appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

ᴴᴺ³✦Shahin is proceeding *in forma pauperis*, so we review this **[*3]** appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B). An appeal is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*. We agree that Shahin's complaint was frivolous, and that amendment would be futile, for the reasons explained by the District Court. Our independent review reveals that, for those same reasons, there is no arguable basis to challenge the District Court's ruling on appeal. Accordingly, this appeal will be dismissed.

EXHIBIT 5

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA and MAZEN SHAHIN,      :
                                     :
              Appellants,     :    C.A. NO: 06A-01-004
                                     :
       v.                          :
                                     :
DELAWARE FEDERAL CREDIT    :
UNION,                          :
                                     :
             Appelle.      :

Submitted: May 2, 2006
Decided: August 3, 2006

Nina and Mazen Shahin, *pro se.*

Gregory A. Morris, Esq., Liguori, Morris & Yiengst, Dover, Delaware for Appellant.

*OPINION*

UPON CONSIDERATION OF APPELLANT'S
APPEAL FROM FROM COURT OF COMMON PLEAS
**DENIED**

Young, Judge

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

Appellants, Nina and Mazen Shahin, bring the present appeal from a decision of the Court of Common Pleas, which granted summary judgment to appellee, Delaware Federal Credit Union ("DFCU"). This case is a debt action, which originated in the Justice of the Peace Court, and was appealed to the Court of Common Pleas. In both of the proceedings below, the Court found in favor of DFCU. For the following reasons, the Shahins' appeal is **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

The Shahins initiated their claims against DFCU in the Justice of the Peace Court, seeking reimbursement for a $35.00 fee assessed to their account for insufficient funds ("NSF fee"). The Magistrate held in favor of DFCU after learning that DFCU credited the Shahins' account for the $35.00 NSF fee.[1] The Shahins appealed the Magistrate's decision to the Court of Common Pleas, which granted DFCU's motion for summary judgment. The Shahins made a timely appeal of the decision of the Court of Common Pleas to this Court on January 11, 2006.[2]

In preparation for the Superior Court appeal, the Shahins obtained a copy of the transcript of the proceeding in the Court of Common Pleas, and complained that

---

[1]    DFCU admits that it assessed the Shahins the $35.00 NSF fee in error. The parties dispute whether the Shahins advised DFCU directly of the error. DFCU claims it did not learn of the problem until they were served with the JP Court complaint. DFCU credited the Shahins' account for the NSF fee on the day of the JP Court hearing.

[2]    10 Del.C. § 1326(b).

2

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

the transcript contained errors.[3]  The Court of Common Pleas denied the Shahins'
request to review the tape of December 21, 2005 hearing and submit corrections of
the transcript errors.  The Shahins filed a similar motion with this Court, seeking to
review the tape and correct the hearing transcript.  At oral argument on March 3,
2006, this Court considered the Shahins' motion as an appeal of the Court of
Common Pleas decision, and denied their request.

The Shahins now present their brief in support of their appeal of the decision
of the Court of Common Pleas on DFCU's motion for summary judgment.

## STANDARD OF REVIEW

When considering an appeal from the Court of Common Pleas, this Court's
function is similar to that of the Delaware Supreme Court.[4]  "In reviewing appeals
from the Court of Common Pleas, the Superior Court must limit its scope of review
to correcting errors of law and ascertaining whether the trial judge's factual findings
'are adequately supported by the record and are the product of an orderly and logical
deductive process.' "[5]  This Court must accept any decision of the Court of Common

---

[3]      Record of the parties' oral arguments before the Court of Common Pleas on the
summary judgment motion was recorded by Court of Common Pleas Reporter Linda Lavender.
An audiotape of the proceeding was also prepared.  The Shahins argue that the transcript contains
mistakes, omissions, and unauthorized additions.

[4]      *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[5]      *Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del.
Super.)(*citing Wyatt v. Motorola, Inc.,* 1994 WL 714006, at *2 (Del. Super.)).

3

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

Pleas that is supported by sufficient evidence.[6] However, when reviewing a summary judgment decision on appeal, "the applicable standard requires that this Court examine the record below *de novo* to determine whether the court below correctly applied the applicable legal principles."[7]

## DISCUSSION

The Shahins make several arguments about the propriety of the proceedings, not only at the hearing in the Court of Common Pleas, but also in the Justice of the Peace Court. The scope of this Court's review is limited to the issues the parties raised at trial, and this Court will not hear issues the parties did not raise and address before the lower court.[8] In this case, the Court of Common Pleas decision at issue was on DFCU's motion for summary judgment. Accordingly, this opinion is limited to those issues raised in the Court of Common Pleas hearing on that motion.

Summary judgment should be rendered if the record shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as

---

[6]    *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972); *Wilson v. Klabe Construction Co.*, 2004 WL 1732217, at *2 (Del. Super.).

[7]    *Baldwin v. Conner*, 1999 WL 743276, at *2 (Del.Super.) (*citing Hoechst Celanese Corp. v. Certain Underwriters at Lloyds*, 656 A.2d 1094, 1098 (Del. 1995)).

[8]    *Pringle v. Atlantic Millwork*, 1998 WL 472751, at *4 (Del. Super.) (*citing Wilmington Trust Co. v. Conner*, 415 A.2d 773 (Del. 1980)).

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

a matter of law.[9]  The facts must be viewed in the light most favorable to the non-moving party.[10]  Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances.[11]  However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[12]

In the Court of Common Pleas appeal, which was a *de novo* proceeding, DFCU argued that the Shahins' claim was without merit, because the $35.00 NSF fee had been credited to the Shahins' account.  In fact, there was no dispute that the Shahins had been reimbursed for the improperly assessed NSF fee.[13]  The record shows that

---

[9]     Super. Ct. Civ. R. 56(c).

[10]    *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. Ct. 1995).

[11]    *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[12]    *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[13]    Court of Common Pleas transcript at 8

THE COURT:       Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN:      The credited only for 35 after the Court, after this hearing, not before.

                            * * * * *

THE COURT:       But, before you came here they credited it?

MS. SHAHIN:      No.  Oh, before I came here?

5

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

DFCU credited the Shahins' account on September 6, 2005, the day of the Justice of the Peace hearing. However, the Shahins argue that they are entitled to interest and court costs. The Court of Common Pleas denied their claim, however, ruling that interest and costs cannot be awarded when there is no claim upon which relief can be granted.

The Court of Common Pleas did not err in determining that no genuine issue of material fact existed as to the Shahins' claim that DCFU owed them $35.00 for the NSF fee, because the evidence shows that the Shahins received reimbursement. There is no dispute that the Shahins were paid; therefore, summary judgment was appropriate. Having determined that DFCU is entitled to judgment as a matter of law, the Shahins' claims for interest and costs cannot be considered.

Finally, the Shahins complain, *inter alia*, that they were not afforded due process, because the Justice of the Peace Magistrate engaged in *ex parte* communications with DFCU.[14] The Shahins also complain that their due process rights were violated by the Court of Common Pleas, because their claims were not considered *de novo*. The Shahins' claim that the Court of Common Pleas proceeding

---

THE COURT:        Yes.

MS. SHAHIN:       Yes.

[14]    The Shahins were not served with a copy of DFCU's answer to the complaint in the Justice of the Peace action. At the hearing before the Magistrate, the Shahins complained that the Justice of the Peace Court should have taken the initiative and served them with DFCU's answer. Because the Court received DFCU's answer, but the Shahins did not, the Shahins accused the Court of engaging in *ex parte* communications with DFCU.

6

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

was not a *de novo* review is without merit. The record of the proceedings in the Court of Common Pleas is clear that the Shahins did receive a *de novo* review of their original claim for the $35 NSF fee. The hearing on the motion for summary judgment focused on the Shahins' original complaint. Ironically, the Shahins' arguments about the propriety of the proceedings in the Justice of the Peace action contradict their wish for a *de novo* review and are inappropriate.

## CONCLUSION

For the reasons stated above, the Shahins' Appeal from Defendants' Motion for Summary Judgment is **DENIED.**

_____*/s/ Robert B. Young*_____
J.

RBY/sal
oc:    Prothonotary
cc:    Opinion Distribution

6 of 9 DOCUMENTS

**MAZEN AND NINA SHAHIN, Appellants Below-Appellants, v. DELAWARE FEDERAL CREDIT UNION, Appellee Below-Appellee.**

**No. 472, 2006**

**SUPREME COURT OF DELAWARE**

*918 A.2d 1171; 2007 Del. LEXIS 30*

**November 20, 2006, Submitted
January 24, 2007, Decided**

**NOTICE:**

[*1] PUBLISHED IN TABLE FORMAT IN THE ATLANTIC REPORTER.

**SUBSEQUENT HISTORY:** Petition for certiorari filed at, 03/30/2007
US Supreme Court certiorari denied by *Shahin v. Del. Fed. Cu, 127 S. Ct. 2440, 167 L. Ed. 2d 1131, 2007 U.S. LEXIS 5929 (U.S., May 21, 2007)*

**PRIOR HISTORY:**    Court Below-Superior Court of the State of Delaware, in and for Kent County. C.A. No. 06A-01-004.
*Shahin v. Del. Fed. Credit Union, 2006 Del. Super. LEXIS 329 (Del. Super. Ct., Aug. 3, 2006)*

**JUDGES:** Before BERGER, JACOBS, and RIDGELY, Justices.

**OPINION BY:** Jack B. Jacobs

**OPINION**

*ORDER*

This 24th day of January 2007, after careful consideration of the appellants' opening brief and the appellee's motion to affirm, the Court finds it manifest that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision, dated August 3, 2006, which affirmed the Court of Common Pleas' order granting summary judgment to appellee. The Superior Court did not err in affirming the Court of Common Pleas' judgment that there was no genuine issue of material fact and that appellee was entitled to judgment as a matter of law.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs

Justice

*127 S. Ct. 2440; 167 L. Ed. 2d 1131;*
*2007 U.S. LEXIS 5929, \*; 75 U.S.L.W. 3621*

**Nina Shahin,** et vir, Petitioners v. Delaware Federal Credit Union.

No. 06-1334.

SUPREME COURT OF THE UNITED STATES

127 S. Ct. 2440; 167 L. Ed. 2d 1131; 2007 U.S. LEXIS 5929; 75 U.S.L.W. 3621

May 21, 2007, Decided

**PRIOR HISTORY:** Shahin v. Del. Fed. Credit Union, 2007 Del. LEXIS 30 (Del., Jan. 24, 2007)

**JUDGES:** **[\*1]** Roberts, Stevens, Scalia, Kennedy, Souter, Thomas, Ginsburg, Breyer, Alito.

**OPINION**

Petition for writ of certiorari to the Supreme Court of Delaware denied.

# EXHIBIT 6

LEXSEE 2005 U.S. DIST. LEXIS 19591

**RICHARD A. THORPE, Ex relatione RICHARD A. THORPE, SR., In Propria Persona Sui Juris, Plaintiff, v. MICHAEL K. NEWELL, ESQUIRE, ANTIONETTE D. THORPE and MARK D. BUCKWORTH, Individually and in his Official Capacity Acting As Magistrate for the Family Court for New Castle County, Defendants.**

Civ. No. 05-572-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2005 U.S. Dist. LEXIS 19591*

September 9, 2005, Decided

**COUNSEL:** [*1] For Richard A. Thorpe, Sr., In Propria Persona Sui Juris, Plaintiff, Pro se, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION**

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Plaintiff Richard A. Thorpe filed this action pro se pursuant to *42 U.S.C. §§ 1983, 1985* and *1986*. (D.I. 2) He requested leave to proceed in forma pauperis pursuant to *28 U.S.C. § 1915*. (D.I. 1) The court has jurisdiction over this matter pursuant to *28 U.S.C. § 1331*.

**II. STANDARD OF REVIEW**

Reviewing complaints filed pursuant to *28 U.S.C. § 1915* is a two step process. First, the court' must determine whether the plaintiff is eligible for pauper status. Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court. *Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985)*. Factors to consider in this determination are: (1) whether the plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess. *See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 93 L. Ed. 43, 69 S. Ct. 85 (1948)* [*2] (detailing economic standards to be employed in deciding in form pauperis applications); *United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973)* (same). The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. *Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)*, citing *Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969)*.

Plaintiff has submitted an affidavit stating that he has "an interest in a property occupied by [his] ex-wife" with an estimated value of $ 100,000. (D.I. 1) He lists no dependents, income or additional assets. Considering plaintiff's income in light of the authority above, the court finds plaintiff does not have the ability to pay the $ 250 filing fee, and the petition to proceed in forma pauperis is granted.

Having made the pauper determination, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to *28 U.S.C. §§ 1915 (e) (2) (B)-1915A (b) (1)* [*3] . [1] If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, the complaint will be dismissed.

1  These two statutes work in conjunction. *Section 1915 (e) (2) (B)* authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief from a defendant immune from such relief. *Section 1915A (a)* requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in *§ 1915A (b) (1)*.

When reviewing complaints pursuant to *28 U.S.C. §§ 1915 (e) (2) (B)-1915A (b) (1)*, the court must apply the standard of review provided for in *Fed. R. Civ. P. 12 (b) (6)*. *See Neal v. Pennsylvania Bd. of Probation and Parole, 1997 U.S. Dist. LEXIS 8696, No. 96-7923, 1997 WL 338838* [*4] *(E.D. Pa. June 19, 1997)* (applying *Rule 12 (b) (6)* standard as appropriate standard for dismissing claim under *§ 1915A*). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)*. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957))*.

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989)*. [2] As discussed below, because plaintiff's claims have no arguable basis in law or fact, his complaint shall be dismissed as frivolous pursuant to *28 U.S.C. §§ 1915 (e) (2) (B)-1915A (b) (1)* [*5] .

> 2    *Neitzke* applied *§ 1915(d)* prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). *Section 1915 (e) (2) (B)* is the re-designation of the former *§ 1915(d)* under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

## III. DISCUSSION

Plaintiff names as defendants: (1) Antoinette D. Thorpe, his ex-wife; (2) Michael K. Newell, his ex-wife's divorce attorney; and (3) Mark D. Buckworth, the Family Court judge who presided over the divorce and property settlement case. (D.I. 2) Essentially, plaintiff claims the defendants violated his rights by failing to provide him with notice of a Family Court pretrial conference where the distribution of the marital assets was to be resolved. Because he did not know about the hearing and did not attend, default judgment was entered against him and the marital home was sold at a reduced [*6] price. Plaintiff appealed the Family Court's decision to the Delaware Supreme Court. (*Id.*, Ex. F) The Court remanded the case to Family Court to explore whether plaintiff had received notification of the hearing. (*Id.* at Ex. G) Plaintiff seeks "unliquidated monetary damages compensatory and punitive resulting from the loss of equity" in his property. (D.I. 2 at 25)

To the extent that plaintiff seeks to hold defendant Buckworth liable in his capacity as a judicial officer, this claim must fail. The United States Supreme Court has held that judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco, 502 U.S. 9, 11, 116 L. Ed. 2d 9, 112 S. Ct. 286 (1991)*. Moreover, judicial immunity can only be defeated if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id., at 11-12; Stump v. Sparkman, 435 U.S. 349, 356, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978)*. Here, plaintiff alleges that defendant Buckworth failed to notify him of the scheduled pretrial conference and signed an order disposing of his residence without plaintiff's input. None of these [*7] allegations suggest that defendant Buckworth was acting outside the scope of his judicial capacity or in the absence of all jurisdiction.

Plaintiff also alleges his ex-wife and her attorney violated his constitutional rights. In order to bring suit under *§ 1983*, plaintiff must allege that a person acting under color of state law deprived plaintiff of his constitutional rights. *West v. Atkins, 487 U.S. 42, 48, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)*. There is nothing in plaintiff's complaint to suggest either defendant was acting under color of state law. Although plaintiff brings claims under *42 U.S.C. §§ 1985* and *1986*, it is unclear what conduct he alleges constitutes a constitutional violation. Nonetheless, to the extent he asserts that defendants conspired with each other to deprive him of his federally protected rights, such claims fail because

2005 U.S. Dist. LEXIS 19591, *7

allegations of conspiracy that are vague, conclusory and present no overt acts must be dismissed. *See generally, Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997).*

## IV. CONCLUSION

At Wilmington this 9th day of September, 2005 for the reasons stated;

IT IS ORDERED that:

1. Plaintiff's motion to proceed [*8] in forma pauperis (D. I. 2) is granted.

2. Plaintiff's complaint is dismissed as frivolous pursuant to *28 U.S.C. §§ 1915(e) (2) (B)-1915A (b) (1).*

*Sue L. Robinson*

United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,

       Plaintiff;

v.                                                                    C. A. No. 08-295 GMS

LIGUORI, MORRIS & YIENGST, et al,

       Defendants.

## ORDER

**AND NOW TO WIT,** on this _____ day of _____, 2008, having considered Defendant Liguori, Morris & Yiengst's Motion to Dismiss for Failure to State a Claim, brought before the Court pursuant to Fed. R. Civ. P. 12(b)(6), and all responses and matters relating thereto, and finding the Motion to be meritorious;

**IT IS SO ORDERED** that Plaintiff's Complaint against Defendant Liguori, Morris & Yiengst is hereby **DISMISSED**, with prejudice.

_____
United States District Court Chief Judge
Gregory M. Sleet

{DE113325.1}