

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

Please respond to: Civil Division

August 11, 2008

**By Electronic Filing**

The Honorable Gregory M. Sleet
Chief Judge
United States District Court for the District of Delaware
Caleb Boggs Federal Courthouse
844 N. King Street/ Lock Box 18
Wilmington, DE  19801

          Re:    **Shahin v. Darling, et al.**
                  C.A. No. 08-295 GMS

Dear Chief Judge Sleet:

      Please accept this correspondence as my reply to Ms. Shahin's Brief in Opposition to my Motion to Dismiss.

      It is Ms. Shahin's contention that because she has pursued her action exclusively under Title 18 of the United States Code referencing "Crimes and Criminal Procedure", the State judicial defendants' legal arguments are "completely irrelevant and inapplicable to the analysis of the case the Plaintiff filed with the Federal District Court." (Plaintiff's Brief at page 2-3)(D.I. 29). It is her contention that the acts of the State judicial defendants are "crimes" and not subject to the protections of judicial immunity. Id.

      As the State judicial defendants have contended (Argument VII in State Judicial Defendants' Memorandum in Support of Motion to Dismiss Complaint)(D.I. 22), and as defendants Young, Conaway, Stargatt & Taylor and Liguori, Morris & Yiengst have more fully set forth in their briefs in support of their own motions to dismiss, Ms. Shahin has no private right of action under any of the provisions of Title 18 she has cited or utilized to allege jurisdiction in this matter.

      Because Ms. Shahin does not concede that Title 18 is inapplicable, and that she does not have a cause of action thereunder, she has chosen not to address any of the State judicial defendants' arguments on their merits. Regrettably, however, Ms. Shahin has brought a civil action against the various defendants in this case, and she is seeking civil damages against the defendants. The State judicial defendants' bases for dismissal in this matter, therefore, are relevant in such a civil action seeking damages. With regard to these arguments, the State judicial defendants stand by their contentions in the memorandum supporting their motion to dismiss.

Hon. Gregory Sleet
August 11, 2008
Page 2

     Ms. Shahin also contends that undersigned counsel has "falsified the basic fact[s] of this case...." (Plaintiff's Brief at pp. 1, 3, 13, 20, 41)(D.I. 29). As it appears that Ms. Shahin considers the July 24, 2008 corrections to the State judicial defendants memorandum "inadequate", and intends to pursue her Rule 11 motion for sanctions, counsel for the State judicial defendants will provide a separate response to that motion apart from this reply.

     Finally, Ms. Shahin suggests that your Honor should recuse himself from this matter due to decisions rendered in civil action no.s 06-289 and 07-373. In your place, she is requesting a three-judge district court pursuant to local rule 9.2 and 28 U.S.C. §2284.

     As to Ms. Shahin's "strong belief" that your Honor should recuse himself, raising this contention in the last two pages of an answering brief in opposition to a motion to dismiss is not the proper procedure. A "strong belief" is not a motion requesting a recusal. If Ms. Shahin is seeking such relief, she should not simply make a suggestion based upon a strong belief, but rather she should file a proper motion and permit not just the State judicial defendants, but all the defendants the opportunity to respond in due course.

     Ms. Shahin is certainly not entitled to have a three-judge district court designated to hear her case. Even prior to the enactment of the current version of 28 U.S.C. §2284, such three-judge district courts were "not to be utilized freely, but only and strictly as Congress has prescribed." *Nixon v. Richey*, 513 F.2d 430, 446 (D.C. Cir. 1975). Having to designate a three-judge district court "places a burden on our federal court system...." *A.B. Fort v. Mitchell*, 333 F. Supp. 1199, 1201 (N.D. Miss. 1971). As amended, 28 U.S.C. §2284 requires a three-judge district court to be convened only "when otherwise required by Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. §2284. Ms. Shahin is not challenging an apportionment, and she has cited to no congressional act that would permit the convening of a three-judge district court in her case. When enacting the present 28 U.S.C. §2284, "Congress intended to reduce sharply the class of cases requiring the convening of a three-judge court." *City of Philadelphia v. Klutznick*, 503 F. Supp. 657, 658 (E.D. Pa. 1980). Ms. Shahin's case is not among the class of cases where a three-judge district court is required.

     Should the court require further briefing on the suggestion of a recusal, counsel for the State judicial defendants is available to participate in such a request.

                                      Respectfully yours,

                                      /s/ *Kevin R. Slattery*
                                    Kevin R. Slattery, No. 2297
                                    Deputy Attorney General

Xc.    Nina Shahin (via U.S. Mail)

Hon. Gregory Sleet
August 11, 2008
Page 3

    Richard H. Morse, Esq. (by U.S. Mail)
    Norman H. Brooks, Jr., Esq. (by U.S. Mail)
    Theodore J. Segletes, III, Esq. (by U.S. Mail)
    File

*I:/Kevin.Slattery/Litigation/Shahin/Reply to Opposing Brief.doc*