UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN<br>        Plaintiff, | : | |
| v. | : | Civil Action No. 08-295-GMS |
| YOUNG CONAWAY STARGATT<br>AND TAYLOR, LLP, et al.<br>        Defendants. | :<br>:<br>:<br>: | |

## REPLY BRIEF IN SUPPORT OF
## YOUNG CONAWAY STARGATT & TAYLOR, LLP'S MOTION TO DISMISS

Richard H. Morse (No. 531)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6651
rmorse@ycst.com
Attorneys for Defendant

DATED: August 11, 2008

# TABLE OF CONTENTS

                                                        **Page**

ARGUMENT .................................................................................................................. 1

    PLAINTIFF HAS FAILED TO REFUTE ANY OF YOUNG
    CONAWAY STARGATT & TAYLOR, LLP'S ARGUMENTS
    IN SUPPORT OF DISMISSAL ........................................................................... 1

CONCLUSION ............................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases** — **Page**

*Alexander v. Several Unknown ATF Agents,*
  2008 U.S. Dist. LEXIS 57751, (D. Del. July 29, 2008) .......................................................... 2

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
  403 U.S. 388 (1971) ......................................................................................................... 1, 2, 3

*Corr. Servs. Corp. v. Malesko,*
  534 U.S. 61 (2001) ................................................................................................................. 3

*Frierson-Harris v. Kall,*
  198 F. App'x. 529 (7th Cir. 2006) ......................................................................................... 2

*Lerch v. Boyer,*
  929 F. Supp. 319 (N.D. Ind. 1996) ........................................................................................ 3

*Rodriguez v. Nat'l Ctr. for Missing & Exploited Children,*
  2005 U.S. Dist. LEXIS 5658, (D. D.C. Mar. 31, 2005),
  aff'd, 2005 U.S. App. LEXIS 22400 (D.C. Cir. Oct. 14, 2005),
  cert. denied, 547 U.S. 1106 (2006) ........................................................................................ 3

## ARGUMENT

**PLAINTIFF HAS FAILED TO REFUTE ANY OF YOUNG CONAWAY STARGATT & TAYLOR, LLP'S ARGUMENTS IN SUPPORT OF DISMISSAL.**

The opening brief of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") ("hereinafter cited YCST Br."), written with the understanding that plaintiff was charging Young Conaway with a RICO violation, demonstrated that she had failed to state a RICO claim against Young Conaway. See YCST Br. 5-8. In her answering brief ("Plaintiff's Br."), plaintiff responds that she does not have an obligation to address Young Conaway's argument on RICO "since it is completely irrelevant." Thus, the parties agree that plaintiff has failed to state a RICO claim upon which relief may be granted against Young Conaway.

Young Conaway's opening brief also demonstrated that plaintiff failed to state a claim upon which relief may be granted against Young Conaway for obstruction of justice. YCST Br. At 8-9. Plaintiff did not respond to Young Conaway's argument. Plaintiff's Br. at 9. Thus, she has failed to rebut it.

That leaves her civil rights claim. Young Conaway's opening brief demonstrated that plaintiff had failed to state a civil rights claim upon which relief could be granted because the statutes on which she relied do not create a private right of action, and she could not prevail under 42 U.S.C. §1983, which she didn't cite in her complaint, because Young Conaway was not alleged to be acting under color of state law. YCST Br. at 9. The plaintiff does not even address those points.

Instead, to support a civil rights claim against Young Conaway, she argues that this court should recognize that she has an implied private right of action against Young Conaway under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Her argument is that this court should find an implied right of action because her constitutional rights

1

have been violated. Plaintiff's Br. 9-10. But her complaint (and her brief) cite no facts sufficient to show that Young Conaway caused a violation of her civil rights.

To argue that she has civil rights claim, plaintiff details how she believed she was mistreated by the Superior Court. Plaintiff's Br. at 10-16. Her position is that she lost in Superior Court when she should not have lost, which "races[sic] a question of coercion and intimidation committed by the Judge and the attorney in collusion." *Id.* at 12. But rulings against a party are not evidence of collusion between opposing counsel and the court. "[J]udges generally 'agree' with one side in litigation when ruling against the other; such agreements are not corruptions of the judicial process but rather by products of it. *Frierson-Harris v. Kall*, 198 F. App'x. 529, 530 (7th Cir. 2006), citing *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) (explaining that adverse rulings alone are insufficient to show judicial bias).

Plaintiff asserts in her brief that adverse decisions "were made in direct coordination between the attorney from [Judge Young's] brother's firm," Plaintiff's Br. 14, but has cited nothing in her complaint to show coordination or collusion other than the insufficient assertion that the Superior Court rulings were against her. Thus, she has no facts that could support her *Bivens* argument.

Moreover, her *Bivens* argument has no basis in law since Young Conaway is not alleged to have been a federal officer. In *Bivens*, the United States Supreme Court created a civil cause of action for injuries resulting from constitutional violations by federal officers. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *see also Alexander v. Several Unknown ATF Agents*, 2008 U.S. Dist. LEXIS 57751, at *6 (D. Del. July 29, 2008) (stating *Bivens* created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers).

2

To state a *Bivens* claim, the plaintiff must show that defendant was a federal officer acting under color of federal law. *Bivens*, 403 U.S. at 389. Accordingly, there is no private cause of action, pursuant to *Bivens*, for damages against private entities acting under color of federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

*Bivens* is irrelevant to the Plaintiff's civil rights claim. Young Conaway is a private law firm, not a federal officer. *See Malesko*, 534 U.S. at 74 (declining to extend *Bivens* claim to private entities because purpose of *Bivens* is to deter federal officers from engaging in unconstitutional conduct); *Rodriguez v. Nat'l Ctr. for Missing & Exploited Children*, 2005 U.S. Dist. LEXIS 5658, at *28-29 (D. D.C. Mar. 31, 2005), *aff'd*, 2005 U.S. App. LEXIS 22400 (D.C. Cir. Oct. 14, 2005), *cert. denied*, 547 U.S. 1106 (2006) (dismissing *Bivens* claim against private law firm because it was a private entity, not a federal officer); *Lerch v. Boyer*, 929 F. Supp. 319, 323 (N.D. Ind. 1996) (finding that "To state a *Bivens* claim, the defendant must be a federal officer and must not have judicial immunity from suit.").

In addition to demonstrating that plaintiff's complaint failed to state a claim upon which relief could be granted on any of the theories the Complaint presented, Young Conaway's opening brief demonstrated that her allegations could not support *any* cause of action. YCST Br. 10-12. The only part of that argument plaintiff addresses is the assertion that her claim is barred under the doctrine of collateral estoppel under the decisions of the Delaware Superior and Supreme Courts. She argues that collateral estoppel is inapplicable because there was collusion in Superior Court, Plaintiff Br. 2-3. But as noted *supra*, her complaint has not adequately alleged any collusion. Thus, plaintiff's claim is barred by collateral estoppel in addition to being barred by all the other reasons set forth in Young Conaway's opening brief.

3

## CONCLUSION

It is sad that plaintiff so strongly feels she was mistreated by the state courts and that that mistreatment resulted from collusion between court and counsel. But plaintiff's belief, in the absence of specific facts, does not support a cause of action. This action should be dismissed as to Young Conaway with prejudice.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Richard H. Morse*
Richard H. Morse, (I. D.# 531)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6651
Facsimile: (302) 576-3319
Email: rmorse@ycst.com

Attorneys for Defendant

Dated: August 11, 2008

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on August 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on August 11, 2008, I caused a copy of the foregoing document to be served by first class mail on the following:

>Ms. Nina Shahin
>103 Shinnecock Road
>Dover, DE 19904

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Richard H. Morse*
>Richard H. Morse (I.D. No. 531)
>17th Floor, Brandywine Building
>1000 West Street
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6651
>rmorse@ycst.com