UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN              :
       Plaintiff,   :
                     :
v.                       :   Civil Action No. 08-295-GMS
                     :
YOUNG CONAWAY STARGATT   :
AND TAYLOR, LLP, et al.  :
                     :
       Defendants.  :

**RESPONSE OF RICHARD H. MORSE TO**
**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

Undersigned counsel objects to the Motion for Sanctions because it is procedurally and substantively incorrect.

**Procedural Deficiencies in Plaintiff's Motion**

Plaintiff's Rule 11 Motion is based, in part, on her contention that undersigned counsel violated Rule 3.3 of The Delaware Lawyers Rules of Professional Conduct, which prohibits, *inter alia*, false statements of law and failure to disclose controlling authority. But a violation of the Rules of Professional Conduct cannot be the basis of a judicial sanction at the behest of a litigant. As the Delaware Supreme Court has observed of the Rules of Professional Conduct:

> "They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or *for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rules.*" Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

*In re: Appeal of Infotechnology, Inc.*, 582 A.2d 215, 218 (Del. 1990), citing The Delaware Rules of Professional Conduct, Preamble (emphasis added).

The second provision on which plaintiff purports to rely is Fed. R. Civ. P. 11(b)(2), which makes an attorney's signature on a pleading a representation that " the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." But, as discussed below, plaintiff's motion does not cite facts showing that undersigned counsel made a false certification.

**Substantive Failure of Plaintiff's Motion**

The crux of plaintiff's motion is that she disagrees with the assertion in Young Conaway's opening brief that certain statutes on which she relies, *18 U.S. Code §§ 241, 242*, do not create a private right of action, and the brief's reliance on *Lerch v. Boyer*, 929 F. Supp. 319 (N.D. Ind. 1996) in support of that position. Disagreement about the relevance of a case, especially where the movant has failed to present a viable argument for the applicability of that case, is no basis for a Rule 11 sanction. Rule 11 requires only that a claim or defense be warranted by existing law or a non-frivolous argument or changing the law.

Plaintiff has failed to show that Young Conaway's reliance on *Lerch* is unwarranted. To the contrary, *Lerch* is good law, on point and vitiates one of plaintiff's claims. To dispute *Lerch*, and to criticize undersigned counsel, plaintiff advances an argument based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] While plaintiff's argument is confusing, it appears to be that this court must consider *Bivens* because it created an implied cause of action for certain constitutional rights violations. Plaintiff's motion

---

[1] It is similar to the Model Rules of Professional Conduct of the American Bar Association, which this court follows pursuant to Local Rule 83.6.

for sanctions at 2-3. But, as the briefing submitted to this court on Young Conaway's Rule 12(b)(6) motion demonstrates, plaintiff did not adequately allege any claim against Young Conaway for a violation of her constitutional rights. Thus, there was no reason to consider *Bivens*. A second reason why undersigned counsel had no reason to consider *Bivens* was that it deals with claims against federal officers acting under color of federal law, 403 U.S. at 398, and plaintiff has not alleged that Young Conaway is a federal officer or was acting under color of the federal law.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Richard H. Morse
Richard H. Morse, (I. D.# 531)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6651
Facsimile: (302) 576-3319
Email: rmorse@ycst.com

Attorneys for Defendant

Dated: August 11, 2008

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on August 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on August 11, 2008, I caused a copy of the foregoing document to be served by first class mail on the following:

                Ms. Nina Shahin
                103 Shinnecock Road
                Dover, DE 19904

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Richard H. Morse*
Richard H. Morse (I.D. No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com