# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICRT OF DELAWARE

NINA SHAHIN )
Plaintiff )
      v. )    Civil Action No. 08-295 GMS
  )
PAMELA A. DARLING et al )
Defendants )

## PLAINTIFF'S BRIEF IN OPPOSITION TO THE DEFENDANT, YOUNG, CONAWAY STARGATT & TAYLOR LLP'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

## THREE-JUDGE PANEL OF THE COURT REQUESTED

NINA SHAHIN, CPA, MAS, MST
IN *PRO SE* REPRESENTATION

103 SHINNECOCK RD.
DOVER, DE 19904

Dated: August 4, 2008

# TABLE OF CONTENTS

**Pages**

TABLE OF CITATIONS …………………………………… iii - iv

LIST OF EXHIBITS ……………………………………… v


STAGE AND NATURE OF THE PROCEEDINGS ………… 1 - 3

SUMMARY OF ARGUMENT ……………………………… 4 - 5

STATEMENT OF FACTS …………………………………….. 6 - 7

ARGUMENT …………………………………………….. 8 - 16


CONCLUSION ………………………………………… 17 - 18

# TABLE OF CITATIONS

## CASES                                                      PAGES

*Armstrong v. Manzo*, 380 U.S. 545 (1965) …………………………………… 11

*Baldwin v. Hale, 68 U.S. (1 Wall.) 223 (1863)* …………………………….. 12

*Bell Atl. Corp. v Trombly*, 550  127 S.Ct. 1955 (2007) …………………… 8

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*
403 U.S. 388 (1971) ……………………………………………………………… 9, 17

*Carey v. Piphus*, 435 U.S. 247 (1978) ……………………………………… 10

*Cohens v. Virginia,* 19 U.S. (6 Wheat) 364, 5 L.Ed 257 (1821) ……………… 13

*Elliot v. Piersol,* 1 Pet. 328, 26 U.S. 328 (1828) …………………………… 13

*Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996)) ………….. 8

*Green v. Lindsey*, 456 U.S. 444 (1982) ……………………………………… 11

*Green v. McElroy*, 360 U.S. 474 (1959) ……………………………………… 14

*Goldberg v. Kelly*, 397 U.S. 254 (1970) …………………………………….. 11,13,14,15

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ….. 8

*Marshall v. Jerico*, 446 U.S. 238, 242 (1980) ……………………………….. 14

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ………………………………… 12

*Morse v. Lower Merion Sch.Dist.*, 132 F.3d 902 (3d Cir. 1997) ……………. 4

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ………. 11

*Richards v. Jefferson County*, 116 S. Ct. 1761 (1996) ………………………… 11

*Robinson v. Hanrahan*, 409 U.S. 38 (1974) ………………………………… 11

*Rocks v. City of Phila.*, 868 F.2d 644 (3d Cir. 1989) …………………………. 8

*RSS Acquisition, Inc. v. Dart Group Corp.*, 1999 WL 1442009 at *3 (Del.Super.) 2

*Schuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974) ……………………….. 13

*Tumey v. Ohio* 273 U.S. 510 (1927) ……………………………………………… 13

*U.S. v Will,* 499 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980) …………….. 13

## STATUTES, RULES AND OTHER AUTHORITIES

| | |
|---|---|
| *U.S. Constitution, Fourteenth Amendment* … … … … … … … … … … … | 11, 18 |
| 18 *U.S.C.* § 3 …………………………………………………………… | 9 |
| 18 *U.S.C.* § 241 ………………………………………………………… | 9 |
| 18 *U.S.C.* § 1506 …………………………………………………….. | 7, 13, 31 |
| 18 *U.S.C.* § 1512 (c)(1) ………………………………………… | 10,20,28,34,35,39,40 |
| 18 *U.S.C.* § 1512 (h) ……………………………………………… | 4, 15 |
| 18 *U.S.C.* § 1961(1) ……………………………………………… | 4, 9 |
| 42 *U.S.C.* § 1985(2) ……………………………………………… | 12, 16 |
| *Federal Rules of Civil Procedure 12(b)(6)* … … … … … … … … … … … | 10 |
| 6 *Del.C.* § 4-103(a) …………………………………………………… | 15 |
| *Delaware Superior Court Rules of Civil Procedure 11* … … … … … … … | 15, 16 |
| *Delaware Superior Court Rules of Civil Procedure 54(i)* … … … … … … | 3, 12 |

## LIST OF EXHIBITS

1.   Copy of the Attorney, Monté T. Squire's, Notice dated 12/15/2006 with no date of hearing on the Motion, copy of the envelope in which that Notice was mailed along with a copy of the 'Track and Confirm' form from the USPS on delivery of that mailing.

2.   Copy of the Notice dated 12/21/2006 that was electronically filed in the Superior Court on the same date

3.   Case History Search

4.   Superior Court Case Docket

5.   Copy of the Justice of the Peace decision in "the first case"

6.   Copy of the Superior Court decision in "the first case"

7.   Original of the Plaintiff's Motion for Sanctions Against "Young Conaway" attorney in this case

8.   Copy of the Plaintiff's Motion for Sanctions against the Del-One Attorney

9.   Copy of the Letter from the Supreme Court striking down the Plaintiff's Motion

10.  Copy of the Notice of Motion for Attorney Fees with a date of hearing of 03/02/2007 and the time of hearing on 11:00 am

11.  Copy of the letter from Judge Robert B. Young's civil case manager that the attorney's Motion 'does not need to be noticed for a date"(???)

12.  Copy of the Notice of the Motion for Attorney's fees without date of hearing

13.  Copy of the transcript of hearing at Superior Court on the Attorney's fees at which the Plaintiff was not present

14.  Plaintiff's Notice of Not Attending Hearing on July 19, 2007

15.  Defendant's Motion-Protest filed with the Supreme Court

## NATURE AND STAGE OF THE PROCEEDINGS

On May 20, 2008, the Plaintiff, Nina Shahin, filed a complaint against 9 judges,

two court reporters and two law firms, one of which is Young Conaway Stargatt &

Taylor, LLP ("Young Conaway"). The charges against the "Young Conaway" stemmed

from the official functions of an attorney performed by the firm's employee, Monté T.

Squire, and were detailed in section 'Defendants' of the 'Civil Cover Sheet' of this case.

The Plaintiff provides those charges below and refute points presented by the "Young

Conaway"'s attorney only in relation to those charges. Other points in the Defendant's

brief would be deemed irrelevant and will not be addressed.

**"11.    YOUNG, CONAWAY, STARGATT & TAYLOR LLP**
      The Brandywine Building
      1000 West Street, 17th Floor
      Wilmington, DE 198899-0391

**Charges against the firm's attorney, Monté T. Squire:**

- Abuse of service of process
- Conspiracy against rights
- Fraud, Collusion, Intimidation
- Violations of Rules of Professional Conduct"

Plaintiff alleged violations of her constitutional rights of 'due process' and 'equal

protection' provided by the Fourteenth Amendment to the United States Constitution by

all the Defendants in collusion and cover-up, abuse of process, fraud, and intentional,

continuous, and systematic violations of laws, rules of civil procedure, and rules of

professional conduct by judges and attorneys, as well as intimidation and coercion.

The judge of the Superior Court, Robert B. Young, ruled in favor of Del-One not

on the Motion to Dismiss as the attorney, Richard H. Morse, claims in his brief, but on

the Motion for a Decision on Pleadings on which there was no any legitimate hearing at

1

which the Plaintiff would have had an opportunity to be present. The Notice for hearing on the Motion was fraudulently presented to the Plaintiff by mailing one version of the Notice (without date) to the Plaintiff by a certified mail **(Exhibit 1,** that includes copy of the Motion, copy of the envelope, and copy of the "Track and Confirm' record from the USPS) and electronically filing a different one few days later in the Court **(Exhibit 2)**. No record of hearing exists either in the Case History Search **((Exhibit 3)** or in the Case Docket **(Exhibit 4)** at the Superior Court nor a transcript of such a hearing exists.   In spite of these facts the Decision of the Supreme Court of Delaware that confirmed thedecision of the Superior Court determined in paragraph (3) **(Exhibit F** of the Defendant's List of Exhibits): "Despite Shahin's contention to the contrary, the record reflects that Del-One's motion was properly noticed on December 21, 2006 with hearing date scheduled for January 19, 2007" which is a proof that no Plaintiff's evidence was taken into consideration and the court disregarded all the facts and circumstances of the case without any justification or explanations which is a clear evidence of violation of the Plaintiff's rights of 'due process' and 'equal protection' and the a biased, unfair court.

The judge of the Superior Court in his decision noted, "To begin, *res judicata* endures that "a final judgment upon the merits of a case are rendered by a court of competent jurisdiction may, **in the absence of fraud or collusion,** (Emphasis added the Plaintiff) be raised as an absolute bar to the same party, or his privies". (reference here is made to the case of *RSS Acquisition, Inc. v. Dart Group Corp.,* 1999 WL 1442009 at *3 (Del.Super.)". **(**Copy of the decision is presented in **Exhibit B** of the Defendant's List of Exhibits).    The case has all attributes of both 'fraud' and 'collusion', and therefore, doctrines of *res judicata* and collateral estoppel are not applicable to the Plaintiff's case.

2

In addition, the decision of the Superior Court of March 16, 2007 awarding attorney's fees was made by a court that had no jurisdiction over the case, because of the timely appeal filed by the Plaintiff with the Superior Court, was made without any hearing, proper notice, or reference to any applicable law or procedure and, as a matter of fact, in violation of the requirements of Rule 54(i) of the Delaware Superior Court Rules of Civil Procedure that specifically prohibits the award of attorney's fees all of which are clear indication of fraud, collusion, and conspiracy against the Plaintiff's constitutional rights and coercion and intimidation committed by the judge in collusion with the attorney. But the Supreme Court noted in its decision that "we find no abuse of discretion in the Superior Court's award of attorney's fees to Del-One a sanction against Shahin for repeated, unwarranted litigation" (Defendant's **Exhibit F,** page 3).

In view of all these facts that are supported by evidence the qualifications of the Plaintiff's claims as 'repeated and unwarranted' raises the question about the Courts' impartiality and independence.

3

## SUMMARY OF ARGUMENT

In the Defendant's Summary of Argument there are four points that the Plaintiff will address 'in summary' and 'in detail'.

**1.(a)** Racketeer Influenced and Corrupt Organization Act charges are related to "the second case" and has nothing to do with charges against "Young Conaway", and therefore, Plaintiff is not going to address that particular point of the Defendant's Brief because of its inapplicability to the Defendant, "Young Conaway".

**1.(b)** Obstruction of justice charges are related to the judge Robert B. Young's actions in "the first case" and the Plaintiff would have declined to respond to this point too if it were not for the direct relationship of "the first" and the "third cases" (by the commonality of the same presiding judge) and the application of doctrines of *res judicata* and collateral estoppel. The 'obstruction of justice' charge stems from the definition given to it by 18 *U.S.C.* § 1506 that stipulates that 'Whoever feloniously steals, takes away, **alters, falsifies**, or **otherwise avoids** any **record, writ, process, or other proceeding**, in **any court of the United States, whereby any judgment is reversed, made void, or does not take effect; "**(emphasis added by the Plaintiff). The Honorable Robert B. Young falsified the decision of the JP Court that reads: "On September 6, 2005 Judgment by trial was entered by Justice of the Peace Court No. 16 in favor of Nina Mazen Shahin and against DE Federal Credit Union for $ 35.00" **(Exhibit 5)** to a complete opposite: "The Magistrate held in favor of DFCU after learning that DFCU credited the Shahin's account for the $ 35.00 NSF fee" (reference omitted by the Plaintiff) **(Exhibit 6).**

**1(c).**    The Plaintiff is filing a separate Motion for Sanctions against this Attorney for making a false application of law on this point. Original of the Motions is attached as **Exhibit 7** and because of the extensive analysis and quotation of the relevant law there the Plaintiff does not elaborate on the issue here.

**2.**    Although the Defendant's statement is factually correct the Plaintiff is wondering whether the attorney realized that making a statement that the Defendant's violations of the Rules of Civil procedures[1] of different Delaware courts that those courts disregarded[2] is an evidence on its own of the collusion between the Defendant and the judges of those courts against the Plaintiff and she will explore that point in more details in section below.

**3.**    Since there is enough evidence to prove fraud, collusion, and numerous violations of the Plaintiff's constitutional rights of 'due process' and 'equal protection' neither the doctrine of *res judicata* nor of collateral estoppel can be used in her case to bar her claims for damages.

**4.**    Defendant's claim that the Plaintiffs complaint consists of "conclusory evidence and speculative factual allegation" is a method of overall denial using 'labels' that do not apply to the specific facts and evidence in this case and falsifications committed by judges and attorneys or cover-up provided by Delaware courts.

---

[1] The Plaintiff listed all the violations in her Motion for Sanctions against the Del-One Attorney copy of which is presented in **Exhibit 8**

[2] The letter from the Court of striking down the Plaintiff Motion for Sanction is produced in **Exhibit 9**

## STATEMENT OF FACTS

### THE THIRD CASE

The third Case for different violations of federal laws, personal injury, and perjury was filed by the Plaintiff at the Superior Court of the Kent County on 10/20/2006 seeking damages above $ 100,000 and was assigned also to the judge, Robert B. Young, and docketed under # 06C-10-027 RBY. The original attorney, Gregory Morris, (from the defendant's firm of Liguori, Morris and Yiengst) was substituted in violation of the provision of the rule 90(b) of the Superior Court Rules of Civil Procedure by an attorney from another Defendant's law firm owned by a brother of the presiding judge, Stuart B. Young (Young Conaway Stargatt & Taylor, LLP). The new Attorney, Monté T. Squire, filed a Motion for Judgment on Pleading without a proper Notice of hearing to the Plaintiff. As a result the hearing on the Motion either did not take place or was held in *ex parte* communications between the presiding judge and the attorney and the decision was taken against the Plaintiff as a result of collusion between the judge and the attorney in a complete exclusion of the Plaintiff from the judicial process. The decision ignored provisions of different laws adopted by the US Congress in protection of consumer rights. In addition, when the case was on appeal to the Supreme Court of Delaware, the judge, Robert B. Young, entered a decision awarding attorney fees to the illegitimate attorney as a trespassing decision when he had no jurisdiction over the matter. That decision was aimed at coercing and intimidating the Plaintiff to stop filing lawsuits seeking damages and fair trials as well as satisfaction of her constitutional rights and benefits of other federal laws.

6

The case was appealed to the Supreme Court of Delaware where it is currently on appeal under docket # 93, 2007 after the Plaintiffs and the Attorney having filed their respective Briefs. The Plaintiff expressed doubts on the possibility of a fair trial in this case and requested the case to be transferred to another state jurisdiction.

The Plaintiff was denied a fair trial in every court in the state of Delaware with judges, attorneys and court reporters acting in collusion to subvert the Plaintiff's constitutional rights, committing obstruction of justice, fraud and racketeering.    The Plaintiffs seeks the damages in the amount of $ 9,000,000 (triple amount of $1,000,000 for each case) and will hold all Defendants jointly and severally liable for the entire amount of damages.

## ARGUMENT

**I.**     The Defendant did not dispute the factual basis of the Plaintiff's claims by providing her statement of facts from her Complaint without indication of what evidence is "conclusory" and which claims are "factual speculations".    The Defendant though falsified the applicable law.

### A. Applicable Standard

The standard applicable to Fed. R. Civ. P. 12(b) motion is well settled.  The court is required 'to accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therein, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch.Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)). The court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Id.* Factual allegations must be enough to raise a right of relief above the speculative level. *Bell Atl. Corp. v Trombly,* 550 U.S. ____; 127 S.Ct. 1955, 1965 (2007).

Plaintiff provided extensive and sufficient evidence of ***intentional, continuous, and systematic violations*** of her constitutional rights of 'due process' and 'equal protection' in all three cases.     In this particular case there was no a single hearing (except at the court without jurisdiction that the Plaintiff refused to attend) that would support the decisions of the courts. In the decisions of the courts that have been rendered

8

there is no any analysis of evidence or circumstances of the cases except for 'usupported conclusions,' unwarranted inferences' and 'bald assertions' of applicability of doctrines of *res judicata* and collateral estoppel that do not apply to the Plaintiff's case.

## B. Racketeer Influenced and Corrupt Organization Act.

Provisions of this Act are applicable to the falsifications made to the transcripts of different hearings at Court of Common Pleas and the Superior Court in "the first" and "the second" cases and does not apply to the "third case" and, therefore, the Plaintiff does not have an obligation to address the Defendant's argument on this point since it is completely irrelevant.

## C. Obstruction of Justice.

Obstruction of justice charge is against the judge, Robert B. Young, and related to "the first case" and briefly explained in the 'Summary of Argument' above and will not be expanded any further because it has a minimal relation to this case as a charge that bars the use of doctrines of *res judicata* and collateral estoppel by a judge who committed felony of falsification of the decision of the lower court thus rendering it null and void.

## D. Civil Rights

Plaintiff's 'Civil Rights' claims stem from violations of her constitutional rights of 'due process' and 'equal protection' provided by the Fourteenth Amendment of the United States Constitution.    Charges against "Young Conaway" are brought under 18 *U.S.C.* §§ 3 and 241 that have no indication of 'acting under the color of state law'. Since the Defendant falsely claimed inapplicability of 'private right of action' under these statutes the Plaintiff filed a Motion for Sanction against the Attorney. Supreme Court of the United States in *Bivens v. Six Unknown Named Agents of Federal Bureau of*

9

*Narcotics,* 403 U.S. 388 (1971) created an implied private right of action specifically in the case of violations of constitutional rights under the principles of common law theory of torts.    The Motion made a very detailed analysis of the decision and the Plaintiff attached original of the Motion as **Exhibit 7** and will not comment additionally on the issue in this brief.

The Plaintiff provides below a detailed analysis of all applicable elements of violations of her constitutional rights of 'due process' and 'equal protection' to satisfy the burden of standard of proof under Fed. R. Civ. P. 12(b)(6).

- In the definition of a 'due process' and 'equal protection' clauses of the Fourteenth Amendment to the Constitution of the United States that evolved over the years by the court system there are 7 elements, 5 of which apply to the appellants' case and which were denied by either Justice of Peace Court or the Court of Common Pleas or both: 1.Notice, 2.Hearing, 3.Impartial Tribunal, 4.Confrontation and Cross-Examination, and 5.Decision on the Record. The fifth element of Discovery and 7th of Counsel do not apply to the Plaintiff's case, and, therefore, are not analyzed here. The substantial if not exclusive contribution as a highest court in the land belongs to the Supreme Court of the United States. "Procedural due process rules are meant to protect persons not from the deprivation, *__but from the mistaken or unjustified__* deprivation of life, liberty, *__or property__*" (emphasis added by the Plaintiff), *Carey v. Piphus,* 435 U.S. 247, 259 (1978). Since the Plaintiff's case is related to a debt claim which is a claim for property (money is considered property) the analysis of the requirements developed by the case law that follows is relevant in regard to the last of those

three pillars (life, liberty and property) for the protection of which the 'due process' and 'equal protection' clauses of the Fourteenth Amendment are specifically intended.

**1. Notice**      "An elementary and fundamental requirement of due process in any proceedings which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections", *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). See also *Richards v. Jefferson County*, 116 S. Ct. 1761 (1996) **(*res judicata* may not apply where taxpayer who challenged a county's occupation tax was not informed of prior case and where taxpayer interests were not adequately protected) (emphasis in bold is added by the Plaintiff).**      "The notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest", *Goldberg v. Kelly,* 397 U.S. 254, 267-268 (1970). Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed <u>receives it</u>, *Armstrong v. Manzo,* 380 U.S. 545, 550 (1965); *Robinson v. Hanrahan,* 409 U.S. 38 (1974); *Green v. Lindsey*, 456 U.S. 444 (1982). The plaintiff was denied a proper notice and the opportunity to present her argument during hearing on Motion for a Decision on Pleadings.      The Defendant presented fraudulent Notice **(Exhibit 1)** which the Plaintiff dutifully relied upon to her detriment[3]. The Plaintiff was denied any notice of hearing on the Motion for Attorney's fees by the attorney and the evidence squarely points to a collusion between the judge

---

[3] Here the Defendant committed all the elements of the fraud: 1. Intentional false representation of fact; 2. Intent that the deceived person (the Plaintiff) act thereon; 3. Knowledge that such statement would deceive; 4. The deceived person (the Plaintiff) acted to her injury, i.e. did not attend the hearing on the Motion because she did not know of the date and time of hearing

11

and the attorney in 'cooking' that deprivation (see **Exhibit 10, 11, and 12** where copies of the copies of relevant correspondence between the office of the judge and the attorney on the subject)[4]    The court that had no jurisdiction over the case issued decision awarding attorney's fees without support of any law, precedent and in direct violation of Rule 54(i) of Delaware Superior Court Rules of Civil Procedure that prohibits award of attorney's fees.    The purpose of such an expeditious decision is obvious in view of the fact that at the end of March the Plaintiff filed a petition for Writ of Certiorari with the Supreme Court of the US.    This fact races a question of coercion and intimidation committed by the judge and the attorney in collusion to intimidate as defined in 42 *U.S.C.* § 1985(2).

**2. Hearing**    "Some form of hearing is required before an individual is finally deprived of a property interest", *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976).    ***"Parties whose rights are to be affected are entitled to be heard"*** (emphasis added by the Plaintiff), *Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863).* **The petitioner was deprived of any meaningful hearing in Superior Court.    The only hearing that was held by the order of the Supreme Court at the time when the Superior Court had no jurisdiction and the Plaintiff refused to attend it giving a proper notice to both Courts.    The Penalty imposed by the Superior Court under Rule 11 is even more bizarre.**

---

[4] **Exhibit 10** contains a Notice of Hearing on Motion for Attorney fees that was supposed to be held on March 2, 2007 at 11:00 am

**Exhibit 11** contains a copy of the judge's civil case manager's letter that the attorney's Motions 'does not need to be noticed for a date'.

**Exhibit 12** contains Notice of Motions without a date

12

Under federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law as trespassers." (*Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issue by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason. The U.S. Supreme Court, in *Schuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected <u>in his person</u> to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." (Emphasis supplied in original). Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. *U.S. v. Will*, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed. 257 (1821).

**3. Impartial Tribunal**    Just as in criminal and quasi-criminal cases (*Tumey v. Ohio* 273 U.S. 510 (1927)) "an impartial decision maker" is an "essential" right in civil proceedings as well (*Goldberg v. Kelly*, ibid above, pages 254, 271). "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken *on the basis*

*of an erroneous or distorted conception of the facts or the law*... (emphasis added by Plaintiff). At the same time, it preserves both the appearance and reality of fairness... by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him", (*Marshall v. Jerico*, 446 U.S. 238, 242 (1980)).      The decisions of the Superior Court on the Motion for a Decision on Pleadings and on the Attorney's fees were made without any proper hearing, proper notice and, thus are unconstitutional. Those decision were made in direct coordination between the attorney from his brother's firm[5] and in complete disregard to the Plaintiff's rights of 'due process' and 'equal protection' and is a collusion by definition.

**4. Confrontation and Cross-Examination** "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses" (*Goldberg v. Kelly*, Ibid above, pages 254, 269). Where the "evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or person motivated by malice, vindictiveness, intolerance, prejudice, or jealously, the individual's right to show that it is untrue depends on the rights of confrontation and cross-examination" (*Green v. McElroy*, 360 U.S. 474, 496 (1959). Since there were no any meaningful hearings in this case there was no any confrontation or cross-examination. The Plaintiff's evidence was systematically and intentionally and disregarde and the facts falsified.

**6. Decision on the Record** "The decisionmaker's conclusion as to a recipients' eligibility must rest solely on the legal rules and evidence adduced at the hearing...To demonstrate

---

[5] **Collusion** is defined as an agreement between two or more persons to defraud someone of his or her rights by forms of law. (West's Legal Desk Reference, West Publishing Co., William P. Staski et al, St. Paul, MN, 1991, page 57

14

compliance with this elementary requirement, the decisionmaker should state the reason for his determination and indicate the evidence he relied on…" (*Goldberg v. Kelly*, 397 ibid, above, pages 254, 271).

Since there were no any hearings in this case at which the Plaintiff was present the Honorable Robert B. Young could not made a reference to any evidence properly presented in the court hearings.

- **In the case against Del-One** he used the doctrine of *res judicata* citing 5 elements all of which have to be present. Under the third (3) element he mentioned "the prior cause of action was the same as that in the present case, or the issues necessarily decided in the prior action were the same as those raised in the pending case;". This necessary element did not apply to the Plaintiff case and, therefore, *res judicata* could not have possibly had applied to the case even on his theory. The issues and the action that were brought in this case were different from those brought in 'April 18, 2005' case. The issues of the 'April 18' case were issues of Regulations CC, i.e., same as two cases filed in June of 2005, while the issues and action brought in this case were under Delaware Constitution (6 *Del.C.* §4-103(a)), Fair Credit Reporting and Equal Credit Opportunity Acts, as well as issues of 'perjury' and 'personal injury' related to "the first case" in which Honorable Robert B. Young falsified the basic fact of the case to completely opposite thus committed 'obstruction of justice' as defined in 18 *U.S.C.* 1506.

- **In the attorney's fees case** the judge failed to mention any law on basis of which he made his decision. On the second hearing that the Plaintiff refused to attend the judge based his decision on Rule 11 citing subdivisions (b) and (c) of that

Rule. **(Exhibit 13,** page 7). In view of the fact that the Defendant violated numerous rules of the court and was not penalized (see point 2 of the Defendant's Summary of Argument) punishment imposed on the Plaintiff by the judge under dubious application of alleged violation of a single rule[6] is an evidence of a biased judge, unfair decision, and collusion between the judge and attorney with the goal to intimidate and coerce as defined in 42*U.S.C.* § 1985(2). In view of the Plaintiff's Notice to the Superior Court **(Exhibit 14)** and the Protest to the Supreme **(Exhibit 15)** imposition of attorney fees under Rule 11 is nothing but an act of intimidation as defined in 42 *U.S.C.* § 1985 (2).

---

[6] Rule 11(b) reads: Representations to Court. By representing to the Court (whether by signing, filing, submitting, or later advocating) a pleading, written notion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,

Rule 11(c) reads: Sanctions, If, after notice and a reasonable opportunity to respond, the Court determines that subdivision (b) has been violated, the Court may, subject to the conditions stated below, impose appropriate sanctions upon the attorney, law firms, or parties that have violated subdivision (b) or are responsible for violation.

## **CONCLUSION**

The allegations of fraudulent abuse of service of process, conspiracy against the Plaintiff's constitutional rights, collusion, and intimidation are well supported by the facts and evidence presented by the Plaintiff and are not "conclusory". All these violations were made possible because of intentional, continuous, and systemic abuse of law, rules of civil procedure, and rules of professional conduct by judges and attorneys and a complete lack of mechanisms in the State of Delaware to enforce those rules. Systematic violations of rules of civil procedures that do not constitute a cause of action but demonstrate the lack of impartiality where the rules applied only to one party and numerous violations by other party were completely disregarded by the courts.

This case is a case of fraudulent falsifications of the underlying facts and misapplication of the law and the two Motions for Sanctions against attorneys are symbols of this dichotomy of violations where the Plaintiff was taken for a fool who can be abused, intimidated, violated and deprived of all rights which is an evidence that *pro se* litigant in the State of Delaware faces mafia of professional attorneys, judges, and court reporters who disregard laws, rules of civil procedure, and professional conducts and has no chance to enforce any laws: federal or state, federal or state Constitutions because the evidence is either falsified or disregarded.

The attorney in this case failed to disclose that the Supreme Court case of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1971) provides to the Plaintiff a private course of action against everybody involved in violation

17

of her constitutional rights of 'due process' and 'equal protection' provided by the Fourteenth Amendment to the US Constitution.

The Plaintiff, therefore requests this court to deny the Defendant's Motion to Dismiss.

For the same reasons that the Plaintiff presented in her Motion in Opposition to the Deputy Attorney's General Motion to Dismiss she asks the three-judge panel decision on the issue.

Respectfully submitted on this day of August 4, 2008.

For the Plaintiff:

**NINA SHAHIN, CPA**
103 Shinnecock Rd.
Dover, DE 19904
Tel. (302)678-18

**Dated: August 4th, 2008**

18

## CERTIFICATE OF SERVICE

**I, NINA SHAHIN, CPA**

Hereby certify that one true copy of this Motion in Opposition to the Defendant Young

Conaway Stargatt and Taylor LLP's Motion to Dismiss the Plaintiff's Complaint have

been personally delivered today, August 4th, 2008 to the attorneys at the   following

addresses:

**Kevin R. Slattery**
Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

**Richard H. Morse**
Young Conaway Stargatt & Taylor LLP
The Brandwine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**Norman H. Brooks, Jr.**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Theodore John Segletes, III**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Date: August 4, 2008**

(signature)

**Nina Shahin, CPA**

Ex 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## **NOTICE OF MOTION**

PLEASE TAKE NOTICE that the attached Motion For Judgment On The Pleadings will

be presented to the Court at the earliest convenience of the Court and counsel.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com
*Attorneys for Defendant Del-One Delaware Federal Credit
Union*

Dated: December 15, 2006

Motion for Ja_____
on Pleadings

MONTÉ T. SQUIRE
YOUNG CONAWAY STARGATT & TAYLOR LLP
THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904


**UNITED STATES
POSTAL SERVICE**.

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7005 0390 0001 4164 9605**
Status: **Delivered**

Your item was delivered at 1:41 pm on December 16, 2006 in DOVER,
DE 19904. A proof of delivery record may be available through your local
Post Office for a fee.

Additional information for this item is stored in files offline.

*Restore Offline Details >*    ?    *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA    



EFiled: Dec 21 2006  2:59PM EST
Transaction ID 13259356

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached Motion For Judgment On The Pleadings will

be presented to the Court on January 19, 2007 at 11:00 a.m..

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com
*Attorneys for Defendant Del-One Delaware Federal Credit*
*Union*

Dated: December 21, 2006



Click to Print                                    Printed on: Monday, April 16, 2007 12:06:36 EDT

# Case History Search
Search Created:
Monday, April 16, 2007 12:06:36 EDT

| Court: | DE Superior Court- Kent County | Judge: | Young, Robert B | File & Serve Live Date: | 10/20/2006 |
|---|---|---|---|---|---|
| Division: | Civil | Case Number: | 06C-10-027-RBY | Document(s) Filed: | 53 |
| Case Type: | CPIN - Personal Injury | Case Name: | Shahin, Nina vs Del One Delaware Federal | Date Range: | All |

1-21 of 21 transactions   <<Prev Page 1 of 1 Next>>

| Transaction ▼Date/Time Option | | | Case Number Case Name | Authorizer Organization | # Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|
| 14166613 | 3/19/2007 11:44 AM EDT | File Only | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Robert B Young, DE Superior Court-Kent County | 37 Order | Moot (Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs) • Linked to (1) | 0.1MB |
| 14166575 | 3/19/2007 11:43 AM EDT | File Only | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Robert B Young, DE Superior Court-Kent County | 36 Order | Moot (Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs) • Linked to (1) | 0.1MB |
| 14148327 | 3/16/2007 10:44 AM EDT | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa M Robinson, DE Superior Court-Kent County | 35 Order | Order | 0.3MB |
| 13928862 | 2/26/2007 5:05 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Monte T Squire, Young Conaway Stargatt & Taylor LLP-Wilmington | 34 Motion | Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked to (1) | 0.1MB |
| | | | | | Notice | Notice of Motion for Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Proposed Order | Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked from (1) | 0.1MB |
| | | | | | Affidavit | Declaration of Counsel for Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Certificate of Service | Certificate of Service of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Exhibits | Exhibit A to Declaration of Counsel for Defendant Del-One Delaware Federal Credit Union's | 0.1MB |

| ID | Date | Type | Case No. | Attorney | Item | Description | Size |
|---|---|---|---|---|---|---|---|
| | | | | | | Motion For Attorney's Fees and Costs | |
| 13924109 | 2/26/2007 2:02 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa M Robinson, DE Superior Court-Kent County | 33 Letter | Letter | 0.2MB |
| 13907437 | 2/23/2007 3:04 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Monte T Squire, Young Conaway Stargatt & Taylor LLP-Wilmington | 32 Motion | Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked to (1) | 0.1MB |
| | | | | | Notice | Defendant Del-One Delaware Federal Credit Union's Notice of Motion for Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Proposed Order | Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked from (1) | 0.1MB |
| | | | | | Affidavit | Defendant Del-One Delaware Federal Credit Union's Declaration of Counsel to Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Certificate of Service | Certificate of Service of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Exhibits | Exhibit A to Declaration of Counsel for Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| 13541435 | 1/22/2007 3:29 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa M Robinson, DE Superior Court-Kent County | 26 Appendix | Exhibit A | 0.5MB |
| | | | | | 27 Appendix | Exhibit B | 0.7MB |
| | | | | | 28 Appendix | Exhibit C | 0.7MB |
| | | | | | 29 Appendix | Exhibit D | 3.5MB |
| | | | | | 30 Appendix | Exhibit E | 0.3MB |
| | | | | | 31 Appendix | Exhibit F | 0.9MB |
| 13540353 | 1/22/2007 2:39 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa M Robinson, DE Superior Court-Kent County | 25 Reply Brief | Plaintiff's reply to motion for judgment on pleadings | 1.4MB |
| 13534469 | 1/22/2007 11:03 AM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Robert B Young, DE Superior Court-Kent County | 24 Order | Order re: Defendants' Motion for Judgment on the Pleadings or Motion to Dismiss | 0.1MB |
| 13259356 | 12/21/2006 2:59 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Monte T Squire, Young Conaway Stargatt & Taylor LLP-Wilmington | 12 Motion | Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings • Linked to (1) | 0.2MB |
| | | | | | 13 Notice | Defendant Del-One | 0.1MB |

|||||||
|---|---|---|---|---|---|---|
| | | | | | Delaware Federal Credit Union's Notice of Motion for Motion For Judgment On The Pleadings | |
| | | | | 14 Proposed Order | Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
| | | | | 15 Certificate of Service | Certificate of Service of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
| | | | | 16 Exhibits | Exhibit A of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
| | | | | 17 Exhibits | Exhibit B of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
| | | | | 18 Exhibits | Exhibit C of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
| | | | | 19 Exhibits | Exhibit D of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
| | | | | 20 Exhibits | Exhibit E of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
| | | | | 21 Exhibits | Exhibit F of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
| | | | | 22 Exhibits | Exhibit G of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
| | | | | 23 Exhibits | Exhibit H of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
| 12992597 | 11/22/2006 11:09 AM EST | File And Serve | 06C-10-027-RBY Del One Delaware Federal | Gregory A Morris, Shahin, Nina vs Liguori Morris & Yiengst | 11 Substitution of Counsel | Substitution of Counsel | 0.1MB |
| | | | | | Certificate of Service | Certificate of Service for Substitution of Counsel | 0.1MB |
| 12951612 | 11/17/2006 3:07 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One | Monte T Squire, Young Conaway Stargatt & Taylor LLP- | 10 Entry of Appearance | Entry of Appearance of Young Conaway Stargatt & Taylor, LLP by Monte T. Squire. | 0.1MB |

| | | | Delaware<br>Federal | Wilmington | | | | • Linked to (1) | |
| | | | | | | Certificate of<br>Service | | Certificate of Service to<br>Entry of Appearance of<br>Young Conaway Stargatt<br>& Taylor, LLP by Monte T.<br>Squire | 0.1MB |
| 12926358 | 11/15/2006<br>4:30 PM EST | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Liguori Morris &<br>Del One<br>Delaware<br>Federal | Gregory A<br>Morris,<br>Yiengst | 9 | Case<br>Information<br>Statement | | Superior Court Civil Case<br>Information Statement<br>• Linked to (1) | 0.1MB |
| | | | | | | Answer | | Defendant's Answer to<br>Complaint<br>• Linked to (1) | 0.1MB |
| | | | | | | Form 30<br>Interrogatories | | Defendant's Answers to<br>Form 30 Interrogatories<br>• Linked to (1) | 0.1MB |
| | | | | | | Affidavit | | Affidavit to Defendant's<br>Answers to Form 30<br>Interrogatories<br>• Linked to (1) | 0.1MB |
| | | | | | | Certificate of<br>Service | | Certificate of Service for<br>Defendant's Answer to<br>Complaint and<br>Defendant's Answers to<br>Form 30 Interrogatories<br>• Linked to (1) | 0.1MB |
| 12799389 | 10/30/2006<br>5:00 PM EST | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>County | 8 | Sheriffs Return | | Sheriff Return on<br>Defendant Del One<br>Delaware Federal Credit<br>Union | 0.1MB |
| 12799382 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>County | 1 | Case<br>Information<br>Statement | | CIS Form | 0.1MB |
| 12799383 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>County | 2 | Complaint | | Complaint<br>• Linked from (10) | 0.1MB |
| 12799384 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>County | 3 | Praecipe | | Praecipe | 0.1MB |
| 12799385 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>County | 4 | Summons | | Summons | 0.1MB |
| 12799386 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>County | 5 | Exhibits | | Exhibit to Complaint | 0.3MB |
| 12799387 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs Court-Kent<br>Del One<br>Delaware | Lisa Robinson,<br>DE Superior<br>County | 6 | Certificate of<br>Value | | Certificate of Value | 0.1MB |

| | | | Federal | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12799388 | 10/20/2006 5:00 PM EDT | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa Robinson, DE Superior Court-Kent County | 7 | Form 30 Interrogatories | Form 30 Interrogatories | 0.1MB |

1-21 of 21 transactions   <<Prev Page 1 of 1 Next>>



```
                    SUPERIOR COURT - KENT COUNTY
                         AS OF 04/16/2007                      PAGE      1

   06C-10-027
   FILED  October 20,2006                PERSONAL INJURY
   JUDGE:  RBY                           NON ARBITRATION
   STATUS:  NEW   E-FILED: YES           JURY TRIAL

PRO SE                   NINA SHAHIN
                                     -- VS --
SQUIRE MONTE' TERRELL    DEL-ONE DELAWARE FEDERAL CREDIT UNION,
                         FORMERLY, DE FEDERAL CREDIT UNION
```

10/20/2006    1  INITIAL COMPLAINT - PERSONAL INJURY - COURT TO SCAN
                 DOCUMENTS - FILED PRO SE.
                 (PRO SE - N.SHAHIN)
                 LMR

10/23/2006       SUMMONS SENT TO KENT COUNTY SHERIFF FOR SERVICE UPON
                 DEL-ON DELAWARE FEDERAL CREDIT UNION, FORMERLY
                 DE FERDERAL CREDIT UNION
                 LMR

11/01/2006    2  WRIT RETURNED
                 SERVED DEL-ONE DELAWARE FEDERAL CREDIT UNION
                 FORMERLY DE FEDERAL CREDIT UNION BY LEAVING WITH JANE
                 WASHINGTON, RECEPTIONIST ON 10/27/2006
                 (JIM HIGDON) LMR

11/15/2006    3  DELAWARE DEL-ONE'S ANSWER TO
                 COMPLAINT
                 (G.MORRIS/M.SQUIRE) MSC

11/17/2006    4  ENTRY OF APPEARANCE OF MONTE T SQUIRE, ESQ.
                 (M.SQUIRE) MSC

11/27/2006    5  PLAINTIFF'S ANSWER TO
                 COMPLAINT
                 (PRO SE) MSC

12/21/2006    6  NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS
                 (M.SQUIRE) MSC

01/19/2007    7  PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
                 GRANTED, JUDGE YOUNG WILL DO AN ORDER.
                 JUDGE YOUNG
                 MSC

01/19/2007    8  PLAINTIFF'S RESPONSE TO MOTION FOR JUDGMENT ON PLEDINGS
                 (N.SHAHIN) MSC

01/22/2007    9  SO ORDERED, ON 01/22/2007 BY JUDGE YOUNG,
                 ON 10/20/06, NINA SHAHIN FILED A PRO SE COMPLAINT
                 AGAINST THE DEFENDANT, DEL-ONE DELAWARE FEDERAL CREDIT
                 UNION.  THE DEFENDANT, AFTER ANSWERING THE COMPLAINT,
                 FILED A MOTION FOR JUDGMENT ON THE PLEADINGS OR A
                 MOTION TO DISMISS.  FOR THE FOLLOWING REASONS, THE
                 MOTION SHOULD BE GRANTED.

```
                    SUPERIOR COURT - KENT COUNTY
                       AS OF 04/16/2007              PAGE      2

06C-10-027
                ACCORDINGLY, THE DEFENDANT'S MOTION IS GRANTED AND THE
                COMPLAINT IS DISMISSED WITH PREJUDICE
                JUDGE YOUNG
                MSC

02/26/2007   10  DEFENDANT'S MOTION FOR ATTORNEY FEES
                (M.SQUIRE) MSC
```

5

**IN THE JUSTICE OF THE PEACE COURT OF
THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
COURT NO. 16**

**COURT ADDRESS:
480 BANK LANE
DOVER DE 19904**

**TRANSCRIPT OF JUDGMENT AND EXECUTION FOR
TRANSFER TO KENT COUNTY COURT OF COMMON PLEAS**

**PLAINTIFF:**

NINA MAZEN SHAHIN                **CIVIL ACTION NO.**J0507004516
103 SHINNECOCK RD.               JUDGMENT:$35.00
DOVER DE 19901
302-678-1805

    v.

**DEFENDANT:**
DE FEDERAL CREDIT UNION
150 EAST WATER STREET
DOVER DE 19901
302-739-4496

ON SEPTEMBER 6, 2005 JUDGMENT BY TRIAL   WAS ENTERED BY
JUSTICE OF THE PEACE COURT NO. 16 IN FAVOR OF NINA MAZEN
SHAHIN AND AGAINST DE FEDERAL CREDIT UNION FOR $35.00.



    This is to certify that this is a true and
correct transcript of the judgment and
Constable's return of execution.

_____
Justice of the Peace/Court Official

Date: SEPTEMBER 20, 2005

J.P. Civ. Form No. 24 (Rev. 6/15/00)



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| NINA and MAZEN SHAHIN, | : |
| | : |
| Appellants, | :   C.A. NO: 06A-01-004 |
| | : |
| v. | : |
| | : |
| DELAWARE FEDERAL CREDIT | : |
| UNION, | : |
| | : |
| Appelle. | : |

Submitted: May 2, 2006
Decided: August 3, 2006

Nina and Mazen Shahin, *pro se.*

Gregory A. Morris, Esq., Liguori, Morris & Yiengst, Dover, Delaware for Appellant.

*OPINION*

UPON CONSIDERATION OF APPELLANT'S
APPEAL FROM FROM COURT OF COMMON PLEAS
**DENIED**

Young, Judge

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

the transcript contained errors.[3] The Court of Common Pleas denied the Shahins'
request to review the tape of December 21, 2005 hearing and submit corrections of
the transcript errors. The Shahins filed a similar motion with this Court, seeking to
review the tape and correct the hearing transcript. At oral argument on March 3,
2006, this Court considered the Shahins' motion as an appeal of the Court of
Common Pleas decision, and denied their request.

The Shahins now present their brief in support of their appeal of the decision
of the Court of Common Pleas on DFCU's motion for summary judgment.

## STANDARD OF REVIEW

When considering an appeal from the Court of Common Pleas, this Court's
function is similar to that of the Delaware Supreme Court.[4] "In reviewing appeals
from the Court of Common Pleas, the Superior Court must limit its scope of review
to correcting errors of law and ascertaining whether the trial judge's factual findings
'are adequately supported by the record and are the product of an orderly and logical
deductive process.' "[5] This Court must accept any decision of the Court of Common

---

[3]     Record of the parties' oral arguments before the Court of Common Pleas on the
summary judgment motion was recorded by Court of Common Pleas Reporter Linda Lavender.
An audiotape of the proceeding was also prepared. The Shahins argue that the transcript contains
mistakes, omissions, and unauthorized additions.

[4]     *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[5]     *Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del.
Super.)(*citing Wyatt v. Motorola, Inc.*, 1994 WL 714006, at *2 (Del. Super.)).

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

a matter of law.[9] The facts must be viewed in the light most favorable to the non-moving party.[10] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances.[11] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[12]

In the Court of Common Pleas appeal, which was a *de novo* proceeding, DFCU argued that the Shahins' claim was without merit, because the $35.00 NSF fee had been credited to the Shahins' account. In fact, there was no dispute that the Shahins had been reimbursed for the improperly assessed NSF fee.[13] The record shows that

---

 9    Super. Ct. Civ. R. 56(c).

10    *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. Ct. 1995).

11    *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

12    *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

13    Court of Common Pleas transcript at 8

THE COURT:       Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN:      The credited only for 35 after the Court, after this hearing, not before.

                          * * * * *

THE COURT:       But, before you came here they credited it?

MS. SHAHIN:      No. Oh, before I came here?

5

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

was not a *de novo* review is without merit. The record of the proceedings in the Court of Common Pleas is clear that the Shahins did receive a *de novo* review of their original claim for the $35 NSF fee. The hearing on the motion for summary judgment focused on the Shahins' original complaint. Ironically, the Shahins' arguments about the propriety of the proceedings in the Justice of the Peace action contradict their wish for a *de novo* review and are inappropriate.

## **CONCLUSION**

For the reasons stated above, the Shahins' Appeal from Defendants' Motion for Summary Judgment is **DENIED.**

_____
J.

RBY/sal
oc:    Prothonotary
cc:    Opinion Distribution

7



# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICRT OF DELAWARE

| | |
|---|---|
| **NINA SHAHIN** ) | |
| Plaintiff ) | |
| v. ) | **Civil Action No. 08-295 GMS** |
| ) | |
| **PAMELA A. DARLING et al** ) | |
| Defendant ) | |

## MOTION FOR SANCTIONS AGAINST THE ATTORNEY, RICHARD H. MORSE, UNDER RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURES

The Plaintiff, Nina Shahin, files this Motion for sanctions under Rule 11 against the attorney, Richard H. Morse of the firm Young, Conaway, Stargatt and Taylor, LLP for violating requirements of the canon 3.3 of The Delaware Lawyers' Rules of Professional Conduct and Rule 11(b)(2) of Federal Rules of Civil Procedure. Rule 3.3(a)(1) requires that an attorney 'shall not knowingly (1) make a false statement of fact or **law** to tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) **fail to disclose** to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;" Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modifications, or reversal of existing law or the establishment of new law";

1

In his section D entitled "Civil Rights" the attorney wrote: "Plaintiff complaint asserts that Young Conaway violated her civil rights under 18 *U.S.C.* §§ 241 and 242. These are criminal statutes that do not create a private right of action. *Lerch v. Boyer,* 929 F.Supp 319, 322 (N.D. Ind. 1996;"   The Plaintiff would like to ask the question whether the attorney even look into the case *Lerch v. Boyer,* because on the first page (i.e., 319) the N.D. Indiana court wrote: "On defendants' Motion to dismiss for failure to state a claim upon which relief could be granted, the District Court, Allen Sharp, Chief Judge held that: (1) federal criminal statute governing conspiracies against civil rights did not provide for private rights of action; **(2) allegations in debtors' complaint were not sufficient to state constitutional tort claim under** *Bivens:"* (emphasis added by the Plaintiff. In the opening statement of his brief under the title "Nature and State of the Proceeding" the attorney indicated that "On May 20, 2008, Nina Shahin filed a complaint against Young Conaway Stargatt and Taylor, LLP ("Young Conaway"), alleging that Young Conaway colluded with Delaware Superior Court Judge Robert B. Young to subvert **her constitutional rights and to commit obstruction of justice, fraud and racketeering. (Complaint at 5; D.I. 1).** (Emphasis added by the Plaintiff).

Although the attorney correctly grasped the essence (but not the details) of the Plaintiff's accusations he failed to disclose a U.S. Supreme Court decision *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1999) in which the Supreme Court of the United States created an implied cause of action for an individual whose Fourth Amendment freedom from unreasonable search and seizures had been violated by federal agents.   In the court opinion written by Justice Brennan, Supreme Court laid down a rule that will imply a private right of action for monetary

2

damages where no other federal remedy is provided for the vindication of a Constitutional right, based on the principle that for every wrong, there should be a remedy. Although the case covered the specific violation of the Fourth Amendment, the court decision covered the entire Bill of Rights, or all the Sixteen Amendments. The more details and greater depth of analysis was provided by a concurrent opinion of Justice Harlan: "In truth, the legislative record as a whole behind the Bill of Rights is silent on the rather refined doctrinal question whether the framers considered the rights therein enumerated as dependent in the first instance on the decision of a State to accord legal status to the personal interests at stake. That is understandable since the Government itself points out that general federal-question jurisdiction was not extended to the federal district courts until 1875. Act of March 3, 1875, § 1, 18 Stat. 470. The most that can be drawn from this historical fact is that the authors of the Bill of Rights assumed adequacy of common-law remedies to vindicate the federally protected interest." *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388, 401 (1999). He further wrote with reference to another Supreme Court decision: "But "it is…well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done". (*Bell v. Hood,*    327 U.S. at 684 (footnote omitted)."*Ibid.,* p. 396. Justice Harlan posed the question: "Therefore, the question of judicial *power* to grant Bivens damages is not a problem of the "source" of the "right"; instead, the question is whether the power to authorize damages as a judicial remedy for the vindication of a federal constitutional right is placed by the Constitution itself exclusively in Congress' hands." *Ibid, pages* 400-402. He, himself answered the

3

question: "The contention that the federal courts are powerless to accord a litigant damages for a claimed invasion of his federal constitutional rights until Congress explicitly authorizes the remedy cannot rest on the notion that the decision to grant compensatory relief involves a resolution of policy considerations not susceptible of judicial discernment.   Thus, in suits for damages based on violations of federal statutes lacking any express authorization of a damage remedy, this Court has authorized such relief where, in its view, damages are necessary to effectuate the congressional policy underpinning the substantive provisions of the statute. *J.I. Case Co. v. Borak,* 377 U.S. 426 (1964); *Tunstall v. Brotherhood of Locomotive Firemen & Enginemen,* 323 U.S. 210, 213 (1944).  Cf. *Wyandotte Transportation Co., v. United States,* 389 U.S. 191, 201-204 (1967)[4" *Ib.* at 403.

The Congress has never exercised its theoretical power to overrule the case.

The Plaintiff would expect the attorney to argue why *Bivens* does not apply to the Plaintiff's case but the attorney failed to acknowledge its existence let alone its applicability or non applicability to the Plaintiff's case.

The Plaintiff therefore seeks the sanctions against the attorney for violation of the requirement of canon 3.3 of the Delaware Lawyers' Rules of Professional Conduct and Rule 11(b)(2) of the Federal Rules of Civil Procedure.

Submitted on this 4th day of August of 2008.

For Plaintiff:

**Nina Shahin**

103 Shinnecock Rd.
Dover, DE 19904
Tel. # 302-678-1805

4

## CERTIFICATE OF SERVICE

### I,  NINA SHAHIN, CPA

Hereby certify that one copy of this MOTION FOR SANCTIONS AGAINST THE

ATTORNEY, RICHARD H. MORSE UNDER RULE 11 OF FEDERAL

RULES OF CIVIL PROCEDURES have been personally served today, August 4th,

2008 to the attorneys at the following addresses:

**Kevin R. Slattery**
Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

**Richard H. Morse**
Young Conaway Stargatt & Taylor LLP
The Brandwine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**Norman  H. Brooks, Jr.**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Theodore John Segletes, III**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Date: August 4th, 2008**

(Signature)

**Nina Shahin, CPA**

5



# IN THE SUPREME COURT OF THE STATE OF DELAWARE

**Mazen & Nina Shahin**

    **Plaintiffs Below,**
    **Appellants,**

  **v.**

**Delaware Federal Credit Union**

    **Defendant Below,**
    **Appellee,**

**No. 93, 2007**

---

## MOTION FOR SANCTIONS AGAINST THE ATTORNEY, MONTÈ T. SQUIRE, UNDER THE DELAWARE SUPREME COURT RULE 33 AND THE FEDERAL RULE 11

The Appellants file this Motion because the violations of the rules of civil procedures and misrepresentations on the part of the attorney should stop and in order to deter such a behavior in future penalized.

The Appellants allege the following violations and misrepresentations that were committed by this attorney for which they seek the Delaware Supreme Court sanctions:

1. Mr. Montè T. Squire does not have a legal right to represent Delaware Federal Credit Union (Del-One). The substitution of the counsel was performed with violation of the Superior Court Rule 90(b).

2. Mr. Squire in his answering brief claimed that the Justice of the Peace Court # 16 entered decision in favor of the Del-One. This is not true. The Justice of the Peace Court entered decision in favor of Nina Mazen Shahin (copy of the decision is attached as Exhibit A to this Motion).

3. Mr. Squire claimed in his Answering Brief that he notified the Appellants of the hearing on his Motion for a Decision on Pleadings to be held on January 19, 2007 and attached on page A-23 a copy of the Notice (Copy of that Notice is attached as Exhibit B to this Motion). This is not true. It appears that that Motion was electronically filed with the Superior Court on 12/21/2007 and never mailed to the Appellants. The Appellants received a Notice filed on 12/15/2007 in which no date of hearing was mentioned (see a copy in Exhibit C). That notice was mailed to the Appellants in a certified envelope with a return receipt (copy of the top of that envelope is attached in Exhibit D). This attorney's claim means that either there was no any hearing that he alleged (and this is the reason why there was no transcript of the hearing) or there was *ex parte* hearing between the judge and the attorney and they "cooked" the decision against the Plaintiffs-Appellants that dismissed their claim.

4. The Attorney submitted his Motion for Attorney's fees without any reference to any law or rule of civil procedure and in violation of the Rule 54(i). He did not provide any justification for such an anomaly as required by the canon 3.1 of the Delaware Lawyers' Rules of Professional Conduct.

5. He submitted his Motion at the time when the Superior Court had no jurisdiction over the matter because of the Appellants' timely appeal to the Supreme Court and in violation of the Rule 54(d).

The Appellants, therefore, seek sanctions against the attorney, Monte T. Squire, because it appears that the existing laws and rules of civil procedure do not apply to attorneys who practice against *pro se* litigants.

**Respectfully submitted.**

**Date:  January 4, 2008**                    **Appellants:**

**Mazen Shahin**

**Nina Shahin**

## CERTIFICATE OF SERVICE

I,  NINA SHAHIN, CPA

Hereby certify that two copies of the Appellants' Motion For Sanctions Against the Attorney, Montè T. Squire, under The Delaware  Supreme Court Rule 33 and the Federal Rule 11 were mailed by a certified mail with a return receipt on this day of January 4, 2008 to the Defendant's attorney at the following address:

Monté T. Squire., Esq. ,
The Brandywine Bldg.,
100 West St., 17th Floor
Wilmington, DE 19801

Date:____01/04/2008____          _____
                                 (signature)

                                 NINA SHAHIN, CPA

4



SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
LISA A. SEMANS
*Chief Deputy Clerk*
LATOYA S. BRADY
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*
DORIS BAILEY
*Senior Court Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER DE 19901

P.O. BOX 476
DOVER DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

January 7, 2008

Mr. Mazen Shahin
Ms. Nina Shahin
103 Shinnecock Road
Dover, DE  19904

     RE:  ***Shahin, Mazen et al., vs Del One Delaware Federal Credit Union,*** No. 93, 2007

Dear Mr. & Ms. Shahin:

     The Court has directed me to advise you that your document entitled "Motion for sanctions against the attorney, Monte T. Squire under the Delaware Supreme Court rule 33 and the federal rule 11" is stricken for being in violation of Supreme Court Rule 34, a copy of Rule 34 is enclosed for your review.

               Very truly yours,

               /s/ LaToya S. Brady

/lsb

cc:    Monte T. Squire, Esquire



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

NINA SHAHIN, )
 )
Plaintiff, ) C.A. No.: 06C-10-027 RBY
 )
v. ) NON-ARBITRATION
 )
DEL-ONE DELAWARE FEDERAL ) TRIAL BY JURY DEMANDED
CREDIT UNION, )
 )
Defendant. )

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached Motion For Attorney's Fees and Costs will be

presented to the Court on March 2, 2007 at 11:00 a.m.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com

*Attorney for Defendant Del-One Delaware Federal Credit
Union*

Dated: February 23, 2007



**STATE OF DELAWARE**
**SUPERIOR COURT**
KENT COUNTY COURTHOUSE

Lisa M. Robinson
PROTHONOTARY

38 THE GREEN
DOVER, DELAWARE 19901

TELEPHONE: 739-5328
739-3184

February 26, 2007

Monte T. Squire, Esq.
P.O. Box 391
Wilmington, DE 19899

Re:    Nina Shahin v. DEL-ONE DELAWARE FEDERAL CREDIT UNION
       Civil Action: 06C-10-027

Dear Mr. Squire,

Please re-file your Motion for Attorney's Fees and Costs. It was not filed properly according to the civl case management plan. It does not need to be noticed for a date. When the courtesy copy is filed with the Court it will be sent up to Chambers for consideration.

I apologize for the confusion and inconvenience to you.

Sincerely,

MSCosgrove

Mei-Ling Cosgrove
Civil Case Manager to Judge Young

Cc: Nina Shahin



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached Motion For Attorney's Fees and Costs is

submitted for consideration by the Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com

*Attorney for Defendant Del-One Delaware Federal Credit
Union*

Dated: February 26, 2007

13

1      IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

2              IN AND FOR KENT COUNTY

3
    NINA SHAHIN,                C.A. No. 06C-10-027 RBY
4
              Plaintiff,
5
         v.
6
    DEL-ONE,
7
              Defendant.
8

9
    BEFORE:    HON. ROBERT B. YOUNG, JUDGE
10

11  APPEARANCES:

12

13              MONTE T. SQUIRE, ESQ.
                YOUNG CONAWAY STARGATT & TAYLOR
14                 for the Defendant

15

16                HEARING TRANSCRIPT
                    JULY 19, 2007
17

18

19            JEANNE CAHILL, RMR, CRR
            SUPERIOR COURT OFFICIAL REPORTERS
20        38 The Green - Dover, Delaware 19901
                  (302) 739-5311
21

22

23

```
 1                                    July 19, 2007
                                    Courtroom No. 2
 2                                    9:35 a.m.

 3     PRESENT:

 4                 As noted.

 5                            - - - - -

 6

 7            THE COURT:  Good morning.

 8            MR. SQUIRE:  Good morning, Your Honor.

 9            THE COURT:  This is the motion for the remand

10     on attorneys' fees.  Miss Shahin is not here, from

11     her letter, is that correct?

12            MR. SQUIRE:  She's not here, Your Honor.

13            THE COURT:  I guess the first question is what

14     the basis for the legal fees is.

15            MR. SQUIRE:  Yes.  May I?

16            THE COURT:  Please.

17            MR. SQUIRE:  Good morning, Your Honor.  As you

18     know, I think you're familiar with the facts in this

19     case.  It's been, I guess, for my client and

20     ourselves, it's been a series of about 18 months of

21     three different lawsuits effectively based on the

22     same, the very same claim, originating from a $35

23     overcharge fee.
```

| 1 | Since then, and I'll just speak in the |
| 2 | litigation that I'm involved with, we've spent over |
| 3 | $10,000 in fees on a motion for judgment on the |
| 4 | pleadings, which we won.  Your Honor issued an order |
| 5 | on our behalf. |
| 6 | We then filed the motion for fees, just |
| 7 | because we think fees are appropriate, because |
| 8 | there's really no other way for us to really deal |
| 9 | with this case. |
| 10 | I mean, the plaintiff -- and we're sure she's |
| 11 | going to bring another case, likely, in the absence |
| 12 | of some type of action from the Court.  We think this |
| 13 | is bad faith conduct.  It's certainly not using the |
| 14 | Court system the way it was intended to be used. |
| 15 | And we recognize that Miss Shahin is a pro se |
| 16 | litigant, but we still think, Your Honor, she's |
| 17 | required to adhere to Rule 11, and have a good-faith |
| 18 | basis for her claim, and not use the Court system to |
| 19 | harass either the attorneys or, more importantly, to |
| 20 | harass my client. |
| 21 | THE COURT:  So this really is a request for |
| 22 | sanctions? |
| 23 | MR. SQUIRE:  I think it's twofold, Your Honor. |

1    I think it's within the discretion of the Court.

2    Certainly, we're familiar with at least the Delaware

3    Courts really imposing the American rule where

4    parties typically pay for their own expenses.

5              THE COURT:  Yeah.

6              MR. SQUIRE:  However, in circumstances like

7    this, where it's vexatious litigation or harassment,

8    or there is a series of suits that are effectively

9    based on the same claim that's already been resolved,

10   we think that constitutes bad faith, and it's within

11   the discretion of the Court to impose just sanctions.

12             And separately, we think under Rule 11,

13   specifically, 11 Subsection (b), we think that the

14   conduct of the client is certainly in bad faith and

15   constitutes harassment, and we think sanctions are

16   appropriate, or some type of payment or recourse is

17   appropriate; and we think it's in the Court's

18   discretion to do so.

19             The motion sets forth that it's about $10,000.

20   We understand that that may be more than the

21   plaintiff is equipped to pay, but we think some

22   amount at the Court's discretion is appropriate to

23   kind of end this matter.

1          One other point, Your Honor, I did indeed try
2     to contact Miss Shahin to talk about settlement,
3     perhaps, if she'd agree not to bring future
4     litigation based on these same transaction and
5     occurrences, and she flatly rejected that.

6          And again, I think in the absence of some type
7     of Court action or some type of reprimand, we're
8     going to be here again a few months from now.

9          THE COURT:  I can appreciate your frustration.
10          Have you come upon any case law or anything
11     besides Rule 11 that supports this?

12          MR. SQUIRE:  I think the case law -- I didn't
13     find anything that was specifically on point.  And I
14     think the case law, Delaware case law, goes the other
15     way.  There are not a lot of cases to deal with a pro
16     se circumstance, so I think we're at the point where
17     it's almost a case of first impression.

18          And admittedly, most of the cases that deal
19     with this issue, at least in the context of attorneys
20     or folks admitted to practice before the Court,
21     either pro hac or the like, have really kind of
22     reverted to the American rule.  So we understand that
23     we're swimming uphill, upstream, but we think that

1    something needs to be done.

2         I just know that the system is not set up to

3    be using judicial resources and fees for this type of

4    matter.  There has to be some type of mechanism.

5         THE COURT:  This -- we don't know about the

6    future, of course, but this case has run the course

7    through the Supreme Court and is over.  Is that

8    correct?

9         MR. SQUIRE:  Yes.  Well, the Supreme Court has

10   remanded this particular issue.

11        THE COURT:  Other than this remand for the --

12        MR. SQUIRE:  And the Court has said that once

13   this issue is resolved, briefing will start again.

14        THE COURT:  On this issue?

15        MR. SQUIRE:  On -- it's my understanding it

16   will start anew on the motion for judgment on the

17   pleadings, because that was what was originally

18   appealed, and this was just a part of that.

19        So based on my reading of the papers from the

20   Supreme Court, this is going to start all over again

21   on appeal right after this particular issue is

22   resolved here.

23        (Discussion held off the record.)

1        THE COURT:  All right.  On the representations
2   by counsel for Del-One, and in the absence of any
3   position to the contrary by the plaintiff, and a
4   reasonable inquiry pursuant to Rule 11(b) having been
5   made, it's the finding of the Court that pleadings
6   have been submitted which are not, to the best of the
7   plaintiff's knowledge, information and belief, formed
8   after an inquiry reasonable under the circumstances,
9   or have not been presented for proper purposes, or
10  lack factual contentions with evidentiary support, or
11  are not warranted under the evidence provided.

12        As a result, sanctions under 11(c) are
13  appropriate, having been initiated properly by
14  motion.

15        The sanctions indicated will be $2,984.79.
16  The amount indicated reflects actual expenses as
17  delineated by the motion of the defendant, and an
18  additional $2500, which does not approach the amount
19  of time compensation for this matter, but attempts to
20  reflect the circumstances of the plaintiff in this
21  case.

22        (Motion hearing adjourned at 9:45 a.m.)

23

8

STATE OF DELAWARE:

KENT COUNTY:


        I, Jeanne Cahill, Official Court Reporter of
the Superior Court, State of Delaware, do hereby
certify that the foregoing is an accurate transcript
of the proceedings had, as reported by me in the
Superior Court of the State of Delaware, in and for
Kent County, in the case therein stated, as the same
remains of record in the Office of the Prothonotary
at Dover, Delaware, and that I am neither counsel nor
kin to any party or participant in said action nor
interested in the outcome thereof.

        This certification shall be considered null
and void if this transcript is disassembled in any
manner by any party without authorization of the
signatory below.

            WITNESS my hand this 20th day of July, 2007.


                    _____
                    Jeanne Cahill, RMR, CRR
                    Delaware CSR # 160-PS

1      IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

2                  IN AND FOR KENT COUNTY

3
       NINA SHAHIN,                C.A. No. 06C-10-027 RBY
4
                   Plaintiff,
5
            v.
6
       DEL-ONE,
7
                   Defendant.
8

9
       BEFORE:    HON. ROBERT B. YOUNG, JUDGE
10

11     APPEARANCES:

12

13              MONTE T. SQUIRE, ESQ.
                YOUNG CONAWAY STARGATT & TAYLOR
14                for the Defendant

15

16                  HEARING TRANSCRIPT
                    JULY 19, 2007
17

18

19              JEANNE CAHILL, RMR, CRR
                SUPERIOR COURT OFFICIAL REPORTERS
20           38 The Green - Dover, Delaware 19901
                    (302) 739-5311
21

22

23

14

RECEIVED
AND
FILED

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR KENT COUNTY**

07 JUL 17  AM 11: 37

KENT COUNTY
PROTHONOTARY

| | | |
|---|---|---|
| **NINA  AND MAZEN SHAHIN,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **Civil Action No.06C-10-027 RBY** |
| | ) | |
| **DEL-ONE Delaware Federal Credit Union** ) | | |
| **Former** | ) | |
| **DE FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| **Defendant** | ) | |

### PLAINTIFF'S NOTICE OF NOT ATTENDING HEARING ON JULY 19, 2007

NOW COMES the plaintiffs and give a notice to this court that they will not attend a hearing on attorney's fees scheduled for July 19, 2009 for the following reasons:

1. This court is without jurisdiction on the issue for attorney's fees because the case is presently on appeal at the Superior Court and there is no "final judgment" rendered so far which is necessary for hearing the case for any cause for awarding court costs per rule 54(d) of the Superior Court Rules of Civil Procedure.

2. Even if the attorney's fees could be considered as court costs, the Rule 54(i) of Superior Court Rules of Civil Procedure specifically prohibits the award of the attorney fees by a Superior Court in any action and the attorney in his motion failed to indicate the reason why this rule should be disregarded.  Failing to make a reference to a law that governs request of his Motion as well as specifying why the law should not be applied is a violation of Canon 3.1 of the Delaware Lawyers Rules of Professional Conduct.

3. Scheduling a hearing on a matter that has no legal substance because there is no legal precedent of awarding attorney's fees in a *pro se* representation, no jurisdiction, and so many violations of the law, procedure, and rules of professional conduct is nothing short of judicial harassment.

Submitted on behalf of both Plaintiffs

N. Shahin
**NINA SHAHIN, CPA**

**For both plaintiffs**

**In *pro se* representation**
103 Shinnecock Rd.
Dover, DE 19904
**July 17, 2007**                    Tel. (302) 678-1805

1

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | |
|---|---|
| **Nina and Mazen Shahin** | ) |
| | ) |
| | ) **Civil Action No.06C-10-027 RBY** |
| **vs.** | ) |
| | ) |
| **Delaware Federal Credit Union** | ) |

### CERTIFICATE OF SERVICE

I certify that two copies of the foregoing Plaintiff's Notice Of Not Attending Hearing On July 19, 2007 were mailed to the attorney of the defendant to the following address:

> **Young Conaway Stargatt & Taylor, LLP**
> **Monté T. Squire, Esq.**
> **The Brandywine Building**
> **1000 West Street, 17th floor**
> **Wilmington, DE 19899-0391**
> **(302)571-6713**

by a certified mail with return receipt on this 17 day of July, 2007.

**Nina Shahin**
**For both plaintiffs**
**In *pro se* representation**
103 Shinnecock Rd.
Dover, DE 19904
Tel. (302) 678-1805

**Date:**          **July 17, 2007**

15

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Mazen & Nina Shahin

      **Plaintiffs Below,**          **No. 93, 2007**
      **Appellant,**
      **v.**

**Del-One, Delaware Federal Credit Union**

      **Defendant Below,**
      **Appellee,**

## MOTION-PROTEST AND THE REQUEST FOR A COURT RULING

Plaintiffs-Appellants hereby file this Motion with the Supreme Court of the State of Delaware after receiving the Defendant's attorney's Motion for Attorney's Fees and Costs filed with the Superior Court of Delaware on July 9, 2007 copy of which is attached in the Exhibit A.

The Plaintiffs-Appellants protest the following:

1. The Delaware Supreme Court issued an order on June 11, 2007 to vacate the Superior Court decision of March 16, 2007 awarding the opposing attorney fees in amount of $ 2,500 (Exhibit B). Although the Appellants in their motions raised the issue of judicial harassment and violations of their constitutional rights of "due process" and "equal protection" in submitting, processing and issuance of the court order on the attorney's fees, the Supreme Court used the reason of "lack of jurisdiction" claiming that the Plaintiffs-Appellants' timely appeal filed with the Delaware Supreme Court on February 20, 2007 left the Superior Court with no jurisdiction over the matter of attorney's fees

filed by attorney in a Motion on February 26, 2007. It is surprising and illogical then for the Supreme Court to remand the issue back to the Superior Court for hearing on the issue over which it has no jurisdiction. The only explanation for such an illogical decision of this court can be given that the Supreme Court is trying to convey legitimacy to the unconstitutional decision of the Delaware Superior Court and the Appellants refuse to play any role in such a spectacle.

2. It is obvious that the Delaware Supreme Court is trying to provide a cover up for the complete denial of the basic constitutional rights to the Appellants by the Superior court judge in a process in which there were no proper notice, any type of hearing, any necessary attributes of an adversarial process like confrontation and cross-examination and finally, no any reference to law, rules, regulations or case law neither in the attorney's motion nor in the judge's decision and actually made in violation of the Rule 54(i) of the Superior Court Rules of Civil Procedure. In addition, there are all indications that the attorney and the judge acted in collusion culminating in the attorney's call to the Appellant on March 22, 2007 (six days after that unconstitutional Superior Court decision of the judge Robert B. Young) with the desire to settle on the money of the judgment. It is because of that telephone call the Appellants raised the issue of judicial harassment that the Supreme Court decided to ignore. It appears also that both the judge and the attorney violated their respective rules of professional conduct by filing, processing, and awarding the money on fraudulently filed motion on which the Superior Court had no jurisdiction.

3. The Supreme Court decision of June 11, 2007 in paragraph (4) also rendered null and void all filings of the parties to this court including Shahin's "Motion Filed under Rule 30(b)", "Shahin's opening brief and appendix, and Del-One's motion to affirm" although

2

no legal basis for such an annulment was given. It appears to the Appellants that the Delaware Supreme Court did not like the issue of collusion between the judges of Superior and Supreme courts and the corruption raised by the Appellants as well as the obvious violations by the attorney of the Del-One of all stipulations under which the Motion to Affirm can be filed. It is obvious that the Supreme Court is trying to provide the cover-up for all the violations of the Appellants' constitutional rights, rules of civil procedures and professional standards by judges and the attorney.

The Appellants have no doubts that the hearing on July 19, 2007 at the Superior Court on the subject over which the court has no jurisdiction because there is no "final judgment" in this case that is a necessary attribute for award of any court costs (Rule 54(d) of the Superior Rules of Civil Procedure) is staged specifically to convey legitimacy to the process previously conducted in a way that rendered that process unconstitutional to arrive at the same outcome as before. As in the famous saying "Fool me once shame on you, fool me twice shame on me" the Appellants do not believe in honesty or impartiality of the judge who had previously falsified the decision of the Justice of the Peace Court, denied them the statutory provisions of the Regulations CC and awarded the attorney fees in violation of the Rule 54(i) of civil procedures of the Superior Court (Rule 54(i) specifically says that "No appearance fees for attorney will be permitted or taxed as costs in any action or cause in the Superior Court"). Neither do they trust in honesty and professional integrity of the Supreme Court who consistently shielded judges and attorneys and provided cover-up for their violations.

The Appellants, therefore, put the Delaware Supreme Court on a notice that they will not attend the hearing on July 19, 2007 as a protest at the Supreme Court cover-up

3

action to convey legitimacy to unconstitutional decision of the Superior Court awarding opposing attorney's fees especially since the Superior Court does not have jurisdiction over that matter until a "final judgment" issued by a Supreme Court on the appeal in this case.

Secondly, they respectfully request this court to issue a ruling on the attorney's violations of the Delaware Lawyers' Rules of Professional Conduct by lying to the court about the hearing held on January 19, 2007 (Canon 3.3(a)(1) that prohibits an attorney from making "a false statement of fact... and ...failed to correct a false statement of material fact previously made to the tribunal") as well as submitting legally meritless Motion for Attorney's Fees in violations of rules of civil procedures of the Delaware Superior Courts (Canon 3.1 "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a goof faith argument for an *extension, modification, or reversal of existing law"* (*emphasis added by Appellants).

Respectfully submitted on this 17th day of July, 2007,

on behalf of the Plaintiffs-Appellants,

Nina Shahin

103 Shinnecock Rd.
Dover, DE 19904
(302)678-1805

4

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached Motion For Attorney's Fees and Costs is

scheduled to be heard by the Court on Thursday, July 19, 2007 at 9:30 a.m.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com

*Attorney for Defendant Del-One Delaware Federal Credit
Union*

Dated: July 9, 2007

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

NINA SHAHIN,                              )
                                          )
                    Plaintiff,            )     C.A. No.: 06C-10-027 RBY
                                          )
v.                                        )     NON-ARBITRATION
                                          )
DEL-ONE DELAWARE FEDERAL                  )     TRIAL BY JURY DEMANDED
CREDIT UNION,                             )
                                          )
                    Defendant.            )

## MOTION FOR ATTORNEY'S FEES AND COSTS

Defendant, Del-One Delaware Federal Credit Union ("Del-One") by and through the

undersigned counsel, hereby moves this Court for an Order requiring Plaintiff to pay all of the

attorney's fees incurred in connection with its defense of this action. In support of this motion

defendant avers as follows:

1.     On or about October 20, 2006, Plaintiff filed a Complaint against Del-One for

alleged incidents involving banking transactions that occurred in October 2003, May 2004,

December 2004, March 2005 and June 2005. (D.I. 2 at ¶ 3).

2.     Del-One filed its Answer and Affirmative Defenses to this action on November

15, 2006 (D.I. 9), and its Motion for Judgment on the Pleadings on December 21, 2006 (D.I. 12).

3.     This suit was the latest in a series of lawsuits and appeals that Plaintiff has

brought against Del-One over the past eighteen months, all involving meritless claims or claims

that have either already been considered and decided in favor of Del-One on the merits in other

Courts of this State, or that were pending before other Courts of this State.

4.     A hearing on defendant's Motion for Judgment on the Pleadings was held on

January 19, 2007.

5.    During that hearing the Court granted defendant's motion and ordered that based on the record and facts presented in the case, and request by counsel, that the Plaintiff be required to pay the attorney's fees and expenses incurred by Del-One to defend the case.[1]

6.    The Court entered a written Order in this matter on January 22, 2007.[2] (D.I. 24).

7.    Attached to this motion is a declaration by defendant's counsel, detailing the time, fees and expenses incurred defending this case. The total fees and disbursements of $10,207.53[3] are well in accord with usual practices and charges in this area of law, given the nature and extent of the case.

WHEREFORE, it is respectfully requested that as ordered during the January 19, 2007 hearing, the plaintiff be assessed the attorney's fees and costs incurred by defendant in defending this action or another amount that the court deems fair and appropriate.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-391
Telephone:  (302) 571-6713
msquire@ycst.com

*Attorney for Defendant Del-One Delaware Federal Credit Union*

Dated:  July 9, 2007

---

[1]    All papers and prior filings in this case are incorporated herein by reference.

[2]    However, the written Order did not contain the provision for attorney's fees. and there is no transcript available from the January 19, 2007 hearing.

[3]    Since the filing of the original motion, defendant has incurred an additional $3,742.74 in fees and expenses defending this case. Plaintiff has since filed a petition for writ certiorari in the U.S. Supreme Court and an appeal in the Supreme Court of Delaware.

2

# **EXHIBIT B**

EFiled: Feb 26 2007 5:05PM EST
Transaction ID 13928862
Case No. 06C-10-027-RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

NINA SHAHIN,                          )
                                      )
                    Plaintiff,        )    C.A. No.: 06C-10-027 RBY
                                      )
v.                                    )    NON-ARBITRATION
                                      )
DEL-ONE DELAWARE FEDERAL              )    TRIAL BY JURY DEMANDED
CREDIT UNION,                         )
                                      )
                    Defendant.        )

## ORDER

AND NOW, upon consideration of Defendant Del-One Delaware Federal Credit Union's

Motion for Attorney's Fees and Costs and good cause for the Motion having been shown and

upon finding that Defendant is entitled to judgment in its favor,

IT IS HEREBY ORDERED, this _16th_ day of _March_____, 2007, that the

_IN THE AMOUNT OF $5000.00_

Defendant's Motion for Attorney's Fees and Costs is GRANTED.

_____
Judge Robert B. Young

2007 MAR 16  AM 10: 20
KENT COUNTY
PROTHONOTARY
RECEIVED AND
FILED

3

DB02:5792621.1                                              065810.1001

## CERTIFICATE OF SERVICE

I, NINA SHAHIN, CPA

~~Hereby certify that two copies of this MOTION-PROTEST AND REQUEST FOR~~
~~A DECISION has been mailed today, July 17, 2007 by certified mail to the attorney,~~
~~Monte T. Squire, Esq., at the following address:~~

a true copy of the Plaintiff's Brief in
Opposition to the Defendant's Morris Conaway,
Stargatt & Taylor LLP's Motion to Dismiss Plaintiff's

(1) Richard H. Morse Complaint was personally
     **The Brandywine Bldg.**       delivered to the attorney at
     **100 West Street, 17th Floor**   the following addresses:
     **Wilmington, DE 19801**

(2) Kevin R. Slattery

~~and a return receipt is requested:~~

Deputy Attorney General
829 N. French St / 6th Fl.
Wilmington, DE 19801

(3) and (4) Norman H. Brooks Jr
              Theodore John Stegletes III

                         N. Shal.
                    **(signature)**

                    **Nina Shahin, CPA**

Marks, O'Neol, O'Brian and
Courtney PC
913 N. Market St, Suite 800
Wilmington DE 19801

~~Date: July 17, 2007~~

August 4th, 2008

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

### FOR THE
## DISTRICRT OF DELAWARE

| | | |
|---|---|---|
| <u>NINA SHAHIN</u> | ) | |
| Plaintiff | ) | |
| v. | ) | **Civil Action No. 08-295 GMS** |
| | ) | |
| <u>PAMELA A. DARLING et al</u> | ) | |
| Defendant | ) | |

## MOTION FOR SANCTIONS AGAINST THE ATTORNEYS, TEODORE J. SEGLETES, III AND NORMAN H. BROOKS, UNDER RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURES

The Plaintiff, Nina Shahin, files this Motion for sanctions under Rule 11 against the attorneys, Theodore J. Segletes, III and Norman H. Brooks, Jr., of Marks, O'Neal, O'Brien & Courtney, P.C. for violation of Rule 11(b)(3) that requires that 'the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;" and Rule 11)b)(2).

1.     On page 5 of their Brief in Support of their Motion to Dismiss in section 'Statement of Facts' after the opening paragraph that has a superscript reference '1' the attorneys made the following statement of fact: "In the third case, Plaintiff erroneously alleges that "[t]he original attorney, Gregory Morris (from the defendant's firm of Liguori, Morris and Yiengst) was substituted in violation of the provision of the [sic] rule 90(b) of the Superior Court Rules of Civil Procedure..." Complaint, pg. 4.  **However,**

1

**neither Mr. Morris nor his firm ever represented Del-One with regard to the third case".** (Emphasis by bold is added by the Plaintiff).

The evidence in this case provides support to the contrary of the attorneys' assertions:

- The firm of Liguori Morris & Yiengst filed with the Superior Court 'Civil Case Information Statement' (CIS) indicating that the firm and the attorney represented Del-One in that particular case (recorded in the Superior Court under # 06C-10-027 RBY) (**Exhibit A**).

- On 11/15/2006 the attorney, Gregory A. Morris, filed 'Defendant's Answer to Complaint' in the third case along with the Defendant's Answer to Form 30 Interrogatories (**Exhibit B**).

- On 11/22/2006 the attorney, Gregory A. Morris, filed a 'Substitution of Counsel' motion with the Superior Court of Delaware that was mailed to the Defendant on the same day (**Exhibit C** - copy of the Motion; **Exhibit D** – copy of the envelope)

- On 11/22/2006 the firm of Young Conaway Stargatt & Taylor LLP filed a 'Substitution of Counsel' Motion specifically asking "Please withdraw the Appearance of Gregory A. Morris, Esquire, as attorney for the Defendant Del-One Delaware Federal Credit Union". (**Exhibit E**).

2. Both attorneys from the form of Marks, O'Neal, O'Brien & Courtney, P.C have never notified the Plaintiff that they represent the firm of Liguori Morris & Yiengst, so the Plaintiff learnt about their representation only on 07/31/2008 at the office of the clerk of the federal District Court when she

filed her first Motion in Opposition to the Deputy Attorney's General Motion to Dismiss.

3. The attorneys failed to disclose the Supreme Court decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1999) that is favorable to the Plaintiff as they are required to do in accordance with the requirement of canon 3.3 of the Delaware Attorneys' Rules of Professional Conduct and Rule 11(b)(2) of the Fed. Rules of Civil Procedure.

The Plaintiff, therefore, asks the Court to administer the appropriate sanctions against the Attorneys, Theodore J. Segletes, III and Norman H. Brooks representing the firm of Marks, O'Neal, O'Brien & Courtney, P.C.

Submitted on this 12th day of August of 2008.

For Plaintiff:

**Nina Shahin**

103 Shinnecock Rd.
Dover, DE 19904
Tel. # 302-678-1805

**Date: August 12th, 2008**

# EXHIBIT A

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:    N    K    S

CIVIL ACTION NUMBER: 06C-10-027 RBY

Civil Case Code _CPIN_____

Civil Case Type _Personal Injury_____

(SEE REVERSE SIDE FOR CODE AND TYPE)

| Caption:<br>Nina Shahin,<br><br>            Plaintiff,<br><br>            v.<br><br>DEL-ONE DELAWARE FEDERAL CREDIT UNION,<br><br>Formerly, DE FEDERAL CREDIT UNION<br><br>            Defendant. | Name and Status of Party filing document:<br>    Rene Thompson, representative of Defendant<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br>    Answer to Complaint<br><br>Non-Arbitration ___<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ___  Mediation ___  Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE)  **ACCEPT**  **REJECT**<br>JURY DEMAND  YES ____  NO __X__<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>**EXPEDITED    STANDARD    COMPLEX** |
| ATTORNEY NAME(S):<br>Gregory A. Morris<br><br>ATTORNEY ID(S):<br>3014<br><br>FIRM NAME:<br>Liguori Morris & Yiengst<br><br>ADDRESS:<br>46 The Green<br><br>Dover, DE 19901<br><br>TELEPHONE NUMBER:<br>302-678-9900<br>FAX NUMBER:<br>302-678-3008<br><br>E-MAIL ADDRESS:<br>gam_lmy@msn.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

Revised 6/2002

# EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| **NINA SHAHIN,** | **: C.A. NO.:  06C-10-027 RBY** |
| | **:** |
| **Plaintiff,** | **: NON-ARBITRATION** |
| | **:** |
| **v.** | **:** |
| | **:** |
| **DEL-ONE DELAWARE FEDERAL** | **:** |
| **CREDIT,UNION, Formerly DE** | **:** |
| **FEDERAL CREDIT UNION** | **:** |
| **Defendant.** | **:** |

## DEFENDANT'S ANSWER TO COMPLAINT

**NOW COMES,** the Defendant, by and through their attorneys, Liguori Morris &

Yiengst, and responds to the complaint as follows:

1.    Admitted.

2.    Admitted.

3.    Denied.

- Admitted a mistake was made by Defendant but it was corrected by

    them.

- First sentence—Admitted.

    Second sentence—Admitted.

    Third sentence—Admitted.

    Fourth sentence—Admitted.

    Fifth sentence—Admitted that a letter was sent advising Plaintiff the

    loan had been denied.

    Sixth sentence—Denied.

    Seventh sentence—Denied.

- First sentence—Admitted.

  Second sentence—Denied.

  Third sentence—Admitted that Plaintiff contacted Lisa Brewer and
  Ms. Brewer made a phone call to verify the availability of funds.
  Fourth sentence—Admitted. No apology was given since none was
  necessary.

- First sentence—Defendant is without sufficient information to admit
  or deny this allegation therefore it is denied.

  Second sentence—Defendant is without sufficient information to
  admit or deny this allegation therefore it is denied.

  Third sentence—Defendant is without sufficient information to admit
  or deny this allegation therefore it is denied.

- First sentence—Admitted.

  Second sentence—Admitted.

  Third sentence—Defendant is without sufficient information to admit
  or deny this allegation therefore it is denied.

  Fourth sentence—Defendant is without sufficient information to admit
  or deny this allegation therefore it is denied.

  Fifth sentence—Denied.

  Sixth sentence—Defendant is without sufficient information to admit
  or deny this allegation therefore it is denied.

  Seventh sentence—Admitted. Case was dismissed and ultimately
  appealed to the Court of Common Pleas, Superior Court and is now

pending before the Delaware Supreme Court.

4.    Denied.

5.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is totally meritless and Plaintiff is committing malicious

prosecution by pursuing such claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is totally meritless and Plaintiff is committing malicious

prosecution by pursuing such claim and is in violation of Superior Court Civil Rule

11.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Res Judicata.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims have been previously decided by other Courts or are pending

before other Courts awaiting final disposition.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing claims on behalf of her husband.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add any additional affirmative defenses discovered

during the discovery process.

**WHEREFORE,** Defendant demands that Plaintiff's actions be dismissed

and award Defendant attorney's fees, Court costs, and any other relief deemed reasonable

by the Court due to the fact that Plaintiff's complaint is meritless and brought as an

attempt to harass the Defendant

                                        **LIGUORI, MORRIS & YIENGST**

                                        **/s/Gregory A. Morris**
                                        **GREGORY A. MORRIS, ESQ.**
                                        46 The Green
                                        Dover, Delaware 19901
                                        (302) 678-9900
DATED: November 15, 2006              Bar ID. 3014
                                        Attorney for Defendant

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR KENT COUNTY**

| | |
|---|---|
| **NINA SHAHIN,** | **: C.A. NO.:  06-10-027 RBY** |
| | : |
| **Plaintiff,** | **: NON-ARBITRATION** |
| | : |
| **v.** | : |
| | : |
| **DEL-ONE DELAWARE FEDERAL** | : |
| **CREDIT,UNION, Formerly DE** | : |
| **FEDERAL CREDIT UNION** | : |
| **Defendant.** | : |

### DEFENDANT'S ANSWERS TO FORM 30 INTERROGATORIES

1.    Give the name and present and last known residential and employment address and

telephone number of each eyewitness to the incident which is the subject to the litigation.

**ANSWER:**

Plaintiff and various representatives of Del-One and Delaware Federal Credit Union.

2.    Give the name and present or last know residential and employment address and

telephone number of each person who has knowledge of the facts relating to the litigation.

**ANSWER:**    In addition to the answer given to Interrogatory #1, the following individuals

have knowledge of the facts relating to the litigation:

> Personnel of the Justice of the Peace Court 16.
> Court personnel of Court of Common Pleas of Kent County Delaware
> Court personnel of Delaware Superior Court
> Court personnel of Delaware Supreme Court.
> Personnel of Liguori Morris & Yiengst.

3.    Give the names of all persons who have been interviewed in connection with the

above litigation, including the names and present or last known residential and employment

addresses and telephone numbers of the persons who made said interviews and the names and present or last known

residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

**ANSWER:**    None other than those protected by attorney/client privilege.

4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

**ANSWER:** None.

5.   Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**ANSWER:**    No experts have been retained at this time, if experts are required, it is anticipated that one or more of the medical providers listed in the answer to Interrogatory #2, above, will be retained.

6. Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

a. The name and address of all companies insuring the risk;

b. The policy number(s);

c. The type of insurance; and

d. The amount of primary, secondary, and excess coverage.

**ANSWER:**

None known at this time by Defendant.

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

**ANSWER:**    Not applicable

**LIGUORI, MORRIS & YIENGST**

**/s/Gregory A. Morris**
**GREGORY A. MORRIS, ESQ.**
46 The Green
Dover, Delaware  19901
(302) 678-9900
DATED: November 15, 2006    Bar ID. 3014
Attorney for Defendant

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | |
|---|---|
| NINA SHAHIN, | : C.A. NO.: 06-10-027 |
| | : |
| Plaintiff, | : NON-ARBITRATION |
| | : |
| v. | : |
| | : |
| DEL-ONE DELAWARE FEDERAL CREDIT, | : |
| UNION, Formerly DE FEDERAL CREDIT | : |
| UNION | : |
| Defendant. | : |

### AFFIDAVIT

STATE OF DELAWARE    }
                     } S.S.
KENT COUNTY          }


**BE IT REMEMBERED** that on this __15th___ day of November, A.D. 2006, personally came before me, the Subscriber, a notary public in and for the State and County aforesaid, Rene Thompson, who by me duly sworn according to law, did depose and say that she is a representative of the Defendant in the foregoing matter and that the foregoing Defendant's Answers to Form 30 Interrogatories are true and correct to the best of her knowledge, information and belief.

Rene Thompson


**SWORN TO AND SUBSCRIBED** before me on the date and year aforesaid.

NOTARY PUBLIC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | |
|---|---|
| **NINA SHAHIN,** | **: C.A. NO.: 06-10-027 RBY** |
| | **:** |
| **Plaintiff,** | **: NON-ARBITRATION** |
| | **:** |
| **v.** | **:** |
| | **:** |
| **DEL-ONE DELAWARE FEDERAL** | **:** |
| **CREDIT,UNION, Formerly DE** | **:** |
| **FEDERAL CREDIT UNION** | **:** |
| **Defendant.** | **:** |

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused copies of the foregoing

Answer to Complaint and Answer to Form 30 Interrogatories to be served via U.S. Mail

upon:

>        Nina Shahin
>        103 Shinnecock Rd.
>        Dover, DE 19904


                                    **LIGUORI, MORRIS & YIENGST**

                                    **/s/Gregory A. Morris**
                                    **GREGORY A. MORRIS, ESQ.**
                                    46 The Green
                                    Dover, Delaware  19901
                                    (302) 678-9900
DATED: November 15, 2006          Bar ID. 3014
                                    Attorney for Defendant

# EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| **NINA SHAHIN,** | **: CASE NUMBER:  06C-10-027 RBY** |
| | **:** |
| **v.** | **:  NON-ARBITRATION** |
| | **:** |
| **DEL-ONE DELAWARE FEDERAL** | **:  TRIAL BY JURY DEMANDED** |
| **CREDIT UNION,** | **:** |
| | **:** |
| Defendant. | **:** |

## SUBSTITUTION OF COUNSEL

**PLEASE ENTER THE APPEARANCE** of Monté T. Squire, Esquire, of the law firm

of Young Conaway Stargatt & Taylor, LLP, as attorney for Defendant Del-One Delaware

Federal Credit Union.

**PLEASE WITHDRAW THE APPEARANCE** of Gregory A. Morris, Esquire, as

attorney for the Defendant Del-One Delaware Federal Credit Union.

**LIGUORI, MORRIS & YIENGST**        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

**/s/Gregory A. Morris**                          **/s/ Monté T. Squire**_____
**GREGORY A. MORRIS, ESQ.**          **MONTÉ T. SQUIRE, ESQUIRE**
46 The Green                                        The Brandywine Building
Dover, Delaware  19901                        1000 West Street, 17th Floor
(302) 678-9900                                      P.O. Box 391
Bar ID. 3014                                          Wilmington, DE 19899-0391
Attorney for Defendant                          (302)571-6713
                                                            Bar ID. 4764

**SO ORDERED** this _____ day of _____, 2006.

_____
**JUDGE**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| **NINA SHAHIN,** | **: CASE NUMBER:  06C-10-027 RBY** |
| | **:** |
| **v.** | **:  NON-ARBITRATION** |
| | **:** |
| **DEL-ONE DELAWARE FEDERAL** | **:  TRIAL BY JURY DEMANDED** |
| **CREDIT UNION,** | **:** |
| | **:** |
| **Defendant.** | **:** |

## CERTIFICATE OF SERVICE

This is to certify that the Defendant's Substitution of Counsel was served

to:

Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904

via First-Class Mail on the __22__ day of __November____, 2006.

**LIGUORI, MORRIS & YIENGST**

**/s/Gregory A. Morris**
**GREGORY A. MORRIS, ESQ.**
46 The Green
Dover, Delaware  19901
(302) 678-9900
DATED:11/22/06                          Bar ID. 3014
Attorney for Defendant

# EXHIBIT D



**Liguori, Morris & Viengst**

Attorneys At Law
46 The Green
Dover, Delaware 19901

Nina Shahin
103 Shinnecock Rd
Dover, DE 19904

1 3904 1 3446

# EXHIBIT E

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| NINA SHAHIN, | : CASE NUMBER: 06C-10-027 RBY |
| | : |
| v. | : NON-ARBITRATION |
| | : |
| DEL-ONE DELAWARE FEDERAL | : TRIAL BY JURY DEMANDED |
| CREDIT UNION, | : |
| | : |
| Defendant. | : |

## SUBSTITUTION OF COUNSEL

**PLEASE ENTER THE APPEARANCE** of Monté T. Squire, Esquire, of the law firm

of Young Conaway Stargatt & Taylor, LLP, as attorney for Defendant Del-One Delaware

Federal Credit Union.

**PLEASE WITHDRAW THE APPEARANCE** of Gregory A. Morris, Esquire, as

attorney for the Defendant Del-One Delaware Federal Credit Union.

**LIGUORI, MORRIS & YIENGST**          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

**/s/Gregory A. Morris**                    **/s/ Monté T. Squire**
**GREGORY A. MORRIS, ESQ.**          **MONTÉ T. SQUIRE, ESQUIRE**
46 The Green                                      The Brandywine Building
Dover, Delaware 19901                       1000 West Street, 17th Floor
(302) 678-9900                                   P.O. Box 391
Bar ID. 3014                                        Wilmington, DE 19899-0391
Attorney for Defendant                       (302)571-6713
                                                          Bar ID. 4764

**SO ORDERED** this _____ day of _____, 2006.

_____
**JUDGE**

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY**

| | |
|---|---|
| **NINA SHAHIN,** | : **CASE NUMBER:  06C-10-027 RBY** |
| | : |
| **v.** | : **NON-ARBITRATION** |
| | : |
| **DEL-ONE DELAWARE FEDERAL** | : **TRIAL BY JURY DEMANDED** |
| **CREDIT UNION,** | : |
| | : |
| **Defendant.** | : |

**CERTIFICATE OF SERVICE**

This is to certify that the Defendant's Substitution of Counsel was served

to:

Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904

via First-Class Mail on the _22_ day of _November_, 2006.


**LIGUORI, MORRIS & YIENGST**


**/s/Gregory A. Morris**
**GREGORY A. MORRIS, ESQ.**
46 The Green
Dover, Delaware  19901
(302) 678-9900
DATED:11/22/06            Bar ID. 3014
Attorney for Defendant

## CERTIFICATE OF SERVICE

### I, NINA SHAHIN, CPA

Hereby certify that one copy of this MOTION FOR SANCTIONS AGAINST THE

ATTORNEYS, THEODORE J. SEGLETES, III AND NORMAN H.

BROOKS UNDER RULE 11 OF FEDERAL RULES OF CIVIL

PROCEDURES have been personally served today, August 12th, 2008 to the attorneys

at the following addresses:

**Kevin R. Slattery**
Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

**Richard H. Morse**
Young Conaway Stargatt & Taylor LLP
The Brandwine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**Norman H. Brooks, Jr**.
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Theodore John Segletes, III**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Date: August 12th, 2008**

(signature)

**Nina Shahin, CPA**

4

# EXHIBIT 2

# LINDA A. LAVENDER
COURT OF COMMON PLEAS
38 THE GREEN
DOVER, DE 19901
302-739-4620
ext. 613

January 26, 2006

RE: Shahin v. DE Federal Credit Union
Civil Action No. 05-09-0074AP

Dear Mrs. Shahin,

This is in response to your request, submitted to the Honorable Merrill C. Trader, concerning listening to the audio of the proceedings held on December 21, 2005, in the Court of Common Pleas, Kent County, Delaware.

Last week you were mailed the transcript of the above-mentioned proceedings. I can understand a layperson possibly not being completely familiar with the way court proceedings are held, and then questioning exactly what was conducted in the courtroom. But I can't understand the personal attack against me in your request to listen to the audio. I can assure you I have no interest at all in your dispute with the Delaware Federal Credit Union, nor, as you stated to me, their corrupt personnel.

Your statement concerning "instances that in aggregate amount to falsification of the records" was highly insulting to me. I mailed your transcript in a timely manner, and handled any dealing with you professionally.

Sincerely,

Linda A. Lavender

xc: Honorable Merrill C. Trader
    Prothonotary's Office, Kent County
    Gregory Morris, Esquire

# EXHIBIT 3

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL CREDIT UNION,** | * | |
| **APPELLEE** | * | |
| | * | |

## APPELLEE DELAWARE FEDERAL CREDIT UNION RESPONSE TO APPELLANTS MOTION TO DECLINE TO ACCEPT THE TRANSCRIPT FROM THE COURT OF COMMON PLEAS

Appellee, Delaware Federal Credit Union, by and through their undersigned attorney hereby responds to Appellants' Motion to Decline to Accept the Transcript from the Court of Common Pleas. In support of their response, Appellee states the following:

1. On or about January 11, 2006, the Appellee's Nina and Mazen Shahin filed a Notice of Appeal with the Delaware Superior Court in and for Kent County from a decision of the Court of Common Pleas granting Delaware Federal Credit Union's Motion for Summary Judgment.

2. As a result of the appeal, the Court of Common Pleas prepared a transcript of the Motion hearing which was held on December 21, 2005. A copy of the transcript was provided directly to the Appellant by Linda Lavander, the Official Court Reporter of the Court of Common

Pleas in and for Kent County.

3.  The Appellants made a request with the Court of Common Pleas that they be allowed to listen to and review the tape of the Court proceedings for the hearing which took place on December 21, 2005. The lower Court denied their request. (Attached as Exhibit "A" is the letter dated January 26, 2006 from the Honorable Merrill C. Trader)

4.  The Appellants filed a Motion to Decline to Accept the Transcript from the Court of Common Pleas.  The Motion filed by the Appellant does not provide any legal authority for their position that the transcript not be accepted from the Court of Common Pleas.  The Appellants also fail to provide any factual basis for not accepting the transcript other than the fact that they wish to make corrections without providing the Court with what corrections need to be made to the transcript.

WHEREFORE, Appellee respectfully requests that this Court deny Appellants Motion to Decline to Accept the Transcript from the Court of Common Pleas since they have provided no factual or legal basis for such request.

LIGUORI, MORRIS & YIENGST

Gregory A. Morris, Esquire
46 The Green
Dover, DE 19901
(302)678-9900
Attorney for Appelle

# EXHIBIT "A"

COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE

MERRILL C. TRADER
JUDGE

COURT HOUSE
DOVER, DELAWARE
PHONE: (302) 739-4618

January 26, 2006

Ms. Nina Shahin
103 Shinnecock Road
Dover, Delaware 19904

     **Re:**    **Mazen and Nina Shahin v. Delaware Federal Credit Union**
             **C.A. No. 05-09-0074AP**

Dear Ms. Shahin:

This will acknowledge receipt of your recent request to listen to and review the tape of the Court proceedings. The court reporter, Linda A. Lavender, has prepared the official transcript of the proceedings and certified as to its accuracy. It is not necessary for anyone to listen to the tape recording. Accordingly, your request is denied.

Very truly yours,

Merrill C. Trader

MCT/lbw

pc:    Linda A. Lavender
       Gregory A. Morris, Esquire

**IN THE COURT OF COMMON PLEASE FOR THE STATE OF DELAWARE**

**IN AND FOR KENT COUNTY**

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL CREDIT UNION,** | * | |
| **APPELLEE** | * | |
| | * | |

## CERTIFICATE OF SERVICE

I the undersigned do herby certify that I have caused copies of the

foregoing **Appelle's Response to Motion to Decline to Accept the Transcript**

**from the Court of Common Pleas** to be served upon the following:

Mazen and Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904

**LIGUORI, MORRIS & YIENGST**

BY: _____

**GREGORY A. MORRIS, ESQUIRE**
46 The Green
Dover, Delaware 19901
(302) 678-9900
Attorney for Appellee

Dated: _____

# EXHIBIT 4

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA AND MAZIN SHAHIN, | * | CA NO.: 05-10-0113 AP |
| PLAINTIFF, | * | |
| | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| DE FEDERAL CREDIT UNION, | * | |
| DEFENDANTS, | * | |
| | * | |

## DEFENDANT'S RESPONSE PLAINTIFFS MOTION TO MAKE CHANGES TO THE TRANSCRIPT OF COURT HEARING HELD ON 01/17/2007 AND TO GET ACCESS TO THE TAPE OF THAT HEARING

The Defendant, Delaware Federal Credit Union, by and through their counsel,

Liguori, Morris & Yiengst, respond to the above motion in the following manner:

1.    The Defendant respectfully submits that the Plaintiff has not provided any

legal basis to make the required changes to the transcript requested or that

she should have the opportunity to have access to the tape of the hearing.

Most of the changes which are requested by the Plaintiff are trivial at best.

None of the requested changes will have any substantial impact on the

appeal to the Superior Court.  Therefore, the motion filed by the Plaintiffs

should be summarily denied.

**LIGUORI, MORRIS & YIENGST**

**GREGORY A. MORRIS, ESQ.**
46 The Green
Dover, Delaware  19901
(302) 678-9900
Bar ID. 3014
Attorney for Defendants

DATED: 3/20/07

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA AND MAZIN SHAHIN, | * | CA NO.: 05-10-0113 AP |
| PLAINTIFF, | * | |
| | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| DE FEDERAL CREDIT UNION, | * | |
| DEFENDANTS, | * | |
| | * | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused two (2) copies of the foregoing Defendants Response to Plaintiffs Motion to Make Changes to the Transcript to be served upon:

Nina & Mazen Shahin
103 Shinnecock Rd.
Dover, DE 19904

Via U.S. First Class Mail on this __2·9__ day of March, 2007.

LIGUORI, MORRIS & YIENGST

GREGORY A. MORRIS, ESQ.
46 The Green
Dover, Delaware  19901
(302) 678-9900
Attorney for Defendants

DATED: _____

# EXHIBIT 5

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA AND MAZIN SHAHIN, | * | CA NO.: 07A-02-001 (WLW) |
| APPELLANTS, | * | |
| | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| DE FEDERAL CREDIT UNION, | * | |
| APPELLEE, | * | |
| | * | |

### NOTICE OF RESPONSE

PLEASE TAKE NOTICE that the attached Response to Appellants'

Motion to Override the Court of Common Pleas Decision Denying Appellants' Access to

the Tape of Hearing of January 17, 2007 will be presented on September 21, 2007 at

11:00 a.m.

LIGUORI, MORRIS & YIENGST

GREGORY A. MORRIS, ESQ.
46 The Green
Dover, Delaware  19901
(302) 678-9900
Bar ID. 3064
Attorney for Defendants

DATED: 9/19/07

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA AND MAZIN SHAHIN, | * | CA NO.: 07A-02-001 (WLW) |
| APPELLANTS, | * | |
| | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| DE FEDERAL CREDIT UNION, | * | |
| APPELLEE, | * | |
| | * | |

## APPELLES' RESPONSE TO APPELLANTS' MOTION TO OVERRIDE THE COURT OF COMMON PLEAS DICISION DENYING APPELLANTS' ACCESS TO THE TAPE OF HEARING OF JANUARY 17, 2007

NOW COMES, the Appellee, Delaware Federal Credit Union, and responds to Appellants' Motion in the following manner:

Appellee respectfully submits that Appellants have not provided any legal authority or factual basis to make the required changes to the transcript or that they should have an opportunity to have access to the tape of the hearing. A copy of the decision of the Court of Common Pleas is hereby attached which provides a sound legal and factual basis for denial of such request. (Attached as Exhibit "A")

The allegations made by the Appellants are absurd. As an officer of the Court, I can honestly state that there was never any improper ex parte communications with the judge in this matter. The hearing was held in a conference room because there was not a Court room available that morning. The allegations that there was falsification of the transcript are ridiculous and those allegations should be summarily disregarded.

The Appellants previously filed a similar motion in another appeal in *Nina and Mazin Shahin v. DE Federal Credit Union* CA No.: 06A-01-004 RBY which was denied

since the Appellants failed to provide a legal or factual basis to have access to the tape or make changes to the transcript. The Appellant's motion should be denied in this case as well.

WHEREFORE, the Appellees' respectfully request that this Court deny Appellants Motion to Make Changes to the Transcript of the Court Hearing and To Get Access to the Tape of that Hearing.

LIGUORI, MORRIS & YIENGST

GREGORY A. MORRIS, ESQ.
46 The Green
Dover, Delaware  19901
(302) 678-9900
Bar ID. 3014
Attorney for Defendants

DATED: 9/19/0

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

MAZEN SHAHIN AND          :
NINA SHAHIN               :
         Plaintiffs      :

   Vs.                   :      **C.A. No: 05-10-0113AP**

DELAWARE FEDERAL     :
CREDIT UNION
       Defendants

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND THE RECORD AND TO OBTAIN THE AUDIO TAPES OF THE HEARING

The Plaintiffs in this matter have motioned the Court to amend portions of the record from the trial held on January 17th of this year, and to obtain access to the audiotape of those proceedings. For the reasons set forth below, the motion is denied.

## BACKGROUND

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders." *CCP Civ. R. 60(a)*. Under *10 Delaware Code § 4101*, the Court before whom a record is, ***may*** order the amendment of any clerical error in any part of such record, which will ***tend to the furtherance of justice***. (Emphasis Added).

Here, the Plaintiffs requests do not tend to the furtherance of justice as required by the statute. They are inconsequential proofreading which serves no legitimate purpose. The Court Reporter made several changes to the transcript that she found to be important, but has refused to make the additional modifications that the Plaintiffs request. After reviewing the proposed amendments set forth by the Plaintiffs, I agree that changes are not necessary. I therefore decline to order that the transcript be amended.

As to the request for access to the audiotape, I deny this motion as well since the Plaintiffs have failed to set forth any legal grounds to support a right to have access to these records.

For the foregoing reasons, the motion is **DENIED.**

It is so **ORDERED**, this $\underline{10}$ th day of May, 2007.

Rosemary Betts-Beauregard, Judge

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA AND MAZIN SHAHIN,            *        CA NO.: 07A-02-001 (WLW)
PLAINTIFF,                        *
                                  *
                                  *
     V.                           *
                                  *
                                  *
DE FEDERAL CREDIT UNION,          *
DEFENDANTS,                       *
                                  *

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused two (2) copies of the foregoing Response to Appellants' Motion to Override the Court of Common Pleas Decision Denying Appellants' Access to the Tape of Hearing of January 17, 2007 to be served upon:

Nina & Mazen Shahin
103 Shinnecock Rd.
Dover, DE 19904

Via U.S. First Class Mail on this __19__ day of September, 2007.

LIGUORI, MORRIS & YIENGST

GREGORY A. MORRIS, ESQ.
46 The Green
Dover, Delaware 19901
(302) 678-9900
Attorney for Defendants

DATED: 9/19/07

# EXHIBIT 6



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA and MAZEN SHAHIN,  ) C.A. No. 07A-02-001 WLW
                        )
     Plaintiffs,        )
                        )
     vs.                )
                        )
DELAWARE FEDERAL CREDIT )
UNION,                  )
                        ) Motion
     Defendant.         ) September 21, 2007
                   *  *  *  *  *

BEFORE:  HON. WILLIAM L. WITHAM, JR., RESIDENT JUDGE

                   *  *  *  *  *

APPEARANCES:

            NINA SHAHIN and
            MAZEN SHAHIN,
            Pro Se.

            LIGUORI, MORRIS & YIENGST
            BY:  GREGORY A. MORRIS, ESQUIRE
            on behalf of the Defendant.

            TRANSCRIPT OF MOTION

          Friday, September 21, 2007

            SHEILA A. DOUGHERTY
            Chief Court Reporter

```
 1                                  Courtroom No. 7
                                    September 21, 2007
 2   PRESENT:  As noted.

 3                      *  *  *  *  *

 4           THE COURT:  Next item is Number 3 and 4 on

 5   the Court's calendar.  Nina Shahin and Mazen Shahin

 6   versus Delaware Federal Credit Union.

 7           I have motions, two motions here.  This

 8   matter is apparently on appeal from the Court of

 9   Common Pleas, so this Court is an appellate Court.

10   For purposes of this, the motion is pending, it

11   seems to me that we need to proceed first with the

12   Shahin motion to override the Court of Common Pleas'

13   decision denying appellant access to the tape of a

14   hearing on January 17, 2007 first.

15           All right.  It is the appellant's motion

16   here, so we will proceed with the appellant.  Ma'am,

17   I am only here to hear the application.  I am only

18   here to hear the motion.  The appeal is not before

19   the Court.  So this is relatively limited.

20           MS. SHAHIN:  I am sorry.  Could you say

21   that again?

22           THE COURT:  This is a limited hearing

23   because we are only here to hear your motion to
```

 1    override the Court of Common Pleas' decision denying

 2    access to the tape of the hearing.  We are not here

 3    to hear the appeal because the appeal from the CCP

 4    as the appellate Court would be on the record only.

 5              MS. SHAHIN:  Okay.  I understand.

 6              THE COURT:  You may proceed.

 7              MS. SHAHIN:  Your Honor, I am foreign born

 8    so if something is not understood because I speak

 9    too clear, too quickly, or not very clear, perhaps

10    just interrupt me and ask me to repeat.

11              THE COURT:  All right.

12              MS. SHAHIN:  Thank you.  The defendant's

13    attorney in his -- the defendant's attorney in his

14    appellee's response to the appellant's motion

15    requesting the denial of the appellant's motion for

16    access to the tape of hearing in response to the

17    appellant's accusation of ex parte communication

18    made a declaration that he, as an officer of the

19    Court, could honestly state that there was never any

20    improper ex parte communications.

21              Mr. Morris made numerous actual statements

22    of fact in the Court of Common Pleas courtroom in

23    violation of Rules of Professional Conduct for the

1   Delaware attorneys.

2          His opening brief to this Court was based

3   on a lie which the Judge decided to overlook, so the

4   value of Mr. Morris' statement has a negative value

5   to us, and the Judge who presided over the matter

6   didn't address the issue at all.  The fact is that

7   the witnesses and the defendant's attorney were

8   assembled before the court hearing in private rooms

9   of the Judge.  When the appellants, who waited

10  outside in the hall with general public, were

11  invited to the room, the Judge was there with

12  Mrs. Thompson, who is a compliance officer of the

13  Delaware Federal Credit Union, and Mr. Morris.

14         Did they get a preferential treatment?

15  Absolutely.  Was it ex parte communications at that

16  point?  From our point of view, yes.  After the

17  hearing was over, the appellants were asked to leave

18  the room, but neither Mrs. Thompson nor Mr. Morris

19  were anywhere in the public halls during one hour of

20  the Judge deciding, working on the decision.

21         Again, when the appellants were invited to

22  the room, Mrs. Thompson and Mr. Morris were already

23  there with the Judge.  Was or wasn't there ex parte

1    communications?  The appellants think that yes.

2                   Canon 2 of the Delaware Judges Code of

3    Judicial Conduct states that a judge should avoid

4    impropriety and the appearance of the impropriety in

5    all activities.  Here is the situation where the

6    appearance of impropriety is clear and evident.

7                   Neither the Judge in her response nor

8    Mr. Morris addressed the situation with violation of

9    the rule on witnesses when Mrs. Thompson was allowed

10   to stay throughout the entire hearing from the

11   beginning 'til the end.  It is actually a violation

12   of Federal Rule of Evidence 615 that gives the power

13   divested party to sequester witnesses.

14                  THE COURT:  Let me stop you right there.

15                  As I tried to inform you at the beginning,

16   we are here on a procedural motion which you made to

17   review a decision of the Court of Common Pleas

18   denying what you believe to be your right of access

19   to the tape of a hearing held on January 17, 2007.

20                  It is my understanding from your argument

21   to this Court you are also raising issues that go to

22   the merits of your appeal.

23                  MS. SHAHIN:  Your Honor --

```
 1              THE COURT:  I have not heard your appeal,
 2   and normally we do that -- we only review the record
 3   below this Court, below, the CCP, on that record.
 4   If you are appealing a decision --
 5              MS. SHAHIN:  No, I am not.
 6              THE COURT:  There may be a decision of the
 7   Court below, whether it be -- and I am not
 8   knowledgeable at this point of what that appeal is
 9   because I haven't reviewed the record, but if it is
10   an appeal from the decision, for example, for a
11   claim made by the Credit Union that you owe them
12   money, and the Court decided that, that's the record
13   of appeal that would be heard on the merits, and you
14   do it by way of briefing only when the Court decides
15   it needs oral argument and will accept oral
16   argument.
17              Now, what I am hearing from you raises
18   several points.  You are indicating that the record
19   below may be subject to a violation of the rules of
20   that Court pertaining to witnesses and ex parte
21   communications.
22              Now, you need to talk to me today about
23   why you need access to the electronic tape that may
```

1    or may not have been prepared in the Court below.

2              MS. SHAHIN:  I understood, Your Honor.

3    What I am trying to do, I am trying to build a case

4    to show that there was evidence of collusion between

5    the Judge and the defense, so which resulted as the

6    end result in falsification of the transcript.

7              That is only in that context what I tried

8    to do.  I do nothing else.

9              THE COURT:  All right.  Do you have any

10   evidence to show that, other than you are making

11   conclusory statements without evidence?  You need to

12   show that somehow the tape-recording was altered

13   because --

14             MS. SHAHIN:  I understand you.  Okay.  If

15   you want to hear only that, I will try to do, give

16   you only that.

17             THE COURT:  You need to also understand

18   the official record in this Court is not the

19   tape-recording.  The official record is a

20   transcript.

21             MS. SHAHIN:  I understand.  This is what I

22   want to tell you in the next paragraph because I am

23   trying to address all the issues which attorney

8

1  raised in his I guess response. He specifically

2  mentioned that there was a lack of factual evidence,

3  so to do that, to understand, to explain you why I

4  perceived that there was a change in that

5  transcript, I need you to have in front of your eyes

6  the document which is called Plaintiff's Exhibit 1.

7            If you don't have a copy, I do have it

8  here, so I can provide to you and to attorney, just

9  not to waste time, and I have to give a little

10 history that I fought hard against the attorney to

11 include that particular exhibit because he was

12 against that and there was -- I was specifically

13 requested court order to include that exhibit.

14           THE COURT:  What is Exhibit 1?

15           MS. SHAHIN:  It is called Answer to

16 Complaint.  It is Defendant Answer to Complaint.  It

17 is Plaintiff's Exhibit 1.

18           MR. MORRIS:  I don't know --

19           THE COURT:  Is there any objection,

20 Mr. Morris, to the Court receiving this exhibit at

21 this time?

22           MR. MORRIS:  I have no objection.  I don't

23 know what she is talking about that, I wasn't -- I

9

1  have no knowledge of that whatsoever.

2            THE COURT:  Since it is not opposed I will

3  accept the exhibit.

4            MS. SHAHIN:  So may I present?

5            Your Honor, I specifically highlighted

6  that what I want to discuss.  Here is written in

7  their response, which I, by the way, never received

8  officially.

9            When check copy was received we realized

10  error and even contacted the plaintiffs on July 21,

11  2005 to refund the fee.  The plaintiff refused our

12  offer stating they wanted all monies from all three

13  suits filed within the last 60 days or nothing at

14  all.

15            THE COURT:  All three suits?

16            MS. SHAHIN:  Lawsuits.

17            THE COURT:  There is three lawsuits?

18            MS. SHAHIN:  There were.

19            THE COURT:  Has this matter been heard

20  before on appeal to this Court, ma'am?

21            MS. SHAHIN:  Which one?  Yes.  Yes, that

22  was on appeal.  It actually reached the Supreme

23  Court of the United States.

10

1           THE COURT:  I am only interested to know

2      what was already appealed to this Court.  The Court

3      is aware that there was a civil action, 06A-01-004.

4           MR. MORRIS:  Maybe I can assist so we can

5      cut through it.  There were originally two actions

6      in JP Court which were ruled against the appellant.

7      They were appealed to CCP.  They were again ruled

8      against the appellant.

9           The first one, first case came up and was

10     heard before Judge Young.  It is a separate $35

11     non-sufficient fee.  He ruled against them, and it

12     did go up to the Supreme Court, and they did

13     petition the U.S. Supreme Court which denied cert.

14          This is the second case which came from JP

15     Court and went to CCP in which there was a trial

16     held below and which was then appealed to this

17     Court.  I did not represent the Credit Union in JP

18     Court actions, but have been representing them since

19     then.

20          The appellant filed a third lawsuit

21     against Delaware Federal Credit Union in this

22     Court -- I don't know what the date of it was --

23     essentially making similar allegations and claiming

1    other damages.  I did not represent the Credit Union

2    in that case.  The insurance carrier did.

3            It was my understanding that that case was

4    dismissed, and that the appellants were ordered to

5    pay attorneys' fees to the Credit Union because

6    there was an issue whether they were in violation of

7    Rule 11.

8            That is the three cases I believe she is

9    referring to.  This is the only case that is in this

10   Court at this time, I believe.

11           THE COURT:  All right.  Is there anything

12   about what Mr. Morris stated on the record, ma'am,

13   that you would disagree with?

14           MS. SHAHIN:  No.  More or less it is

15   correct statement.

16           THE COURT:  Correct.  So what is before

17   this Court is the second case that you filed?

18           MS. SHAHIN:  Right.

19           THE COURT:  And what does that case

20   involve?

21           MS. SHAHIN:  Non-sufficient fee of $35.

22   So but since the negotiations on that particular day

23   included the Delaware Federal Credit Union offer and

12

1   counter offer, and we claim that there is

2   falsification in the amounts and the statements made

3   to the Court.  This is why I want to go to the core

4   of why we believe that the amount was changed.

5              THE COURT:  All right.  Okay.

6              MS. SHAHIN:  So as you can see, that all

7   is in quotation marks.  All monies from all three

8   suits.  So this is why I -- yesterday I made the

9   computation of what does it mean, all monies, so

10  that it is very clear what the appellant was talking

11  to the Delaware Federal Credit Union CEO.

12             So one explanation, the lawsuit which

13  involved six non-sufficient fees of $35, so six by

14  35, it makes $210.  Court cost for that was $30, for

15  a total of 240.

16             So those two cases which Mr. Morris talked

17  about at that point on July 21, 2005 amounted to $35

18  each of non-sufficient fees, making it $70, plus $30

19  on each for court cost, which make it 60, and $5 for

20  subpoena, which made it all together 135.  135 and

21  240 made total of $375.  So that's what the

22  appellants asked at that point.

23             What was the response of the defendant?

13

1    The plaintiff -- the suit filed or nothing at all.

2    The plaintiffs added that we have nothing further to

3    discuss.  So the letter indicates that there was

4    nothing else offered or discussed regarding the

5    money.  So the appellants ask $375.

6              So when Mr. Strosser, who talked on the

7    phone to one of the appellants on July 21, came to

8    the courtroom on January 17 of 2007, the transcript

9    which we now dispute the record of, Mr. Strosser

10   mentioned the amount of couple of thousands, and I

11   remember it so well because I got an electrical jolt

12   of the amount because it was so off the wall.

13             I would like to add here that the court

14   reporter who prepared the transcript, Linda

15   Lavender, in this particular case was very I guess

16   supportive of my help to her to correct all the

17   mistakes in accuracy in the transcript.  She

18   specifically e-mailed me that whether I have any

19   reservations.

20             So when I looked at the transcript I found

21   a whole list on two pages of one-space print, and I

22   submitted that to her, and I would like to ask your

23   permission at this point to introduce that document

1   because I specifically did mention that particular

2   point for her to make correction to.  Can I

3   introduce the document?

4              THE COURT:  Is there any objection?

5              MR. MORRIS:  No objection, Your Honor.

6              THE COURT:  Let's make it quick.  I don't

7   have too much time.

8              By the way, this other exhibit, seems to

9   be an exhibit, is there another page to this

10  document?

11             MS. SHAHIN:  That is what actually CEO,

12  since I never received that document officially,

13  that is what CEO, Mr. Strosser, claimed in the

14  courtroom, and I was surprised because I told him

15  there was a written there, received on 10-19-2005.

16  It was well after any court hearing was held.

17             I came to the Court, I asked, and that is

18  what I got.  That lady, Mrs. Thompson, I found out

19  in the Court proceedings she was the author of that

20  document.  She confirmed in front of Mr. Strosser

21  that that's the complete document.

22             So that's all what I can tell you because

23  never ever anybody gave me complete or incomplete

15

1   that document officially.  So in the courtroom it is

2   a violation of our constitutional rights.  We never

3   received that document.  But that's the fact.

4          So anyway, now about the document which I

5   just have introduced, on the second page I think it

6   is one, two, three, it is the fourth dot, you can

7   see that, and the end I asked -- oh, no.  Sorry.  It

8   is the next page, three, in the middle of the second

9   paragraph with Mr. Strosser mentioned significant

10  sum of money, he gave approximate amount, and I want

11  to see it there.

12         It is interesting that Linda Lavender

13  didn't make corrections.  She didn't dispute or

14  confirm that my request has no grounds, and she just

15  refused to talk about that.

16         What happened is couple of thousand

17  dollars which Mr. Strosser claimed in the courtroom

18  was removed from the transcript, and 1,000 was

19  inserted in those three places where I indicated in

20  my motion.  $1,000 is only three times more than

21  what we requested, and from this letter is quite

22  clear that they didn't offer anything else and they

23  were angry with the plaintiff's request.

```
 1              So claiming now that they offered 1,000 is
 2   absolutely absurd and never happened in life.  When
 3   there is negotiation for a settlement people tried
 4   to get less, not three times more.  The question is
 5   why 2,000 was replaced for 1,000, both of them off
 6   the walls anyway, and I suspect that the reason is
 7   that 1,000 is the mandatory requirement of mandatory
 8   penalties under the Regulation CC for violation of
 9   the timely access.
10              THE COURT:  You are getting too far
11   afield, ma'am.  I am trying to limit you on this.
12   It is just a motion for the transcript.
13              MS. SHAHIN:  I understand.  I am trying to
14   explain why 1,000 is involved.
15              THE COURT:  I understand that.  I have
16   read the papers.
17              MS. SHAHIN:  Okay.  That's --
18              THE COURT:  What other reasons do you
19   believe that you want access to the tape?
20              MS. SHAHIN:  I believe that there was a
21   collusion between the Judge, and in view of all this
22   violations there was a collusion between the Judge
23   and the defendant on our expense.  As Mr. Morris
```

1    mentioned to you, that there are other issues.

2              This is the only hearing which we were

3    allowed to have.  That particular issue has a

4    material significance for this case and for all

5    other cases.  This is why we specifically ask the

6    permission to get to the tape and make the

7    correction so that the transcript reflect exactly

8    what happened in the courtroom, because eventually

9    we would like to pursue perjury charges and this

10   specifically goes to the heart of that accusation.

11              THE COURT:  All right.

12              MS. SHAHIN:  That is the reason why we

13   ask, and also that's the reason because as soon as

14   we prove, if we are given access to the tape, that

15   there was a collusion and violation of our

16   constitutional rights, was probably we will move

17   this Honorable Court to declare the decision of the

18   Court of Common Pleas as invalid.

19              THE COURT:  What was the bottom line

20   result that occurred in the second lawsuit, which is

21   the lawsuit apparently before this Court?

22              MS. SHAHIN:  I am sorry?

23              THE COURT:  What was the net result of

18

1   this lawsuit, which we referred to as the second

2   lawsuit that you made, that you have involvement?

3             MS. SHAHIN:  Are you talking about the

4   money?

5             THE COURT:  Yes.  What happened?

6             MS. SHAHIN:  Thirty-five plus $30.  $75.

7             THE COURT:  You were ordered to pay $35.

8             MS. SHAHIN:  And plus violation of our

9   constitutional rights.

10            THE COURT:  You were ordered to pay $35 to

11  the Court below?

12            MS. SHAHIN:  No.

13            THE COURT:  What were you ordered to pay?

14            MS. SHAHIN:  Nothing.

15            THE COURT:  Nothing?  Was the case

16  dismissed?

17            MS. SHAHIN:  Well, where?

18            THE COURT:  In the Court below.

19            MS. SHAHIN:  Yes.  I don't know.  Was it

20  dismissed or --

21            MR. MORRIS:  When they were plaintiffs

22  below, Your Honor, they were suing my client for $35

23  non-sufficient funds fees or costs, ultimately the

 1    first case.   The motion for summary judgment was
 2    granted.
 3             This case, we actually had a trial, and
 4    the Judge found that there was no basis for the
 5    plaintiffs' claims, so they ruled in defendant's
 6    favor, so now appellants are appealing that
 7    decision.
 8             THE COURT:   Okay.   Let's hear from
 9    Mr. Morris.   Thank you.
10             MR. MORRIS:   Your Honor, I will be brief.
11             THE COURT:   Please.
12             MR. MORRIS:   Quite frankly, you know, this
13    is not the first time the allegations have been made
14    against me concerning two, at least two of the cases
15    and, quite frankly, I take offense.   There was never
16    any inappropriate ex parte communications with the
17    Judge whatsoever.
18             What transpired, apparently they did not
19    have an open courtroom that day, so we were
20    permitted to sit in the waiting area in CCP.   We
21    were not with the Judge.   When the Judge was ready,
22    we were led into the conference room, we sat down.
23    She was -- her and her husband were close behind.

 1   There were no inappropriate ex parte communications
 2   with the Judge whatsoever, so I take offense with
 3   that.

 4           Quite frankly, Your Honor, this is the
 5   second time that a similar motion was filed by the
 6   appellant in the case.  The last case, which was
 7   before Judge Young, where the Court ultimately ruled
 8   in my client's favor, was only a motion for summary
 9   judgment.  It was appealed.  A similar process took
10   place.

11           They took exception to what was in the
12   transcript.  A motion was filed in CCP to have
13   changes made, and to have access made to the tape.
14   It was denied by Judge Trader.  The same motion was
15   then filed with Judge Young.  He denied the motion,
16   for essentially the same reasons I am making today.

17           There is no legal or factual -- legal or
18   factual basis for the complaint.  It seems her beef
19   is she shouldn't have lost the case.  If that is the
20   case, then it needs just to be heard on the briefing
21   which the Court will be receiving soon.

22           This is the third case.  I must say that
23   my clients firmly believe that these cases are being

21

```
 1   pursued on a malicious basis and, quite frankly, in

 2   the other lawsuit, which was dismissed I believe by

 3   Judge Young, he awarded attorneys' fees because he

 4   found a Rule 11 violation.

 5         I am telling the Court in my reply brief I

 6   will be asking for attorneys' fees because enough is

 7   enough, that, you know, this case just goes on and

 8   on and on and on when there is no legal or factual

 9   basis.

10         THE COURT:  Let me ask you this.

11         MR. MORRIS:  Sure.

12         THE COURT:  Do you have a copy, Ms. -- on

13   this motion.  I don't mean to do this.

14         MS. SHAHIN:  Shahin.

15         THE COURT:  Ms. Shahin's second exhibit

16   requesting these changes.  Do you have any dispute?

17   Should the Court grant -- correct the record to make

18   the changes she is suggesting?

19         MR. MORRIS:  Your Honor, I don't know if I

20   have ever seen this letter.

21         Have you ever provided this to me?

22         MS. SHAHIN:  No, Your Honor.  That's what

23   Linda asked me to provide it to her, and that is
```

1   | what I did.

2   |        THE COURT:  And just a question, where

3   | it -- did she make those changes?

4   |        MS. SHAHIN:  Yes, she did.

5   |        MR. MORRIS:  Your Honor, apparently the

6   | court reporter worked with the appellant to whatever

7   | changes she thought was appropriate.  Ultimately

8   | when the day is done the court reporter has got to

9   | certify that it is an accurate reflection of the

10  | record, and ultimately we have to rely upon that.

11  |        THE COURT:  Of course you may be aware of

12  | this, but maybe Ms. Shahin is not aware of this.

13  | There is no requirement that a transcript has to be

14  | a hundred percent accurate.

15  |        Do you understand that, ma'am?  There is

16  | no requirement.

17  |        MS. SHAHIN:  Yes, I understand that, but

18  | if it goes to the court of perjury it has to be, and

19  | it is a material fact, it has to be a requirement of

20  | Delaware Court, and I can give you all the

21  | references.

22  |        THE COURT:  No.  I am looking at our

23  | Superior Court Rules.  We do not require a hundred

23

1   percent accurate transcript, and if there is an

2   error in the transcript the error has to go to

3   something --

4           MS. SHAHIN:  It is not error.  It is a

5   falsification.

6           THE COURT:  -- beyond a typo, or here I

7   should say it has to be a material fact.

8           MS. SHAHIN:  That is what I am claiming it

9   is because it goes to the matter of perjury.  It is

10  not a material fact.  It is description of what they

11  actually offered.

12          Can you see it in the amount?  We ask for

13  300.  They say they offered 1,000.  It is absolute

14  nonsense.  And we pursue the perjury charges, and

15  this is why the attorney is fighting the admission

16  of that document, and the charges as well, because

17  we have been denied hearing in every -- this is the

18  only hearing which we had in all related cases, and

19  the perjury, they are trying to falsify the

20  transcript.

21          THE COURT:  All right.

22          MR. MORRIS:  Again, Your Honor, it is

23  absurd, ridiculous, and you know, she has reported

24

1    myself to disciplinary counsel.  I think she has

2    reported pretty much every judge that has ruled

3    against her at this point, and I think the Court has

4    to be aware of that.

5              This is a situation that has gotten out of

6    control.  You know, when it is a pro se plaintiff it

7    is one thing, you try to give a little leeway toward

8    that level, but at some point it has got to stop.

9    This has got to stop.  My clients are paying an

10   extensive amount of money to fight these things,

11   time in, time out, and it has got to stop.

12             THE COURT:  I know I asked the question,

13   and you may not want to answer the question.  I am

14   not requiring you to answer the question.

15             MS. SHAHIN:  Right.  But if you have an

16   opportunity to go through the second exhibit.

17             MR. MORRIS:  I looked at it, Your Honor,

18   and to be honest with you this is the first time I

19   have seen this document, I believe, and that is why

20   I asked that question.  You know, as I stand here

21   today, can I say with a hundred percent certainty?

22   No.

23             You know, it appears to me that the court

1  reporter made the changes, so that is why I am
2  relying upon her because it was in January and I
3  don't have an independent recollection as I stand
4  here today.  But it appears that most all the
5  changes are at best not even relevant to the case to
6  the point that the appeal -- it has no bearing on
7  what the Court ruled upon as to why she denied a
8  claim.

9          She is claiming she wants changes because
10  she wants to see perjury charges.  That is not what
11  the appropriate mechanism is.

12          My honest opinion, Your Honor, let her
13  have the tape.  That is my personal opinion.  If
14  that would end it, let her have the tape.  I don't
15  care.  But the problem is, we have had three judges
16  on two separate occasions rule that she wasn't
17  entitled to the first time, she isn't entitled this
18  time.

19          My personal opinion is, let her have the
20  tape and then maybe that would resolve it, but I
21  don't even suspect that would solve the issue, quite
22  frankly.  So I think relying upon three other judges
23  who have denied her access before to these similar

26

1    tapes is appropriate.

2              THE COURT:  All right.

3              MS. SHAHIN:  Your Honor, it is possible

4    for me to make my comments?

5              THE COURT:  You may respond.  I am going

6    to give you five minutes.

7              MS. SHAHIN:  Your Honor, the first case

8    which the Supreme Court of the United States was

9    absolutely clear, violation of Regulation CC, and

10   there was no hearing on that case in which we were

11   allowed to present any proof.  Absolutely.  That was

12   absolutely clear violation of regulation, and the

13   attorney cannot stand in front of you now and tell

14   you that there was not a violation.

15             THE COURT:  What does that have to do with

16   this case?

17             MS. SHAHIN:  That is what he claims, that

18   there were three cases.

19             THE COURT:  What does that have to do with

20   the case before this Court today?

21             MS. SHAHIN:  There is perjury in all

22   cases, perjury, and this is why it goes to heart of

23   that case.  So if we denied our access to that tape

1   and allowed to make the correction to what we claim

2   is perjury, we are denied our constitutional rights

3   of due process and equal protection because

4   protection is given only for the defendants.

5               THE COURT:  Did the Supreme Court accept

6   your case?

7               MS. SHAHIN:  Supreme Court of the United

8   States didn't accept, the certiorari denied, and I

9   believe because all our answers which we gave to the

10  Court.

11              THE COURT:  Do you understand what that

12  means when the Supreme Court denies certiorari?

13              MS. SHAHIN:  Yes.  I understand that,

14  yeah.

15              THE COURT:  Just a minute, ma'am.  That

16  means that the decision below in the case stands as

17  the law.

18              MS. SHAHIN:  Right.  I understand that.

19              THE COURT:  The case is over.

20              MS. SHAHIN:  No, it is not, because we

21  filed now the case against the State of Delaware who

22  denied us our constitutional rights.

23              THE COURT:  That would have to be on new

28

1   grounds.

2        MS. SHAHIN:  Absolutely, it is new ground.

3   They denied us constitutional rights of due process

4   and it is State of Delaware.  They denied.  The

5   whole process was skewed against us.

6        THE COURT:  Okay.

7        MS. SHAHIN:  We were denied notice, we

8   were denied proper hearing, we were denied

9   opportunity to present our proof and evidence and

10  the counterclaim, the defendant's claim, the claims

11  here, and the defendants presented at motion for

12  summary hearing, which were all filled with false

13  statement of facts, which is perjury.

14       THE COURT:  All right.  Thank you.

15       All right.  The Court will take this under

16  advisement.  Thank you.

17                    * * * * *

18       (Whereupon the proceedings were

19  adjourned.)

20                    * * * * *

21

22

23

1

2                    CERTIFICATE OF REPORTER

3

4            I, Sheila A. Dougherty, RMR and Chief

5    Court Reporter of the Superior Court, State of

6    Delaware, do hereby certify that the foregoing is an

7    accurate transcript of the testimony adduced and

8    proceedings had, as reported by me, in the Superior

9    Court of the State of Delaware, in and for Kent

10   County, in the case therein stated, as the same

11   remains of record in the office of the Prothonotary

12   of Kent County, at Dover, Delaware.

13           This certification shall be considered

14   null and void if this transcript is disassembled in

15   any manner by any party without authorization of the

16   signatory below.

17           WITNESS my hand this _____ day of

18   _____, A.D., 2008.

19

20

21                              _____
                                Sheila A. Dougherty
22                              Chief Court Reporter
                                Certificate No. 142-PS
23                              Expiration:  Permanent

# EXHIBIT 7

## IN THE COURT OF COMMON PLEASE FOR THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL CREDIT UNION,** | * | |
| **APPELLE** | * | |
| | * | |

### AFFIDAVIT

STATE OF DELAWARE :
                             : SS
COUNTY OF KENT :

BE IT REMEMBERED that on this _16_ day of _Nov_____, A.D.

2005, personally appeared before me, the Subscriber, a Notary Public for the

State and County aforesaid, Rene Thompson on behalf of Delaware Federal

Credit Union, the Defendant in the foregoing, known to me personally to be such,

who being duly sworn according to law, did depose and say that the facts herein

contained in the Motion for Summary Judgment are true and correct to the best

of her knowledge.

ReneeThompson

**SWORN TO AND SUBSCRIBED** before me the day and year aforesaid.

**NOTARY PUBLIC**

DATE:

**IN THE COURT OF COMMON PLEASE FOR THE STATE OF DELAWARE**

**IN AND FOR KENT COUNTY**

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL CREDIT UNION,** | * | |
| **APPELLEE** | * | |
| | * | |

## MOTION FOR SUMMARY JUDGMENT

1. The above referenced case is an appeal from the Justice of the Peace Court 16 which was filed as a debt action. Plaintiff's complaint states that they are entitled to only Court costs and interest as a result of the deposit which was made to Plaintiff's account on June 20, 2004. the deposit did not clear in the appropriate time manner because Delaware Federal Credit Union had placed an extended hold on the deposit. Defendant was not made aware of this problem until the Plaintiff filed an action in the Justice of the Peace Court #7.

2. The Defendant immediately agreed to correct the error which was refused by Plaintiff. As a matter of fact, Defendant credited Plaintiff's account in the amount of $35.00 on September 6, 2005.

3. The Court below was faced with the same fact pattern and when it learned that the Defendant had agreed to credit Plaintiff's account in the amount of $35.00, the Court dismissed the complaint. (See J.P. 16 Decision attached

as Exhibit "A"). The Plaintiff now appeals because it is now seeking Court

costs and interest.

4. Plaintiff's Complaint lacks legal merit since their account has already been

reimbursed $35.00 as of September 6, 2005. As such, there is no basis to

be awarded Court costs and interest since they are merely proceeding

with this litigation for a malicious purpose.

WHEREFORE, Defendant would respectfully request that this Court grant

Summary Judgment in this matter since Plaintiff is not entitled to any

additional relief.

LIGOURI, MORRIS & YIENGST

Gregory A. Morris, Esquire
46 The Green
Dover, DE 19901
(302)678-9900
Attorney for Defendant

DATE: $11/18/05$

# EXHIBIT 8

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 06A-01-004 RBY** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DELAWARE FEDERAL CREDIT UNION** | * | |
| **APPELLEE** | * | |
| | * | |

## APPELLEE'S ANSWERING BRIEF

**LIGUORI, MORRIS & YIENGST**

**GREGORY A. MORRIS, ESQUIRE**
46 The Green
Dover, DE  19901
(302) 678-9900
Attorney for Appellee

**DATED:** April 17, 2006

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | STATEMENT OF QUESTION | 4 |
| IV. | ARGUMENT | 5 |
| | A. THERE IS A SUFFICIENT LEGAL AND FACTUAL BASIS FOR THE COURT OF COMMON PLEAS TO GRANT APPELEE'S MOTION FOR SUMMARY JUDGMENT. | |
| I. | CONCLUSION | 7 |

i.

# TABLE OF AUTHORITIES

**Page**

CASES

Moore v. Sizemoore, 405 A.2d 679 (Del.1979)          6

Downs v. State, 570 A.2d 1142 (Del.1990)          5

State v. Huss, 1993 WL 603365 (Del.Super.)          5

Stigars v. Mellon Bank, 1998 WL 99647 (Del.Super)          5


OTHER SOURCES

Court of Common Pleas Civil Rule 56          6

ii

## I. NATURE AND STAGE OF PROCEEDINGS

Appellant's Nina and Mazin Shahin filed a civil debt action in the Justice of the Peace Court 16 on June 28, 2005. On September 6, 2005, the Justice of the Peace Court dismissed the civil complaint when Appellee agreed to credit Plaintiff's account in the amount of $35.00.

On September 21, 2005, the Appellant's Nina and Mazin Shahin filed a Notice of Appeal with the Court of Common Please as well as filing the initial complaint seeking the same relief sought against the Appellee in the Justice of the Peace Court. On November 18, 2005, the Appellee's filed a Motion for Summary Judgment. A hearing was held before the Honorable Merrill C. Trader on December 21, 2005 whereby he granted the Motion for Summary Judgment. At that time, the Court stated verbally that the Court would be granting the Motion for Summary Judgment filed by the Appellee. The written Order was entered by the Court of Common Pleas on January 5, 2006.

On January 11, 2006, the Appellant appealed the decision of the Court of Common Pleas to this Court.

On January 25, 2006, the Appellant's filed a Motion to Decline to Accept the Transcript from the Court of Common Pleas. The Appellee filed a response to such motion on February 1, 2006. The Appellant's filed a reply to Appellee's response on February 2, 2006. On March 3, 2006, this Honorable Court denied Appellant's Motion to Decline to Accept the Transcript from the Court of Common Pleas.

On March 27, 2006, the Appellant's filed their Opening Brief. This is Appellee's Answering brief.

1

## II. STATEMENT OF FACTS

On June 28, 2005, the Appellant's Nina and Mazin Shahin filed a debt action against the Appellee, Delaware Federal Credit Union, seeking of $35.00 which represented a non sufficient funds charge which was debited to their banking account. (A-1) The trial date was scheduled by the Justice of the Peace Court for June 6, 2005. (A-2) At that time, the Court was informed that the Defendant Delaware Federal Credit Union reviewed their records prior to trial and admitted they had made an error and offered to correct the error. (A-2) This was refused by the Appellant's. (A-2) Delaware Federal Credit Union advised the Court that they were willing to credit the account of the Appellee's in the amount of $35.00. (A-2) Based upon such information, the Court dismissed the case with prejudice in favor of Delaware Federal Credit Union. (A-2)

Delaware Federal Credit Union credited Appellant's account in the amount of $35.00 on September 6, 2005. (A-6-9)

On September 21, 2005, the Appellee's filed a notice of appeal in the Court of Common Pleas as well as the initial complaint asking for damages in the amount of $35.00 plus Court costs and interest. (A-5, 28)

On October 6, 2005 an Answer to the Complaint was filed by Delaware Federal Credit Union. (A-28)

On November 18, 2005, a Motion for Summary Judgment was filed on behalf of Delaware Federal Credit Union seeking judgment in their favor and dismissing the Plaintiff's complaint due to the fact that they had already paid the Appellant $35.00. (A-6) A hearing was held before the Honorable Merrill C. Trader on December 21, 2005

2

whereby he heard argument on the Motion for Summary Judgment. (A-11, 14-271)
After hearing argument, the Court granted the Appellee's Motion for Summary Judgment
as a result of his findings that there was no principle sum due to the Appellants. (A-14-
27) The Court held that the Appellant's could not get Court costs and interest because
they did not have a claim from which relief could be granted. (A-14-27)

   The official written order was entered by the Court on January 5, 2006 which
stated that the Motion for Summary Judgment had been granted in favor of Delaware
Federal Credit Union. (A-29)

   Appellants now appeal the decision of the Court of Common Pleas to this Court
stating that it was entered in error.

## III. STATEMENT OF QUESTION

1.    Whether there was a sufficient legal and factual basis for the Court of Common

Pleas to grant Appellee's Motion for Summary Judgment?

## IV.  ARGUMENT

**THERE WAS A SUFFICIENT LEGAL AND FACTUAL BASIS FOR THE
COURT OF COMMON PLEAS TO GRANT APPELLEE'S MOTION FOR
SUMMARY JUDGMENT AND SUCH DECISION SHOULD BE AFFIRMED BY
THIS COURT.**

In reviewing appeals from the Court of Common Pleas, the Superior Court sits as
an intermediate appellate Court, and as such, its function is the same as that of the
Supreme Court.  State v. Huss, 1993 WL 603365 (Del.Super).  (Attached as Exhibit "A")
Therefore, findings of law are reviewed de novo to determine whether the trial court
erred in formulating or applying legal precepts.  Downs v. State, 570 A.2d 1142, 1144,
(Del.1990).  With regard to findings of fact, the Superior Court has a duty to review the
sufficiency of the evidence and to test the propriety below.  If the findings of the trial
court are sufficiently supported by the record and are the product of an orderly and
logical deductive process, the Superior Court must accept them.  Stigars v. Mellon Bank,
1998 WL 996471 (Del.Super).  (Attached as Exhibit "B")  As stated in Stigars, "Findings
of the trial court, which are supported by the record should be accepted even if the
reviewing Court, acting independently, would reach a contrary conclusion.  Id. At p.2.

The Court below correctly granted Appellee's Motion for Summary Judgment
since there were no issues of fact and the Delaware Federal Credit Union was entitled to
judgment as a matter of law.  The facts which were at issue in the Court of Common
Pleas were clear.  Delaware Federal Credit Union had in fact credited Appellant's
account in the amount of $35.00 on September 6, 2005.  The relief which was being
sought in the Court of Common Pleas was for an amount of $35.00 which had already

been paid prior to the notice of the appeal being filed with the Court of Common Pleas. As such, there was no legal basis for seeking relief in the amount of $35.00. Thus, the Appellants request for Court costs and interest was without merit.

The Court below clearly took into account the standard for considering a Motion for Summary Judgment. Summary judgment is appropriate when the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law Moore v. Sizemore, 405 A.2d 679, 680 (Del.1979). In considering the motion, the Court must evaluate the facts in the light most favorable to the non moving party. Id. When a Motion for Summary Judgment is made and supported as provided in Civil Rule 56, the opposing party may not rest on mere allegations or denials. The adverse parties must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial. Court of Common Pleas Civil Rule 56 (e).

Based upon the standard set forth above, the decision made by the Court of Common Please granting Appellees Motion for Summary Judgment is supported by the facts and the law of the State of Delaware. Plaintiff's complaint lacks legal merit since there account had already been reimbursed as of September 6, 2005. As such, there was no basis to be awarded Court costs and interest since they were merely proceeding with this litigation for a malicious purpose.

The Appellants raised issues of improper actions by the Justice of the Peace who heard the case at the Justice of the Peace Court 16. Such an issue is not relevant at this stage since the only issue on appeal is the decision of the trial court. Any claims of inappropriate conduct by the Justice of the Peace Court must be filed with the Court on

6

the Judiciary and not this Court which is only reviewing the decision of the Court of Common Pleas granting the Motion for Summary Judgment.

Appellants also argue that Judge Trader is biased and that he lacked professional competence in ruling upon the Motion for Summary Judgment. Appellants argument is unsupported by any facts in the record. Appellants admitted at the legal hearing before Judge Trader that the $35.00 had been paid before the case was ever appealed to the Court of Common Pleas. Appellants own admission provides clear logical support for the decision by the court below that the Appellant was not entitled to Court costs and interest or any other relief since they had no viable claim for a principal amount due.

Wherefore, Appellee would respectfully request that this Court affirm the decision of the Court of Common Pleas granting summary judgment in favor of the Appellee.

## CONCLUSION

Based upon the above-stated facts and law, the Appellee respectfully requests that this Honorable Court affirm the decision of the Court of Common Pleas.

LIGUORI, MORRIS & YIENGST

GREGORY A. MORRIS, ESQUIRE
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for Appellant

**DATED:** April 17, 2006

# EXHIBIT "A"

Westlaw.

Not Reported in A.2d                                                      Page 1

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**


**C**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
                    Superior Court of Delaware, New Castle County.
                    STATE of Delaware, Plaintiff-Below, Appellant,
                                        v.
                      Denise HUSS, Defendant-Below, Appellee.
                    **Cr.A. Nos. N93-04-0294AC, N93-04-0295AC.**

                              Submitted July 14, 1993.
                              Decided: Oct. 8, 1993.


Upon appeal of a decision of the Court of Common Pleas.    Reversed and Remanded.

Suzanne I. Seubert, Deputy Atty. Gen., Dept. of Justice, Wilmington, for State.
James A. Natalie, Jr., Woloshin, Tenenbaum & Natalie, P.A., Wilmington, for
appellee.

                            *MEMORANDUM OPINION*

GEBELEIN, Judge.
**\*1** Before the Court is the State's appeal from the decision of the Court of Common
Pleas granting Defendant-Below Appellee's motion to dismiss for lack of probable
cause.    The State filed a timely notice of appeal pursuant to 10 *Del.C.* § 9902.
For the following reasons, the decision of the Court of Common Pleas is REVERSED
and REMANDED for trial.

There are several issues on appeal.    First is whether Trooper James DiOrio had
reasonable and articulable suspicion of criminal activity sufficient to justify
his stop of appellee's vehicle.    Next is whether appellee's motion below was
correctly treated as a motion to dismiss as opposed to a motion to suppress, and
whether this appeal is permitted under 10 *Del.C.* § 9902(a) or 10 *Del.C.* §
9902(b)(c).    Finally at issue is whether the State may retry appellee if this
appeal is only permitted under 10 *Del.C.* § 9902(a).

When cases are appealed from the Court of Common Pleas, the Superior Court sits as
an intermediate appellate court.    As an intermediate appellate court, the
Superior Court's function is the same as the Supreme Court's function.
*Shipkowski v. State,* Del.Super., No. K88-03-0033A, Steele, J. (July 28, 1989),
(citing *Baker v. Connell,* Del.Supr., 488 A.2d 1303 (1985)).    Thus, the Court's
role in a non-jury case is to correct errors of law and to review the factual
findings of the Court below to determine if they are "sufficiently supported by
the record and are the product of an orderly and logical deductive process."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

*Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972).

This case concerns events which occurred on May 5, 1992, when Trooper DiOrio was in his patrol car and saw appellee's Nissan automobile exiting from the Fox Run Shopping Center in Bear, Delaware.    While appellee's vehicle was in motion, DiOrio observed a white male open the passenger door and hold it open with his hand while the passenger's leg was outside of the vehicle.    DiOrio testified that he thought there might be a domestic dispute in progress and he proceeded to follow the vehicle.    Trooper DiOrio observed the passenger put his leg inside the vehicle and close the car door.    Appellee subsequently turned onto Route 72 and crossed from the shoulder to the through lane and into the left turn lane without using a turn signal.

Trooper DiOrio then stopped the vehicle and requested appellee's driver's license and registration, which she searched for and produced.    Trooper DiOrio spoke with appellee and the passenger, and they alleviated his concern of a domestic dispute.
 As Trooper DiOrio spoke with appellee, he noticed that her eyes were very watery, bloodshot, and glassy, and he detected a strong smell of alcohol on her breath.    In response to Trooper DiOrio's questions, appellee stated that she was nineteen years old and that she had consumed one beer that evening.    As a result of his observations and appellee's statements, Trooper DiOrio administered five sobriety field tests which appellee failed.    Appellee was then transported to the police station and charged with Driving Under the Influence of Alcohol and Underage Consumption.

        FN1. A violation of Title 4, Section 904 of the *Delaware Code.*

**\*2** During appellee's trial, when Trooper DiOrio testified that appellee was transported to the police station, the Court allowed counsel for appellee to conduct *voir dire* of Trooper DiOrio.    During *voir dire,* the Court provided that it would measure the reasonableness of appellee's stop on the basis of what Trooper DiOrio observed before the stop, and proceed to determine probable cause for the arrest only if necessary.

The Court subsequently found that Trooper DiOrio did not have reasonable suspicion to justify his stop of appellee, and dismissed the charges against appellee. Therefore, an application of the law to the facts is required to determine whether the Court of Common Pleas was correct in finding that Trooper DiOrio did not have reasonable suspicion.

Traffic stops are more analogous to a so-called *Terry* stop than to a formal arrest.    *United States v. Pardon,* 657 F.Supp. 840 (D.Del.1987), (citing *Berkemer v. McCarty,* 468 U.S. 420 (1984)).    In *Terry v. Ohio,* 392 U.S. 1 (1968), the Supreme Court held that a limited seizure of an individual along with a limited search for weapons was constitutionally permissible even in the absence of a warrant or probable cause.    All that is required of the police is a reasonable suspicion of wrongdoing based on articulable facts and rational inferences. *Jarvis v. State,* Del.Supr., 600 A.2d 38, 41 (1991), (citing *Terry,* 392 U.S. at 21).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

    The Court must view the circumstances of a traffic stop objectively when
determining whether the stop was justified.    *State v. Walker,* Del.Super., Cr.A.
No. IK90-08-0001, Steele, J. (March 18, 1991) (Order).

In this case, Trooper DiOrio observed a passenger with his leg outside of the car
door while appellee's vehicle was in motion.    As Trooper DiOrio followed the
vehicle, the passenger closed the door and the vehicle was driven for a distance
without speeding or weaving between lanes.    Trooper DiOrio did not notice any
violence or fighting occurring inside the vehicle, and he testified that the
vehicle followed a traffic pattern consistent with the pattern a vehicle traveling
in that direction should follow.    Trooper DiOrio further testified that it
appeared appellee would have timely stopped for the red traffic light even if he
did not have his emergency lights on.

Trooper DiOrio further testified that he observed appellee's vehicle cross over
two lanes of traffic without signaling, in violation of 21 *Del.C.* § 4155.
Pursuant to 21 *Del.C.* § 701, Trooper DiOrio had the right to stop appellee.
Case law clearly supports the finding that failure to signal is a legitimate
reason to stop a vehicle.    In *Ledda v. State,* Del.Supr., 564 A.2d 1125 (1989),
the defendant was convicted of conspiracy and several drug charges after being
stopped by police on I-95 for changing from the left hand lane into the center
lane without using a turn signal.    Similarly, in *State v. Walker,* Del.Super.,
Cr.A. No. IK90-08-0001, Steele, J. (March 18, 1991) (Order), an officer was
following a car which failed to signal a turn.    The Court recognized that
changing lanes without signaling a turn is a violation of 21 *Del.C.* § 4155, and
held that it created probable cause for the officer to exercise his discretion to
stop the vehicle.    Clearly then, if probable cause exists to arrest, this
provides more than the reasonable suspicion necessary to stop this vehicle.

        FN2. 21 *Del.C.* § 4155 provides:
        (a) No person shall ... move right or left upon a roadway or turn so as to
        proceed in an opposite direction unless and until such movement can be made
        with safety ... No person shall so turn any vehicle without giving an
        appropriate signal in the manner hereinafter provided.
        (b) A signal of intention to turn or move right or left when required shall
        be given continuously during not less than the last 300 feet or more than
        one-half mile traveled by the vehicle before turning.

        (d) The signals provided for in § 4156 of this title shall be used to
        indicate an intention to turn, change lanes or start from a parked position..
        ..

        FN3. 21 *Del.C.* § 701 provides:
        (a) [P]olice officers authorized by law to make arrests for violation of the
        motor vehicle and traffic laws of this State, provided such officers are in
        uniform or displaying a badge of office or an official police identification
        folder, may arrest a person without a warrant:  (1) For violations of this
        title committed in their presence;  ...

        © 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                   Page 4

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**\*3** The Court of Common Pleas, however, focused on the fact that there was no
traffic, appellee was driving in a safe manner, and a turn signal was not needed
for safety reasons.   It was error for the Court of Common Pleas to evaluate these
factors when a statute exists which has not carved out such exceptions or limits
upon the requirement for a signal being displayed.   Appellee did violate Title 21
of the *Delaware Code,* she did so in an officer's presence, and thus the officer
had the right to stop the vehicle.

Trooper DiOrio did, however, testify that his main reason for stopping the vehicle
was to determine what was going on inside the vehicle; and the State, perhaps
improvidently, later argued that Trooper DiOrio would have stopped appellee even
if she had signaled.   It must be noted that contrary to the State's argument,
Trooper DiOrio did testify that the failure to signal, i.e. the observed
violation, was one of the circumstances which he considered in pulling appellee
over.

The State has contended on appeal that appellee's motion below was a motion to
suppress the results of the chemical test administered after the stop, and that
the State had a right to be heard pre-trial.   The State argues that the Court of
Common Pleas Criminal Rules require a party to make a motion to suppress evidence
before the trial in which it is to be used unless the opportunity to do so did not
exist.   Com.P.Ct.Crim.R. 41.   However, a literal reading of the statute further
provides that "the Court in its discretion may entertain the motion at the trial
or hearing."   Com.P.Ct.Crim.R. 41.   Therefore, even if this was a motion to
suppress as argued by the State, it would not have been error for the Court of
Common Pleas to hear the motion at trial.   At the initiation of the proceedings,
counsel for appellee stated "Your Honor, at the appropriate time, I'm going to ask
the Court to dismiss the charges because of a lack of probable cause."   (Tr. at
3.) The State requested that they proceed as if pre-trial and the Court directed
the parties to "[s]tart the case as you would start any one of these cases.   The
same way."   (Tr. at 4.) The parties proceeded to question Trooper DiOrio and the
Court subsequently suppressed all evidence obtained after the stop.   The Court
then asked defense counsel if he had any motions and he renewed his motion to
dismiss both charges.   This Court therefore finds that counsel for appellee
clearly stated at the initiation of the proceedings and in response to the Court,
that he was moving to dismiss for lack of probable cause.   The Court, however,
treated the motion as a motion to suppress evidence which was granted prior to the
charges being dismissed.

Appellee finally contends that the State incorrectly brought this appeal as of
right pursuant to 10 *Del.C.* § 9902(b)(c),  and that it is only permitted under 10
*Del.C.* § 9902(a).   Appellee also argues that section 9902(a) precludes retrial by
the State if the State is successful on appeal.   Because the motion below was a
motion to suppress, 10 *Del.C.* § 9902(a)(b)(c) are the sections which permit the
State's appeal.

        FN4. 10 *Del.C.* § 9902(b)(c) provides:
        (b) When any order is entered before trial in any court suppressing or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

, Not Reported in A.2d                                                              Page 5

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

> excluding substantial and material evidence, the court, upon certification
> by the Attorney General that the evidence is essential to the prosecution of
> the case, shall dismiss the complaint, indictment or information or any
> count thereof to the proof of which the evidence suppressed or excluded is
> essential....
> (c) The State shall have an absolute right of appeal to an appellate court
> from an order entered pursuant to subsection (b) of this section and if the
> appellate court upon review of the order suppressing evidence shall reverse
> the dismissal, the defendant may be subjected to trial.

> FN5. 10 *Del.C.* § 9902(a) provides:
> (a) The State shall have an absolute right to appeal to an appellate court a
> final order of a lower court where the order constitutes a dismissal of an
> indictment or information or any count thereof....

**\*4** In the case *sub judice,* the Court did not find that there was insufficient
evidence for a conviction, nor did it find that defendant was not guilty.    The
action was dismissed for lack of reasonable suspicion to justify the stop,
suppressing evidence, and prior to a dispositive ruling on the merits of the case
or a determination of guilt or innocence.    Therefore, the action was correctly
considered a dismissal as opposed to an acquittal.    Furthermore, if a defendant
terminates a trial without a determination of guilt or innocence, retrial after a
successful appeal does not violate double jeopardy.  11 *Del.C.* § 207(4);     *State
v. Pusey,* 600 A.2d 32 at 36 (citing *United States v. Scott,* 437 U.S. 83, 101
(1978)).    *Cf. State v. Maxwell,* Del.Super.Cr.A. No. IN-91-09-1725, Herlihy, J.
(September 17, 1993), Mem.Op. (holding that double jeopardy did not bar retrial of
the defendant where evidence was suppressed and a mistrial declared after the jury
had been sworn).    Based on the above, the State is not barred from retrying
appellee.

> FN6. 11 *Del.C.* § 207 provides:
> When a prosecution is for a violation of the same statutory provisions and
> is based upon the same facts as a former prosecution, it is barred by the
> former prosecution under the following circumstances:
> (4) The former prosecution was improperly terminated....    Termination under
> any of the following circumstances is not improper:
> a.    The defendant consents to the termination or waives, by motion to
> dismiss or otherwise, his right to object to the termination.

For the foregoing reasons, the decision of the Court of Common Pleas is REVERSED
and REMANDED for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

Del.Super.,1993.
State v. Huss
Not Reported in A.2d, 1993 WL 603365 (Del.Super.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 6

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "B"

**˙ Westlaw.**

Not Reported in A.2d                                                    Page 1

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**


**H**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Jacqueline STIGARS Appellant,
v.
MELLON BANK, Appellee.
**No. C.A. 96A-02-009JA.**

Feb. 3, 1998.


Upon appeal from the Court of Common Pleas Reversed.

Douglas Shachtman, Esquire for Appellant, Suite 302, 1200 Pennsylvania Avenue,
Wilmington, DE 19806.
Neal J. Levitsky, Esquire for Appellee, 824 N. Market Street, P.O. Box 2323,
Wilmington, DE 19899.

ORDER AND OPINION

GEBELEIN, J.
*1 This is an appeal by defendant-appellant, Jacqueline A. Stigars ("Appellant"),
from the Court of Common Pleas award to plaintiff-appellee Mellon Bank ("Bank") a
deficiency judgment of $9,948.41, attorneys' fees in the amount of 20% and costs.
The action stems from the repossession and subsequent sale of Appellant's car by
the Bank.


FACTS

On May 18, 1988, Appellant and her uncle entered a financing agreement with the
Bank for a 1988 Chevy Nova using the vehicle as collateral. A security interest in
the vehicle was perfected by the Bank. In late 1991, Appellant began having
difficulty making payments on the loan and no payments were made after January,
1992. The Bank lawfully repossessed the vehicle on April 28, 1992. Notice of the
repossession and the Bank's intentions for disposition were sent by certified
mail, return receipt to Appellant and her uncle under separate cover. The first
notice sent to Appellant was returned to the Bank unsigned. A second notice was
sent to Appellant at a different address; the notice was signed for by a guest at
the house. There is no record of Appellant's uncle having received the notice.

On May 19, 1992, the Bank transferred title to its own name and the agent for the
Bank signed a sworn statement that the collateral had been transferred to the Bank
as a purchaser for value. On May 30, 1992, the Bank sold the collateral at a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 2

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

public sale at the location and time identified in the notice which was signed for
at the second address. The Bank received $2,000 for the vehicle leaving a
deficiency of $9,948.41.

The Bank filed suit in the Court of Common Pleas to obtain a deficiency judgment.
Evidence was presented at the bench trial which showed the notice, a record of
Appellant phoning the Bank to inquire about redemption, the amount of debt
remaining on the note, the appraisal value of the vehicle, the transfer of title
from Appellant to the Bank prior to the sale and documentation of the sale to the
outside purchaser at the public sale on May 30, 1992. The Court of Common Pleas
issued a written opinion which found that Appellant had been properly noticed of
the repossession and sale and that the sale of the vehicle had been commercially
reasonable thereby entitling the Bank to a deficiency judgment in the amount of
$9,948.41.

Appellant appeals the judgment of the lower court on the grounds that the court
committed errors of law and abuse of discretion in finding that the Bank's
repossession notice and disposition procedures were commercially reasonable.

                                    DISCUSSION

On an appeal from the Court of Common Pleas to the Superior Court, the standard of
review "in addition to correcting errors of law, is 'whether the factual findings
made by the trial judge are sufficiently supported by the record and are the
product of an orderly and logically deductive process." '    Findings of the trial
court which are supported by the record should be accepted even if the reviewing
court, acting independently, would reach a contrary conclusion. This is the same
standard of review for appeals from the Superior Court to the Supreme Court.

     FN1. *Mellon Bank v. Dougherty,* Del.Super., C.A. No. 88A-DE-3-A, Steele, J.
     (Aug. 24, 1989) *citing Smart v. Bank of Delaware,* Del.Supr., C.A. No.
     82A-DE-5, Christie, J. (Dec. 5, 1984).

     FN2. *See Besk Oil, Inc. v. Brown & Bigelow, Inc.,* Del.Super., C . A. No.
     88A-JA-3-1, Stiftel, P.J. (Dec. 16, 1988) at 3; *see also H & H Poultry Co.,
     Inc. v. Whaley,* Del.Supr., 408 A.2d 289, 291(1979).

     FN3. *Moss v. Prudential-Bache Securities,* Del.Supr., 581 A.2d 1138, 1140
     (1990), *citing Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972).

**\*2** The statute governing secured transactions imposes two requirements on the sale
of collateral repossessed by a creditor: (1) it must be "commercially reasonable"
and (2) the appellant must receive "reasonable notification" of either a public or
private sale or other disposition. If the creditor fails to meet either of these
requirements the appellant will be entitled to statutory damages pursuant to §
9-507. Although the Code does not provide a definition of "reasonable notification
" the Delaware Supreme Court has identified the three-fold purpose of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**


requirement: (1) it gives the appellant the opportunity to exercise his redemption
rights under § 9-506; (2) it affords the appellant an opportunity to seek out
buyers for the collateral; and (3) it allows the appellant to oversee every aspect
of the disposition, thus maximizing the probability that a fair sale price will be
obtained.     If any part of the notice is contrary to the purposes then the notice
cannot be the "reasonable notification" required by the statute.


> FN4. 6 *Del. C.* § 9-504(3) (references to Code sections are to Title 6 of the
> Delaware Code unless otherwise indicated).

> FN5. *Ayers v. Mellon Bank,* Del.Super., C.A. No. 85C-DE-68, Martin, J. (Mar.
> 6, 1987).

> FN6. *Wilmington Trust Co. v. Conner,* Del.Supr., 415 A.2d 773, 776 (1980).

> FN7. *Id.*

In the case *sub judice* Appellant was sent two notices to two addresses, one of
which was signed for by a guest. The notice of disposition, dated April 28, 1992,
read as follows:

Dear Ms. Stigars:
This is your formal notification that Mellon Bank (DE) N.A. repossessed your 1988
Chevy Nova ... because a default occurred on your contract. The vehicle is
scheduled to be sold at public sale at Keystone Auto Auction Exchange, 1111 RT
22-322, Dauphin, Pa. 17018, on May 30, 1992, at 11:00 A.M.
You have the right to redeem the vehicle at any time before it is sold by paying
all obligations secured by the vehicle as well as reasonable expenses incurred in
retaking, holding and preparing the vehicle for sale as provided for in the
Delaware Commercial Code, 6 *Del. C.* § 9-506. You should call the undersigned
promptly ... in order to ascertain the correct payoff figure. You have the right
to seek out buyers for the vehicle and oversee every aspect of the sale in order
to maximize the probability that a fair sale price will be obtained.
In the event the sale does not yield sufficient funds to cover your obligations
secured by the vehicle, as well as reasonable expenses incurred in retaking,
holding and preparing the vehicle for sale, you will be responsible for any
portion remaining unpaid. In the event the sale yields a surplus, we will account
to you for such surplus.
Finally if there is any personal property in the vehicle which you would like to
claim, please contact the undersigned. If we are not contacted within fifteen (15)
days from the date of this letter, we will assume that any personal property in
the vehicle will not be claimed and we will dispose of it accordingly.
Sincerely,
/s/ Robert Mettler by BLF
Robert Mettler
Repossession Control Supervisor


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                      Page 4

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Appellant contends that this notice was not "reasonable notification" of the type
of sale-strict foreclosure, according to Appellant-executed by the Bank prior to
public sale of the vehicle on the date in the notification, thereby prohibiting
the Bank from seeking a default judgment. The Bank responds that title was merely
transferred to allow clear title to pass to the future purchaser. The court below
agreed with the Bank that the act of converting title to the Bank's name was "
merely a clearing of title" which did not "adversely affect[ ] the rights of
[Appellant]" because she was "still able to attend the public sale or redeem the
collateral prior to such sale if she elected."   This Court finds that although
the lower Court correctly found that this sale was not a strict foreclosure it
erred in concluding that there was "reasonable notification" as defined by the
Delaware Superior Court.

> FN8. *Mellon Bank v. Stigars,* Ct. Common Pls, C.A. No. 92-12-187, Smalls, J.
> (Jan. 22, 1996) at 6.

**\*3** While it is true that Appellant may have been able to attend the public sale
and purchase the vehicle on that occasion, her right of redemption was terminated
when the Bank transferred title of the vehicle to itself on May 19, 1992. The Code
provides the Appellant with a right to redeem the collateral but only prior to its
disposition.  The Bank effectively disposed of the collateral on May 19, 1992 when
its agent certified that a sale took place. The Certificate of Repossession and
Sale which reads, "... the Secured Party sold, assigned and transferred to Mellon
Bank DE., N.A ., a purchaser for value, all of the Appellant's rights, title and
interest in and to the vehicle." (emphasis added). This action was taken prior to
the sale of which Appellant had notice and subsequent to her inquiry regarding
redemption. Clearly this frustrated Appellant's right to redeem the collateral and
the purpose of "reasonable notification." It was not necessary for the Bank to be "
merely clearing title" eleven days prior to the disposition because the Code
provides that "[w]hen collateral is disposed of by a secured party after default,
the disposition transfers to a purchaser for value all of the Appellant's rights
therein, discharges the security interest under which it is made ...."   The act
of transferring title prior to the public sale destroyed Appellant's right to
redeem thereby making the notice which allowed redemption until the date of the
public sale making the notice contrary to the "reasonable notification" rule.

> FN9. § 9-506.

> FN10. § 9-504(4).

Because the notification to Appellant was "unreasonable" the Court must apply the "
absolute bar" rule elucidated in *Wilmington Trust Co. v. Conner*.   In *Conner* the
Supreme Court continued to recognize the "absolute bar" to creditors whose "
failure to comply strictly with the notice provisions of the Code acts as an
absolute bar to recovery of a deficiency judgment..." which had been the rule
under the Uniform Conditional Sales Act.  Transferring the title from Appellant to
the Bank thereby frustrated the purpose of the "reasonable notification" required

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 5

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**


by the Code.   The Bank is precluded from seeking a deficiency judgment against
Appellant.


     FN11. 415 A.2d at 776.

     FN12. *Id.* at 777 (citations omitted).

     FN13. *Id.* at 776.

When a secured creditor violates a provision of §§ 9-501-9-506 the appellant, when
the collateral is consumer goods, may recover "an amount not less than the credit
service charge plus 10 percent of the principal amount of the debt or the time
price differential plus 10 percent of the cash price."   The Court has found that
the Bank violated the "reasonable notification" provision found in § 9-504(2)
thereby making payment of statutory damages to Appellant allowable. Appellant has
calculated damages to be $5,829.55. The Bank did not dispute this amount in either
its answering or supplemental brief nor is it disputed that the vehicle was a
consumer good. "In the absence of conflicting arguments by [the Bank], the Court
finds the reasoning of [Appellant] persuasive."


     FN14. § 9-507(1).

     FN15. *Taylor v. Mellon Bank (DE), N.A.,* Del.Super., C.A. No. 87C-DE-192,
     Gebelein, J. (Dec. 1, 1989).

CONCLUSION

**\*4** The trial court erred by entering judgment in favor of the Bank. The decision
of the Court of Common Pleas is REVERSED. A judgment against the Bank, Mellon
Bank, DE, N.A. in the amount of $5,829.55 be entered in favor of Appellant.

IT IS SO ORDERED.

Del.Super.,1998.
Stigars v. Mellon Bank
Not Reported in A.2d, 1998 WL 996471 (Del.Super.)

END OF DOCUMENT


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 06A-01-004 RBY** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DELAWARE FEDERAL CREDIT UNION** | * | |
| **APPELLEE** | * | |
| | * | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused two (2) copies of the foregoing Appellee's Answering Brief to be served upon:

Nina & Mazen Shahin
103 Shinnecock Rd.
Dover, DE 19904

Via U.S. First Class Mail on this _____ day of April, 2006.

**LIGUORI, MORRIS & YIENGST**

**GREGORY A. MORRIS, ESQUIRE**
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for Appellant

**DATED:** April 17, 2006

# EXHIBIT 9

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN AND NINA SHAHIN, | * | NO.: 472, 2006 |
| APPELLANTS | * | |
| | * | |
| | * | |
| V. | * | |
| | * | |
| | * | |
| DE FEDERAL CREDIT UNION, | * | |
| APPELLEE | * | |
| | * | |

APPELLEE DELAWARE FEDERAL CREDIT UNION'S MOTION TO AFFIRM

Appellee, Delaware Federal Credit Union, moves this Honorable Court pursuant to Supreme Court Rule 25 to affirm the decision of the Delaware Superior Court for the following reasons:

1.    Appellants, Mazen and Nina Shahin, brought the present appeal from a decision of the Superior Court affirming the decision of the Court of Common Pleas, which granted summary judgment to Delaware Federal Credit Union.

2.    The appeal is as a result of an original complaint filed by the Appellants in the Justice of the Peace Court 16 for damages in the amount of $35.00 plus interest and Court costs. (Attached as Exhibit "A" is a copy of J.P. 16 docket sheet)

3.    On September 6, 2005, the Justice of the Peace Court dismissed the civil complaint when Delaware Federal Credit Union agreed to credit the Plaintiff's account in the amount of $35.00. (See Exhibit "A")

4.    On September 21, 2005, the Appellant's filed a notice of appeal with the
      Court of Common Pleas plus an initial complaint seeking the same relief
      against Delaware Federal Credit Union. At the time the Appellant had
      filed the appeal with the Court of Common Pleas, Delaware Federal Credit
      Union, had credited the Appellant's account in the amount of $35.00.

5.    On November 18, 2005, a Motion for Summary Judgment was filed on
      behalf of Delaware Federal Credit Union seeking judgment in their favor
      due to the fact that Delaware Federal Credit Union had already paid the
      Appellants $35.00 on September 6, 2005.

6.    A hearing was held before the Honorable Merrill C. Trader on December
      21, 2005 whereby he heard argument on the Motion for Summary
      Judgment. (Attached as Exhibit "B" is a copy of transcript of hearing) At
      the motion hearing, Appellant admitted that the $35.00 had been paid by
      Delaware Federal Credit Union prior to filing the appeal. (See Exhibit
      "B" at p. 8) Based upon such evidence, the Court of Common Pleas
      granted Appellee's Motion for Summary Judgment since there was no sum
      due to Appellants. The Court of Common Pleas held that the Appellants
      could not get Court costs and interest because they did not have a claim
      for which relief could be granted. (See Exhibit "B" p. 13)

7.    On January 11, 2006, the Appellant appealed the decision of the Court of
      Common Pleas to the Delaware Superior Court. After full briefing by the
      parties, the Delaware Superior Court held that the record was clear that
      there was a *de novo* review of the original claim which was filed with the

Justice of the Peace Court. The Court also found that there were no
genuine issue of material fact since Delaware Federal Credit Union paid
the Appellants $35.00. The Court held that there was no dispute that the
Appellants were paid; therefore, summary judgment was appropriate. The
Court also held that since Delaware Federal Credit Union was entitled to a
judgment as a matter of law, the Appellants claim for interest and costs
could not be considered. (Attached as Exhibit "C" is decision of the
Honorable Robert Young)

8.    Appellants now appeal the decision of the Delaware Superior Court which
affirmed the holding of the Court of Common Pleas granting Delaware
Federal Credit Union's Motion for Summary Judgment.

9.    The law is clear that summary judgment should be rendered if the record
shows that there are no genuine issue as to material fact, and the moving
party is entitled to a judgment as a matter of law. *Moore v. Sizemore,* 405
A.2d 679, 680 (Del. 1979). In considering the motion, the Court must
evaluate the facts in light most favorable to the non moving party. *Id.*
The adverse party's must set forth specific facts, by affidavit or otherwise,
showing that there is a genuine issue for trial. *Court of Common Pleas
Civil Rule* 56(e). Based upon the standard set forth above, the decision
made by the Superior Court affirming the Court of Common Pleas ruling
was clearly supported by the facts and the law. The complaint which was
filed in the Court of Common Pleas lacked legal merit since their account
had already been reimbursed as of September 6, 2005 which was prior to

their appealing to the Court of Common Pleas. As such, there was no basis for Appellants to be awarded court costs or interest.

10.    The Appellants raise issues which are not relevant to whether Delaware Federal Credit Union was entitled to a judgment as a matter of law. The Appellants raise issues of improper actions by the Justice of the Peace Court, Court of Common Pleas, Superior Court and by counsel for Delaware Federal Credit Union. Such claims are not relevant or material as to whether or not Delaware Federal Credit Union was entitled to summary judgment as granted by the Court of Common Pleas.

11.    It is clear from the written decision of the Superior Court and the transcript of Court of Common Pleas, that the issue on appeal is clearly controlled by settled Delaware law and there is sufficient evidence to support the ruling of the Court of Common Pleas. It is manifest on the face of appellant's opening brief that the appeal is without merit.

LIGUORI, MORRIS & YIENGST

/s/Gregory A. Morris
GREGORY A. MORRIS, ESQ.
46 The Green
Dover, Delaware 19901
(302) 678-9900
DATED: 11/20/06                 Bar ID. 3014
Attorney for Appellee

# EXHIBIT "A"

```
                        JUSTICE OF PEACE CIVIL DOCKET - COURT 16
                                   AS OF 09/20/2005                    PAGE    1
```

CIVIL ACTION NO. J0507004516

FILED   06/28/2005                        DEBT ACTION
                                          NON-ARBITRATION
                                          NON-JURY TRIAL

*** L I T I G A N T S ***

NINA M SHAHIN

------ VS ------

DE FEDERAL CREDIT UNION

```
     EVENT
NO.  DATE                   DOCKET TEXT


 2   07/06/2005  FILING DATE: 06/28/2005 FEE:  30.00 RELIEF AMT:    35.00
                 PERSONAL PROPERTY VALUE:         OTHER AMT:    15.00
                 PRE INT RATE:     PRE INT AMT:
                 POST INT RATE:
                 OTHER-SUBPOENA FOR LISA BREWER, BRANCH MANAGER

 3   07/06/2005  NOTICE(S) GENERATED: 07/06/2005

 4   07/06/2005  FORMS GIVEN TO:CONSTABLE COURT 16
                 DATE: 07/07/2005

 5   07/18/2005  RETURN OF SERVICE POSITIVE FOR AND DATE SIGNED FOR:
                 DE FEDERAL CREDIT UNION  - 07/14/2005
                 SIGNED BY IF DIFFERENT THAN NAME ABOVE:
                 JANE WASHINGTON

 6   07/29/2005  CASE UPDATED: 07/29/2005
                 7/28/05 -PER JUDGE DARLING LETTER SENT TO PLAINTIFF
                 STATING:THE COURT IS REQUIRING THAT WITHIN 15 DAYS
                 YOU SUPPLY THE COURT WITH THE FOLLOWING INFORMATION
                 CONCERNING CASE #'S J0507004516, AND J0506073516:
                 THE AMOUNTS OF THE CHECKS, CHECK NUMBERS AND EXACT
                 DATES IN WHICH YOUR ACCOUNT WAS DEBITED FOR NON-
                 SUFFICIENT FUNDS.  FAILURE TO SUPPLY THE COURT WITH
                 THE ABOVE INFORMATION BY 8/12/05 WILL RESULT IN THE
                 CASES BEING DISMISSED.

 7   08/15/2005  TRIAL SCHEDULED: Tuesday 09/06/2005 01:00 PM
                 TO BE HEARD WITH CA# J0507004516.

 8   08/15/2005  NOTICE(S) GENERATED: 08/15/2005

 9   09/06/2005  9/6/05 A DEBT ACTION IS FILED WHEN A PARTY OWES MONEY
                 AND REFUSED OR DOES NOT PAY. IN THIS CASE THE DEFENDANT
                 WAS NEVER GIVEN OPPORTUNITY TO PAY THE DEBT PRIOR TO
                 PLAINTIFF FILING CASE. AFTER FILING DEFENDANT
                 REVIEWED THEIR RECORDS AND ADMITTED THEY HAD MADE AN
                 ERROR AND OFFERED TO CORRECT THE ERROR. THIS WAS
                 REFUSED BY PLAINTIFF. DEFENDANT HAS AGREED TO CREDIT
```

H - 3

JUSTICE OF PEACE CIVIL DOCKET - COURT 16
AS OF 09/20/2005                    PAGE     2

CIVIL ACTION NO. J0507004516
                 PLAINTIFF ACCOUNT IN THE AMOUNT OF #35.00. CASE
                 DISMISSED WITH PREJUDICE.

10   09/06/2005   JUDGMENT MAILED: 09/06/2005
                  APPEAL PROCEDURES INCLUDED

11   09/09/2005   CASE UPDATED: 09/09/2005
                  9/7/05-RECV'D LETTER OF COMPLAINT FROM NINA SHAHIN
                  CONCERNING JUDGES DECISION IN THIS CASE.
                  9/7/05-SENT LETTER TO PLAINTIFF STATING:
                  JUDICIAL OPERATIONS MGR DOES NOT REVIEW THE CASE
                  DECISIONS OF THE JP JUDGES, NOR DO I DIRECT THEM HOW
                  ANY INDIVIDUAL CASE SHOULD BE HANDLED.
                  INCLUDED IN THE LETTER OF NAMES AND ADDRESSES OF
                  DCM AND CHIEF MAGISTRATE FOR FILING COMPLAINTS.
                  STATED ALSO THAT APPEAL PROCEDURES WERE INCLUDED
                  WITH THE ORDER.

12   09/20/2005   APPEAL - CASE APPEALED TO COURT OF COMMON PLEAS
                  TRANSCRIPT REQUESTED BY:NINA SHAHIN
                  DATE/TRANSCRIPT ISSUED:9/20/05
                  FEE PAID:  $10.00
                  DOCKET ABOVE IS A TRUE AND CORRECT COPY OF ALL ENTRIES ON
                  THIS CASE.
                  JUDGE:



A-4

# EXHIBIT "B"

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

MAZEN SHAHIN, and )          Civil Action Number
NINA SHAHIN, )                    05-09-0074AP
)
       Plaintiffs/Appellants, )
   vs. )
)
DELAWARE FEDERAL )
CREDIT UNION, )
)
      Defendant/Appellee, )          December 21, 2005

- - - - -

BEFORE:

HONORABLE MERRILL C. TRADER

- - - - -

APPEARANCES:

        NINA SHAHIN,
        Pro Se.

        GREGORY A. MORRIS, ESQUIRE
        on behalf of the Defendant.



        LINDA A. LAVENDER
        Official Court Reporter

A-14

Court of Common Pleas
December 21, 2005

Present:  As noted.

THE COURT:  All right.  This is the time, or it's a little past the time, that we scheduled a hearing on a motion for summary judgment.

How do you pronounce your name?

MS. SHAHIN:  Shahin, Nina Shahin.

THE COURT:  Nina Shahin, and Mazen Shahin versus...

MS. SHAHIN:  Shahin, just Shahin.

THE COURT:  Shahin vs. Delaware Federal Credit Union.  It looks like there are two cases, and it looks like one case there was a judgment entered for $35 and another case a judgment was entered on behalf of the defendant.

I suppose there's been some confusion, and that the end result of the case was judgment for the defendant.  Is that right, Mr. Morris?

MR. MORRIS:  Yeah, that's correct, Your Honor, and the motion I filed only deals with the one case, the other one just came up just recently.

THE COURT:  Well, it should really cover both; do you ask that it cover both?

MR. MORRIS:  It could essentially, Your Honor.  I mean both, essentially both decisions were on behalf of the Delaware Federal Credit Union.  It was all concerning this $35 payment, which actually the

A-15

Delaware Federal Credit Union made back on September 6, 2005, which credited the account. In fact...

THE COURT: Did the Magistrate first make one decision, and then later on he made a different decision?

MR. MORRIS: Well, no, there were two separate cases filed.

THE COURT: There were two cases?

MR. MORRIS: They're two separate cases, at least, and she can correct me if I'm wrong, but there were two separate cases filed.

THE COURT: I see.

MR. MORRIS: The first one, which I filed the motion for summary judgment on, was actually a defendant's verdict in one respect, and a plaintiffs' verdict in the other respect.

Essentially what happened is the defendant came into court, told the Court that they were willing to credit the plaintiffs' account in the amount of $35, which had been refused by plaintiffs, and then based upon that statement, the Court essentially initially found, or dismissed it with prejudice, but the docket sheet seems to indicate they entered judgment for $35 for the plaintiffs without court costs, and interest.

It was at that point that the plaintiffs then appealed to this court. Quite frankly the fact that the $35 has been paid since September of 2005, clearly the case is over at that point, and her ability to get court costs, and interest, we would respectfully argue is moot at this point.

A-16

The second case I didn't file the motion on, because it just came up, so I feel a little unprepared to deal with that one at this point, because I don't know all one hundred percent of the facts, because I didn't represent Delaware Credit Union at either one, at the court below; I've just been taking the cases up once they've been appealed, but at least as to the one at this point, feel that there is no action whatsoever, because...

THE COURT: Okay. Now, the one that...

MS. SHAHIN: Your Honor, can I now correct, and add?

THE COURT: Just let me finish with counsel for a minute, then I'll let you make some kind of statement, or argument.

Well, the October 17th judgment in favor of Dover Federal Credit Union against the plaintiffs, that is the case that apparently your motion does not cover?

MR. MORRIS: That is correct, Your Honor. The one I...

THE COURT: And you don't want to cover it?

MR. MORRIS: Well, again, I didn't even bring that file with me when I filed this motion, in fact. So I don't have it in front of me, but maybe if I could ask the Credit Union.

(PAUSE).

MR. MORRIS: It's my understanding, Your Honor, they're two separate matters.

THE COURT: They're two separate matters?

MR. MORRIS: Two separate matters, even...

A-17

MS. SHAHIN:  It's the same matter, two separate incidents.

MR. MORRIS:  Two separate incidents, so I respectfully submit that probably my motion will not be able to address the second one today unfortunately.

THE COURT:  But, doesn't it involve the $35 fee?

MR. MORRIS:  Yeah, but I think they may have sued for a little bit more, because there was an extended hold, and the first $100 of the thing would have gone to the account, so they weren't just suing for the $35 I don't believe, and maybe she can correct me if I'm wrong in that regards, but I think, they're two separate issues.

THE COURT:  The complaint states exactly... well, no, it's a little different.

MR. MORRIS:  It's a little different, Your Honor, it's the...

THE COURT:  All right.  Okay.  Tell me what you want to tell me about your motion for summary judgment, and this is the case.

MS. SHAHIN:  Now?

THE COURT:  No, the defense attorney goes first, he hadn't made an argument yet.

MR. MORRIS:  Your Honor, I think, my motion speaks for itself.  Essentially what the plaintiffs did, they filed an action against the Delaware Federal Credit Union, for $35, court costs, and interest as a result of it was a hold put on a check, and as such they were debited $35, or they were charged $35.

A-18

When Delaware Federal Credit Union agreed to reimburse them the $35 when they realized the error, it was refused by plaintiffs. However, when the Court was informed of that, that the Delaware Federal Credit Union was willing to credit their account for $35, that's when the Court found essentially in favor of the defendant at that point, and in fact, $35 was placed on their account on September 6, 2005 which was the very day that they were in court.

THE COURT: Well, this is the case where the judgment was entered in their behalf?

MR. MORRIS: Correct.

THE COURT: For $35.

MR. MORRIS: Well, Your Honor, it's really bizarre...

THE COURT: That's what the transcript...

MR. MORRIS: ...because if you look at the docket sheet, and the judgment itself, and I think I've attached this one. Essentially what it said is a debt action... this is the notice of action which is signed by the Justice of the Peace Court, it's not the docket sheets, it's September 6th, 2005, a debt action is filed when a party owes money, refused or does not pay.

In this case, the defendant was not given an opportunity to pay the debt prior to plaintiffs filing the case. After filing defendant reviewed their records, admitted they made an error, and offered to correct the error; this was refused by plaintiffs. Defendant has agreed to

$A$ - $19$

credit plaintiffs' account in the amount of $35, case dismissed with prejudice.

THE COURT:  Okay.  Now, I see that.

MR. MORRIS:  And, I think that...

THE COURT:  There's some confusion in the...

MR. MORRIS:  I agree, Your Honor, that there is a confusion, but I would argue that this is essentially what the true judgment is, and not what the docket says per se.

THE COURT:  Okay.  All right.

MR. MORRIS:  But, either way the plaintiffs appealed it at that point saying they should've been given court costs, and interest.  At this point, the fact that it's still pending...

THE COURT:  Okay.

MR. MORRIS:  The $35 has been paid; I just don't see a reason why...

THE COURT:  All right.  All right.  Now, it's your chance.

MS. SHAHIN:  Okay.  Thank you, Your Honor.

THE COURT:  Now, is it correct that in this case it was dismissed below?

MS. SHAHIN:  This is what I want to address, this is correct.  On the certified copy, which I attached to my appeal, it says that the judgment was entered in the Justice of the Peace Court in favor of Nina and Mazen Shahin.  And this is correct, the original decision of the judge,

A-20

it states all the facts that we allegedly didn't give appropriate notice. That they offer to pay, and some other facts, which has never...

THE COURT: Well, was it ultimately dismissed by the Justice of the Peace?

MS. SHAHIN: It was dismissed.

THE COURT: Okay.

MS. SHAHIN: And all these facts, which she claims in her decision, have never been proved in her court.

THE COURT: Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN: The credited only for 35 after the Court, after this hearing, not before.

THE COURT: Okay.

MS. SHAHIN: So, it means for three months...

THE COURT: But, before you came here they credited it?

MS. SHAHIN: No. Oh, before I came here?

THE COURT: Yes.

MS. SHAHIN: Yes.

THE COURT: All right.

MS. SHAHIN: But, it was after the court, and the whole premise of our appeal is that we have been denied the right to present our case in the Court of Peace. We have the right to present, because what the Judge claim, and what the defendant/appellee claim is not true.

A-21

THE COURT: Well, you did present your case, he just ruled against you.

MS. SHAHIN: No, we didn't present, that's the whole point. She didn't allow us to question the witness, she didn't allow us to present any proofs. As a matter of fact, we even didn't receive the response of the defendant, so when we entered her room we didn't even know what they claimed, so we couldn't even address their claim, because we didn't know what the claims were, so we're denied due process...

THE COURT: Well, okay, what's your second suit about? You've got two suits; it's about something different than this?

MS. SHAHIN: What happened when we deposited our...

THE COURT: Answer my question, what's the second suit about?

MS. SHAHIN: This is what I'm trying to explain.

THE COURT: All right.

MS. SHAHIN: To explain the confusion what is this all about. We deposited our own check from one Delaware bank to another, from PNC Bank to Delaware Credit Union. PNC Bank was a local branch, so it was miscoded by the Delaware Credit Union as not a local check, when in fact it was a local check. So according to their procedures a local check was supposed to have a hold only of three days, they put a hold of seven days.

THE COURT: Okay.

A-22

MS. SHAHIN: And in the course of those three days they bounced two transactions, and charged twice $35.

THE COURT: They charged two separate...

MS. SHAHIN: Two separate occasion although it was triggered by the same check, on two separate occasions, and they claim that we didn't notify them when, in fact, we made every effort to notify them of the fact, they just didn't want to listen.

THE COURT: Okay.

MS. SHAHIN: And, the Judge didn't allow us to hear the case, so all this in the motion for summary judgment, all these claims are false, all these claims, in fact, are not true. So this is why we claim that there could be no summary judgment when there is such a wide dispute on the matters of fact, which were not heard in the Justice of Peace Court, because there was no practical hearing.

When we entered the Court, Judge listened and communicated with the defendant only without giving us opportunity even to say a word, and then she dismissed the case, so we didn't have the opportunity to present our part...

THE COURT: Okay.

MS. SHAHIN: ...of the evidence or claims.

THE COURT: That may be. Were two separate hearings on the two different cases?

MS. SHAHIN: Yes, there were two separate, and we

A-23

appealed both of them, and this is actually the second incident, although it was processed by time in the court system as the first. The second one...

THE COURT: What are you claiming in the second case that you're not claiming in the first case?

MS. SHAHIN: In the second case we claim plus all the court of appeals fees.

THE COURT: The one I'm not...

MS. SHAHIN: And all the interest on all the money.

THE COURT: You're really claiming the same thing in the second case you're claiming in the first case, aren't you?

MS. SHAHIN: Not necessarily. Here I claim only $38 of the courts fees in Justice of the Peace Court, plus the interest on the money.

THE COURT: Okay.

MS. SHAHIN: There I claim everything plus court claim fees...

THE COURT: In this case you're claiming court costs plus interest; the other case you're claiming what, court costs, interest, and what?

MS. SHAHIN: And any other amounts which Court finds equitable and necessary.

THE COURT: Any other amount for what?

MS. SHAHIN: Penalty for false claims, for perjury.

A-21

12

THE COURT: Well, you have to prove that. It seems to me you're claiming the same thing in both cases.

Have you completed your statement to the Court in this case?

MS. SHAHIN: Yeah, Your Honor, yeah, I want to say additionally that we practically in the Court of Peace we were denied our constitutional rights of equal protection, and due process, and this is why we want to hear the case de novo in the Court of Common Pleas.

THE COURT: All right. Okay. Thank you.

Anything further Mr. Morris?

MR. MORRIS: Just briefly, Your Honor. I don't really know what the heck happened in J. P. Court, all I know is $35 has been paid since September 6th.

If you heard the trial today, on those issues, you would have to find on behalf of the defendant at that point, because...

THE COURT: Is my decision on this case going to be res judicata on the other one? It sounds like it would be?

MR. MORRIS: I think it is, I think, and I apologize to the Court not bringing that file, but I do think there was something a little bit different from this one, and in fact that one just came up recently, but I think ultimately...

THE COURT: I can't determine what it is, it seems like they're suing for the same thing.

A-25

13

MR. MORRIS:  It seems like it to me, Your Honor, but factually it's a little different, because there was some issue about a three day period, and whether certain checks should have cleared.

In this one it's all about $35 to their account, and quite frankly that $35 has been paid over three months ago.

THE COURT:  Okay.  In the case that remains open is 0113, I'll hand that file back to the clerk so we're clear.  In the motion for summary judgment is for 0074.

And the question is does the plaintiffs' claim state a claim for which relief can be granted.  There must be a principal sum due, or shown to be due before you can get interest, and court costs.  In other words, the plaintiffs are going to have to demonstrate from the pleadings, that there is still $35 due in order to recover interest, and court costs.

The $35 has been paid, there's nothing before the Court to indicate that there is a sum due still, at least in this case, from the Delaware Federal Credit Union to these plaintiffs.

MS. SHAHIN:  But they paid it three...

THE COURT:  Keep quiet, I'm rendering my decision.

You don't get court costs and interest unless you have a claim from which relief can be granted.  There is no claim for which relief can be granted in this case.  The motion for summary judgment is granted.

- - - -

A-26

# EXHIBIT "C"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA and MAZEN SHAHIN,                :
                                      :
                  Appellants,         :    C.A. NO: 06A-01-004
                                      :
        v.                            :
                                      :
DELAWARE FEDERAL CREDIT               :
UNION,                                :
                                      :
                  Appelle.            :

Submitted: May 2, 2006
Decided: August 3, 2006

Nina and Mazen Shahin, *pro se.*

Gregory A. Morris, Esq., Liguori, Morris & Yiengst, Dover, Delaware for Appellant.

*OPINION*

UPON CONSIDERATION OF APPELLANT'S
APPEAL FROM FROM COURT OF COMMON PLEAS
**DENIED**

Young, Judge

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

Appellants, Nina and Mazen Shahin, bring the present appeal from a decision of the Court of Common Pleas, which granted summary judgment to appellee, Delaware Federal Credit Union ("DFCU"). This case is a debt action, which originated in the Justice of the Peace Court, and was appealed to the Court of Common Pleas. In both of the proceedings below, the Court found in favor of DFCU. For the following reasons, the Shahins' appeal is **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

The Shahins initiated their claims against DFCU in the Justice of the Peace Court, seeking reimbursement for a $35.00 fee assessed to their account for insufficient funds ("NSF fee"). The Magistrate held in favor of DFCU after learning that DFCU credited the Shahins' account for the $35.00 NSF fee.[1] The Shahins appealed the Magistrate's decision to the Court of Common Pleas, which granted DFCU's motion for summary judgment. The Shahins made a timely appeal of the decision of the Court of Common Pleas to this Court on January 11, 2006.[2]

In preparation for the Superior Court appeal, the Shahins obtained a copy of the transcript of the proceeding in the Court of Common Pleas, and complained that

---

[1]     DFCU admits that it assessed the Shahins the $35.00 NSF fee in error. The parties dispute whether the Shahins advised DFCU directly of the error. DFCU claims it did not learn of the problem until they were served with the JP Court complaint. DFCU credited the Shahins' account for the NSF fee on the day of the JP Court hearing.

[2]     10 Del.C. § 1326(b).

2

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

the transcript contained errors.[3] The Court of Common Pleas denied the Shahins'
request to review the tape of December 21, 2005 hearing and submit corrections of
the transcript errors. The Shahins filed a similar motion with this Court, seeking to
review the tape and correct the hearing transcript. At oral argument on March 3,
2006, this Court considered the Shahins' motion as an appeal of the Court of
Common Pleas decision, and denied their request.

The Shahins now present their brief in support of their appeal of the decision
of the Court of Common Pleas on DFCU's motion for summary judgment.

## STANDARD OF REVIEW

When considering an appeal from the Court of Common Pleas, this Court's
function is similar to that of the Delaware Supreme Court.[4] "In reviewing appeals
from the Court of Common Pleas, the Superior Court must limit its scope of review
to correcting errors of law and ascertaining whether the trial judge's factual findings
'are adequately supported by the record and are the product of an orderly and logical
deductive process.' "[5] This Court must accept any decision of the Court of Common

---

[3]     Record of the parties' oral arguments before the Court of Common Pleas on the
summary judgment motion was recorded by Court of Common Pleas Reporter Linda Lavender.
An audiotape of the proceeding was also prepared. The Shahins argue that the transcript contains
mistakes, omissions, and unauthorized additions.

[4]     *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[5]     *Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del.
Super.)(*citing Wyatt v. Motorola, Inc.,* 1994 WL 714006, at *2 (Del. Super.)).

3

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

Pleas that is supported by sufficient evidence.[6] However, when reviewing a summary judgment decision on appeal, "the applicable standard requires that this Court examine the record below *de novo* to determine whether the court below correctly applied the applicable legal principles."[7]

## DISCUSSION

The Shahins make several arguments about the propriety of the proceedings, not only at the hearing in the Court of Common Pleas, but also in the Justice of the Peace Court. The scope of this Court's review is limited to the issues the parties raised at trial, and this Court will not hear issues the parties did not raise and address before the lower court.[8] In this case, the Court of Common Pleas decision at issue was on DFCU's motion for summary judgment. Accordingly, this opinion is limited to those issues raised in the Court of Common Pleas hearing on that motion.

Summary judgment should be rendered if the record shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as

---

[6] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972); *Wilson v. Klabe Construction Co.*, 2004 WL 1732217, at *2 (Del. Super.).

[7] *Baldwin v. Conner*, 1999 WL 743276, at *2 (Del.Super.) (*citing Hoechst Celanese Corp. v. Certain Underwriters at Lloyds*, 656 A.2d 1094, 1098 (Del. 1995)).

[8] *Pringle v. Atlantic Millwork*, 1998 WL 472751, at *4 (Del. Super.) (*citing Wilmington Trust Co. v. Conner*, 415 A.2d 773 (Del. 1980)).

4

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

a matter of law.[9] The facts must be viewed in the light most favorable to the non-moving party.[10] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances.[11] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[12]

In the Court of Common Pleas appeal, which was a *de novo* proceeding, DFCU argued that the Shahins' claim was without merit, because the $35.00 NSF fee had been credited to the Shahins' account. In fact, there was no dispute that the Shahins had been reimbursed for the improperly assessed NSF fee.[13] The record shows that

---

[9]     Super. Ct. Civ. R. 56(c).

[10]    *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. Ct. 1995).

[11]    *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[12]    *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[13]    Court of Common Pleas transcript at 8

THE COURT:        Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN:       The credited only for 35 after the Court, after this hearing, not before.

*     *     *     *     *

THE COURT:        But, before you came here they credited it?

MS. SHAHIN:       No. Oh, before I came here?

5

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

DFCU credited the Shahins' account on September 6, 2005, the day of the Justice of the Peace hearing. However, the Shahins argue that they are entitled to interest and court costs. The Court of Common Pleas denied their claim, however, ruling that interest and costs cannot be awarded when there is no claim upon which relief can be granted.

The Court of Common Pleas did not err in determining that no genuine issue of material fact existed as to the Shahins' claim that DCFU owed them $35.00 for the NSF fee, because the evidence shows that the Shahins received reimbursement. There is no dispute that the Shahins were paid; therefore, summary judgment was appropriate. Having determined that DFCU is entitled to judgment as a matter of law, the Shahins' claims for interest and costs cannot be considered.

Finally, the Shahins complain, *inter alia*, that they were not afforded due process, because the Justice of the Peace Magistrate engaged in *ex parte* communications with DFCU.[14] The Shahins also complain that their due process rights were violated by the Court of Common Pleas, because their claims were not considered *de novo*. The Shahins' claim that the Court of Common Pleas proceeding

THE COURT:     Yes.

MS. SHAHIN:     Yes.

[14]     The Shahins were not served with a copy of DFCU's answer to the complaint in the Justice of the Peace action. At the hearing before the Magistrate, the Shahins complained that the Justice of the Peace Court should have taken the initiative and served them with DFCU's answer. Because the Court received DFCU's answer, but the Shahins did not, the Shahins accused the Court of engaging in *ex parte* communications with DFCU.

6

*Shahin v. Delaware Federal Credit Union*
C.A. No: 05C-08-037
August 3, 2006

was not a *de novo* review is without merit. The record of the proceedings in the Court of Common Pleas is clear that the Shahins did receive a *de novo* review of their original claim for the $35 NSF fee. The hearing on the motion for summary judgment focused on the Shahins' original complaint. Ironically, the Shahins' arguments about the propriety of the proceedings in the Justice of the Peace action contradict their wish for a *de novo* review and are inappropriate.

## CONCLUSION

For the reasons stated above, the Shahins' Appeal from Defendants' Motion for Summary Judgment is **DENIED.**

_____
J.

RBY/sal
oc:    Prothonotary
cc:    Opinion Distribution

7

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 472, 2006** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL CREDIT UNION,** | * | |
| **APPELLEE** | * | |
| | * | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused two (2) copies of the foregoing Motion to Affirm to be served upon:

Nina & Mazen Shahin
103 Shinnecock Rd.
Dover, DE 19904

Via U.S. First Class Mail on this _____ 20th _____ day of November, 2006.

LIGUORI, MORRIS & YIENGST

/s/Gregory A. Morris
**GREGORY A. MORRIS, ESQ.**
46 The Green
Dover, Delaware  19901
(302) 678-9900
DATED: 11/20/06                     Bar ID. 3014
Attorney for Appellee

# EXHIBIT 10

## IN THE JUSTICE OF THE PEACE COURT OF
## THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
### COURT NO. 16

**COURT ADDRESS:**
**480 BANK LANE**
**DOVER DE 19904**

### TRANSCRIPT OF JUDGMENT AND EXECUTION FOR
### TRANSFER TO KENT COUNTY COURT OF COMMON PLEAS

**PLAINTIFF:**

NINA MAZEN SHAHIN
103 SHINNECOCK RD.
DOVER DE 19901
302-678-1805

**CIVIL ACTION NO.**J0507004516
JUDGMENT:$35.00

v.

**DEFENDANT:**
DE FEDERAL CREDIT UNION
150 EAST WATER STREET
DOVER DE 19901
302-739-4496

ON SEPTEMBER 6, 2005 JUDGMENT BY TRIAL WAS ENTERED BY JUSTICE OF THE PEACE COURT NO. 16 IN FAVOR OF NINA MAZEN SHAHIN AND AGAINST DE FEDERAL CREDIT UNION FOR $35.00.



This is to certify that this is a true and correct transcript of the judgment and Constable's return of execution.

Justice of the Peace/Court Official

Date: SEPTEMBER 20, 2005

J.P. Civ. Form No. 24 (Rev. 6/15/00)

# EXHIBIT  11

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
MARY SUSAN MUCH
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

May 1, 2006

**CONFIDENTIAL**

Ms. Nina Shahin
103 Shinnecock Road
Dover, DE 19904

> Re:   **ODC File No. 06-4-15**
> **(Gregory A. Morris, Esquire)**

Dear Ms. Shahin:

The Office of Disciplinary Counsel has received your complaint against Gregory A. Morris, Esquire, who represents Delaware Federal Credit Union ("DFCU") in litigation in which you and your spouse are involved as parties. Your complaint alleges that during the course of the litigation, Mr. Morris engaged in conduct which you believe has violated the Delaware Lawyers' Rules of Professional Conduct ("Rules").

This Office is authorized by the Supreme Court of Delaware to evaluate, investigate and, if necessary, prosecute lawyer misconduct as narrowly defined under the Rules. Absent clear and convincing evidence that a lawyer has violated the Rules, there is no basis for disciplinary prosecution for unethical conduct. This Office is neither a trial court nor a court of appeals. We have no authority to review or decide legal disputes or issues, or to decide, influence, or change the outcome of any issues related to a court proceeding.

This Office has carefully reviewed your complaint and its attachments. The allegations you have raised in your complaint concerning Mr. Morris relate to matters in dispute in pending litigation. When allegations of lawyer misconduct relate to matters that already have been presented to or are now pending before a court, this Office does not usurp the court's fact finding or legal analysis of those issues. If the court believes that the record in a matter or a lawyer's conduct in a matter before the court raises issues of ethical misconduct that should be investigated by this Office, the court can refer those issues to this Office.

Ms. Nina Shahin
May 1, 2006
Page Two

**CONFIDENTIAL**

      Based upon the foregoing, this file is now closed.  By copy of this letter to Mr. Morris, this Office is informing him of this disposition, and enclosing a copy of your complaint for his information.

      Please be aware that pursuant to Procedural Rules 13 and 25, all records and proceedings in this matter are private and confidential and are not subject to production in any later proceedings before any tribunal.

      Thank you for your attention in this matter.

Very truly yours,

Michael S. McGinniss

MSM:mrm

cc:    Gregory A. Morris, Esquire (enclosing copy of complaint)

**CONFIDENTIAL**                                    ODC File No. _____

## OFFICE OF DISCIPLINARY COUNSEL

### BOARD ON PROFESSIONAL RESPONSIBILITY
#### OF THE
#### SUPREME COURT OF THE STATE OF DELAWARE

#### CONFIDENTIAL COMPLAINT FORM

*REC'D OFFICE OF*
*APR 2 5 2006*
*DISCIPLINARY COUNSEL*

(1)  Your name and address:  **NINA SHAHIN**

        **103 SHINNECOCK RD., DOVER, DE 19904**

(2)  Telephone number: Residence **(302)678-1805**     Work **(302)678-1805**

(3)  The name of the attorney being complained about.     (See NOTE below.)
    **Gregory A. Morris from the firm Liguori, Morris & Yiengst**

**NOTE:** If you are complaining about more than one Delaware attorney, please provide your factual statement as to each attorney on a separate sheet.

(4)  Write on the attached piece of paper and send with this form a statement of what the attorney did or did not do that you are complaining about. Please state the facts as you understand them. If you employed the attorney, describe what you employed the attorney to do. Please be as factually specific as possible, supplying dates where appropriate. Use extra sheets if necessary. Sign and date such statement. Send your factual statement(s) with this form by first-class mail (NOT by certified or registered mail) to the following address:

**OFFICE OF DISCIPLINARY COUNSEL**
**Carvel State Office Building, 11th Floor**
**820 North French Street**
**Wilmington, Delaware 19801**

(5)  If you are complaining about an attorney who is representing you or has represented you, this Office may need to obtain copies of confidential documents relating to your complaint, and may eventually need to call you as a witness at a disciplinary hearing. Your signature below constitutes your authorization for this Office to obtain access to such documents as necessary in order to evaluate or investigate your complaint, and your consent to being called as a witness, if necessary.

_____          _April 25, 2006_
Signature                                        Date

**CONFIDENTIAL**

This complaint is filed against attorney Gregory A. Morris representing Delaware Federal
Credit Union (DE FCU) in pending litigation with the author of this complaint as an
opposing party of Plaintiffs-Appellants (husband and wife representing themselves in *pro
se* representation), accusing him of violating Rules of Professional Conduct adopted by
~~the American Bar Association (Model Rule 3.1 and 3.3(a)(a), (2), (4)) and the~~
corresponding Rules 3.2, 3.3 and 3.4 of The Delaware Lawyers' Rules of Professional
Conduct.    These violations were manifested in the following concrete actions of the
attorney:

1.    On 9/21/2005 the plaintiffs-appellants filed an appeal in the Court of Common
~~Pleas of Kent County against the decision of the Justice of Peace Court in the case~~
of a mistaken withdrawal of $ 35 NSF fees by the DE FCU from the plaintiffs'
account that were repaid only after the decision of the court. That decision of the
J.P. Court acknowledged that the "debt was owed", noted that the defendant
"promised to pay" and denied the plaintiffs the court costs and interest on the
~~money (unlawfully taken out of the plaintiffs' use for 2.5 months) that were~~
specifically requested by the plaintiffs in their initial filings of the lawsuit in JP
Court and "dismissed the lawsuit with prejudice" making reference to the claims of
the defendant that had not been proven in the court. The presiding JP judge, Pamela
Darling, denied the plaintiffs their basic constitutional rights of "due process" and
~~"equal protection" including the failure to notify them of the defendant's response,~~
denying them opportunities to prepare for the defendant's claims in that response,
to be heard and present their evidence or cross-examine witnesses one of whom
they subpoenaed to the court.    In view of those two points: (1) the failure of the
judge to make the injured party whole by partially denying their claim and (2)
~~egregious procedural violations of the plaintiffs' constitutional rights and *ex parte*~~
communications of the judge with the defendant that resulted in that denial, the
plaintiffs filed an appeal.    The attorney in his "Defendant's Answer to Complaint"
(see the **Attachment # 1**) in Second and Fourth Affirmative Defenses asserted
frivolous defenses in violation of ABA Model Rule 3.1 and The Delaware Layers'

1

Rules of Professional Conduct 3.1.     Please see my reply to those defenses
(**Attachment # 2**).

2.  On 11/18/2005 the attorney filed a Motion for Summary Judgment (see
    **Attachment # 3** "Appelee's DE FCU's Appendix to Answering Brief, page A7-8).
    In that Motion the attorney made the following statements of facts that have never
    been proven in court and that were not true or omitted proper disclosures:

    - In paragraph 1 he failed to mention that the "extended hold" was due to a
      mistake in coding the check instead of "local" to "non local" and the
      statement that the defendant was "not made aware of this problem" was
      neither proven in court nor was it true.

    - In paragraph 2 he made a claim that the "defendant immediately agreed to
      correct the error" which has never been proven in court and was not true.
      As a matter of fact, the amount was not paid until after the decision of the
      JP Court.

    - Paragraph 3 failed to indicate that the information claimed in that
      paragraph was contained in the defendant's response to the JP Court
      which was not made available to the plaintiffs neither by the court nor by
      the defendant, was accepted by the judge in *ex parte* communications in
      the court hearing in which the plaintiffs were not allowed to question the
      witness whom they had subpoenaed or to present the evidence they had in
      their hands. When I opened my mouth trying to clarify the defendant's
      claim of the "immediate correction of an error" that was actually an offer
      to settle both cases with unacceptable conditions, the judge immediately
      dismissed the case the prejudice and then ridiculed me with sarcasm in her
      question-affirmative statement addressed directly to me.

    - In paragraph 4 the attorney made a frivolous claim that the plaintiffs
      proceed with that litigation for a malicious purpose when in fact our
      constitutional rights were so outrageously violated that the case has a good
      potential (in view of how it is progressing with the "professional"
      assistance from this attorney through the court system in Delaware) to end
      up in the US Supreme Court and we are quite positive that the Writ of

2

> Certiorari will be granted. On the top of the insult in the JP courtroom and the injury of denial of our rights in court, the judge "dismissed with prejudice" equal to or more than 50% of our claim. It is, therefore, hardly a malicious or frivolous on our part to pursue justice and to claim what was rightfully ours but unlawfully denied to us. But that was the only claim of "law" he invoked. So, the attorney based his Motion for Summary Judgment on disputed and unproven facts and had no matter of law to back up his request. This is a violation of Rule 3.3 (a) (1) in view of the subsequent events described below in point # 4.

Please note that in all documents filed by us with the Court of Common Pleas we consistently indicated the facts of gross procedural violations taken place in the JP Court (in particular, see our Motion to Deny Motion for Summary Judgment in **Attachment # 4**). We would to like point out that the attorney who compiled the **Attachment # 3** as an Appendix to his Answering Brief to the Superior Court (where the case is on appeal right now) conveniently omitted page A-12 (the second page of our Motion to Deny Motion for Summary Judgment) that demonstrates that we indicated all those violations to the court.

3.     The hearing on Motion for Summary Judgment was another Kangaroo-type court where I was hardly allowed to speak, was constantly interrupted by the presiding judge and very promptly heard the judge declared the Motion for Summary Judgment granted. But the greatest my surprise came when I received the Transcript of the hearing which had some unauthorized modifications and factual mistakes. I requested permission to get access to the tape of the hearing to double check that information. My request angered the court reporter who had prepared that transcript and who mounted a vicious written attack at me with outrageously false accusations. She copied that letter to Mr. Morris, Court of Common Pleas judge, and the Delaware Superior Court.     I immediately responded to that letter and copied it to all the parties involved. (See a copy of my letter attached as **Attachment # 5**). The letter was dated 1/30/2006 and I personally delivered it to Mr. Morris on the same date.     I was shocked to receive his Motion to Deny me the access citing the reason that I had failed to indicate the reason of my request for an access.     Taking into consideration that my letter to him with copies to all parties

3

involved clearly indicated very specific three-point reason it was very upsetting to see that his Motion dated February 2, 2006 claimed that I had failed to state the reason. In my reply to the court I questioned his honesty and sincerity (See the **Attachment # 6**). The Superior Court in hearing on March 3, 2006 denied me the access to the tape depriving itself of the reliable reference in a situation when the court would need it and, I think, it needs it now after all the motions on appeal are filed. My personal impression is that there was a collusion between the court reporter, Mr. Morris and somebody from the judge's office to make all those unauthorized changes.

What I want to point out additionally here are some discrepancies in Mr. Morris's claims during the hearing for Summary Judgment that also cast shadow on his professional standards. In **Attachment # 3** starting from page A-15 to A-27 a copy of the Transcript of that hearing is reproduced. On page A-16 the highlighted part shows the claim Mr. Morris made in court: "Essentially what happened is the defendant came into court, told the Court that they were willing to credit the plaintiffs' account in the amount of $ 35, which had been refused by plaintiffs, and then based upon that statement, the Court essentially initially found, or dismissed it with prejudice, but the docket sheet seems to indicate they entered judgment for $ 35 for the plaintiff without court costs, and interest". This is not a correct statement of facts. Nothing like that ever happened in the JP Court. But on page A-25 Mr. Morris completely overrode that statement claming something completely different (see highlighted section on that page): "Just briefly, Your Honor. I don't really know what the heck happened in J.P. Court, all I know is $ 35 has been paid since September 6th". Did he or didn't he know what happened in the J.P. Court? If he knew what had happened there he was supposed to report *ex parte* communications happened in that court in compliance with Rule 3.3(d) of The Delaware Lawyers' Rules of Professional Conduct. If he did not know and made contradictory statements in the courtroom, then did he satisfy the requirements of Preamble Rules [4], [5], and [6]? Did he know and tried to elude the disclosure of what had happened in JP Court ? I question his position in court, his preparation for the case, honesty in making statements to the court and knowledge of factual background of the case including events taken place in the JP Court.

4

. The last point I want to report is the false statement of fact made knowingly and intentionally by Mr. Morris in his Appellee's Answering Brief on page 2 in section II. Statement of Facts (highlighted): "On September 21, 2005, the Appellee's (he should have said Appellants but it is a not a big  mistake in comparison with what is followed) filed a notice of Appeal in the Court of Common Pleas as well as the initial complaint ***asking for damages in the amount of $ 35.00 plus Court costs and interest.***" (Emphasis added by me, NS) (A-5, 28). (See the **Attachment # 7. Attachments 3 and 7** are complementary documents filed together by the attorney on behalf of DE FCU as his Answering Brief to the Delaware Superior Court where the case is on appeal right now.  Both copies are prepared by the attorney and are extra copies that were mailed to us as Appellants and are not tempered with or rearranged in any way, shape or form).  Copy of our complaint is reproduced on page A-5 of the **Attachment # 3** and there is nowhere there the claim for $ 35.00 of the original amount that was credited back to the plaintiffs' account on 9/6/2005.   Under paragraph 3 the plaintiffs-appellants wrote: "The presiding judge listened to the respondent's claims only, awarded the $ 35.00 NSF fee unlawfully charged and dismissed the case with prejudice ***WITHOUT AWARDING EITHER COURT FEES OR INTEREST REQUESTED BY THE PLAINTIFFS.***  4. Plaintiffs, therefore, ask the Court to hear the case *'de novo"* giving the opportunity to the plaintiffs to present the facts, the evidence, and question witnesses to justify ***the claim for court fees and interest on the unlawfully taken amount***".  (Again, emphasis is added here by NS) Without that false claim alleging that we, as plaintiffs, claimed $ 35.00 that had been already paid by the time the appeal was filed, the attorney did not have a claim "as a matter of law" neither in the Answering Brief (he stated that false claim in the Statement of Facts section as well in the Analysis Section)  nor in his request for Summary Judgment (Although in his Motion for Summary Judgment it was clear that he understood that we, as appellants, did not claim $ 35 of the original charge).  Now, it becomes clear why there were unauthorized changes to the amounts and the nature of claims that I had indicated during hearing for Summary Judgment. The transcript, as modified, does not convey a clear picture

5

of what are our claims in two different but closely related cases because two charges of NSF fees made by the DE FCU on two different dates are connected to the same misclassified deposit.    Because of the different nature and specifics of our claims those unauthorized modifications and intentional or unintentional mistakes completely distorted the picture and now for the appeal court (at this stage it is the Delaware Superior Court which denied me the access) it will be very difficult if not impossible to figure it out.

## Conclusion:

Our case that involves relatively small amounts of money also has some of the most outrageous violations of constitutional rights that resulted in erroneous and dysfunctional discharge of "justice".    Mr. Morris contributed tremendously to this adverse and unjustified actions of at least two courts through his questionable actions and direct violations of standards of professional conduct. I am asking the Board to conduct a thorough investigation into the matters raised in this complaint and apply the disciplinary measures that fit the established and proven misconduct.

Respectfully submitted on April 25, 2006.

**Nina Shahin, CPA**

**Attachments**:  ## 1-7 as listed on  a separate List of Attachments

6

## LIST OF ATTACHMENTS

1. DEFENDANTS ANSWER TO COMPLAINT (CASE CA NO. 05-09-0074 AP)

2. REPLY TO THE DEFENDANT'S AFFIRMATIVE DEFENCES (CA NO. 06A-01-004 RBY)

3. APPELLEE'S DELAWARE CREDIT UNION'S APPENDIX TO ANSWERING BRIEF

4. MOTION TO DENY SUMMARY JUDGMENT REQUESTED BY APPELLEE

5. LETTER TO MS LAVENDER (CCP REPORTER)

6. REPLY TO THE APPELLE'S RESPONSE TO THE APPELLANT'S MOTION TO DECLINE TO ACCEPT THE TRANSCRIPT FROM THE COURT OF COMMON PLEAS

7. APPELEE'S ANSWERING BRIED (CA NO. 06A-01-004 RBY)

## CERTIFICATE OF SERVICE

### I, NINA SHAHIN, CPA

Hereby certify that one true copy of this Motion in Opposition to the Defendant, Ligouri,

Morris & Yiengst's Motion to Dismiss the Plaintiff's Complaint have been personally

delivered today, August 12th, 2008 to the attorneys at the following addresses:

**Kevin R. Slattery**
Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

**Richard H. Morse**
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**Norman  H. Brooks, Jr**.
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Theodore John Segletes, III**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Date: August 12, 2008**

(signature)

**Nina Shahin, CPA**