# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW                                                                                 www.mooclaw.com

*DELAWARE OFFICE*                                                    ***Norman H. Brooks, Jr.***
*Suite 800*                                                                            Member DE Bar
*913 N. Market Street*                                                      nbrooks@mooclaw.com
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

August 15, 2008

***Via Electronic Filing***
***& First Class Mail***

The Honorable Gregory M. Sleet, Chief Judge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 19
Wilmington, DE 19801

      Re:   **Shahin v. Liguori, Morris & Yiengst, et al.**
              **C. A. No. 08-295 GMS**
              **Our File No. 254-82175**

## Plaintiff's Motion for Sanctions

Dear Chief Judge Sleet:

       I received Ms. Shahin's Motion for Rule 11 sanctions together with her Answering Brief in Opposition to Liguori, Morris & Yiengst's (LMY's) Motion to Dismiss with no prior notice fo the same consistent with Fed. R. Civ. P. 11(c)(2).

       In light of her allegations and the papers referenced in her motion, I reviewed LMY's Opening Brief in Support of its Motion, as well as my notes and the supporting documentation utilized in preparation of the Brief. It appears that Ms. Shahin's statements to the effect that LMY represented Del-One for a brief period in connection with her "THIRD CASE" are accurate. The undersigned apparently misunderstood Attorney Morris' statements that LMY did not represent Del-One in the THIRD CASE when, in fact, on November 15, 2006 Attorney Morris answered Ms. Shahin's Superior Court Complaint on behalf of Del-One, and submitted answers to Rule 30 Interrogatories. One week later, Attorney Monté T. Squire substituted his appearance for that of Attorney Morris by way of a stipulated Substitution of Counsel.

       This substitution arose from the fact that the third case, involving a personal injury, was covered by Del-One's insurance and its carrier selected separate counsel to represent Del-One in that action. Both attorneys electronically "signed" the substitution and provided space for Judge Young to issue the same as an Order of the Court. Such an agreement between attorneys which is in writing and filed with the Prothonotary will be considered by the Court consistent with Super. Ct. Civ. R. 90(c).

{DE114828.1}

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
August 15, 2008
Page 2 of 2

As a result of the foregoing, I have modified the footnote cited by Ms. Shahin as it appears on page 5 of LMY's Motion, added a sentence to page 9 to reflect Ms. Shahin's problem with the substitution, and changed the word "two" to the word "each" on page 12 for the sake of consistency. For convenience, copies of the revised pages are enclosed with this letter, the new language being underlined for quick reference. (Ex. 1) Had counsel received the appropriate notice of this issue consistent with Fed. R. Civ. P. 11(c)(2), these pages would have been offered prior to Ms. Shahin's having filed her Answering Brief. As such, counsel respectfully requests that it be permitted to substitute these corrected pages in their appropriate place in LMY's Brief. After reasonable inquiry, and to the best of my knowledge, information and belief, the remainder of the document contains factual contentions that have evidentiary support. I believe this should appropriately correct any perceived misinterpretation of the facts in accordance with Rule of Civil Procedure 11(c)(1)(A).

Ms. Shahin's Motion also alleges that she was not made aware of the undersigned's entry of appearance until she filed her own Opposition to the Judicial Defendants' Motion to Dismiss. As noted on the enclosed certificate of service, (Ex. 2) copies of the Entry of Appearance were in fact mailed to Ms. Shahin on July 9, 2008. These were never returned as undeliverable and subsequent mailings clearly arrived at the listed address without incident. Counsel is without adequate explanation as to why Ms. Shahin would not have received the mailing.

Finally, the undersigned hopes that the substitution of the foregoing pages, combined with the above explanation and with the well reasoned arguments of the other attorneys in this matter as to the applicability of *Bivins*, 403 U.S. 388 (1999), will persuade Ms. Shahin to voluntarily withdraw her motion for sanctions. The undersigned will follow up with her directly to inquire about such withdraw. Should she persist in pursuing her motion, the undersigned will file an answering brief within the time currently allowed for the same, seeking its denial and such other relief as the Court deems appropriate.

Thank you for this consideration.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**

By: _____
Norman H. Brooks, Jr.
Theodore J. Segletes, III

Enclosures:   1) Substitute Pages 5, 9, and 12 to LMY's Opening Brief
              2) Certificate of Service re: the Entries of Appearances of counsel for LMY

cc:    All counsel of record via electronic filing
       Ms. Nina Shahin via first class mail

TJS/hdm

# EXHIBIT 1

## STATEMENT OF FACTS

Because LMY is seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must consider only the facts alleged in the Plaintiff's Complaint. Plaintiff's claims against LMY are based upon the following alleged facts[1]:

- "The [First] case was appealed to the Court of Common Pleas of the [sic] Kent County and was docketed under #05-09-0074AP. During hearing on the Attorney's Motion for Summary Judgment held on 12/21/2005 the presiding judge, Merrill C. Trader, mocked and dismissed the Plaintiff's responses, while allowing false statements made by the attorney to stand and eventually ruled against the Plaintiff in violation of the terms on which the [sic] Summary Judgment can be granted. The transcript of that hearing was modified to change the nature of the Plaintiff's claims as well as the scope and character of the proceedings." Complaint, pg. 2.

- "The [First] case was appealed [after its dismissal was affirmed by the Superior Court] to the Supreme Court of Delaware and was docketed under #472, 2006. In violation of the provisions of Rule 25 of the Supreme Court Rules of Civil Procedure the Attorney filed a Motion to Affirm which the panel of thee [sic] Judges [sic] (Berger, Jacobs, and Ridgely) affirmed thus providing a cover up for violations in all courts." *Id.*

- "The [Second] case was appealed [after its dismissal by the Justice of the Peace] to the Court of Common Pleas of the [sic] Kent Country [sic], [and] was docketed under

---

[1] The portions of Plaintiff's Complaint quoted herein come from the Plaintiff's allegations with regard to the first two cases. In the third case, Plaintiff erroneously alleges that "[t]he original attorney, Gregory Morris (from the defendant's firm of Liguori, Morris and Yiengst) was substituted in violation of the provision of the [sic] rule 90(b) of the Superior Court Rules of Civil Procedure...." Complaint, pg. 4. ~~However, neither Mr. Morris nor his firm ever represented Del-One with regard to the third case.~~ However, Ms. Squire's substitution for Mr. Morris by way of a written agreement stipulating to the substitution of counsel, which was electronically "signed" by both counsel and provided space for the Judge to enter it as an Order of the Court was in fact consistent with Rule 90(c) and Ms. Shahin was apparently not confused by this substitution, because she acknowledges that Young Conaway acted as Del-One's attorney for that action. Since Ms. Shahin does not apparently assign the conduct of counsel in the third action to LMY or Attorney Morris, counsel will limit its arguments to the FIRST and SECOND cases.

exception of obstruction of justice (18 U.S.C. §1503), none of the criminal acts listed in 18 U.S.C. §1961 are pled to any degree in the Plaintiff's Complaint. The sum total of Plaintiff's allegations against LMY are that LMY participated in a hearing whose transcript was allegedly later altered to change the nature of the proceedings that took place, that LMY moved the Delaware Supreme Court to affirm a Superior Court ruling in violation of Rule 25 of that Court's Rules of Civil Procedure, ~~and~~ that LMY colluded with the court reporter and the judge to deny her access to a transcript in a second case, and that Attorney Morris was improperly replaced as Del-One's counsel. None of these so-called "facts" fit within the violations of criminal law identified in 18 U.S.C. §1961, so they cannot be considered "predicate acts" that would enable the Plaintiff to establish a pattern of racketeering activity necessary to state a RICO claim.

Furthermore, even though obstruction of justice under 18 U.S.C. §1503 can be pled to establish a pattern of racketeering activity, the Plaintiff has not sufficiently alleged violations of this section against LMY because her claims are based upon events that occurred in state court, and the plain language of §1503 applies only to intimidating or tampering with "any grand or petit juror, or officer in or of any court of the United States." This language is a bright-line rule;

---

or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) an act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, **or** (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B)[.]"

which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have committed any of the acts governed by the statute.

Finally, no private cause of action exists under 18 U.S.C. § 1513 (*Rojas v. Debevoise & Plimpton*, 1994 U.S. Dist. LEXIS 9382 (S.D.N.Y. 1994)).  This statute governs retaliations against witnesses, victims and informants for testimony or similar assistance given in "official proceedings".  *18 U.S.C. § 1513*.  Specifically, it governs persons who kill or attempt to kill a witness, victim or informant (*§ 1513(a)*); and persons who knowingly engage in any conduct and thereby cause bodily injury to a witness, victim or informant or damages the tangible property of a witness, victim or informant (*§ 1513(b)*).  Again, Plaintiff has alleged nothing of the sort and again, even if the Court were to recognize a cause of action under the statute, which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have committed any of the acts governed by the statute.

### 4.  Potential Action under 42 U.S.C. § 1983.

Even if, under the generous pleading guidelines afforded *pro se* plaintiffs, the Court would consider the Complaint as having attempted to state a claim under 42 U.S.C. § 1983, such a claim would ultimately fail.  Plaintiff here has not alleged any direct, supervisory, or responsible relationship whereby the acts of LMY in defending Del-One in ~~two~~ each of the three cases upon which Plaintiff bases her Complaint can be found to be actions taken "under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff has alleged, in the most general terms, that LMY acted improperly in representing Del-One in first two cases she cites in her Complaint.  Actions taken by LMY in furtherance of such representation are not actions taken under the color of state law.  *See Polk v. Dodson*, 454 U.S. 312, 318 (1981)(A lawyer

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 08-295 GMS |
| | : | |
| LIGUORI, MORRIS & YIENGST, | : | |
| | : | |
| Defendant. | : | |

---

## CERTIFICATE OF SERVICE

---

I, **Norman H. Brooks, Jr.,** hereby certify that on __July 9, 2008,__ I electronically filed an **Entry of Special Appearance** with the Clerk of Court using CM/ECF.  I have served via first class mail two copies of foregoing to the Pro Se Plaintiff:

Ms. Ninah Shahin
103 Shinnecock Road
Dover, DE  19904

Norman H. Brooks, Jr., Esquire (2568)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Liguori, Morris & Yiengst*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 08-295 GMS |
| | : | |
| LIGUORI, MORRIS & YIENGST, | : | |
| | : | |
| Defendant. | : | |

---

### CERTIFICATE OF SERVICE

---

I, **Theodore J. Segletes, III**, hereby certify that on this **15th day of August, 2008**, I caused to be electronically filed with the Clerk of the Court a true and correct copy of the foregoing letter to Chief Judge Gregory M. Sleet relating to Plaintiff's Motion for Sanctions using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on this **15th day of August, 2008**, I caused a true and correct copy of the foregoing letter to Chief Judge Gregory M. Sleet relating to Plaintiff's Motion for Sanctions to be served upon the Plaintiff via First Class Mail at the following address:

Ms. Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

**_/s/ Theodore J. Segletes, III_**
Theodore J. Segletes, III, Esq. (# 4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
tsegletes@mooclaw.com