UNITED STATES DISTRICT COURT

FOR THE

DISTRICRT OF DELAWARE

| | |
|---|---|
| <u>NINA SHAHIN</u>           ) | |
| Plaintiff                          ) | |
|         v.                          ) | Civil Action No. 08-295 GMS |
|                                       ) | |
| <u>PAMELA A. DARLING et al</u>   ) | |
| Defendant                       ) | |

### MOTION FOR SANCTIONS AGAINST THE ATTORNEY, RICHARD H. MORSE, UNDER RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURES

The Plaintiff, Nina Shahin, files this Motion for sanctions under Rule 11 against the attorney, Richard H. Morse of the firm Young, Conaway, Stargatt and Taylor, LLP for violating requirements of the canon 3.3 of The Delaware Lawyers' Rules of Professional Conduct and Rule 11(b)(2) of Federal Rules of Civil Procedure. Rule 3.3(a)(1) requires that an attorney 'shall not knowingly (1) make a false statement of fact or **law** to tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) **fail to disclose** to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;" Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modifications, or reversal of existing law or the establishment of new law";

1

In his section D entitled "Civil Rights" the attorney wrote: "Plaintiff complaint asserts that Young Conaway violated her civil rights under 18 *U.S.C.* §§ 241 and 242. These are criminal statutes that do not create a private right of action. *Lerch v. Boyer,* 929 F.Supp 319, 322 (N.D. Ind. 1996;" The Plaintiff would like to ask the question whether the attorney even look into the case *Lerch v. Boyer,* because on the first page (i.e., 319) the N.D. Indiana court wrote: "On defendants' Motion to dismiss for failure to state a claim upon which relief could be granted, the District Court, Allen Sharp, Chief Judge held that: (1) federal criminal statute governing conspiracies against civil rights did not provide for private rights of action; **(2) allegations in debtors' complaint were not sufficient to state constitutional tort claim under *Bivens*:"** (emphasis added by the Plaintiff. In the opening statement of his brief under the title "Nature and State of the Proceeding" the attorney indicated that "On May 20, 2008, Nina Shahin filed a complaint against Young Conaway Stargatt and Taylor, LLP ("Young Conaway"), alleging that Young Conaway colluded with Delaware Superior Court Judge Robert B. Young to subvert **her constitutional rights and to commit obstruction of justice, fraud and racketeering. (Complaint at 5; D.I. 1).** (Emphasis added by the Plaintiff).

Although the attorney correctly grasped the essence (but not the details) of the Plaintiff's accusations he failed to disclose a U.S. Supreme Court decision *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1999) in which the Supreme Court of the United States created an implied cause of action for an individual whose Fourth Amendment freedom from unreasonable search and seizures had been violated by federal agents. In the court opinion written by Justice Brennan, Supreme Court laid down a rule that will imply a private right of action for monetary

damages where no other federal remedy is provided for the vindication of a Constitutional right, based on the principle that for every wrong, there should be a remedy. Although the case covered the specific violation of the Fourth Amendment, the court decision covered the entire Bill of Rights, or all the Sixteen Amendments. The more details and greater depth of analysis was provided by a concurrent opinion of Justice Harlan: "In truth, the legislative record as a whole behind the Bill of Rights is silent on the rather refined doctrinal question whether the framers considered the rights therein enumerated as dependent in the first instance on the decision of a State to accord legal status to the personal interests at stake. That is understandable since the Government itself points out that general federal-question jurisdiction was not extended to the federal district courts until 1875. Act of March 3, 1875, § 1, 18 Stat. 470. The most that can be drawn from this historical fact is that the authors of the Bill of Rights assumed adequacy of common-law remedies to vindicate the federally protected interest." *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388, 401 (1999). He further wrote with reference to another Supreme Court decision: "But "it is…well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done". (*Bell v. Hood*, 327 U.S. at 684 (footnote omitted)."*Ibid.*, p. 396. Justice Harlan posed the question: "Therefore, the question of judicial *power* to grant Bivens damages is not a problem of the "source" of the "right"; instead, the question is whether the power to authorize damages as a judicial remedy for the vindication of a federal constitutional right is placed by the Constitution itself exclusively in Congress' hands." *Ibid, pages* 400-402. He, himself answered the

question: "The contention that the federal courts are powerless to accord a litigant damages for a claimed invasion of his federal constitutional rights until Congress explicitly authorizes the remedy cannot rest on the notion that the decision to grant compensatory relief involves a resolution of policy considerations not susceptible of judicial discernment.  Thus, in suits for damages based on violations of federal statutes lacking any express authorization of a damage remedy, this Court has authorized such relief where, in its view, damages are necessary to effectuate the congressional policy underpinning the substantive provisions of the statute. *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964); *Tunstall v. Brotherhood of Locomotive Firemen & Enginemen*, 323 U.S. 210, 213 (1944). Cf. *Wyandotte Transportation Co., v. United States*, 389 U.S. 191, 201-204 (1967)[4]" *Ib.* at 403.

The Congress has never exercised its theoretical power to overrule the case.

The Plaintiff would expect the attorney to argue why *Bivens* does not apply to the Plaintiff's case but the attorney failed to acknowledge its existence let alone its applicability or non applicability to the Plaintiff's case.

The Plaintiff therefore seeks the sanctions against the attorney for violation of the requirement of canon 3.3 of the Delaware Lawyers' Rules of Professional Conduct and Rule 11(b)(2) of the Federal Rules of Civil Procedure.

Submitted on this 4th day of August of 2008.

For Plaintiff:                                                                 *N. Shahin*

**Nina Shahin**

103 Shinnecock Rd.
Dover, DE 19904
Tel. # 302-678-1805

## CERTIFICATE OF SERVICE

I, NINA SHAHIN, CPA

Hereby certify that one copy of this MOTION FOR SANCTIONS AGAINST THE ATTORNEY, RICHARD H. MORSE UNDER RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURES have been personally served today, August 4th, 2008 to the attorneys at the following addresses:

**Kevin R. Slattery**
Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

**Richard H. Morse**
Young Conaway Stargatt & Taylor LLP
The Brandwine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**Norman H. Brooks, Jr.**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Theodore John Segletes, III**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

Date: August 4th, 2008

(signature)

Nina Shahin, CPA