IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN,<br><br>        Plaintiff;<br><br>v.<br><br>PAMELA A. DARLING, MERRILL C. TRADER, ROSEMARY BETTS BEAUREGARD, ROBERT B. YOUNG, WILLIAM L. WITHAM, JACK B. JACOBS, CAROLYN BERGER, HENRY DUPONT RIDGELY, MYRON T. STEELE, LIGUORI, MORRIS & YIENGST, YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, LINDA LAVENDER and SHEILA A. DOUGHERTY,<br><br>        Defendants. | C. A. No. 08-295 GMS |

**DEFENDANT LIGUORI, MORRIS & YIENGST'S REPLY BRIEF
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

                      **MARKS, O'NEILL,
                      O'BRIEN & COURTNEY, P.C.**

                      <u>  */s/ Norman H. Brooks, Jr.*  </u>
                      Norman H. Brooks, Jr., Esq. (# 2568)
                      913 North Market Street, Suite 800
                      Wilmington, DE 19801
                      (302) 658-6538

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………..ii

ARGUMENT

    PLAINTIFF HAS FAILED TO OFFER A SUFFICIENT RESPONSE TO THE ARGUMENTS RAISED IN LIGUORI, MORRIS, & YIENGST'S OPENING BRIEF…………………………………………………………………………………..1

    A.    Inclusion of the *Bivens* Decision……………………………………..1

    B.    Plaintiff's Failure to Refute Defendants' Argument that RICO Does Not Apply……………………………………………………………………2

    C.    Plaintiff's Failure to Establish Violations of 18 U.S.C. §§241 and 242…..4

    D.    Plaintiff's Failure to Establish Violations of 18 U.S.C. §§1506 and 1512-1513………………………………………………………………………..5

    E.    Plaintiff's Failure to Establish a Cause of Action for Violations of the Delaware Rules of Professional Conduct and Civil Procedure…………..6

    F.    Plaintiff's Failure to Adequately Explain Why *Res Judicata* and Collateral Estoppel Do Not Apply to her Complaint………………………………6

CONCLUSION……………………………………………………………………………8

# **TABLE OF AUTHORITIES**

CASE LAW

*Alexander v. Several Unknown ATF Agents,* 2008 U.S. Dist. LEXIS 57751 (D. Del. July 29, 2008)………………………………………………………………………………………1

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)…...1

*Combustion Sys. Servs. V. Schuylkill Energy Resources*, 1993 U.S. Dist. LEXIS 17575 (E.D. Pa. Dec. 10, 1993)……………………………………………………………………………...5

*Epstein v. Chatham Park, Inc.*, 153 A.2d 180 (Del. Super. 1959)…………………………….....7

*Frierson-Harris v. Kall,* 198 F. App'x. 529 (7th Cir. 2006)………………………………………7

*In re Golant,* 239 F.3d 931 (7th Cir. 2001)……………………………………………………

*McCauley v. Computer Aid, Inc*., 447 F. Supp. 2d 469 (E.D. Pa. 2006), *aff'd*, 242 Fed. Appx. 810 (3d Cir. 2007)……………………………………………………………………………...5

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902 (3d Cir. 1997)…………………………………3

*O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704 (2d Cir. 1990)…………………………………..2

*United States v. Applewhaite*, 195 F.3d 679 (3d Cir. 1999)………………………………………3

STATUTES

18 U.S.C. §3……………………………………………………………………………….....4-6

18 U.S.C. §§241-242……………………………………………………………………………4-5

18 U.S.C. §§1501 *et. seq*...…………………………………………………………………..2

18 U.S.C. §1503…………………………………………………………………………..2-3

18 U.S.C. §1506…………………………………………………………………………….......5

18 U.S.C. §1512……………………………………………………………………………...3, 5

18 U.S.C. §1513……………………………………………………………………………......6

18 U.S.C. §1621……………………………………………………………………………....5

18 U.S.C. §1961(1)………………………………………………………………….………..2

42 U.S.C. §1983……………………………………………………………………….......6

{DE115348.1}

# ARGUMENT

## 1. PLAINTIFF HAS FAILED TO OFFER A SUFFICIENT RESPONSE TO THE ARGUMENTS RAISED IN LIGUORI, MORRIS, & YIENGST'S OPENING BRIEF.

### A.   Inclusion of the *Bivens* Decision

Plaintiff contends that the counsel for Liguori, Morris & Yiengst ("LMY") "concealed" the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1]. (Opposition Brief, D.I. 35, p. 6) Echoing the argument made in her motion for sanctions, Plaintiff contends that the *Bivens* decision applies to her claim against movants because it creates "an implied private cause of action for plaintiffs seeking damages for violations of their constitutional rights provided by the Bill of Rights." *Id.*

Plaintiff's reliance upon *Bivens* must fail because *Bivens* created only a private right of action for specific types of violations of constitutional rights, vis., those violations of constitutional rights committed by federal officers. *Bivens*, 403 U.S. at 397; *see also Alexander v. Several Unknown ATF Agents,* 2008 U.S. Dist. LEXIS 57751, at *6 (D. Del. July 29, 2008) ("To state a claim under *Bivens,* a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) ***that the deprivation of the right was caused by an official acting under color of federal law***") (emphasis added; citations omitted).  Here, the Plaintiff has not alleged that either Defendant Morris or LMY are federal officers, or otherwise acted under color of federal law; nor is she able to do so.  Plaintiff has not alleged violations of

---

[1] Mindful of the fact that Ms. Shahin is proceeding *pro se* in this matter, counsel for LMY nonetheless find it offensive that she has accused them of "concealing" authority that she believes would support her position.  Ms. Shahin has shown herself to be capable of at least *accessing* legal statutes, rules, and case law in spite of the fact that she is not an attorney, so she has no basis to suggest that all the legal research should be done for her by defense counsel in this case (to say nothing of the fact that as the Plaintiff, she carries the burden of proof in this matter, and not the Defendants).  This is nothing more than a disagreement over the interpretation of the decision:  If Ms. Shahin truly believes that *Bivens* applies to her lawsuit, she need only cite the case and offer an argument as to why this Court should consider it.  Salacious accusations that opposing counsel have concealed authority and violated ethical rules are unfounded and inappropriate.

her constitutional rights. *See*, Opening Brief of Liguori, Morris, & Yiengst in Support of Their Motion to Dismiss (hereafter, "LMY's Opening Brief") (D. I. 28, pp. 8-13) (explaining why Plaintiff has failed to state a federal cause of action for any statute under which she brings a claim, as well as under any statute under which she could potentially have brought a claim).

**B.     Plaintiff's Failure to Refute Defendants' Argument that RICO Does Not Apply**

In her opposition brief, the Plaintiff attempts to respond to LMY's argument that the Racketeer-Influenced Corrupt Organizations Act (RICO) does not apply to this case, but she does little more than re-state the allegations contained in the Complaint and attempt to introduce what she believes is additional "evidence" that LMY participated in an enterprise that violated the provisions of RICO. *See*, Plaintiff's Opposition Brief, pp. 6-8. (D.I. 35)  However, Plaintiff fails to offer any response to the legal arguments that she has not pleaded, and can not plead, facts sufficient to establish a RICO action. *See*, LMY's Opening Brief, pp. 8-10 (D.I. 28).

In its Opening Brief, LMY argued that the Plaintiff has not pleaded the requisite "predicate acts" to establish a RICO violation under 18 U.S.C. §1961(1), because Plaintiff is alleging that the Defendants collectively conspired to obstruct justice in violation of 18 U.S.C. §§1501 *et. seq.*, and because this statute applies specifically to *federal* proceedings as opposed to the state-court proceedings described in Plaintiff's Complaint. *Id.* at 9-10. (D.I. 28)  By way of example, LMY cited *O'Malley v. N.Y.C. Transit Auth.,* a ruling which held that obstruction of justice claims can *only* apply to actions relating to proceedings in a federal court of the United States.  896 F.2d 704, 707 (2d Cir. 1990); *see also* LMY's Opening Brief, pp. 9-10.  (D.I. 28) However, because *O'Malley* was specifically concerned with 18 U.S.C. §1503, pertaining to the influence of officers or jurors in official proceedings, Plaintiff is now urging this Court to disregard this argument because she believes that she has alleged violations of 18 U.S.C. §1512,

{DE115348.1}

and not §1503. However, this argument fails for the very reasons enumerated in LMY's Opening Brief. (D.I. 28)

The Court of Appeals for the Third Circuit specifically held that a violation of 18 U.S.C. §1512 is "federal" in nature only if it is related to a proceeding in federal court. *United States v. Applewhaite,* 195 F.3d 679, 688 (3d Cir. 1999). However, all of the instances of "obstruction" pleaded in Ms. Shahin's complaint relate to proceedings in *state court*. She has pleaded no facts that would satisfy any federal jurisdictional "hook" to enable her obstruction of justice or RICO claims to be heard by this Court. Nor can she do so because her allegations in this action are limited to events that transpired in various state court proceedings.

Finally, assuming this Court were to conclude that it has jurisdiction over Plaintiff's RICO and obstruction of justice claims, such claims must fail. A cause of action cannot stand by way of bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also* LMY's Opening Brief, p. 7. (D.I. 28) Despite Plaintiff's attempt to allege so-called "evidence" in her opposition brief, she is left with nothing but bald assertions and unsupported conclusions.

Plaintiff alleges that Mr. Morris "responded…with a motion" to a letter addressed to her by Court reporter Linda Lavender (in which Ms. Lavender vehemently denies falsifying transcripts and takes offense at Plaintiff's accusations), but the exhibit she appends to support this allegation is in fact a *response* drafted to a motion *filed by the Plaintiff*. Plaintiff's Opposition Brief, p.7, Exhibits 2-3. (D.I. 35) Plaintiff further alleges that Mr. Morris again "filed motions" to prevent her access to a tape recording of court proceedings. However, in support of that allegation, she appends documents tending to demonstrate that Mr. Morris

actually *responded to a motion that SHE filed. Id.*, Exhibits 4-5.  (D.I. 35)  Plaintiff would have this Court believe that Mr. Morris is involved in an enterprise of racketeering activity by virtue of the fact that he opposed her motions "to decline to accept" a transcript, and to obtain a tape recording of a court proceeding.  Such an allegation has absolutely no basis in law or fact.

In addition to repeating her conclusory statement that Attorney Morris somehow colluded with Judge Beauregard and the court reporter in September of 2007 (*see*, Plaintiff's Complaint, p. 3), (D.I. 1)  Plaintiff also relies upon the fact that Renee Thompson of Del-One was present at the hearing "in violation of the rule on witnesses" as further evidence of defendant's alleged "collusion."  This is an incorrect statement of law.  Ms. Thompson is an agent of Del-One.  As such, she was authorized to attend as a party's representative in the litigation.  Finally, Plaintiff continues to make conclusory allegations about transcripts being falsified but again, does so without offering any factual allegations to support her conclusory allegations.  *See*, LMY's Opening Brief, pp. 8-9.  (D.I. 28)

C.    **Plaintiff's Failure to Establish Violations of 18 U.S.C. §§241 and 242**

Prior to addressing whatever merit Plaintiff claims may have under §§241-242, Plaintiff begins this argument by again accusing the counsel of concealing legal authority.  Plaintiff's Opposition Brief, p. 8.  (D.I. 35)  Again, Plaintiff must be mindful of the practical reality that opposing counsel are under no obligation to build her argument for her.  Nor were they under any obligation to respond to these allegations in light of the fact that Plaintiff neither cites 18 U.S.C. §3 nor otherwise assert in her Complaint that Attorney Morris was an "accessory after the fact".  Even so, Plaintiff's effort to bootstrap an accessory claim to these allegations does not overcome the legal argument advanced by movants in their Opening Brief:  There is *no private cause of action under 18 U.S.C. § 241 or § 242. McCauley v. Computer Aid, Inc.*, 447 F. Supp.

{DE115348.1}

2d 469, 477 (E.D. Pa. 2006), *aff'd*, 242 Fed. Appx. 810, 813 (3d Cir. 2007); *see also* LMY's Opening Brief, p. 10.  (D.I. 28)  No amount of conjecture contained in the two pages of Plaintiff's "argument" on this point can overcome the fact that Plaintiff does not have a private cause of action for any alleged violations of these sections of the United States Code.

**D.**     **Plaintiff's Failure to Establish Violations of 18 U.S.C. §§1506 and 1512-1513**

In her brief (D.I. 35), Plaintiff admits that her allegations of violations of 18 U.S.C. §1506 concerned Judge Young of the Delaware Superior Court and not Attorney Morris or LMY.  So, she agrees that if she did have a cause of action under this statute (which is a disputed point), such action would not apply to Attorney Morris or LMY.  Plaintiff then attempts to argue instead that Mr. Morris, and by extension LMY, are liable under 18 U.S.C. §3 and 1621.  Each of these arguments must necessarily fail as a matter of law.

Section 1621 of Title 18 of the United States Code criminalizes perjury in official proceedings, but like §1512, it does not create a private right of action.  *Combustion Sys. Servs. V. Schuylkill Energy Resources*, 1993 U.S. Dist. LEXIS 17575, *7-8 (E.D. Pa. Dec. 10, 1993) (Dismissing a civil claim based on the defendant's alleged perjury because "[t]he rule denying civil damage suits for false testimony and perjury is rooted in sound policy considerations").  Similarly, Plaintiff cannot establish a cause of accessory liability against Mr. Morris under 18 U.S.C. §3 because she has no right of action for the underlying tortious acts that she alleges.  *See*, LMY's Opening Brief, pp. 9-10 (D.I. 28); *see also* pp. 2-3, *supra*.

Plaintiff also seems to agree on page 10 of her brief (D.I. 35) that she has no claim against Attorney Morris or LMY under 18 U.S.C. §1513, so defendants need not make additional argument beyond that made in their opening brief (D.I. 28)  Similarly, since Plaintiff agrees that

she would not have a cause of action under 42 U.S.C. §1983, LMY need not submit additional argument on this issue.

E. **Plaintiff's Failure to Establish a Cause of Action for Violations of the Delaware Rules of Professional Conduct and Civil Procedure**

Plaintiff attempts to respond in her Opposition Brief, (D.I. 35, p. 10) to LMY's argument by showing that she can somehow maintain a cause of action for alleged violations of the Delaware Rules of Professional Conduct and of the Delaware Rules of Civil Procedure. But the end result is only conclusory statements, having no support in the law. In response to the well-established body of case law cited on pages 13 and 14 of LMY's Opening Brief (D.I. 28, p. 10), Plaintiff simply states that the violations alleged are "evidence of collusion and thus as a basis for civil liability." While Plaintiff *may* be able to present these allegations as evidence to support other claims (assuming that those claims have merit and a basis in law), they are not, standing alone, sufficient to give Plaintiff another cause of action. LMY cited ample case law in its opening brief to demonstrate that Plaintiff does not have a separate cause of action for alleged violations of the Delaware Rules of Civil Procedure and/or Professional Conduct. Although Plaintiff had ample opportunity to respond, she has not, and can not, offer a legal argument to refute the well-settled law.

F. **Plaintiff's Failure to Adequately Explain Why *Res Judicata* and Collateral Estoppel Do Not Apply to her Complaint**

In its opening brief, LMY again offered a clear and persuasive legal argument explaining why *res judicata* should bar Plaintiff's claims in this matter, and why Plaintiff should be collaterally estopped from bringing this lawsuit. (Opening Brief, D.I. 28, pp. 14-16) Specifically, LMY argued that Plaintiff's claims have been considered and summarily dismissed by several Delaware Courts. She should therefore be prohibited from continuing her quixiotic

efforts to obtain judicial relief to which she is not entitled. *Id.* In response to these arguments, Plaintiff again responds with a conclusory allegation that neither *res judicata* nor collateral estoppel should apply in this matter because all of the previous decisions in this case were obtained via fraud and collusion. (Opposition Brief, D.I. 35, p. 11) While Plaintiff may be technically correct in that fraud and collusion, *if* they were at all present in this case, could act to prevent collateral estoppel and/or *res judicata* from barring her claims, she still has not pleaded sufficient facts to show that fraud or collusion tainted any of the state court proceedings set out in her Complaint.

In fact, Plaintiff can not legally make a showing of collusion, since her Complaint and the arguments contained in her Opposition Brief distill down to nothing more than *a belief* that various judges, court reporters, and attorneys engaged in collusion because the Court(s) ultimately found against her. However, an adverse ruling is insufficient evidence to show that a litigant has been the victim of collusion by Court officials. *Frierson-Harris v. Kall,* 198 F. App'x. 529, 530 (7th Cir. 2006) ("[J]udges generally 'agree' with one side in litigation when ruling against the other; such agreements are not corruptions of the judicial process but rather by-products of it") (citing *In re Golant,* 239 F.3d 931, 938 (7th Cir. 2001) (explaining that adverse rulings alone are insufficient to show judicial bias)).

## CONCLUSION

LMY joins in the sentiments expressed in Co-Defendant Young Conaway's Reply Brief in Support of Motion to Dismiss: It is sad that Ms. Shahin and her husband have such strong feelings that they were mistreated by the state courts. (Reply Brief, D.I. 31) It is also regrettable that these feelings have manifested themselves in offensive and baseless accusations of ethical violations on the part of counsel as well as in the insulting references to the Delaware judicial system as the "Delaware mafia". However strong the Plaintiff's feelings may be, she still lacks a basis, both in law and in fact, for the causes of action that she has alleged in her complaint. Therefore, Defendant Liguori, Morris & Yiengst respectfully requests that Plaintiff's Complaint be DISMISSED, with prejudice.

Respectfully submitted,

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

*/s/ Norman H. Brooks, Jr.*
Norman H. Brooks, Jr., Esq. (#2568)
Theodore J. Segletes, III, Esq. (#4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
*Attorneys for Defendant
Liguori, Morris & Yiengst*

Dated: August 22, 2008

{DE115348.1}

## CERTIFICATE OF SERVICE

I, **Norman H. Brooks, Jr.**, hereby certify that on this **22nd day of August, 2008**, I caused to be electronically filed with the Clerk of the Court a true and correct copy of Defendant Liguori, Morris & Yiengst's **Reply Brief in Support of its Motion to Dismiss** using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on this **22nd day of August, 2008**, I caused a true and correct copy of Defendant Liguori, Morris & Yiengst's **Reply Brief** in Support of its Motion to Dismiss to be served upon the Plaintiff via First Class Mail at the following address:

Ms. Nina Shahin
103 Shinecock Road
Dover, DE 19904

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

   */s/ Norman H. Brooks, Jr.*
Norman H. Brooks, Jr., Esq. (# 2568)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537

{DE115447.1}