*NINA SHAHIN, CPA, MAS, MST*

*103 SHINNECOCK RD. DOVER, DE 19904*

*Tel. (302) 678-1805*

*Fax (302) 678-0219*

**E-mail:** nshahin@comcast.net

**August 19, 2008**

**The Honorable Gregory M. Sleet, Chief Judge**
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 19
Wilmington, DE 19801

cc:     **Norman  H. Brooks, Jr**.
        Marks, O'Neal, O'Brian & Courtney, P.C.
        913 North Market St., Suite 800
        Wilmington, DE 19801

        **Theodore John Segletes, III**
        Marks, O'Neal, O'Brian & Courtney, P.C.
        913 North Market St., Suite 800
        Wilmington, DE 19801

        **Kevin R. Slattery**
        Deputy Attorney General
        Carvel State Office Building
        829 North French Street/ 6th Floor
        Wilmington, DE 19801

        **Richard H. Morse**
        Young Conaway Stargatt & Taylor LLP
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, DE 19899-0391

RE:     **Shahin v. Liguori, Morris & Yiengst, et al.**
        **C.A. No. 08-295-GMS**

**PLAINTIFF'S MOTION FOR SANCTION**

Dear Chief Judge Sleet:

     This letter is presented by the Plaintiff to address the points raised in the Attorneys' representing the firm of Liguori, Morris and Yiengst response dated August 15, 2008.

- Although the attorneys acknowledged the falsification of fact presented in their Brief in Support of the Motion to Dismiss the Plaintiff's Complaint their explanation of Rule 90 of the Superior Court of Rules of Civil Procedure is inaccurate. Although subsection (c) does cover agreements between attorneys that section does not cover withdrawals of attorney. Withdrawal of attorney is covered by subsection (b) and can be affected only with the order of the court. Both forms: withdrawal of attorney and the substitution of attorney presented in the Plaintiff's Exhibits C and E that had been filed by the attorneys have wordings for the order of the court to approve such an action and there was no order of the court for the substitution. Moreover, the Plaintiff would like to note that every subsequent subsection letter in the Rule which is arranged in descending order has affect only on the sections below but not above; this is the general logical order of all legal documents in the US that have legal importance including laws, regulations, rules and procedures. This means that section (b) covers all the subsections below but not above. Subsection (c) is valid for all subsections below but above. As a result, the attorney, Monté T. Squire, has never become a legitimate representative of the Defendant.

- In their letter to the Plaintiff the attorneys tried to assure that the falsification of this fact was 'inadvertent and not intended to mislead the Court in any inappropriate way'. The Plaintiff does not buy it. Their client, Gregory Morris, made his way through the entire Delaware Court system from the Court of Common Pleas to the Supreme Court by lying, falsifying facts, concealing the Plaintiff's right to statutory damages under 12 *CFR* 226.21(a), misrepresentation of Plaintiff's claims and alike; violations that the judges did not want to notice or sanction. So, just simple verbal assurances when the deeds speak differently have no value to the Plaintiff.

- The Plaintiff also would question the value of the attorneys' annotations by 'sic' all through their section of 'Statement of Facts' because they obviously invalidated that annotation by using it in the falsified section.

- Although the attorneys claim that they mailed the Plaintiff their letter of representation, the Plaintiff has never received it. The only letter of representation the Plaintiff received is from the firm of Young, Conaway, Stargatt & Taylor LLP. She has not received such a letter from the State Deputy Attorney General either. The only explanation she can provide is that the letter has never been sent. This has already happened on numerous occasions in the past: Mr. Morris did not send the Notice of his Motion for Summary Judgment and the Plaintiff learnt of the hearing only after receiving the letter from the court. Mr. Morris has mailed his response to

the Supreme Court of the US only after the Plaintiff complained to the Court that the special form that was supposed to be mailed to the court and to the Petitioner had never been received. And the last but not least the falsified Notice of Motion for a Decision on Pleadings in two version by the Monté T. Squire.

- And the final note on the case of *Bivens* that all the attorneys try to interpret very narrowly as including only the federal agents as a necessary party to a lawsuit. This is not correct and the attorneys were supposed to know it. If they do not know it the Plaintiff would question their qualifications. Mr. Morse who, in his Motion to Dismiss, made a reference to the case of *Lerch v. Boyer,* 929 F. Supp (N.D. Ind. 1996) was supposed to note that the case involved bankruptcy debtors who brought civil rights action against bankruptcy trustees with no any 'federal agents' involved and yet the judge specifically noted that "(2) allegations in debtors' complaint were not sufficient to state constitutional tort claim under *Bivens;" Lerch v. Boyer,* 929 F. Supp (N.D. Ind. 1996). So, the standard under *Bivens* provides for a private cause of action under constitutional tort claim *regardless* of who are the parties that conspired to violate the civil rights under the criminal statutes. I would urge the attorneys to open the case and read it carefully before diminishing their qualification by making invalid legal argument.

The Plaintiff, therefore, does not want to withdraw her Motion for Sanctions and leave it for the presiding judge to decide on the applicability (if any) sanctions against the attorneys, because the attorneys were supposed to act with utmost professional integrity and they act with utmost lack of it.

Respectfully,

Nina Shahin, CPA, MAS, MST