# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICRT OF DELAWARE

**NINA SHAHIN**    )
Plaintiff    )
             v.    )    **Civil Action No. 08-295 GMS**
             )
**PAMELA A. DARLING et al**    )
Defendants    )

## PLAINTIFF'S AMENDMENTS TO HER BRIEFS IN OPPOSITION TO THE DEPUTY ATTORNEY'S GENERAL MEMORANDUM AND YOUNG CONAWAY STARGATT & TAYLOR LLP'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT UNDER RULE 15(a) OF FEDERAL RULES OF CIVIL PROCEDURE

## THREE-JUDGE PANEL OF THE COURT REQUESTED

**NINA SHAHIN, CPA, MAS, MST
IN *PRO SE* REPRESENTATION**

**103 SHINNECOCK RD.
DOVER, DE 19904**

After careful consideration of the Defendant's responses and their correspondence
the Plaintiff would like to add the criminal charges against the judges: Robert B. Young,
Myron T. Steel, Jack B. Jacobs and Henry Dupont Ridgely and the law firm of Young
Conaway Stargatt and Taylor LLP in this separate Amendment as follows:

### 1. Charges against the above-mentioned judges:

In addition to one incident of 'Conspiracy to interfere with civil rights' charges
under 42 *U.S.C.* § 1985(2) (i.e., intimidation) the Plaintiff would add the charge
for three instances of violations under 18 *U.S.C.* § 1513(e) 'Retaliating against a
witness, victim, or an informant' (i.e., retaliation).  The first subsection of the
§1513 'e' related to the charges and reads: "**Whoever knowingly, with the intent
to retaliate, takes any action harmful to any person** including interference with
the lawful employment or livelihood of any person, **for providing to a law
enforcement officer any truthful information relating to the commission or
possible commission of any federal offense**, shall be fined under this title or
imprisoned not more than 10 years, or both" (emphasis by bold is added by the
Plaintiff) thus bringing her additional charges against the judges under the
Racketeer Influenced and Corrupt Organization (RICO) Act as defined in 18
*U.S.C.* § 1961(1).

The relevant elements of the charge are: **1)** intent to retaliate, **2)** action harmful to
any person, **3)** providing truthful information relating to the commission or
possible commission of any federal offense **4)** to a law enforcement officer.

The Plaintiff considers all those elements in application to the three incidents of
the charge in relation to the above-mentioned judges:

2

All the judges are considered as **'law enforcement officers'** under the definition of §1513(e) and it is ironic and troublesome that it was those **'law enforcement officers'** who were supposed to enforce the laws instead they broke the laws. The Plaintiff considers herself as **a victim** in 'the first case' that was denied the benefits of the provision of the Regulation CC (or Expedited Funds Availability Act (EFA)) in violation of her constitutional rights of 'due process' and 'equal protection'.

Two decisions of the Superior Court judge, Robert B. Young, (of 03/16/2007 and 07/19/2007) awarding attorney's fees are considered by the Plaintiff as **'retaliatory and harmful actions'** against the Plaintiff that had no any basis in law or precedent and, as a matter of fact, had no reference to any law or precedent and inflicted a financial harm on her. The Decision of the Supreme Court that found 'no abuse of discretion' on the part of the judge of the Superior Court affirmed that harm on her. The time of that decision is also indicative of the intent to retaliate. On 05/16/2008 the Plaintiff, instead of filing her Reply Brief in "the third case", filed a lawsuit in the federal court in which inter alia she filed charges under the 18 *U.S.C.*§1512(h) for falsifications in the transcripts of the Court of Common Pleas and the Superior Court which was recorded in the circuit court on 05/20/2008. 06/09/2008 the Supreme Court denied the Plaintiff her appeal. The award of the attorney's fees was made to an attorney who had no legal right to represent Del-One due to violation of the Rule 90(b) of the DE Superior Court Rules of Civil Procedure that governs the substitution of the counsel. There was no legitimate hearing on award of the attorney fees in

3

violation of the Rule 7 of DE Rules of Civil Procedure. All those violations as well timings of the Superior and Supreme Courts decisions are a testament and an evidence of **intent to harm** the Plaintiff and the collusion between the judges and the Defendant represented by an illegitimate attorney. In addition, the award of the attorney's fees by a court that had no jurisdiction over the case and in violations of the provisions of Rule 54 of the Superior Court Rules of Civil Procedures that in subsection (i) specifically precludes the award of attorney's fees is another testament of **intention to harm and retaliate**.

And the last but not least, the Plaintiff was retaliated for  bringing the lawsuit against the perpetrators of  perjury as defined in 18 *U.S.C.* §1621, violation of Delaware Constitution, Equal Credit Opportunity  and Fair Credit Reporting Acts as well as personal injury claims supported by medical record for harassment inflicted by the Del-One personnel.    That lawsuit is the **truthful information relating to the commission of the above-mentioned federal offenses** under the appropriate federal statutes. Neither the Superior nor the Supreme Courts explained in their decisions why claims brought under those federal and Delaware statutes are 'frivolous'.  In their reply brief to the Supreme Court the Plaintiff specifically draw the attention of the judges to the 'obstruction of justice' felony as defined by 18 *U.S.C.* § 1506 committed by the judge, Robert B. Young, in 'the first case', information that also fall into the category of **'truthful information relating to the commission of federal offense'.**    The Plaintiff filed a formal complaint with the Court on the Judiciary in January of 2008 against the judge and until today has not received any response. Copy of the complaint is attached

as **Exhibit 1.** Attorney Monté T. Squire in his *ex parte* communications during hearing on July 19, 2008 specifically noted that the decision in this case awarding attorney's fees to a *pro se* litigant will be a 'case of first impression'.  The only reference to a 'precedent' was made in the Supreme Court decision that noted in superscript reference '4' that '...we find no abuse of discretion in the Superior Court award of attorney fees to Del-One as a sanction against Shahin for repeated, unwarranted litigation. (See *Barker v. Huang,* 670 A.2d 1341, 1345 (Del. 1992) (noting that Rule 11 sanctions are appropriate to deter and punish frivolous litigation).' If we go to the referenced page of the case **(Exhibit 2)** we would see the following conclusion of the court: "Moreover, sufficient sanctions already exist to deter and punish frivolous litigation".  This reference does not explain nor does it sanction the award of the attorney's fees to a *pro se* litigant especially in a complete absence of analysis of why the legitimate claims brought for the first time under federal and state laws are 'frivolous'  or as the Supreme Court called it 'repeated and unwarranted'.  The cited case did not consider the issue of attorney's fees at all and ironically the Plaintiff that was loosing most of the issues in that case was represented by the firm of Young, Conaway, Stargatt and Taylor. So, the reference did not pass the muster of a legitimate precedent that awarded attorney's fees to a *pro se* litigant. The Plaintiff would like to note also that 'frivolous' and 'repeated and unwarranted' are not the same definitions and the Supreme Court made no effort to distinguish or justify its choice of words or explain the substitution of 'frivolous' for 'repeated and unwarranted' nor did it provide any qualifications for each.  'To deter' and 'punish' does not mean

5

'award of the attorney's fees' and the Supreme Court again did not explain or justify its choice or selection or provide any guidance, analysis or explanation which is unacceptable standard for the 'case of first impression'.

The Plaintiff also raised the issue of falsifications in the transcripts, the violation that falls under the provisions of 18 *U.S.C.* §1512(c)(1) and under the provisions of RICO Act that apparently triggered the decision of the Supreme Court as a retaliation for filing a federal lawsuit which is also kind of presentation of **'truthful information relating to the commission of federal offense'.**

## 2. Charges against Young, Conaway Stargatt and Taylor LLP

The same charges against the firm's attorney, Monté T. Squire, as a 'principal' as defined by 18 *U.S.C.* § 3 are stemmed from the co-operation in the actions of **harmful retaliation** by unlawful submission of the Motion for attorney's fees at the time when the Superior Court did not have any jurisdiction over the case, and in violation of the provisions of rules 54 and 7 of the rules of Civil Procedure of the Delaware Superior Court under which such Motion can be filed that amounts to fraud, lying about hearing on the Motion for a Decision on the Pleadings and then trying to settle on the decision knowing well in advance that the decision of the court had no any legal validity thus entering into collusion with the judge with the intent to intimidate and coerce the Plaintiff by the threat of **financial harm**. These actions fall under the definition of 18 *U.S.C.* §1513(e). His collusion is also demonstrated by a fraudulent procurement of two different Notices about the hearing on the Motion for a Decision on the Pleadings to the Plaintiff and to the Court which took a decision without hearing in violation of the

6

Plaintiff's constitutional rights of 'due process' and 'equal protection'.    The second instance of obvious collusion is the attorney's co-operation in the *ex parte* communications with the judge during hearing on attorney's fees issue on July 19, 2007 at the time when the Superior Court had no jurisdiction over the case without providing any justification for asking for attorney's fees or providing any legal basis for such a request violations that the Plaintiff delineated in her Motions to the Supreme and Superior Courts on the matter.

### 3. Charges against State Deputy Attorney General Kevin R. Slattery

After careful examination of the Delaware State Deputy Attorney General correspondence in this case it became absolutely clear that the Plaintiff has sufficient evidence to charge the Deputy Attorney General with the felony of 'accessory after the fact' under 18 *U.S.C.* § 3 for providing cover-up for activities that fall under the definition of 'racketeering activities' conducted by the judges, attorneys and the court reporters.    The complaint against the felony of 'obstruction of justice' committed by the judge, Robert B. Young was mailed by a certified mail to the Attorney's General Office also in January of 2008 **(Exhibit 3)** so the position of the Deputy Attorney General in falsifying the basic fact and his remarks about the 'Shahin's views of facts' of the case becomes a clear attempt to provide a cover-up for that felony nor his retraction of the fraudulent statement was sufficiently justified. It becomes also more and more clear that the State of Delaware operates as a racketeering and corrupt organization whose attorneys either misapply the law (Stephanie Ballard and Kevin Slattery), falsify facts (Kevin Slattery) or both (Kevin Slattery.

This Amendment is respectfully submitted on this day of August 20, 2008.

For the Plaintiff

**Nina Shahin, CPA**
**103 Shinnecock Rd.**
**Dover, DE 19904**
**(302)678-1805**

**Date: August 20, 2008**

# EXHIBIT 1

*NINA SHAHIN, CPA, MAS, MST*
*103 SHINNECOCK RD. DOVER, DE 19904*
*Tel. (302) 678-1805*
*Fax (302) 678-0219*
**E-mail: nshahin@comcast.net**

**January 5, 2008**

**Supreme Court of Delaware**
Court of Chancery Courthouse
34 The Circle
Georgetown, DE 19947

**Attn.: Margaret L. Naylor**
        **Clerk of the Court on the Judiciary**

**Attorney General of the State of Delaware**
820 N. French Street,
Wilmington, DE 19801

**RE:    Case Docket # 07-4566**
        **at the United States Court of Appeals**
        **For the Third Circuit**

### *COMPLAINT AGAINST THE JUDGE OF THE SUPERIOR COURT OF DELAWARE FOR KENT COUNTY, HONORABLE ANDREW B. YOUNG*

On behalf of myself and my husband, Mazen Shahin, I am filing this formal complaint against the judge of the Superior Court of Delaware for Kent County, Honorable Andrew B. Young, because of the following violations of the law and rules of professional conduct:

- ***Obstruction of Justice** as defined in § 1506 Chapter 73 of Title 18 of the US Code*

  In Superior Court decision dated 08/03/2006 in case # 06A-01-004 the Honorable judge falsified the decision of the Justice of the Peace court to a complete opposite. The decision of the JP Court that read, "On September 6, 2005 judgment by trial was entered by Justice of the Peace Court No. 16 **in favor of Nina Mazen Shahin and against DE Federal Credit Union for $ 35.00** (emphasis added by Nina Shahin)"[1] was altered into complete opposite: "The Magistrate held in favor

---

[1] See a copy in Appendix A1

1

of DFCU after learning that DFCU credited the Shahins' account for the $ 35.00 NSF fee."[2]

§ 1506 of Title 18 of the US Code stipulates that "Whoever feloniously steals, takes away, alters, *falsifies* (emphasis added by Nina Shahin) or otherwise avoids any record, writ, process, or other proceedings, in any court of the United States, *whereby any judgment is reversed,* (emphasis added by NS) made void, or does not take effect... Shall be fined under this title or imprisoned not more than five years, or both." Honorable judge, therefore, committed a felony for which there is no judicial immunity and should be prosecuted as a felon.

- **Intentionally ignoring violations of rules of professional conduct by the attorney representing the Defendant-Appellee manifests evidence of collusion between the judge and the attorney**

  The attorney's, Gregory Morris', entire Answering Brief[3] was based on a single legal argument of an alleged fact that was a lie about my and my husband's appeal in which we he alleged wanted $ 35.00 that had already been paid (i.e. seeking the same relief as in the Justice of the Peace Court). We specifically stressed that fact in our Reply Brief[4], but the judge chose to ignore that fact and decided to falsify the decision of the Justice of the Peace Court to cover up for the attorney's lie and the JP Court violations of our constitutional rights of "due process" and "equal protection" guaranteed by the 14th Amendment of the US Constitution. The fact of the attorney's lie is evident from the Appellants' Complaint submitted with the Notice of Appeal to the Court of Common Pleas[5] and the attorney's Motion for Summary Judgment in which he clearly stated that our claim was only for statutory damages.[6]

- **Failure to recuse himself in a related case** as required by § 455(b)(1) of Title 28 is another evidence of the collusion between the judge and the attorney, Mr. Gregory Morris, and later an attorney from his brother's firm – Mr. Squire.

  Honorable judge did not recuse himself in a case that had been given in a Superior Court a docket number 06C-10-027 RBY. § 455(b)(1) of the Title 28 specifically requires disqualification of "justice, judge, or magistrate judge" in "any proceeding in which his impartiality might reasonably be questioned.
  (b) He shall also disqualify himself in the following circumstances:
       (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

---

[2] See copy of the decision in Appendix A2 – A5

[3] See a copy of the Defendant's Opening Brief in Appendix A6 - A29

[4] See a copy of the Appellants' Reply Brief in Appendix A30 - A68

[5] See a copy in the Appendix A69 – A 70

[6] See copy in Appendix 71 – A72

- **Clear Evidence of Lack of Required Judicial Impartiality** and possible **Ex Parte Communications** point out to a collusion between the judge and attorneys

  In the second case that had been initiated in the Superior Court (# 06C-10-027 RBY) he denied the Plaintiffs' claims based on the doctrine of *Res Judicata* knowing well in advance that in view of his actions that constituted *obstruction of justice, fraud* (as defined in 11 Del Code § 222(12)), collusion and gross violations of the Plaintiffs' constitutional rights of "due process" and "equal protection" resulted in that doctrine inapplicable to the case[7]. His decision in the case was made on the Motion for Judgment on Pleadings either without any hearing at all (our position because of a complete absence of any reference to such a hearing in transcript[8]) or in a *ex parte* hearing of the judge and the attorney to a complete exclusion of the Plaintiffs (attorney claims that hearing took place). The attorney alleges that he had given a proper notice of hearing to be held on January 19, 2007 at 11:00 am and that hearing took place although no transcript of that hearing exists.[9] It appears that this particular Motion was electronically filed on December 21, 2007 and had never been mailed to the Plaintiffs. We obtained by a certified mail a copy of the Motion dated December 15, 2007 that had no date of hearing indicated.[10]

- **Evidence of coercion and intimidation**

  The Honorable judge awarded in his decision of 03/16/2007 amount of $ 2,500[11] in attorney's fees on the attorney's motion without hearing, any reference to the law or precedent, and in clear violation of the Rule 54(i) of the Superior Court Rules of Civil Procedure to an attorney who had no legal right to represent the Defendant because of improper substitution of a counsel (violation of the rule 90(b)) at the time when the judge had no jurisdiction over the matter because of the Appellants' filing timely appeal to the Supreme Court of Delaware. This illegitimate award was specifically designed to coerce and intimidate me and my husband as the attorney called me on the phone almost immediately and wanted to settle the case with that money.

## CONCLUSION

All these accusations indicate felonious behavior of this judge's that includes systematic violations of the Plaintiffs-Appellants constitutional rights for a fair trial, due trial, equal protection; corruption of the judge and attorneys who colluded to defraud the Plaintiffs-Appellants of their right to seek the enforcement of federal laws: Regulations CC, Equal Credit Opportunity Act, The Fair Credit Reporting Act

---

[7] See the decision of the judge in Appendix A73 – A 78

[8] See the Case History Search in Appendix A79 – A 83

[9] See a first page of the copy of the Defendant's Notice of the Motion presented in his Answering Brief to the Supreme Court in Appendix A84

[10] See a first page of the Motion mailed to the Plaintiffs as well as a copy of the envelope in which it had been mailed in Appendix A 85 – A 86

[11] See a copy of the Order in Appendix A87

3

and different provisions of the Delaware Code. That pattern of behavior that violates different criminal statutes including RICO (Racketeering Influenced and Corrupt Organization Act) is supposed to trigger different penalties including imprisonment. We, therefore, mailing a copy of the complaint to the General Attorney's Office of the State of Delaware since we are appealing the dismissal of their case by the District Court for the state of Delaware to the Third Circuit Court of Appeals. We would like to point out that these criminal violations do not provide immunity to the judge nor do they insulate the State from our claims.    Obstruction of justice, collusion between the judge and attorneys that constitutes corruption are felonies that have to be investigated and prosecuted by the State.

Respectfully submitted on this day of January 5th of 2008.

**By Nina Shahin on behalf of herself and her husband, Mazen Shahin**

**Signature** ........................................

4

# APPENDICES

# IN THE JUSTICE OF THE PEACE COURT OF
# THE STATE OF DELAWARE, IN AND FOR KENT  COUNTY
# COURT NO. 16

**COURT ADDRESS:**
**480 BANK LANE**
**DOVER DE 19904**

## TRANSCRIPT OF JUDGMENT AND EXECUTION FOR
## TRANSFER TO KENT COUNTY COURT OF COMMON PLEAS

**PLAINTIFF:**

NINA MAZEN SHAHIN                    **CIVIL ACTION NO.** J0507004516
103 SHINNECOCK RD.                   JUDGMENT:$35.00
DOVER DE 19901
302-678-1805

      v.

**DEFENDANT:**
DE FEDERAL CREDIT UNION
150 EAST WATER STREET
DOVER DE 19901
302-739-4496

ON SEPTEMBER 6, 2005 JUDGMENT BY TRIAL  WAS ENTERED BY JUSTICE OF THE PEACE COURT NO. 16 IN FAVOR OF NINA MAZEN SHAHIN AND AGAINST DE FEDERAL CREDIT UNION FOR $35.00.



This is to certify that this is a true and correct transcript of the judgment and Constable's return of execution.

_____
Justice of the Peace/Court Official

Date: SEPTEMBER 20, 2005

J P  Civ  Form No  24 (Rev  6/15/00)

SUPERIOR COURT
OF THE
STATE OF DELAWARE

ROBERT B. YOUNG
       *JUDGE*

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5331

August 17, 2006

Mazan Shahin
Nina Shahin
103 Shinnecock Road
Dover, DE 19904

Gregory A. Morris, Esq.
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901

   *RE: Shahin v. Delaware Federal Credit Union*
       *C.A. No: 06A-01-004*

Dear Ms. Shahin and Mr. Morris:

       Enclosed please find the corrected Civil Action Number in connection with the above matter.

Very truly yours,

RBY/sal
oc:   Prothonotary
cc:   Parties

A 2

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

Appellants, Nina and Mazen Shahin, bring the present appeal from a decision of the Court of Common Pleas, which granted summary judgment to appellee, Delaware Federal Credit Union ("DFCU"). This case is a debt action, which originated in the Justice of the Peace Court, and was appealed to the Court of Common Pleas. In both of the proceedings below, the Court found in favor of DFCU. For the following reasons, the Shahins' appeal is **DENIED**.

## **FACTUAL AND PROCEDURAL HISTORY**

The Shahins initiated their claims against DFCU in the Justice of the Peace Court, seeking reimbursement for a $35.00 fee assessed to their account for insufficient funds ("NSF fee"). The Magistrate held in favor of DFCU after learning that DFCU credited the Shahins' account for the $35.00 NSF fee.[1]  The Shahins appealed the Magistrate's decision to the Court of Common Pleas, which granted DFCU's motion for summary judgment. The Shahins made a timely appeal of the decision of the Court of Common Pleas to this Court on January 11, 2006.[2]

In preparation for the Superior Court appeal, the Shahins obtained a copy of the transcript of the proceeding in the Court of Common Pleas, and complained that

---

[1]      DFCU admits that it assessed the Shahins the $35.00 NSF fee in error. The parties dispute whether the Shahins advised DFCU directly of the error. DFCU claims it did not learn of the problem until they were served with the JP Court complaint. DFCU credited the Shahins' account for the NSF fee on the day of the JP Court hearing.

[2]      10 <u>Del.C.</u> § 1326(b).

2

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

the transcript contained errors.[3] The Court of Common Pleas denied the Shahins'

request to review the tape of December 21, 2005 hearing and submit corrections of

the transcript errors. The Shahins filed a similar motion with this Court, seeking to

review the tape and correct the hearing transcript. At oral argument on March 3,

2006, this Court considered the Shahins' motion as an appeal of the Court of

Common Pleas decision, and denied their request.

The Shahins now present their brief in support of their appeal of the decision

of the Court of Common Pleas on DFCU's motion for summary judgment.

## **STANDARD OF REVIEW**

When considering an appeal from the Court of Common Pleas, this Court's

function is similar to that of the Delaware Supreme Court.[4] "In reviewing appeals

from the Court of Common Pleas, the Superior Court must limit its scope of review

to correcting errors of law and ascertaining whether the trial judge's factual findings

'are adequately supported by the record and are the product of an orderly and logical

deductive process.' "[5] This Court must accept any decision of the Court of Common

---

[3]      Record of the parties' oral arguments before the Court of Common Pleas on the
summary judgment motion was recorded by Court of Common Pleas Reporter Linda Lavender.
An audiotape of the proceeding was also prepared. The Shahins argue that the transcript contains
mistakes, omissions, and unauthorized additions.

[4]      *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[5]      *Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del.
Super.)(*citing Wyatt v. Motorola, Inc.,* 1994 WL 714006, at *2 (Del. Super.)).

3

**A 3**

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

Pleas that is supported by sufficient evidence.[6] However, when reviewing a summary judgment decision on appeal, "the applicable standard requires that this Court examine the record below *de novo* to determine whether the court below correctly applied the applicable legal principles."[7]

## DISCUSSION

The Shahins make several arguments about the propriety of the proceedings, not only at the hearing in the Court of Common Pleas, but also in the Justice of the Peace Court. The scope of this Court's review is limited to the issues the parties raised at trial, and this Court will not hear issues the parties did not raise and address before the lower court.[8] In this case, the Court of Common Pleas decision at issue was on DFCU's motion for summary judgment. Accordingly, this opinion is limited to those issues raised in the Court of Common Pleas hearing on that motion.

Summary judgment should be rendered if the record shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as

---

[6]    *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972); *Wilson v. Klabe Construction Co.*, 2004 WL 1732217, at \*2 (Del. Super.).

[7]    *Baldwin v. Conner*, 1999 WL 743276, at \*2 (Del.Super.) (*citing Hoechst Celanese Corp. v. Certain Underwriters at Lloyds*, 656 A.2d 1094, 1098 (Del. 1995)).

[8]    *Pringle v. Atlantic Millwork*, 1998 WL 472751, at \*4 (Del. Super.) (*citing Wilmington Trust Co. v. Conner*, 415 A.2d 773 (Del. 1980)).

4

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

a matter of law.[9] The facts must be viewed in the light most favorable to the non-moving party.[10] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances.[11] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[12]

In the Court of Common Pleas appeal, which was a *de novo* proceeding, DFCU argued that the Shahins' claim was without merit, because the $35.00 NSF fee had been credited to the Shahins' account. In fact, there was no dispute that the Shahins had been reimbursed for the improperly assessed NSF fee.[13] The record shows that

---

[9]    Super. Ct. Civ. R. 56(c).

[10]   *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. Ct. 1995).

[11]   *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[12]   *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[13]   Court of Common Pleas transcript at 8

THE COURT:      Well, you sued for $35; they credited the $35 in the court below, didn't they?

MS. SHAHIN:     The credited only for 35 after the Court, after this hearing, not before.

* * * * *

THE COURT:      But, before you came here they credited it?

MS. SHAHIN:     No.  Oh, before I came here?

5

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

DFCU credited the Shahins' account on September 6, 2005, the day of the Justice of the Peace hearing. However, the Shahins argue that they are entitled to interest and court costs. The Court of Common Pleas denied their claim, however, ruling that interest and costs cannot be awarded when there is no claim upon which relief can be granted.

The Court of Common Pleas did not err in determining that no genuine issue of material fact existed as to the Shahins' claim that DCFU owed them $35.00 for the NSF fee, because the evidence shows that the Shahins received reimbursement. There is no dispute that the Shahins were paid; therefore, summary judgment was appropriate. Having determined that DFCU is entitled to judgment as a matter of law, the Shahins' claims for interest and costs cannot be considered.

Finally, the Shahins complain, *inter alia*, that they were not afforded due process, because the Justice of the Peace Magistrate engaged in *ex parte* communications with DFCU.[14] The Shahins also complain that their due process rights were violated by the Court of Common Pleas, because their claims were not considered *de novo*. The Shahins' claim that the Court of Common Pleas proceeding

THE COURT:        Yes.

MS. SHAHIN:       Yes.

[14]    The Shahins were not served with a copy of DFCU's answer to the complaint in the Justice of the Peace action. At the hearing before the Magistrate, the Shahins complained that the Justice of the Peace Court should have taken the initiative and served them with DFCU's answer. Because the Court received DFCU's answer, but the Shahins did not, the Shahins accused the Court of engaging in *ex parte* communications with DFCU.

6

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

was not a *de novo* review is without merit.  The record of the proceedings in the Court

of Common Pleas is clear that the Shahins did receive a *de novo* review of their

original claim for the $35 NSF fee.  The hearing on the motion for summary judgment

focused on the Shahins' original complaint.  Ironically, the Shahins' arguments about

the propriety of the proceedings in the Justice of the Peace action contradict their

wish for a *de novo* review and are inappropriate.

## CONCLUSION

For the reasons stated above, the Shahins' Appeal from Defendants' Motion

for Summary Judgment is **DENIED.**

_____/s/ Robert B. Young_____
J.

RBY/sal
oc:    Prothonotary
cc:    Opinion Distribution

7

**A 5**

*Shahin v. Delaware Federal Credit Union*
C.A. No: 06A-01-004
August 3, 2006

was not a *de novo* review is without merit. The record of the proceedings in the Court
of Common Pleas is clear that the Shahins did receive a *de novo* review of their
original claim for the $35 NSF fee. The hearing on the motion for summary judgment
focused on the Shahins' original complaint. Ironically, the Shahins' arguments about
the propriety of the proceedings in the Justice of the Peace action contradict their
wish for a *de novo* review and are inappropriate.

## CONCLUSION

For the reasons stated above, the Shahins' Appeal from Defendants' Motion
for Summary Judgment is **DENIED.**

_/s/ Robert B. Young_
J.

RBY/sal
oc:    Prothonotary
cc:    Opinion Distribution

7

**A 5**

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 06A-01-004 RBY** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DELAWARE FEDERAL CREDIT UNION** | * | |
| **APPELLEE** | * | |
| | * | |

## APPELLEE'S ANSWERING BRIEF

**LIGUORI, MORRIS & YIENGST**

**GREGORY A. MORRIS, ESQUIRE**
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for Appellee

**DATED:** April 17, 2006

**A 6**

## TABLE OF CONTENTS

|                                                | **Page** |
|------------------------------------------------|:--------:|
| TABLE OF AUTHORITIES                           | ii       |
| I.   NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II.  STATEMENT OF FACTS              | 2        |
| III. STATEMENT OF QUESTION                | 4        |
| IV. ARGUMENT                              | 5        |

      **A.    THERE IS A SUFFICIENT LEGAL AND FACTUAL BASIS FOR THE COURT OF COMMON PLEAS TO GRANT APPELLEE'S MOTION FOR SUMMARY JUDGMENT.**

| I.  CONCLUSION | 7 |
|---|---|

i.

## TABLE OF AUTHORITIES

**Page**

CASES

Moore v. Sizemoore, 405 A.2d 679 (Del.1979)                6

Downs v. State, 570 A.2d 1142 (Del.1990)                   5

State v. Huss, 1993 WL 603365 (Del.Super.)                 5

Stigars v. Mellon Bank, 1998 WL 99647 (Del.Super)          5


OTHER SOURCES

Court of Common Pleas Civil Rule 56                         6

## I. NATURE AND STAGE OF PROCEEDINGS

Appellant's Nina and Mazin Shahin filed a civil debt action in the Justice of the Peace Court 16 on June 28, 2005. On September 6, 2005, the Justice of the Peace Court dismissed the civil complaint when Appellee agreed to credit Plaintiff's account in the amount of $35.00.

On September 21, 2005, the Appellant's Nina and Mazin Shahin filed a Notice of Appeal with the Court of Common Please as well as filing the initial complaint seeking the same relief sought against the Appellee in the Justice of the Peace Court. On November 18, 2005, the Appellee's filed a Motion for Summary Judgment. A hearing was held before the Honorable Merrill C. Trader on December 21, 2005 whereby he granted the Motion for Summary Judgment. At that time, the Court stated verbally that the Court would be granting the Motion for Summary Judgment filed by the Appellee. The written Order was entered by the Court of Common Pleas on January 5, 2006.

On January 11, 2006, the Appellant appealed the decision of the Court of Common Pleas to this Court.

On January 25, 2006, the Appellant's filed a Motion to Decline to Accept the Transcript from the Court of Common Pleas. The Appellee filed a response to such motion on February 1, 2006. The Appellant's filed a reply to Appellee's response on February 2, 2006. On March 3, 2006, this Honorable Court denied Appellant's Motion to Decline to Accept the Transcript from the Court of Common Pleas.

On March 27, 2006, the Appellant's filed their Opening Brief. This is Appellee's Answering brief.

1

## II. STATEMENT OF FACTS

On June 28, 2005, the Appellant's Nina and Mazin Shahin filed a debt action against the Appellee, Delaware Federal Credit Union, seeking of $35.00 which represented a non sufficient funds charge which was debited to their banking account. (A-1) The trial date was scheduled by the Justice of the Peace Court for June 6, 2005. (A-2)

*cannot be*

At that time, the Court was informed that the Defendant Delaware Federal Credit Union reviewed their records prior to trial and admitted they had made an error and offered to correct the error. (A-2)  This was refused by the Appellant's. (A-2) Delaware Federal Credit Union advised the Court that they were willing to credit the account of the Appellee's in the amount of $35.00.  (A-2)  Based upon such information, the Court dismissed the case with prejudice in favor of Delaware Federal Credit Union.  (A-2)

Delaware Federal Credit Union credited Appellant's account in the amount of $35.00 on September 6, 2005.  (A-6-9)

On September 21, 2005, the Appellee's filed a notice of appeal in the Court of Common Pleas as well as the initial complaint asking for damages in the amount of $35.00 plus Court costs and interest.  (A-5, 28)

On October 6, 2005 an Answer to the Complaint was filed by Delaware Federal Credit Union.  (A-28)

On November 18, 2005, a Motion for Summary Judgment was filed on behalf of Delaware Federal Credit Union seeking judgment in their favor and dismissing the Plaintiff's complaint due to the fact that they had already paid the Appellant $35.00. (A-6)  A hearing was held before the Honorable Merrill C. Trader on December 21, 2005

2

whereby he heard argument on the Motion for Summary Judgment. (A-11, 14-271)

After hearing argument, the Court granted the Appellee's Motion for Summary Judgment

as a result of his findings that there was no principle sum due to the Appellants. (A-14-

27) The Court held that the Appellant's could not get Court costs and interest because

they did not have a claim from which relief could be granted. (A-14-27)

The official written order was entered by the Court on January 5, 2006 which

stated that the Motion for Summary Judgment had been granted in favor of Delaware

Federal Credit Union. (A-29)

Appellants now appeal the decision of the Court of Common Pleas to this Court

stating that it was entered in error.

3

## III.  STATEMENT OF QUESTION

1.     Whether there was a sufficient legal and factual basis for the Court of Common

Pleas to grant Appellee's Motion for Summary Judgment?

## IV. ARGUMENT

**THERE WAS A SUFFICIENT LEGAL AND FACTUAL BASIS FOR THE COURT OF COMMON PLEAS TO GRANT APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND SUCH DECISION SHOULD BE AFFIRMED BY THIS COURT.**

In reviewing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate appellate Court, and as such, its function is the same as that of the Supreme Court. State v. Huss, 1993 WL 603365 (Del.Super). (Attached as Exhibit "A") Therefore, findings of law are reviewed de novo to determine whether the trial court erred in formulating or applying legal precepts. Downs v. State, 570 A.2d 1142, 1144, (Del.1990). With regard to findings of fact, the Superior Court has a duty to review the sufficiency of the evidence and to test the propriety below. If the findings of the trial court are sufficiently supported by the record and are the product of an orderly and logical deductive process, the Superior Court must accept them. Stigars v. Mellon Bank, 1998 WL 996471 (Del.Super). (Attached as Exhibit "B") As stated in Stigars, "Findings of the trial court, which are supported by the record should be accepted even if the reviewing Court, acting independently, would reach a contrary conclusion. Id. At p.2.

The Court below correctly granted Appellee's Motion for Summary Judgment since there were no issues of fact and the Delaware Federal Credit Union was entitled to judgment as a matter of law. The facts which were at issue in the Court of Common Pleas were clear. Delaware Federal Credit Union had in fact credited Appellant's account in the amount of $35.00 on September 6, 2005. The relief which was being sought in the Court of Common Pleas was for an amount of $35.00 which had already

been paid prior to the notice of the appeal being filed with the Court of Common Pleas. As such, there was no legal basis for seeking relief in the amount of $35.00. Thus, the Appellants request for Court costs and interest was without merit.

The Court below clearly took into account the standard for considering a Motion for Summary Judgment. Summary judgment is appropriate when the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law <u>Moore v. Sizemore</u>, 405 A.2d 679, 680 (Del.1979). In considering the motion, the Court must evaluate the facts in the light most favorable to the non moving party. <u>Id.</u> When a Motion for Summary Judgment is made and supported as provided in Civil Rule 56, the opposing party may not rest on mere allegations or denials. The adverse parties must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial. <u>Court of Common Pleas Civil Rule</u> 56 (e).

Based upon the standard set forth above, the decision made by the Court of Common Please granting Appellees Motion for Summary Judgment is supported by the facts and the law of the State of Delaware. Plaintiff's complaint lacks legal merit since there account had already been reimbursed as of September 6, 2005. As such, there was no basis to be awarded Court costs and interest since they were merely proceeding with this litigation for a malicious purpose.

The Appellants raised issues of improper actions by the Justice of the Peace who heard the case at the Justice of the Peace Court 16. Such an issue is not relevant at this stage since the only issue on appeal is the decision of the trial court. Any claims of inappropriate conduct by the Justice of the Peace Court must be filed with the Court on

the Judiciary and not this Court which is only reviewing the decision of the Court of Common Pleas granting the Motion for Summary Judgment.

Appellants also argue that Judge Trader is biased and that he lacked professional competence in ruling upon the Motion for Summary Judgment. Appellants argument is unsupported by any facts in the record. Appellants admitted at the legal hearing before Judge Trader that the $35.00 had been paid before the case was ever appealed to the Court of Common Pleas. Appellants own admission provides clear logical support for the decision by the court below that the Appellant was not entitled to Court costs and interest or any other relief since they had no viable claim for a principal amount due.

Wherefore, Appellee would respectfully request that this Court affirm the decision of the Court of Common Pleas granting summary judgment in favor of the Appellee.

### CONCLUSION

Based upon the above-stated facts and law, the Appellee respectfully requests that this Honorable Court affirm the decision of the Court of Common Pleas.

**LIGUORI, MORRIS & YIENGST**

**GREGORY A. MORRIS, ESQUIRE**
46 The Green
Dover, DE  19901
(302) 678-9900
Attorney for Appellant

**DATED:** April 17, 2006

# EXHIBIT "A"

Westlaw.

Not Reported in A.2d                                                Page 1

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
(Cite as: Not Reported in A.2d)

**C**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
                    Superior Court of Delaware, New Castle County.
                    STATE of Delaware, Plaintiff-Below, Appellant,
                                        v.
                        Denise HUSS, Defendant-Below, Appellee.
                    **Cr.A. Nos. N93-04-0294AC, N93-04-0295AC.**

                            Submitted July 14, 1993.
                            Decided:  Oct. 8, 1993.


Upon appeal of a decision of the Court of Common Pleas.    Reversed and Remanded.

Suzanne I. Seubert, Deputy Atty. Gen., Dept. of Justice, Wilmington, for State.
James A. Natalie, Jr., Woloshin, Tenenbaum & Natalie, P.A., Wilmington, for
appellee.

                            *MEMORANDUM OPINION*

GEBELEIN, Judge.
**\*1** Before the Court is the State's appeal from the decision of the Court of Common
Pleas granting Defendant-Below Appellee's motion to dismiss for lack of probable
cause.    The State filed a timely notice of appeal pursuant to 10 *Del.C.* § 9902.
For the following reasons, the decision of the Court of Common Pleas is REVERSED
and REMANDED for trial.

There are several issues on appeal.    First is whether Trooper James DiOrio had
reasonable and articulable suspicion of criminal activity sufficient to justify
his stop of appellee's vehicle.    Next is whether appellee's motion below was
correctly treated as a motion to dismiss as opposed to a motion to suppress, and
whether this appeal is permitted under 10 *Del.C.* § 9902(a) or 10 *Del.C.* §
9902(b)(c).    Finally at issue is whether the State may retry appellee if this
appeal is only permitted under 10 *Del.C.* § 9902(a).

When cases are appealed from the Court of Common Pleas, the Superior Court sits as
an intermediate appellate court.    As an intermediate appellate court, the
Superior Court's function is the same as the Supreme Court's function.
*Shipkowski v. State,* Del.Super., No. K88-03-0033A, Steele, J. (July 28, 1989),
(citing *Baker v. Connell,* Del.Supr., 488 A.2d 1303 (1985)).    Thus, the Court's
role in a non-jury case is to correct errors of law and to review the factual
findings of the Court below to determine if they are "sufficiently supported by
the record and are the product of an orderly and logical deductive process."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

*Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972).

This case concerns events which occurred on May 5, 1992, when Trooper DiOrio was
in his patrol car and saw appellee's Nissan automobile exiting from the Fox Run
Shopping Center in Bear, Delaware.    While appellee's vehicle was in motion,
DiOrio observed a white male open the passenger door and hold it open with his
hand while the passenger's leg was outside of the vehicle.    DiOrio testified that
he thought there might be a domestic dispute in progress and he proceeded to
follow the vehicle.    Trooper DiOrio observed the passenger put his leg inside the
vehicle and close the car door.    Appellee subsequently turned onto Route 72 and
crossed from the shoulder to the through lane and into the left turn lane without
using a turn signal.

Trooper DiOrio then stopped the vehicle and requested appellee's driver's license
and registration, which she searched for and produced.    Trooper DiOrio spoke with
appellee and the passenger, and they alleviated his concern of a domestic dispute.
  As Trooper DiOrio spoke with appellee, he noticed that her eyes were very
watery, bloodshot, and glassy, and he detected a strong smell of alcohol on her
breath.    In response to Trooper DiOrio's questions, appellee stated that she was
nineteen years old and that she had consumed one beer that evening.    As a result
of his observations and appellee's statements, Trooper DiOrio administered five
sobriety field tests which appellee failed.    Appellee was then transported to the
police station and charged with Driving Under the Influence of Alcohol and
Underage Consumption.

        FN1. A violation of Title 4, Section 904 of the *Delaware Code.*

**\*2** During appellee's trial, when Trooper DiOrio testified that appellee was
transported to the police station, the Court allowed counsel for appellee to
conduct *voir dire* of Trooper DiOrio.    During *voir dire,* the Court provided that
it would measure the reasonableness of appellee's stop on the basis of what
Trooper DiOrio observed before the stop, and proceed to determine probable cause
for the arrest only if necessary.

The Court subsequently found that Trooper DiOrio did not have reasonable suspicion
to justify his stop of appellee, and dismissed the charges against appellee.
Therefore, an application of the law to the facts is required to determine whether
the Court of Common Pleas was correct in finding that Trooper DiOrio did not have
reasonable suspicion.

Traffic stops are more analogous to a so-called *Terry* stop than to a formal
arrest.    *United States v. Pardon,* 657 F.Supp. 840 (D.Del.1987), (citing *Berkemer
v. McCarty,* 468 U.S. 420 (1984)).    In *Terry v. Ohio,* 392 U.S. 1 (1968), the
Supreme Court held that a limited seizure of an individual along with a limited
search for weapons was constitutionally permissible even in the absence of a
warrant or probable cause.    All that is required of the police is a reasonable
suspicion of wrongdoing based on articulable facts and rational inferences.
*Jarvis v. State,* Del.Supr., 600 A.2d 38, 41 (1991), (citing *Terry,* 392 U.S. at 21).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 3

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
(Cite as: Not Reported in A.2d)

   The Court must view the circumstances of a traffic stop objectively when
determining whether the stop was justified.    *State v. Walker,* Del.Super., Cr.A.
No. IK90-08-0001, Steele, J. (March 18, 1991) (Order).

In this case, Trooper DiOrio observed a passenger with his leg outside of the car
door while appellee's vehicle was in motion.    As Trooper DiOrio followed the
vehicle, the passenger closed the door and the vehicle was driven for a distance
without speeding or weaving between lanes.    Trooper DiOrio did not notice any
violence or fighting occurring inside the vehicle, and he testified that the
vehicle followed a traffic pattern consistent with the pattern a vehicle traveling
in that direction should follow.    Trooper DiOrio further testified that it
appeared appellee would have timely stopped for the red traffic light even if he
did not have his emergency lights on.

Trooper DiOrio further testified that he observed appellee's vehicle cross over
two lanes of traffic without signaling, in violation of 21 *Del.C.* § 4155.
Pursuant to 21 *Del.C.* § 701,  Trooper DiOrio had the right to stop appellee.
Case law clearly supports the finding that failure to signal is a legitimate
reason to stop a vehicle.    In *Ledda v. State,* Del.Supr., 564 A.2d 1125 (1989),
the defendant was convicted of conspiracy and several drug charges after being
stopped by police on I-95 for changing from the left hand lane into the center
lane without using a turn signal.    Similarly, in *State v. Walker,* Del.Super.,
Cr.A. No. IK90-08-0001, Steele, J. (March 18, 1991) (Order), an officer was
following a car which failed to signal a turn.    The Court recognized that
changing lanes without signaling a turn is a violation of 21 *Del.C.* § 4155, and
held that it created probable cause for the officer to exercise his discretion to
stop the vehicle.    Clearly then, if probable cause exists to arrest, this
provides more than the reasonable suspicion necessary to stop this vehicle.

          FN2. 21 *Del.C.* § 4155 provides:
          (a) No person shall ... move right or left upon a roadway or turn so as to
          proceed in an opposite direction unless and until such movement can be made
          with safety ... No person shall so turn any vehicle without giving an
          appropriate signal in the manner hereinafter provided.
          (b) A signal of intention to turn or move right or left when required shall
          be given continuously during not less than the last 300 feet or more than
          one-half mile traveled by the vehicle before turning.

          (d) The signals provided for in § 4156 of this title shall be used to
          indicate an intention to turn, change lanes or start from a parked position..
          ..

          FN3. 21 *Del.C.* § 701 provides:
          (a) [P]olice officers authorized by law to make arrests for violation of the
          motor vehicle and traffic laws of this State, provided such officers are in
          uniform or displaying a badge of office or an official police identification
          folder, may arrest a person without a warrant: (1) For violations of this
          title committed in their presence;  ...

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 4

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**


**\*3** The Court of Common Pleas, however, focused on the fact that there was no
traffic, appellee was driving in a safe manner, and a turn signal was not needed
for safety reasons.   It was error for the Court of Common Pleas to evaluate these
factors when a statute exists which has not carved out such exceptions or limits
upon the requirement for a signal being displayed.   Appellee did violate Title 21
of the *Delaware Code,* she did so in an officer's presence, and thus the officer
had the right to stop the vehicle.

Trooper DiOrio did, however, testify that his main reason for stopping the vehicle
was to determine what was going on inside the vehicle;  and the State, perhaps
improvidently, later argued that Trooper DiOrio would have stopped appellee even
if she had signaled.   It must be noted that contrary to the State's argument,
Trooper DiOrio did testify that the failure to signal, i.e. the observed
violation, was one of the circumstances which he considered in pulling appellee
over.

The State has contended on appeal that appellee's motion below was a motion to
suppress the results of the chemical test administered after the stop, and that
the State had a right to be heard pre-trial.   The State argues that the Court of
Common Pleas Criminal Rules require a party to make a motion to suppress evidence
before the trial in which it is to be used unless the opportunity to do so did not
exist.   Com.P.Ct.Crim.R. 41.   However, a literal reading of the statute further
provides that "the Court in its discretion may entertain the motion at the trial
or hearing."  Com.P.Ct.Crim.R. 41.   Therefore, even if this was a motion to
suppress as argued by the State, it is discretion may entertain the motion at the trial
Common Pleas to hear the motion at trial.   At the initiation of the proceedings,
counsel for appellee stated "Your Honor, at the appropriate time, I'm going to ask
the Court to dismiss the charges because of a lack of probable cause."  (Tr. at
3.) The State requested that they proceed as if pre-trial and the Court directed
the parties to "[s]tart the case as you would start any one of these cases.   The
same way."  (Tr. at 4.) The parties proceeded to question Trooper DiOrio and the
Court subsequently suppressed all evidence obtained after the stop.   The Court
then asked defense counsel if hé had any motions and he renewed his motion to
dismiss both charges.   This Court therefore finds that counsel for appellee
clearly stated at the initiation of the proceedings and in response to the Court,
that he was moving to dismiss for lack of probable cause.   The Court, however,
treated the motion as a motion to suppress evidence which was granted prior to the
charges being dismissed.

Appellee finally contends that the State incorrectly brought this appeal as of
right pursuant to 10 *Del.C.* § 9902(b)(c),  and that it is only permitted under 10
*Del.C.* § 9902(a).   Appellee also argues that section 9902(a) precludes retrial by
the State if the State is successful on appeal.   Because the motion below was a
motion to suppress, 10 *Del.C.* § 9902(a)(b)(c) are the sections which permit the
State's appeal.

>     FN4. 10 *Del.C.* § 9902(b)(c) provides:
>     (b) When any order is entered before trial in any court suppressing or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

> excluding substantial and material evidence, the court, upon certification
> by the Attorney General that the evidence is essential to the prosecution of
> the case, shall dismiss the complaint, indictment or information or any
> count thereof to the proof of which the evidence suppressed or excluded is
> essential....
>
> (c) The State shall have an absolute right of appeal to an appellate court
> from an order entered pursuant to subsection (b) of this section and if the
> appellate court upon review of the order suppressing evidence shall reverse
> the dismissal, the defendant may be subjected to trial.

> FN5. 10 *Del.C.* § 9902(a) provides:
> (a) The State shall have an absolute right to appeal to an appellate court a
> final order of a lower court where the order constitutes a dismissal of an
> indictment or information or any count thereof....

\*4 In the case *sub judice,* the Court did not find that there was insufficient
evidence for a conviction, nor did it find that defendant was not guilty.    The
action was dismissed for lack of reasonable suspicion to justify the stop,
suppressing evidence, and prior to a dispositive ruling on the merits of the case
or a determination of guilt or innocence.    Therefore, the action was correctly
considered a dismissal as opposed to an acquittal.    Furthermore, if a defendant
terminates a trial without a determination of guilt or innocence, retrial after a
successful appeal does not violate double jeopardy.  11 *Del.C.* § 207(4);    *State
v. Pusey,* 600 A.2d 32 at 36 (citing *United States v. Scott,* 437 U.S. 83, 101
(1978)).    *Cf. State v. Maxwell,* Del.Super.Cr.A. No. IN-91-09-1725, Herlihy, J.
(September 17, 1993), Mem.Op. (holding that double jeopardy did not bar retrial of
the defendant where evidence was suppressed and a mistrial declared after the jury
had been sworn).    Based on the above, the State is not barred from retrying
appellee.

> FN6. 11 *Del.C.* § 207 provides:
> When a prosecution is for a violation of the same statutory provisions and
> is based upon the same facts as a former prosecution, it is barred by the
> former prosecution under the following circumstances:
> (4) The former prosecution was improperly terminated....    Termination under
> any of the following circumstances is not improper:
> a.  The defendant consents to the termination or waives, by motion to
> dismiss or otherwise, his right to object to the termination.

For the foregoing reasons, the decision of the Court of Common Pleas is REVERSED
and REMANDED for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

Del.Super.,1993.
State v. Huss
Not Reported in A.2d, 1993 WL 603365 (Del.Super.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                    Page 6

Not Reported in A.2d, 1993 WL 603365 (Del.Super.)
**(Cite as: Not Reported in A.2d)**


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "B"

Westlaw.

Not Reported in A.2d

Page 1

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Jacqueline STIGARS Appellant,
v.
MELLON BANK, Appellee.
**No. C.A. 96A-02-009JA.**

Feb. 3, 1998.

Upon appeal from the Court of Common Pleas Reversed.

Douglas Shachtman, Esquire for Appellant, Suite 302, 1200 Pennsylvania Avenue, Wilmington, DE 19806.
Neal J. Levitsky, Esquire for Appellee, 824 N. Market Street, P.O. Box 2323, Wilmington, DE 19899.

ORDER AND OPINION

GEBELEIN, J.
*1 This is an appeal by defendant-appellant, Jacqueline A. Stigars ("Appellant"), from the Court of Common Pleas award to plaintiff-appellee Mellon Bank ("Bank") a deficiency judgment of $9,948.41, attorneys' fees in the amount of 20% and costs. The action stems from the repossession and subsequent sale of Appellant's car by the Bank.

FACTS

On May 18, 1988, Appellant and her uncle entered a financing agreement with the Bank for a 1988 Chevy Nova using the vehicle as collateral. A security interest in the vehicle was perfected by the Bank. In late 1991, Appellant began having difficulty making payments on the loan and no payments were made after January, 1992. The Bank lawfully repossessed the vehicle on April 28, 1992. Notice of the repossession and the Bank's intentions for disposition were sent by certified mail, return receipt to Appellant and her uncle under separate cover. The first notice sent to Appellant was returned to the Bank unsigned. A second notice was sent to Appellant at a different address; the notice was signed for by a guest at the house. There is no record of Appellant's uncle having received the notice.

On May 19, 1992, the Bank transferred title to its own name and the agent for the Bank signed a sworn statement that the collateral had been transferred to the Bank as a purchaser for value. On May 30, 1992, the Bank sold the collateral at a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

public sale at the location and time identified in the notice which was signed for
at the second address. The Bank received $2,000 for the vehicle leaving a
deficiency of $9,948.41.

The Bank filed suit in the Court of Common Pleas to obtain a deficiency judgment.
Evidence was presented at the bench trial which showed the notice, a record of
Appellant phoning the Bank to inquire about redemption, the amount of debt
remaining on the note, the appraisal value of the vehicle, the transfer of title
from Appellant to the Bank prior to the sale and documentation of the sale to the
outside purchaser at the public sale on May 30, 1992. The Court of Common Pleas
issued a written opinion which found that Appellant had been properly noticed of
the repossession and sale and that the sale of the vehicle had been commercially
reasonable thereby entitling the Bank to a deficiency judgment in the amount of
$9,948.41.

Appellant appeals the judgment of the lower court on the grounds that the court
committed errors of law and abuse of discretion in finding that the Bank's
repossession notice and disposition procedures were commercially reasonable.

### DISCUSSION

On an appeal from the Court of Common Pleas to the Superior Court, the standard of
review "in addition to correcting errors of law, is 'whether the factual findings
made by the trial judge are sufficiently supported by the record and are the
product of an orderly and logically deductive process." '    Findings of the trial
court which are supported by the record should be accepted even if the reviewing
court, acting independently, would reach a contrary conclusion.  This is the same
standard of review for appeals from the Superior Court to the Supreme Court.

> FN1. *Mellon Bank v. Dougherty,* Del.Super., C.A. No. 88A-DE-3-A, Steele, J.
> (Aug. 24, 1989) *citing Smart v. Bank of Delaware,* Del.Supr., C.A. No.
> 82A-DE-5, Christie, J. (Dec. 5, 1984).

> FN2. *See Besk Oil, Inc. v. Brown & Bigelow, Inc.,* Del.Super., C . A. No.
> 88A-JA-3-1, Stiftel, P.J. (Dec. 16, 1988) at 3; *see also H & H Poultry Co.,
> Inc. v. Whaley,* Del.Supr., 408 A.2d 289, 291(1979).

> FN3. *Moss v. Prudential-Bache Securities,* Del.Supr., 581 A.2d 1138, 1140
> (1990), *citing Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972).

**\*2** The statute governing secured transactions imposes two requirements on the sale
of collateral repossessed by a creditor: (1) it must be "commercially reasonable"
and (2) the appellant must receive "reasonable notification" of either a public or
private sale or other disposition.  If the creditor fails to meet either of these
requirements the appellant will be entitled to statutory damages pursuant to §
9-507. Although the Code does not provide a definition of "reasonable notification
" the Delaware Supreme Court has identified the three-fold purpose of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                      Page 3

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

requirement: (1) it gives the appellant the opportunity to exercise his redemption
rights under § 9-506; (2) it affords the appellant an opportunity to seek out
buyers for the collateral; and (3) it allows the appellant to oversee every aspect
of the disposition, thus maximizing the probability that a fair sale price will be
obtained.    If any part of the notice is contrary to the purposes then the notice
cannot be the "reasonable notification" required by the statute.

> FN4. 6 *Del. C.* § 9-504(3) (references to Code sections are to Title 6 of the
> Delaware Code unless otherwise indicated).

> FN5. *Ayers v. Mellon Bank,* Del.Super., C.A. No. 85C-DE-68, Martin, J. (Mar.
> 6, 1987).

> FN6. *Wilmington Trust Co. v. Conner,* Del.Supr., 415 A.2d 773, 776 (1980).

> FN7. *Id.*

In the case *sub judice* Appellant was sent two notices to two addresses, one of
which was signed for by a guest. The notice of disposition, dated April 28, 1992,
read as follows:

Dear Ms. Stigars:
This is your formal notification that Mellon Bank (DE) N.A. repossessed your 1988
Chevy Nova ... because a default occurred on your contract. The vehicle is
scheduled to be sold at public sale at Keystone Auto Auction Exchange, 1111 RT
22-322, Dauphin, Pa. 17018, on May 30, 1992, at 11:00 A.M.
You have the right to redeem the vehicle at any time before it is sold by paying
all obligations secured by the vehicle as well as reasonable expenses incurred in
retaking, holding and preparing the vehicle for sale as provided for in the
Delaware Commercial Code, 6 *Del. C.* § 9-506. You should call the undersigned
promptly ... in order to ascertain the correct payoff figure. You have the right
to seek out buyers for the vehicle and oversee every aspect of the sale in order
to maximize the probability that a fair sale price will be obtained.
In the event the sale does not yield sufficient funds to cover your obligations
secured by the vehicle, as well as reasonable expenses incurred in retaking,
holding and preparing the vehicle for sale, you will be responsible for any
portion remaining unpaid. In the event the sale yields a surplus, we will account
to you for such surplus.
Finally if there is any personal property in the vehicle which you would like to
claim, please contact the undersigned. If we are not contacted within fifteen (15)
days from the date of this letter, we will assume that any personal property in
the vehicle will not be claimed and we will dispose of it accordingly.
Sincerely,
/s/ Robert Mettler by BLF
Robert Mettler
Repossession Control Supervisor

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                         Page 4

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
(Cite as: Not Reported in A.2d)

Appellant contends that this notice was not "reasonable notification" of the type
of sale-strict foreclosure, according to Appellant-executed by the Bank prior to
public sale of the vehicle on the date in the notification, thereby prohibiting
the Bank from seeking a default judgment. The Bank responds that title was merely
transferred to allow clear title to pass to the future purchaser. The court below
agreed with the Bank that the act of converting title to the Bank's name was "
merely a clearing of title" which did not "adversely affect[ ] the rights of
[Appellant]" because she was "still able to attend the public sale or redeem the
collateral prior to such sale if she elected." This Court finds that although
the lower Court correctly found that this sale was not a strict foreclosure it
erred in concluding that there was "reasonable notification" as defined by the
Delaware Superior Court.

     FN8. *Mellon Bank v. Stigars,* Ct. Common Pls, C.A. No. 92-12-187, Smalls, J.
     (Jan. 22, 1996) at 6.

**\*3** While it is true that Appellant may have been able to attend the public sale
and purchase the vehicle on that occasion, her right of redemption was terminated
when the Bank transferred title of the vehicle to itself on May 19, 1992. The Code
provides the Appellant with a right to redeem the collateral but only prior to its
disposition. The Bank effectively disposed of the collateral on May 19, 1992 when
its agent certified that a sale took place. The Certificate of Repossession and
Sale which reads, "... the Secured Party sold, assigned and transferred to Mellon
Bank DE., N.A ., a purchaser for value, all of the Appellant's rights, title and
interest in and to the vehicle." (emphasis added). This action was taken prior to
the sale of which Appellant had notice and subsequent to her inquiry regarding
redemption. Clearly this frustrated Appellant's right to redeem the collateral and
the purpose of "reasonable notification." It was not necessary for the Bank to be "
merely clearing title" eleven days prior to the disposition because the Code
provides that "[w]hen collateral is disposed of by a secured party after default,
the disposition transfers to a purchaser for value all of the Appellant's rights
therein, discharges the security interest under which it is made ...." The act
of transferring title prior to the public sale destroyed Appellant's right to
redeem thereby making the notice which allowed redemption until the date of the
public sale making the notice contrary to the "reasonable notification" rule.

     FN9. § 9-506.

     FN10. § 9-504(4).

Because the notification to Appellant was "unreasonable" the Court must apply the "
absolute bar" rule elucidated in *Wilmington Trust Co. v. Conner.* In *Conner* the
Supreme Court continued to recognize the "absolute bar" to creditors whose "
failure to comply strictly with the notice provisions of the Code acts as an
absolute bar to recovery of a deficiency judgment..." which had been the rule
under the Uniform Conditional Sales Act. Transferring the title from Appellant to
the Bank thereby frustrated the purpose of the "reasonable notification" required

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                   Page 5

Not Reported in A.2d, 1998 WL 996471 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

by the Code.  The Bank is precluded from seeking a deficiency judgment against
Appellant.

     FN11. 415 A.2d at 776.

     FN12. *Id.* at 777 (citations omitted).

     FN13. *Id.* at 776.

When a secured creditor violates a provision of §§ 9-501-9-506 the appellant, when
the collateral is consumer goods, may recover "an amount not less than the credit
service charge plus 10 percent of the principal amount of the debt or the time
price differential plus 10 percent of the cash price."   The Court has found that
the Bank violated the "reasonable notification" provision found in § 9-504(2)
thereby making payment of statutory damages to Appellant allowable. Appellant has
calculated damages to be $5,829.55. The Bank did not dispute this amount in either
its answering or supplemental brief nor is it disputed that the vehicle was a
consumer good. "In the absence of conflicting arguments by [the Bank], the Court
finds the reasoning of [Appellant] persuasive."

     FN14. § 9-507(1).

     FN15. *Taylor v. Mellon Bank (DE), N.A.,* Del.Super., C.A. No. 87C-DE-192,
     Gebelein, J. (Dec. 1, 1989).

### CONCLUSION

**\*4** The trial court erred by entering judgment in favor of the Bank. The decision
of the Court of Common Pleas is REVERSED. A judgment against the Bank, Mellon
Bank, DE, N.A. in the amount of $5,829.55 be entered in favor of Appellant.

IT IS SO ORDERED.

Del.Super.,1998.
Stigars v. Mellon Bank
Not Reported in A.2d, 1998 WL 996471 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 06A-01-004 RBY** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DELAWARE FEDERAL CREDIT UNION** | * | |
| **APPELLEE** | * | |
| | * | |

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I have caused two (2) copies of the foregoing Appellee's Answering Brief to be served upon:

Nina & Mazen Shahin
103 Shinnecock Rd.
Dover, DE 19904

Via U.S. First Class Mail on this _____ day of April, 2006.

**LIGUORI, MORRIS & YIENGST**

                                   **GREGORY A. MORRIS, ESQUIRE**
                                   46 The Green
                                   Dover, DE  19901
                                   (302) 678-9900
                                   Attorney for Appellant

**DATED:** April 17, 2006

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

Nina and Mazen Shahin,　　　　　　　)
Plaintiffs-Appellants　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) Civil Action No. 06A-01-004
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
Delaware Federal Credit Union,　　　　)
Defendant-Appellee　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

---

### APPELLANTS' REPLY BRIEF

---

**Appellants represent themselves (*pro se* representation)**

**Attorney for the Appellee:**

**Gregory A. Morris from the firm of**
**Luguori, Morris & Yiengs**
**46 The Green**
**Dover, DE 19901**
**(302) 678-9900**



RECEIVED AND
FILED
06 MAY -1 PM 12:50
KENT COUNTY
PROTHONOTARY

# TABLE OF CONTENTS

Page

Table of Contents      ................................................................... ii-iii

Table of Authorities      ................................................................ iv

I.    REMARKS ABOUT APPELLEE ATTORNEY'S CLAIMS MADE IN
       SECTION "II. STATEMENT OF FACTS"   ............................. 1-2

II.   LAW AND ARGUMENT

       A. *REMARKS ABOUT CONSTITUTIONAL DEFFICIENCIES OF PROCESS
           IN JP COURT AND COURT OF COMMON PLEAS*  ................. 3-7

       B. *REVISED AND MODIFIED ANALYSIS OF ISSUES OF LAW AND
           ARGUMENT*   ................................................................ 7-11

ISSUE 1: (Justice of Peace Court): Failure of Due Process and *Ex Parte*
               Communications of the JP Judge with the Defendant.............. 7-8

ISSUE 2: (Court of Common Pleas): Failure of the Court to Acknowledge
               Violation of the Court Procedures and Due Process at JP Court
               in the Case on Appeal.................................................... 8-9

ISSUE 3: (Court of Common Pleas): Defective and Inappropriate Basis
               for Summary Judgment because of Dispute on Matters of Fact    9-10

ISSUE 4: (Court of Common Pleas): Irrelevance of the  Fact of Payment
               of Non Sufficient Funds (NSF) Fees to the Plaintiffs-Appellants'
               account *AFTER* the JP Judge's Decision to the Appellants' Claim
               for Court Costs and Interest Accrued *BEFORE*  the JP Judge's
               Decision....................................................................... 10-11

III.   CONCLUSION      ........................................................... 11-12

IV.   QUOTATIONS   FROM   DIFFERENT   DOCUMENTS   FILED   BY
       APPELLANTS WITH THE COURT OF COMMON PLEAS  ..... 13-15

List of Exhibits

**Exhibit A**     **Defendant's Answer to Complaint………..……….**     **16**
            **Clocked in on 10/05/2005**

**Exhibit B**     **Reply to the Defendants' Affirmative Defenses……..**     **17**
            **Clocked in on 10/20/2005**

**Exhibit C**     **Complaint against Attorney filed on 04/25/2006…….**     **18**

**Exhibit D**     **Motion to Deny Summary Judgment Requested by**
            **Appellee Clocked in on 11/30/2005 …………………**     **19**


**V.     CERTIFICATE OF SERVICE     ………………………………….**     **20**

# TABLE OF AUTHORITIES

**CASES:**                                                                                      Page

1.  *Carey v. Piphus,* **435 U.S. 247, 259 (1978)**...................................      5
2.  *Mullane v. Central Hanover Trust Co.,* **339 U.S. 306, 314 (1950)** .....      5
3.  *Richards v. Jefferson County,* **116 S. Ct. 1761 (1996)** ...................      5
4.  *Goldberg v. Kelly,* **397 U.S. 254, 267-268 (1970)**.........................      6
5.  *Armstrong v. Manzo,* **380 U.S. 545, 550 (1965)** ...........................      6
6.  *Robinson v. Hanrahan,* **409 U.S. 38 (1974)** ..............................      6
7.  *Green v. Lindsey,* **456 U.S. 444 (1982)** ....................................      6
8.  *Mathews v. Eldridge,* **424 U.S. 319, 333 (1976)** . ...................... ...      6
9.  *Baldwin v. Hale,* **68 U.S. (1 Wall.) 223, 233 (1863)** .....................      6
10. *Tumey v. Ohio* **273 U.S. 510 (1927)** ........................................      6
11. *Marshall v. Jerrico,* **446 U.S. 238, 242 (1980)** ............................      6
12. *Green v. McElroy,* **360 U.S. 474, 496 (1959)** ............................      7
12. *State v. Huss,* **Del.Super, 1993** ..............................................      2
13. *Levitt v. Bouvier,* **Del.Super., 287 A.2d 671, 673 (1972)** ............. ...      2

**STATUTE:**

1.  **10 Del.C. § 542** ...............................................................      8, 12

**OTHER SOURCES:**

1.  **Rule 56 (e) of Civil Procedure for Court of Common Pleas** ................    10
2.  **DE Judges' Code of Professional Conduct** ..................................     8
3.  **The Delaware Lawyers' Rules of Professional Conduct, Rule 3.3(a)(1)** ..    2

iv

**A 33**

## I. REMARKS ABOUT APPELLEE ATTORNEY'S SECTION "II. STATE-MENT OF FACTS"

- When the lawsuit was filed on June 28, 2005 the hearing date on that lawsuit could not have been possibly scheduled on June 6, 2005.
- The attorney for the Appellee claims as a fact that the Delaware Federal Credit Union (further on DE FCU) "offered to correct the error" and also that the offer was refused.    THOSE ARE NOT FACTS.  THOSE ARE ONLY THE APPELLEE'S CLAIMS THAT *HAVE NEVER BEEN PROVEN IN ANY COURT.*  Appellants claim that the DE FCU made an offer to SETTLE (not to pay or "correct the error") both cases for $ 70 which included only two charges of $ 35 of NSF without any court costs or fees paid by the Plaintiffs.  Moreover, that offer was made exclusively on the condition that the plaintiffs would close their accounts with the DE FCU.   The Plaintiffs could not accept that condition because their checking account was connected to their daughter's checking account (who was a student at Portland State University in Oregon at that time) to which the plaintiffs made regular monthly deposits for her living and educational expenses.  In their turn, they made a counter offer that was rejected by the DE FCU.   In those negotiations the Director of the DE FCU made insulting and denigrating remarks (which also were not true) to the Plaintiff-husband about Plaintiff-wife (which he had no any legal right to make) that caused the Plaintiff-husband to loose his temper, raise his voice, get very upset, have his blood pressure risen and end up at the emergency room of the Kent General Hospital.  The only fact that the Appellee can claim here is that $ 35 OF NSF CHARGE ERRONEOUSLY DEDUCTED FROM THE PLAINTIFFS' ACCOUNT WAS NOT REPAID *UNTIL AFTER* THE COURT DECISION ON SEPTEMBER 6, 2005. The fact of absolute truth that the Appellee can also claim (but has chosen not to do so) is that DE FCU did not need any permission or consent from the Plaintiffs "to correct the error".  They could

1

- Also in that section the attorney, in behalf of the Appellee, claims as a fact that "On September 21, 2005, The Appellee's *(should have been Appellants)* filed a notice of appeal in the Court of Common Pleas as well as the initial complaint asking for damages in the amount of $ 35 plus Court costs and Interest (A-5, 28)." This is a false statement of fact made in violation of Rule 3.3(a)(1) of The Delaware Lawyers' Rules of Professional Conduct. Looking at the reference provided, i.e., A-5 also mentioned in A-28 as one of the items under # 1 shows in paragraph 3 in capital letters what Appellants did not get satisfied in the JP Court and in paragraph 4 what they are asking for and there is no any request anywhere in their Complaint for $ 35 of the original NSF fees that the DE FCU paid after the decision of the JP judge. There is no such a request in any other documents filed with the Court of Common Pleas. In the Motion for Summary Judgment (copy of the Motion is provided in the Appellee's Appendix, page A-7) it is absolutely clear that the attorney filed the Motion with perfect understanding of that fact and the Motion is based on that fact. The Appellants previously warned the attorney of violation of the rules of professional conduct (see Exhibit A, Fourth Affirmative Defense and the Appellants' Reply to the Defendant's Affirmative Defenses, specifically to the  Fourth Affirmative Defense in Exhibit B). This time the Appellants decided to take action and filed a Complaint with the Office of Disciplinary Counsel  of the Supreme Court of Delaware in view of the seriousness of the offense (see a copy in Exhibit C). The attorney has built his entire legal argument on this false statement of fact. The Appellants would like to fend off here any potential claim from the attorney of the Appellee that their request for hearing *de novo* constituted the substantive claim of the same volume as in JP Court which is not the case. The substance of claim on appeal has changed to the items that have not been satisfied by the JP Court, but between the two formats of an appeal process ("on record" and *"de novo"*, Appellants requested *de novo* since JP Court does not have any records and appeals from JP court to the Court of Common Pleas are heard *de novo* by default.

## II.    LAW AND ARGUMENT

### A.  REMARKS ABOUT CONSTITUTIONAL DEFFICIENCIES OF PROCESS IN JP COURT AND COURT OF COMMON PLEAS

We agree with the Appellee attorney's presentation of the argument regarding the Superior Court role and function in cases on appeal but would like particularly to stress the following excerpt taken from the unpublished case of *State v. Huss*, Del. Super, 1993:

"Thus, the Court's role in a non-jury case is to correct error of law to review the factual findings of the Court below to determine if they are "sufficiently supported by the record and are the product of an orderly and logical deductive process". The quotation is taken with reference to the case of *Levitt v. Bouvier,* Del.Super. 287 A.2d 671, 673 (1972). So, in the appeal review process there are two steps: 1. Determining the existence of facts sufficiently supported by the record and 2. Determining that those facts were reflected in a decision in an "orderly and logical deductive process". We will demonstrate that neither of those steps has been satisfied in the process employed by lower courts in reaching their decisions and that fact raises a question about legal soundness of the decisions of the Justice of Peace Court and the Court of Common Pleas.

- The Attorney of the Appellee made a false statement of fact in his Answering Brief and based his entire legal argument in "Section IV Argument" on that false statement. The attorney cannot go back and retroactively change not only the factual basis on which the Appellants filed their appeal but also the basis on which he had filed the Motion for Summary Judgment (Appellee's Appendix, page A-7-10). In that motion in paragraphs 1-3 he claimed disputed facts that have never been proved in any court and in paragraph 4 he clearly differentiated not only between $ 35 of the original claim that the Appellants' did not ask for in their appeal but also understanding that their claim was for the interest and court costs only which he characterized as "malicious". So, the Appellee and its attorney did not provide any legally valid, undisputed or proven facts on which they can base their claim for satisfaction of their Motion for Summary Judgment "as a matter of law". In

3

the first step review process, therefore, it should be ruled that there were no facts established in the court or in the court records to support the Summary Judgment decision of the Court of Common Pleas. The attorney for the Appellee tried to lay those claims earlier in the "Defendant's Answer to Complaint (Exhibit A, First and Second Affirmative Defenses) to which the Appellants made a proper reply (see Exhibit B, First and Second Affirmative Defenses).    The attorney on Appellee's behalf  not only failed to provide proper factual and legal basis for their claim in the Answering Brief but also violated the Rules of Professional Conduct by making the false statement of fact.

- The Justice of Peace Court violated the constitutional rights of the plaintiffs by the following concrete actions:

    1. Failure to notify the plaintiffs of the defendant's response or to make it known to the defendant that it was their responsibility to make their response known to the plaintiffs.
    2. To give the opportunity to the plaintiffs to present their side of the story to the court along with the relevant documents as evidence (that they had with them in court but were not allowed to present) or to question the witness that they had subpoenaed.

Such gross and <u>intentional</u> violations of the plaintiffs' constitutional rights of "due process" and "equal protection" made the whole judicial process in that court unconstitutional and the decision rendered by such a process constitutionally flawed and questionable.  The basis of adversarial judicial system in a civil process was reduced to a one-sided *ex parte* communications that was given legal weight without any supporting proof or evidence and turned that court into a kangaroo-type court and the principle of justice into unjust punishment of the injured party that added insult to injury.   The principle of justice in a judicial system was supposed to make an injured party <u>WHOLE </u>but that principle was violated by both Justice of Peace Court and the Court of Common Pleas. The Appellants made it very clear to the Court of Common Pleas in every document they had filed with the court as well as

4

during the hearing of so called "Summary Judgment" that their constitutional rights were violated but the court and the presiding judge Merrill Trader turned a deaf ear and a blind eye to those claims either because of his complete professional incompetence, bias, or both.    In section IV of this Reply Brief the Appellants have assembled Appellants' quotations from all pre-trial documents they had filed with the Court of Common Pleas as well as the transcript of the hearing on the Summary Judgment in support of that claim.

In the definition of a "due process" and "equal protection" clauses of the Fourteenth Amendment to the Constitution of the United States that evolved over the years by the court system there are 7 elements, 5 of which apply to the Appellants' case and which were denied by either Justice of Peace Court, Court of Common Pleas or both: 1. Notice, 2. Hearing, 3. Impartial Tribunal, 4. Confrontation and Cross-Examination, 6. Decision on the Record.    The fifth and seventh elements of Discovery and Counsel respectively do not apply to this case and, therefore, are not analyzed here. The substantial if not exclusive contribution as a highest court in the land belongs to the Supreme Court of the United States.    "Procedural due process rules are meant to protect persons not from the deprivation, *but from the mistaken or unjustified* deprivation of life, liberty, *or property*" (emphasis added by the Appellants), *Carey v. Piphus,* 435 U.S. 247, 259 (1978). Since the Appellants' case is related to a debt claim which is a claim for property (money is considered property) the analysis of the requirements developed by the case law that follows is relevant in regard to the last of those three pillars (life, liberty and property) for the protection of which the "due process" and "equal protection" clauses of the Fourteenth Amendment are specifically intended.

1. Notice            "An elementary and fundamental requirement of due process in any proceedings which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections", *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314 (1950). See also *Richards v. Jefferson County,* 116 S. Ct. 1761 (1996) ( *res judicata* may not apply where taxpayer who challenged a county's occupation tax was not informed of prior case and where

taxpayer interests were not adequately protected).  "The notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest", *Goldberg v. Kelly,* 397 U.S. 254, 267-268 (1970). Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it, *Armstrong v. Manzo,* 380 U.S. 545, 550 (1965); *Robinson v. Hanrahan,* 409 U.S. 38 (1974); *Green v. Lindsey,* 456 U.S. 444 (1982).  The Appellants were denied a proper notice or the opportunity to prepare adequate response to the defendant's claims to prove that all those claims were false. The remaining 5 elements were denied to the Appellants by both Justice of Peace and Common Pleas Courts.

**2. Hearing**    "Some form of hearing is required before an individual is finally deprived of a property interest", *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). **<u>"Parties whose rights are to be affected are entitled to be heard"</u>** (Emphasis added by the Appellants), *Baldwin v. Hale,* 68 U.S. (1 Wall.) 223, 233 (1863).

**3. Impartial Tribunal**    Just as in criminal and quasi-criminal cases (*Tumey v. Ohio* 273 U.S. 510 (1927)) "an impartial decision maker" is an "essential" right in civil proceedings as well (*Goldberg v. Kelly,* ibid # 4, pages 254, 271). "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken *<u>on the basis of an erroneous or distorted conception of the facts or the law</u>*... (emphasis added by Appellants).  At the same time, it preserves both the appearance and reality of fairness... by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him", (*Marshall v. Jerrico,* 446 U.S. 238, 242 (1980)).  The Appellants were denied the opportunity to be heard by both courts to establish their claims for not only the money mistakenly taken from their account but also to the money they paid for the court costs and the lost opportunity to use their money for two and half months, a requirement that would have made them "whole" as a result of a proper judicial process.

**4. Confrontation and Cross-Examination** "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront

6

and cross-examine adverse witnesses" (*Goldberg v. Kelly,* Ibid # 4, pages 254, 269). Where the "evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or person motivated by malice, vindictiveness, intolerance, prejudice, or jealously, the individual's right to show that it is untrue depends on the rights of confrontation and cross-examination" (*Green v. McElroy,* 360 U.S. 474, 496 (1959). The Appellants were <u>intentionally</u> <u>deprived</u> of that opportunity in the Justice of Peace Court and were <u>not granted</u> that opportunity in the Court of Common Pleas.

<u>6. Decision on the Record</u> "The decisionmaker's conclusion as to a recipients' eligibility must rest solely on the legal rules and evidence adduced at the hearing...To demonstrate compliance with this elementary requirement, the decisionmaker should state the reason for his determination and indicate the evidence he relied on..." (*Goldberg v. Kelly,* 397 ibid, # 4 pages 254, 271). This rule is practically a rephrase of the rule we reproduced by citing a case of *State v. Huss,* Del.Super, 1993 in the beginning of this section. As a final conclusion of the judicial process it is obvious that there were no facts established in either court except that the debt was owed (in JP Court) but paid after the decision of the Justice of Peace Court (in Court of Common Pleas) and there is no justification for the denial of the Plaintiffs-Appellants' claim for the court costs and interest on the money unlawfully taken from their account.

### B. *REVISED AND MODIFIED ANALYSIS OF ISSUES OF LAW AND AFGUMENT*

<u>ISSUE 1:</u> (Justice of Peace Court): Failure of Due Process and *Ex Parte* Communications of the JP Judge with the Defendant.

The Defendant-Appellee claims that the issues of improper actions by the Justice of the Peace Court who heard the case are irrelevant at this stage because the only issue on appeal is the decision of the trial court and claims of judicial misconduct must be filed with the Court on the Judiciary. We disagree. Title 10 of the Delaware Code in section 542 specifically gives the Superior Court powers to

"EXAMINE, CORRECT, & PUNISH contempts, omissions, neglects, favors, corruptions and defaults" of the decisions of the Justices of the JP Court. The attorney for the Appellee limited those powers to punishment only. This is not the language or the legislative intent of the statute. The attorney for the appellee failed to justify the reason or reasons why the requirements of this Code section should be disregarded or not applied to this case. The Appellants' appeal to the Superior Court was specifically filed under that Delaware Code section. The decision of the JP Court judge was entered as a result of gross procedural violations of the constitutional rights of the Plaintiffs-Appellants to due process, equal protection and engagement of the judge in prohibitive *ex parte* communications with the defendant and those violations undermined the constitutional legality of the decision of the JP court and entitled the Plaintiffs-Defendants to a new trial. Constitutionally flawed decision of an inferior court cannot be improved or rid of that flaw in a higher trial court by failing to recognize and rectify the legal and procedural violations and substituting the legitimate and relevant issues with an irrelevant and illegitimate one because of the incompetence and bias of the Court of Common Pleas judge who violated the canons 1, 2, and 3 of The Delaware Judges' Code of Judicial Conduct.

> ISSUE 2:(Court of Common Pleas): Failure of the Court to Acknowledge Violation of the Court Procedures and Due Process at JP Court in the Case on Appeal.

The attorney for the Appellee failed to explain the reasons of why the Plaintiffs-Appellants' right to a new trial because of *ex parte* communications of the presiding judge that specifically entitled the Plaintiffs-Appellants to a new trial was disregarded by the Court of Common Pleas especially since the Plaintiffs-Appellants obtained the Defendants' response only after they had filed the appeal. Those procedural failures invalidated the decision of the JP Court and the Court of Common Pleas was supposed to notice and rectify the situation but failed to do so. All those facts were very clearly stated in all the documents Plaintiffs-Appellants

filed with the Court of Common Pleas. (See the relevant excerpts from the Exhibits B and D in section IV below). The Plaintiffs-Appellants were denied the basic rights of "due process" and "equal protection" guaranteed by the Constitution of the United States: to know the opposing party claims, to be able to confront those claims and provide evidence to dispute them by having them heard in the court; the issues reiterated in many decisions of the Supreme Court of the US cited in this brief.

ISSUE 3: (Court of Common Pleas): Defective and Inappropriate Basis for Summary Judgment because of Dispute on Matters of Fact.

The attorney for the Defendant-Appellee in his answering brief makes a false statement of fact then claims that the Court of Common Pleas correctly granted Appellee's Motion for Summary Judgment since "there were no issues of fact". Further, he claims that the adverse parties must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial in accordance with the Court of Common Pleas Civil Rule 56(e). We, therefore, infer that he claims that the Plaintiffs-Appellants and the Defendant-Appellee failed to make such claims or that there were no issues of fact neither of which is true.

In his Motion for Summary Judgment the attorney specifically indicated the facts on basis of which the Appellants' claim for court costs and interest was denied but also that were in dispute:

1. Defendant was not made aware of the problem

2. The Defendant immediately agreed to correct the error

3. That correction was refused by the plaintiff

These claims were endorsed, notarized and certified to the court by Renee Thompson, the DE FCU employee in affidavit form (and we would like to point out that fact because it constitutes perjury since none of those facts were true). In the Plaintiffs-Appellants' Motion to Deny Summary Judgment Requested by Appellee the Appellants specifically mentioned all those claims as not only disputed but also presented their version of the same facts and neither version had ever been proven in either court. So, there were not only the issues for the Court of Common Pleas to look into because of dispute but also they were properly stated in the Appellee's affidavit attached to the Motion for Summary Judgment and the Appellants' Motion to Deny Summary Judgment Requested by

Appellee in compliance with the requirements of the Court of Common Pleas Civil Rule 56(e). Since the Appellants represented themselves they were not required to notarize or certify their statements to court in form of "affidavit" and presented their claims in the form that can be classified as "otherwise" i.e., in the Motion to Deny Summary Judgment Requested by Appellee. The Appellants would like to mention that the Court of Common Pleas failed to consider the motion and evaluate the facts *in the light most favorable to the non moving party since it not only denied their constitutional rights to have their side of the story heard in court* AT LEAST ONCE AND HAVE THE OPPORTUNITY TO PRESENT THE EVIDENCE THAT SUPPORTS THEIR CLAIMS but also failed to notice that the basic premise for granting Summary Judgment of having no undisputed issues of fact was missing. In Court only one of the issues was discussed during Summary Judgment hearing when the attorney made the following statement: "Essentially what happened is the defendant came into the court, told the court that they were willing to credit the plaintiffs' account in the amount of $ 35 which had been refused by plaintiffs" (see a copy of the Transcript of hearing presented in the Appellee's Appendix, page A-14) but later invalidated this statement by his other claim that "I don't really know what the heck happened in J.P. Court" (see page A-25 of the Appellee's Appendix). This is an example of how the issues of fact were discussed and how much weight was given to the facts and claims of those facts which raises a question about the competence and bias of the presiding judge and also the applicability of the requirement of "most favorable to the non moving party evaluation of facts". We, therefore, would like to conclude that the decision of the Court of Common Pleas failed the second requirement of the appeal review process to be a "product" of "orderly and logical deductive process" and should be vacated.

> ISSUE 4: (Court of Common Pleas): Irrelevance of the Fact of Payment of Non Sufficient Funds (NSF) Fees to the Plaintiffs-Appellants' account *AFTER* the JP Judge's Decision to the Appellants' Claim for Court Costs and Interest Accrued *BEFORE* the JP Judge's Decision.

The charge made to the Plaintiffs-Appellants' account in error on June 23, 2005 was restored only after the Justice of Peace decision entered on September 6, 2005 and the judge specifically mentioned in her decision that the "debt was owed" and the Defendant "promised to pay".    The payment was made after the decision was rendered and the payment  is completely irrelevant to the claim for court costs and interest that existed before the decision was rendered and was neither extinguished nor disappeared after the payment had been made. The subsequent payment stopped the clock from ticking and calculating interest but did not eliminate the claim itself because of procedural violations that constitutionally undermined the legality of that decision and  the basis of the denial of the plaintiffs' court costs and interest.    It is the reason why the attorney for the Appellee tried unilaterally to redefine the Appellants' claim on appeal by making false statement of fact.

III.    CONCLUSION

It the Justice of Peace Court the Appellants were denied their basic constitutional rights of "due process" and "equal protection" by intentional and bias behavior and attitudes of the JP Justice, Pamela Darling, who accepted the claims of the Defendant (as a basis for her decision) in *ex parte* communications without any proof or evidence on their part and denied the opportunity to the Plaintiffs to disprove those claims.    Unconstitutionality of the court procedures made the decision of the JP Court of questionable legality  and enforcement. The Appellants were entitled to the hearing *de novo* in the Court of Common Pleas with all proper attributes of notice, hearing, impartial tribunal, confrontation and cross-examination and decision on record but the  presiding  judge Merrill C. Trader was blind and deaf to the Appellants' specific indications of the gross violations of their constitutional rights. He did not prepare himself for the case before the hearing, did not understand and did not want to understand anything during the hearing.  He demonstrated unwillingness and inability to listen and hear what the Appellant was telling him.   He entered his decision by failing to notice that the Motion for Summary Judgment lacked proper attributes of a request for such a Motion: absence of undisputed matters of fact.  Facts that the Defendant-Appellee claimed

11

were disputed, unproven but properly stated to the Court by both sides in a proper format required by that Court and, therefore, should have been heard by that Court in hearing *de novo*. The judge, Merrill C. Trader, failed to determine those basic matters of fact in his court upon hearing of Summary Judgment. It is worth noting also that in both courts the judicial documents were altered after the fact: decision of the judge in the Justice of Peace Court and the transcript of the Summary Judgment hearing at the Court of Common Pleas. The transcript in its present form does not represent the nature and specifics (especially amounts) of the Appellants' claims. Both judges and the attorney of the Appellee violated their respective Rules of Professional Conduct. The Appellants, therefore, would like to amend their claim to the Superior Court in view of all those violations:

1. To vacate the decision of the Court of Common Pleas granted on the Motion for Summary Judgment filed by the Defendant-Appellee's attorney and remand the case to the Court of Common Pleas for hearing *de novo* with a new judge on all the issues raised in the Appellee's Motion for Summary Judgment and disputed by the Plaintiffs-Appellants in their Motion to Deny Summary Judgment Requested by the Appellee because those are substantial issues of facts that are disputed and have never been proved in any court.

2. To EXAMINE, CORRECT, and PUNISH the contempts, omissions, neglects, favors, corruptions and defaults" of the Justice of Peace Court # 16, Pamela Darling, who denied the Appellants their basic constitutional rights of "due process" clause and engaged in prohibitive *ex parte* communications with the Defendant in accordance with powers granted to the Superior Court by Title 10, section 542 of the Delaware Code. We are asking also for punitive damages in the amount determined at the discretion of the Superior Court.

Respectfully submitted on this day, May 1, 2006

Nina Shahin, CPA

Mazen Shahin, Ph.D., Professor

## IV.    QUOTATIONS FROM DIFFERENT DOCUMENTS FILED WITH THE COURT OF COMMON PLEAS BY THE APPELLANTS

### 1. Appellants' Complaint filed with the Court on 9/21/2005:

3. ..."The plaintiffs were not notified of the defendant's claims (either by the court or the presiding judge) before the hearing, were not given the opportunity to respond to those claims, present the case from their point of view, or question the witness present at the hearing.  The presiding judge listened to the respondent's claims only, awarded the $ 35.00 NSF fee unlawfully charged and dismissed the case with prejudice WITHOUT AWARDING EITHER COURT FEES OR INTEREST REQUESTED BY THE PLAINTIFFS."

(page A-5 in the Appellee's Delaware Credit Union's Appendix to Answering Brief)

### 2. Reply to the Defendant's Affirmative Defenses Filed with the Court on 10/20/2005:

"2.    Second Affirmative Defense

The judge in this case, Pamela Darling, denied the plaintiffs civil rights protected and guaranteed by the Constitution of the United States: the due process and equal protection.  Plaintiffs were not given the opportunity to present the fact, the evidence, or neither question witnesses nor they were given a copy of the defendant's response".

(Exhibit B; that document was not reproduced by the Appellee in their Appendix and is presented under # 5 in the list of documents transferred by the CCP Court to the Superior Court)

### 3. Motion to Deny Summary Judgment Requested by Appellee filed on 11/30, 2005:

"3. The judge of the JP Court #16, Pamela Darling, did not allow the plaintiffs in violation of their constitutional right of "equal protection" to question the

13

witness subpoenaed or present the proofs of the prior notice in her court room and dismissed the case with prejudice.   Moreover, the court has never provided the plaintiffs with a copy of the defendant's response which was rigged with false statements made in bad faith violating their constitutional right of "due process".

4. Defendant-appellee continuously makes false statements in bad faith fails to provide proper notice of service of process and asserts frivolous affirmative defense in violation of the professional rules promulgated by ABA."

(Exhibit   D, page 2, In Appellee's Appendix to Answering Brief it was supposed to be on page A-12 but that page is missing in both copies of the Appendix and Brief that the attorney has mailed to the Appellants)

### 4. Transcript of the Hearing on Summary Judgment held on December 21, 2005:

"MS. SHAHIN:        And, the Judge did not allow us to hear the case, so all this in the motion for summary judgment, all these claims are false, all these claims, in fact, are not true.   So this is why we claim that there could be no summary judgment when there is such a wide dispute on the matters of fact, which were not heard in the Justice of Peace Court, because there was no practical hearing.

When we entered the Court, Judge listened and communicated with the defendant only without giving us opportunity even to say a ward, and then she dismissed the case, so we didn't have the opportunity to present our part...

THE COURT: Okay.

MS. SHAHIN: ... OF EVIDENCE OR CLAIMS

THE COURT: That may be. Were two separate hearings on the two different cases?

14

**A 47**

(Appellee's Appendix, page A-23)

"MS. SHAHIN:          Yeah, Your Honor, yeah, I want to say additionally that we practically in the Court of Peace we were denied our constitutional rights of equal protection, and due process, and this is why we want to hear the case *de novo* in the Court of Common Pleas."

(Appellee's Appendix, page A-25).

15

**EXHIBIT A**

## IN THE COURT OF COMMON PLEASE FOR THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | ★ | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | ★ | |
| | ★ | |
| | ★ | |
| **V.** | ★ | |
| | ★ | |
| | ★ | |
| **DE FEDERAL CREDIT UNION,** | ★ | |
| **APPELLE** | ★ | |
| | ★ | |

## **DEFENDANT'S ANSWER TO COMPLAINT**

NOW COMES, the Defendants, by and through their attorneys, Liguori,

Morris & Yiengst, and responds to the Complaint as follows:

1.  Admitted.

2.  Admitted.

3.  a. First sentence—denied.

    b. Second sentence—denied.

    c. Third sentence—admitted

    d. Fourth sentence—admitted.

    e. Fifth sentence—denied

    f. Sixth sentence—denied.

    g. Seventh sentence—denied.

    h. Eight sentence—denied.

4.  Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is totally meritless and Plaintiff is committing malicious prosecution by pursuing such a claim.

## THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to add any additional affirmative defense agreed or during this discovery process.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's failed to perfect their appeal within a timely fashion therefore it should be dismissed.

WHEREFORE, Defendant demands that the action be dismissed with cost and attorney's fees awarded to Plaintiff.

**LIGUORI, MORRIS & YIENGST**

BY: _____
   **GREGORY A. MORRIS, ESQUIRE**
   46 The Green
   Dover, Delaware 19901

A 51

(302) 678-9900
Attorney for Defendant

Dated: _10/5/05_

## IN THE COURT OF COMMON PLEASE FOR THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL, CREDIT UNION,** | * | |
| **APPELLE** | * | |
| | * | |

## CERTIFICATE OF SERVICE

I the undersigned do herby certify that I have caused copies of the

foregoing **Defendants' Answer to Complaint** to be served upon the following:

Mazen and Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904

**LIGUORI, MORRIS & YIENGST**

BY: _____

**GREGORY A. MORRIS, ESQUIRE**
46 The Green
Dover, Delaware 19901
(302) 678-9900
Attorney for Defendant

Dated: _10/5/05_

# EXHIBIT B

**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR KENT COUNTY**

| | |
|---|---|
| NINA AND MAZEN SHAHIN,      ) | |
|                        ) | |
|     Plaintiffs          ) | |
|                        ) | Civil Action No. 05-09-0074 AP |
|         v.         ) | |
|                        ) | |
| DE FEDERAL CREDIT UNION,    ) | |
|                        ) | |
|     Defendant        ) | |

## REPLY TO THE DEFENDANT'S AFFIRMATIVE DEFENCES

**NOW COMES**, the Plaintiffs, by and through their representative, Nina Shahin, and replies to the Defendant's Affirmative Defenses:

### 1. First Affirmative Defense

In the second paragraph of the complaint the plaintiffs stated that the Delaware Federal Credit Union by negligence misclassified the plaintiff's local check and denied timely access to their money. They also unlawfully levied $ 35.00 of NSF fees taking that sum of money from their lawful possession and enjoyment. As a result of the lawsuit brought about in the JP Court # 16 the plaintiffs were not made whole: they were denied the expense of the court fees and the fees for the unlawful use of their funds in the form of interest.

### 2. Second Affirmative Defense

The judge in this case, Pamela Darling, denied the plaintiffs civil rights protected and guaranteed by the Constitution of the United States: the due process and equal protection. Plaintiffs were not given the opportunity to present the facts, the evidence, or question witnesses nor they were given a copy of the defendant's response.

### 3. Third Affirmative Defense

We reserve the right to respond to any future claims

### 4. Fourth Affirmative Defense

Our obligation to perfect the claim is limited to the requirements of Rule 72.3 and we complied with those requirements. The attorney claim in this regard conflicts with the requirement of Model Rule 3.1.

The plaintiffs, therefore, assert that the defendant attorney's Affirmative Defenses have no merits.

**Nina Shahin (for Plaintiffs)**
**103 Shinnecock Rd.**
**Dover, DE 19904**
**(302) 678-1805**

Dated:    10/20/2005

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA AND MAZEN SHAHIN, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Civil Action No. 05-09-0074 AP |
| v. | ) | |
| | ) | |
| DE FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused copies of the foregoing **Reply to the Defendant's Affirmative Defenses** served upon the following:

Liguori, Morris & Yiengst,
Attorneys at Law
46 The Green
Dover, DE 19901

BY: _____

Nina Shahin (for Plaintiffs)
**103 Shinnecock Rd.**
**Dover, DE 19904**
**(302) 678-1805**

Dated: 10/20/2005

# EXHIBIT C

**CONFIDENTIAL**                                    ODC File No. _____

## OFFICE OF DISCIPLINARY COUNSEL

### BOARD ON PROFESSIONAL RESPONSIBILITY REC'D OFFICE OF
### OF THE
### SUPREME COURT OF THE STATE OF DELAWARE APR 2 5 2006

### CONFIDENTIAL COMPLAINT FORM  DISCIPLINARY COUNSEL

(1) Your name and address:  **NINA SHAHIN**

       **103 SHINNECOCK RD., DOVER, DE 19904**

(2) Telephone number: Residence **(302)678-1805**   Work **(302)678-1805**

(3) The name of the attorney being complained about.   (See NOTE below.)
   **Gregory A. Morris from the firm Liguori, Morris & Yiengst**

**NOTE:** If you are complaining about more than one Delaware attorney, please provide your factual statement as to each attorney on a separate sheet.

(4) Write on the attached piece of paper and send with this form a statement of what the attorney did or did not do that you are complaining about. Please state the facts as you understand them. If you employed the attorney, describe what you employed the attorney to do. Please be as factually specific as possible, supplying dates where appropriate. Use extra sheets if necessary. Sign and date such statement. Send your factual statement(s) with this form by first-class mail (NOT by certified or registered mail) to the following address:

**OFFICE OF DISCIPLINARY COUNSEL**
**Carvel State Office Building, 11th Floor**
**820 North French Street**
**Wilmington, Delaware 19801**

(5) If you are complaining about an attorney who is representing you or has represented you, this Office may need to obtain copies of confidential documents relating to your complaint, and may eventually need to call you as a witness at a disciplinary hearing. Your signature below constitutes your authorization for this Office to obtain access to such documents as necessary in order to evaluate or investigate your complaint, and your consent to being called as a witness, if necessary.

_____          _April 25, 2006_
Signature                                         Date

**CONFIDENTIAL**

This complaint is filed against attorney Gregory A. Morris representing Delaware Federal

Credit Union (DE FCU) in pending litigation with the author of this complaint as an

opposing party of Plaintiffs-Appellants (husband and wife representing themselves in *pro*

*se* representation), accusing him of violating Rules of Professional Conduct adopted by

the American Bar Association (Model Rule 3.1 and 3.3(a)(a), (2), (4)) and the

corresponding Rules 3.2, 3.3 and 3.4 of The Delaware Lawyers' Rules of Professional

Conduct.    These violations were manifested in the following concrete actions of the

attorney:

I.    On 9/21/2005 the plaintiffs-appellants filed an appeal in the Court of Common

Pleas of Kent County against the decision of the Justice of Peace Court in the case

of a mistaken withdrawal of $ 35 NSF fees by the DE FCU from the plaintiffs'

account that were repaid only after the decision of the court. That decision of the

J.P. Court acknowledged that the "debt was owed", noted that the defendant

"promised to pay" and denied the plaintiffs the court costs and interest on the

money (unlawfully taken out of the plaintiffs' use for 2.5 months) that were

specifically requested by the plaintiffs in their initial filings of the lawsuit in JP

Court and "dismissed the lawsuit with prejudice" making reference to the claims of

the defendant that had not been proven in the court. The presiding JP judge, Pamela

Darling, denied the plaintiffs their basic constitutional rights of "due process" and

"equal protection" including the failure to notify them of the defendant's response,

denying them opportunities to prepare for the defendant's claims in that response,

to be heard and present their evidence or cross-examine witnesses one of whom

they subpoenaed to the court.    In view of those two points: (1) the failure of the

judge to make the injured party whole by partially denying their claim and (2)

egregious procedural violations of the plaintiffs' constitutional rights and *ex parte*

communications of the judge with the defendant that resulted in that denial, the

plaintiffs filed an appeal.    The attorney in his "Defendant's Answer to Complaint"

(see the **Attachment # 1**) in Second and Fourth Affirmative Defenses asserted

frivolous defenses in violation of ABA Model Rule 3.1 and The Delaware Layers'

Rules of Professional Conduct 3.1.    Please see my reply to those defenses (**Attachment # 2**).

2.    On 11/18/2005 the attorney filed a Motion for Summary Judgment (see **Attachment # 3** "Appelee's DE FCU's Appendix to Answering Brief, page A7-8). In that Motion the attorney made the following statements of facts that have never been proven in court and that were not true or omitted proper disclosures:

- In paragraph 1 he failed to mention that the "extended hold" was due to a mistake in coding the check instead of "local" to "non local" and the statement that the defendant was "not made aware of this problem" was neither proven in court nor was it true.

- In paragraph 2 he made a claim that the "defendant immediately agreed to correct the error" which has never been proven in court and was not true. As a matter of fact, the amount was not paid until after the decision of the JP Court.

- Paragraph 3 failed to indicate that the information claimed in that paragraph was contained in the defendant's response to the JP Court which was not made available to the plaintiffs neither by the court nor by the defendant, was accepted by the judge in *ex parte* communications in the court hearing in which the plaintiffs were not allowed to question the witness whom they had subpoenaed or to present the evidence they had in their hands. When I opened my mouth trying to clarify the defendant's claim of the "immediate correction of an error" that was actually an offer to settle both cases with unacceptable conditions, the judge immediately dismissed the case the prejudice and then ridiculed me with sarcasm in her question-affirmative statement addressed directly to me.

- In paragraph 4 the attorney made a frivolous claim that the plaintiffs proceed with that litigation for a malicious purpose when in fact our constitutional rights were so outrageously violated that the case has a good potential (in view of how it is progressing with the "professional" assistance from this attorney through the court system in Delaware) to end up in the US Supreme Court and we are  quite positive that the Writ of

2

4. The last point I want to report is the false statement of fact made knowingly and intentionally by Mr. Morris in his Appellee's Answering Brief on page 2 in section II. Statement of Facts (highlighted): "On September 21, 2005, the Appellee's (he should have said Appellants but it is a not a big mistake in comparison with what is followed) filed a notice of Appeal in the Court of Common Pleas as well as the initial complaint *asking for damages in the amount of $ 35.00 plus Court costs and interest."* (Emphasis added by me, NS) (A-5, 28). (See the **Attachment # 7. Attachments 3 and 7** are complementary documents filed together by the attorney on behalf of DE FCU as his Answering Brief to the Delaware Superior Court where the case is on appeal right now. Both copies are prepared by the attorney and are extra copies that were mailed to us as Appellants and are not tempered with or rearranged in any way, shape or form). Copy of our complaint is reproduced on page A-5 of the **Attachment # 3** and there is nowhere there the claim for $ 35.00 of the original amount that was credited back to the plaintiffs' account on 9/6/2005. Under paragraph 3 the plaintiffs-appellants wrote: "The presiding judge listened to the respondent's claims only, awarded the $ 35.00 NSF fee unlawfully charged and dismissed the case with prejudice *WITHOUT AWARDING EITHER COURT FEES OR INTEREST REQUESTED BY THE PLAINTIFFS.* 4. Plaintiffs, therefore, ask the Court to hear the case *'de novo"* giving the opportunity to the plaintiffs to present the facts, the evidence, and question witnesses to justify *the claim for court fees and interest on the unlawfully taken amount"*. (Again, emphasis is added here by NS) Without that false claim alleging that we, as plaintiffs, claimed $ 35.00 that had been already paid by the time the appeal was filed, the attorney did not have a claim "as a matter of law" neither in the Answering Brief (he stated that false claim in the Statement of Facts section as well in the Analysis Section) nor in his request for Summary Judgment (Although in his Motion for Summary Judgment it was clear that he understood that we, as appellants, did not claim $ 35 of the original charge). Now, it becomes clear why there were unauthorized changes to the amounts and the nature of claims that I had indicated during hearing for Summary Judgment. The transcript, as modified, does not convey a clear picture

5

of what are our claims in two different but closely related cases because two charges of NSF fees made by the DE FCU on two different dates are connected to the same misclassified deposit.    Because of the different nature and specifics of our claims those unauthorized modifications and intentional or unintentional mistakes  completely distorted the picture and now for the appeal court (at this stage it is the Delaware Superior Court which denied me the access) it will be very difficult if not impossible to figure it out.

## Conclusion:

Our case that involves relatively small amounts of money also has some of the most outrageous violations of constitutional rights that resulted in erroneous and dysfunctional discharge of "justice".    Mr. Morris contributed tremendously to this adverse and unjustified actions of at least two courts through his questionable actions and direct violations of  standards of professional conduct. I am asking the Board to conduct a thorough investigation into the matters raised in this complaint and apply the disciplinary measures that fit the established and proven misconduct.

Respectfully submitted on April 25, 2006.

**Nina Shahin, CPA**
**Attachments:**  ## 1-7 as listed on  a separate List of Attachments

6

**EXHIBIT D**

19

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| MAZEN AND NINA SHAHIN, | X | |
| Appellants, | X | |
| | X | |
| vs | X | Civil Action No. 05-09-0074 AP |
| | X | |
| | X | |
| | X | |
| DE  FEDERAL CREDIT UNION, | X | |
| Appellee | X | |

## MOTION TO DENY SUMMARY JUDGEMENT REQUESTED BY APPELLEE

The appellants move to request a denial of the appellee's motion for Summary Judgment for the basic reason that the facts of the case are very much in dispute. Secondly, the appellee although has a certificate of service attached to their motion for Summary Judgment failed to provide such a service, copy of the motion was received from the clerk of Court of Common Pleas on 11/29/2005 only after receiving the court's notice of hearing on the motion.  The secretary of the appellee's attorney by name Tanya, when personally questioned on 11/29/2005 failed to explain in which mode the service of the motion to the appellants was provided. Thirdly, *appellee in their motion for Summary Judgment made bad faith statements of fact:*

1.   Plaintiffs did not file any suits in the JP Court # 7.  Plaintiffs filed original lawsuit on this instance of NSF in the JP Court # 16 on 6/28/2005.   Prior to filing the lawsuit the appellants asked the manager of the branch, Lisa Brewer, to provide a copy of the check that had caused the imposition of NSF fees.  Lisa Brewer promised to call the plaintiff on the same day about the price of such a copy but never did.  Had she called the plaintiff she would have been told about the miscoding of the check.  Moreover, on the date of filing, i.e. 6/28/2005, the plaintiff made a deposit at the branch of the DE Federal CU in the amount of $ 24.70.  The plaintiff told the clerk who processed the deposit that they were filing a lawsuit for the wrong misclassification of the plaintiffs' check and wrong imposition of the NSF fees.  That clerk, by name Danielle Johnson, laughed in the plaintiff's face and sarcastically asked whether the plaintiff remembered by any chance to which branch of the local PNC bank the misclassified check had been drawn. *Plaintiffs cannot make any better notice of the fact of the misclassification* when the employees of DE Federal CU do not want to listen or act.

2.   The defendant never "immediately agreed" to correct the error.  On July 21, 2005 (one month after the NSF charge was imposed, hardly an "immediate

action") the Director of the CU called the plaintiff and harassed him to the degree that the plaintiff was rushed to the emergency room of the Dover Bayhealth hospital with high blood pressure. The "correction of the error" was offered with such strings attached that it was completely unacceptable. The $ 35 NSF charged on June 20, 2005 was returned to the plaintiffs' account after the decision of the JP court on September 6, 2006. Plaintiffs are seeking interest on that money for more than two months which is a legitimate claim plus the cost of the court which was denied to them and interest on the court costs that has not been paid at all.

3.     The judge of the JP Court #16, Pamela Darling, did not allow the plaintiffs in violation of their constitutional right of "equal protection" to question the witness subpoenaed or present the proofs of the prior notice in her court room and dismissed the case with prejudice. Moreover, the court has never provided the plaintiffs with a copy of the defendant's response which was rigged with false statements made in bad faith violating their constitutional right of "due process".

4.     Defendant-appellee continuously makes false statements in bad faith fails to provide proper notice of service of process and asserts frivolous affirmative defense in violation of the professional rules promulgated by ABA.

WE, THE APPELLANTS, THEREFORE, respectfully request this court to deny the motion for Summary Judgment and schedule the case for hearing *de novo*.

Nina Shahin

For the Plaintiff-Appellant
103 Shinnecock Rd.
Dover, DE 19904

Tel. No. (302) 678-1805

Date: Nov 30, 2005

## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |
|---|---|
| MAZEN AND NINA SHAHIN, Appellants, | X X X X |
| vs | X X X   Civil Action No. 05-09-0074 AP |
| DE FEDERAL CREDIT UNION, Appellee | X X X X X |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion to Deny Summary Judgment Requested by Appellee was served this 30th day of November 2005, by personally delivering it to the office of Gregory A. Morris at 46 Green in Dover and giving it to ⎯⎯⎯⎯⎯⎯ who was asked to sign for the receipt.

For the Appellants

_Nina Shahin_

103 Shinnecock Rd.
Dover, DE 19904

Dated: Nov. 30, 2005

Received: _____

Signature

Date: 11·30·05

A 67

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | |
|---|---|
| **Nina and Mazen Shahin** | ) |
| | ) |
| | ) **Civil Action No. 06A-01-004** |
| **vs.** | ) |
| | ) |
| **Delaware Federal Credit Union** | ) |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing <u>Appellants' Reply Brief</u> was served this 1st day of May 2006, by personally delivering it to the office of Gregory A. Morris at 46 Green in Dover and giving it to ‾Toria Breiner‾ who was asked to sign for the receipt.

**May 1, 2006**

> **Nina Shahin**
> **For the Appellants**
> 103 Shinnecock Rd.
> Dover, DE 19904
> Tel. (302) 678-1805

Signature of Recipient: _Toria Breiner_

Date: _5-1-06_

20

## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | |
|---|---|
| **Plaintiffs Below,** | X |
| | X |
| **MAZEN AND NINA SHAHIN,** | X |
| **Appellants,** | X |
| | X |
| vs | X        Civil Action No. J0507004516 |
| | X |
| **Defendant Below,** | X |
| | X |
| **DE FEDERAL CREDIT UNION,** | X |
| **Appellee** | X |

### NOTICE OF APPEAL

COMES NOW, MAZEN AND NINA SHAHIN, and Hereby give Notice, pursuant to 10 Del. C., Section 9571, of an Appeal of the decision of Justice of the Peace Court No. 16, by the Honorable Pam Darling, Civil Action No. J0507004516 dated September 6, 2005.

**Nina Shahin, for the plaintiffs**

**103 Shinnecock Rd.**
**Dover, DE 19904**

**Tel. No. (302) 678-1805**

A 69

**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR KENT COUNTY**

| | | |
|---|---|---|
| NINA AND MAZEN SHAHIN, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Civil Action No. J0507004516 |
| v. | ) | |
| | ) | |
| DE FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

1. *Plaintiffs are citizens of the State of Delaware.*
2. **Defendant is a financial institution having an office at 150 East Water Street, Dover, DE 19901.**
3. **On 06/20/2005 plaintiffs made a deposit in the amount of $ 320 by a check drawn on their account at a local (Dover) branch of the PNC bank. The check was misclassified as a "nonlocal" and put on a week-long clearance procedure thereby unlawfully denying the plaintiffs timely access to that amount. On 06/21/2005 the DE FCU charged the first NSF fee of $ 35.00** *(this incident IS NOT a subject of this case; that case No. J0506073516 is scheduled for hearing at the Justice of Peace court on 10/17/2005).* **On 06/23/2005 the DE FCU charged the second $ 35.00 NSF fee and that charge** *IS THE SUBJECT OF THIS CASE.* **The defendant admitted the mistake but made some false claims during the hearing on 9/6/2005. The plaintiffs were not notified of the defendant's claims (either by the court or the presiding judge) before the hearing, were not given the opportunity to respond to those claims, present the case from their point of view, or question the witness present at the hearing. The presiding judge listened to the respondent's claims only, awarded the $ 35.00 NSF fee unlawfully charged and dismissed the case with prejudice** *WITHOUT AWARDING EITHER COURT FEES OR INTEREST REQUESTED BY THE PLAINTIFFS.*
4. **Plaintiffs, therefore, ask the Court to hear the case "de novo" giving the opportunity to the plaintiffs to present the facts, the evidence, and question witnesses to justify the claim for the court fees and the interest on the unlawfully taken amount.**

Nina Shahin (for Plaintiffs)
103 Shinnecock Rd.
Dover, DE 19904
(302) 678-1805

## IN THE COURT OF COMMON PLEASE FOR THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **MAZEN AND NINA SHAHIN,** | * | **CA NO.: 05-09-0074 AP** |
| **APPELLANTS** | * | |
| | * | |
| | * | |
| **V.** | * | |
| | * | |
| | * | |
| **DE FEDERAL CREDIT UNION,** | * | |
| **APPELLEE** | * | |
| | * | |

### MOTION FOR SUMMARY JUDGMENT

1.  The above referenced case is an appeal from the Justice of the Peace Court 16 which was filed as a debt action. Plaintiff's complaint states that they are entitled to only Court costs and interest as a result of the deposit which was made to Plaintiff's account on June 20, 2004. the deposit did not clear in the appropriate time manner because Delaware Federal Credit Union had placed an extended hold on the deposit. Defendant was not made aware of this problem until the Plaintiff filed an action in the Justice of the Peace Court #7.

2.  The Defendant immediately agreed to correct the error which was refused by Plaintiff. As a matter of fact, Defendant credited Plaintiff's account in the amount of $35.00 on September 6, 2005.

3.  The Court below was faced with the same fact pattern and when it learned that the Defendant had agreed to credit Plaintiff's account in the amount of $35.00, the Court dismissed the complaint. (See J.P. 16 Decision attached

as Exhibit "A"). The Plaintiff now appeals because it is now seeking Court

costs and interest.

4. Plaintiff's Complaint lacks legal merit since their account has already been

reimbursed $35.00 as of September 6, 2005. As such, there is no basis to

be awarded Court costs and interest since they are merely proceeding

with this litigation for a malicious purpose.

WHEREFORE, Defendant would respectfully request that this Court grant

Summary Judgment in this matter since Plaintiff is not entitled to any

additional relief.

LIGOURI, MORRIS & YIENGST

Gregory A. Morris, Esquire
46 The Green
Dover, DE 19901
(302)678-9900
Attorney for Defendant

DATE: 10/18/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

NINA SHAHIN,                      :

                                 :

             Plaintiff,        :   C.A. No: 06C-10-027 (RBY)

                                 :

   v.                            :

                                 :

DEL-ONE Delaware Federal Credit   :

Union, et al.,                    :

                                 :

            Defendants.     :

## O R D E R

On October 20, 2006, Nina Shahin, (Plaintiff) filed a *pro se* complaint against the Defendant, DEL-ONE Delaware Federal Credit Union. The Defendant, after answering the complaint, filed a Motion for Judgment on the Pleadings or a Motion to Dismiss.[1] For the following reasons, the motion should be **GRANTED.**

## FACTS

In her Complaint, the Plaintiff avers that between 2003 and 2006, the Defendant "provided poor service, violated fiduciary duties owed to [her] as a financial institution entrusted with safekeeping and management of public money, verbally insulted and harassed [her] and [her] husband and as a direct and proximate result of those actions [she] and [her] husband sustained financial, physical and emotional damages." The Plaintiff lists six incidents that inflicted the above damages. First, in October 2003, a bi-weekly payment on her car loan was deducted from her account

---

[1] The Defendant's answer, which claimed an affirmative defense of the Plaintiff's failure to state a claim upon which relief can be granted, adequately preserved its ability to make a separate motion raising a defense under Superior Court Civil Rule 12(b)(6).

but was added to the balance of the loan rather than being subtracted and it took a month for the Defendant to correct the mistake. Second, in May 2004, the Plaintiff applied for a home equity loan. The Defendants initially stated it was due to a poor credit, but then stated it was due to the form of the ownership of the property. The Plaintiff stated the whole conversation over this was "nothing short of harassment in which the CEO tried to force [her] to accept the poor level of services provided by the Defendant." Third, in December 2004, the Plaintiff deposited a check of $5,000 from a credit card company into her daughter's account. According to Plaintiff's allegation, a few days later, the bank called and informed the Plaintiff there was not enough money to cover the check. The Plaintiff states she was forced to go to the bank and have an employee listen to a recording that states there was enough money to cover the check. The Plaintiff asserts the absence of any apology from the manager over this. Fourth, on March 22, the Plaintiff realized there was not enough money in her account to cover her pending payments. The next day, the Plaintiff rushed to the bank to deposit the difference, but was subjected to insufficient funds charges. Fifth, the Plaintiff states that on June 20, 2005, her husband made a deposit. The deposit was classified as non-local and the funds were not available for seven days, triggering a shortage of funds and additional charges for insufficient funds. The Plaintiff stated in her complaint that this was the subject of one of her previous lawsuits that is now before the Delaware Supreme Court. Finally, the Plaintiff cites "other incidents" in 2006 that "demonstrated the unwillingness of the branch manager . . . to provide assistance to the [P]laintiff and the [P]laintiff's husband." In addition, the Plaintiff cites the false statements of fact made by the Defendant, its attorney and its employees and a harassing phone call between the Plaintiff's husband and the Defendant's CEO as additional ways in which she has been aggrieved.

2

According to the Complaint, the Plaintiff seeks: $50,000 for the perjury committed by the Defendant in the other matters she raised in the Justice of the Peace Court, the Court of Common Pleas and the Superior Court; $35,000 for the damages to her health, well being, and the risk of life to her husband and the insult to herself by the Defendant's Chief Executive Officer; $15,000 for continuous poor customer services by the branch manager that amounted to dereliction of duties; and $5,000 in compensation for pain, suffering and emotional distress inflicted on the plaintiff and her husband because of poor services, financial losses and court battles.

## DISCUSSION

As the Plaintiff admits, this is not her first foray into the judicial system based upon allegations concerning the service she has received from the Defendant. The Defendant argues that the Plaintiff's claims in this Complaint are barred by the doctrine of *res judicata* because of her previous lawsuits. In addition, the Defendant seeks the dismissal of these claims pursuant to Superior Court Civil Rule 12(b)(6) due to the Plaintiff's failure to state a claim upon which relief can be granted.

To begin, *res judicata* ensures that "a final judgment upon the merits of a case are rendered by a court of competent jurisdiction may, in the absence of fraud or collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies."[2] *Res judicata* bars claims that were raised as well as those that might have been raised.[3] The latter types of claims, i.e., claims that might have been raised, are precluded under the rule against claim splitting.[4] This rule "is based on the belief that it is fairer to require a

---

[2] *Epstein v. Chatham Park, Inc.*, 153 A.2d 180, 184 (Del. Super. 1959).

[3] *See RSS Acquisition, Inc. v. Dart Group Corp.*, 1999 WL 1442009, at *3 (Del. Super.).

[4] *See Maldonado v. Flynn*, 417 A.2d 378, 382 (Del. Ch. 1980).

3

plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times."[5] If the rule were otherwise, defendants would be subject to continual harassment from a multiplicity of suits arising from claims based on the same set of facts set forth in the initial litigation.[6]  Additionally, "piecemeal litigation of a single cause of action is contrary to the orderly administration of justice."[7]

To determine if the rule against claim splitting has been violated, a court must look to the facts of each case and decide if the claim initially asserted, "transactionally defined, is identical to the claim [presently before it], even though the substantive theory of recovery asserted by [the plaintiff] in the two courts is different."[8]  If the court so finds, then the plaintiff, to prevent dismissal, must "show that there was some impediment to the presentation of his entire claim for relief in the prior forum."[9]  If the court concludes that the plaintiff has not met this burden, then the court should assess whether *res judicata* may apply.[10]   For *res judicata* to be applied, five requisites must be met: (1) the court making the prior adjudication must have had jurisdiction over the subject matter of the suit and of the parties in it; (2) the parties to the prior action were the same parties, or their privies, in the pending case; (3) the

---

[5] *Id.*

[6] *See Webster v. State Farm Mutual Automobile Ins. Co.*, 348 A.2d 329, 331 (Del. Super. 1975).

[7] *Id.*

[8] *Maldonado*, 417 A.2d at 382.

[9] *Id.* 383-384.

[10] *Id.* 383.

4

prior cause of action was the same as that in the present case, or the issues necessarily decided in the prior action were the same as those raised in the pending case; (4) the issues in the prior action were decided adversely to the contentions of the plaintiff in the pending case; and (5) the prior decree is final.[11]

In the present case, only one of three actions the Plaintiff originally brought in the Justice of the Peace Court is final; that is, C.A. No. J0504026216, which was commenced on April 18, 2005. This matter meets all five elements of *res judicata.* Therefore, unless the Plaintiff can demonstrate an impediment to presenting her claim in that forum, *res judicata* precludes any further claims arising out of any interaction with the Defendant prior to April 18, 2005. Thus, no claims arising from the allegations listed in the first four bullet points under paragraph 3 of the Complaint can be raised by the Plaintiff in the present action.

To the extent that the rule against claim splitting does not preclude the claims made in the Plaintiff's Complaint, the Court holds that the Plaintiff has failed to state a claim upon which relief can be granted. "To show entitlement of relief as required in Rule 8(a), the complaint must aver either the necessary elements of a cause of action or facts which would entitle the plaintiff to relief under the theory alleged."[12] The Plaintiff's whole Complaint, even including the parts precluded by *res judicata,* is held together mainly by bare boned allegations of "poor service" or errors from which she has demonstrated no harm. Based on the face of the Complaint the Court finds no suggestion that the Plaintiff's allegations give rise to a basis for a cause of action against the Defendant. While the Court recognizes the Plaintiff is proceeding

---

[11] *RSS Acquisition, Inc.*, 1999 WL 1442009, at *3-*4.

[12] *American Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101, 1104 (Del. Super. 1982).

5

*pro se*, that does not excuse her from meeting the requirements necessary to maintain a cause of action in this Court.

Accordingly, the Defendant's motion is **GRANTED** and the Complaint is **DISMISSED** with prejudice.

**SO ORDERED** this 22nd day of January, 2007.


_____ /s/ Robert B. Young _____
J.


RBY/sal
oc:   Prothonotary
cc:   Parties

6

Click to Print                                    Printed on: Monday, April 16, 2007 12:06:36 EDT

## Case History Search
Search Created:
Monday, April 16, 2007 12:06:36 EDT

| Court: | DE Superior Court-Kent County | Judge: | Young, Robert B | File & Serve Live Date: | 10/20/2006 |
|--------|-------------------------------|--------|------------------|-------------------------|------------|
| Division: | Civil | | Case Number: 06C-10-027-RBY | Document(s) Filed: 53 | |
| Case Type: | CPIN - Personal Injury | Case Name: | Shahin, Nina vs Del One Delaware Federal | Date Range: | All |

1-21 of 21 transactions   <<Prev Page 1 of 1 Next>>

| Transaction ▽Date/Time | | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Size |
|------------|------------|--------|-----------------------|-------------------------|---|---------------|----------------|------|
| 14166613 | 3/19/2007 11:44 AM EDT | File Only | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Robert B Young, DE Superior Court-Kent County | 37 | Order | Moot (Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs) • Linked to (1) | 0.1MB |
| 14166575 | 3/19/2007 11:43 AM EDT | File Only | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Robert B Young, DE Superior Court-Kent County | 36 | Order | Moot (Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs) • Linked to (1) | 0.1MB |
| 14148327 | 3/16/2007 10:44 AM EDT | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa M Robinson, DE Superior Court-Kent County | 35 | Order | Order | 0.3MB |
| 13928862 | 2/26/2007 5:05 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Stargatt & Taylor LLP-Wilmington Del One Delaware Federal | Monte T Squire, Young Conaway | 34 | Motion | Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked to (1) | 0.1MB |
| | | | | | | Notice | Notice of Motion for Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | | Proposed Order | Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked from (1) | 0.1MB |
| | | | | | | Affidavit | Declaration of Counsel for Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | | Certificate of Service | Certificate of Service of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | | Exhibits | Exhibit A to Declaration of Counsel for Defendant Del-One Delaware Federal Credit Union's | 0.1MB |

| | | | | | | Motion For Attorney's Fees and Costs | |
|---|---|---|---|---|---|---|---|
| 13924109 | 2/26/2007 2:02 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs DE Superior Del One Delaware Federal | Lisa M Robinson, Court-Kent County | 33 Letter | Letter | 0.2MB |
| 13907437 | 2/23/2007 3:04 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Stargatt & Del One Delaware Federal | Monte T Squire, Young Conaway Taylor LLP-Wilmington | 32 Motion | Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked to (1) | 0.1MB |
| | | | | | Notice | Defendant Del-One Delaware Federal Credit Union's Notice of Motion for Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Proposed Order | Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs • Linked from (1) | 0.1MB |
| | | | | | Affidavit | Defendant Del-One Delaware Federal Credit Union's Declaration of Counsel to Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Certificate of Service | Certificate of Service of Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| | | | | | Exhibits | Exhibit A to Declaration of Counsel for Defendant Del-One Delaware Federal Credit Union's Motion For Attorney's Fees and Costs | 0.1MB |
| 13541435 | 1/22/2007 3:29 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs DE Superior Del One Delaware Federal | Lisa M Robinson, Court-Kent County | 26 Appendix | Exhibit A | 0.5MB |
| | | | | | 27 Appendix | Exhibit B | 0.7MB |
| | | | | | 28 Appendix | Exhibit C | 0.7MB |
| | | | | | 29 Appendix | Exhibit D | 3.5MB |
| | | | | | 30 Appendix | Exhibit E | 0.3MB |
| | | | | | 31 Appendix | Exhibit F | 0.9MB |
| 13540353 | 1/22/2007 2:39 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs DE Superior Del One Delaware Federal | Lisa M Robinson, Court-Kent County | 25 Reply Brief | Plaintiff's reply to motion for judgment on pleadings | 1.4MB |
| 13534469 | 1/22/2007 11:03 AM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs DE Superior Del One Delaware Federal | Robert B Young, Court-Kent County | 24 Order | Order re: Defendants' Motion for Judgment on the Pleadings or Motion to Dismiss | 0.1MB |
| 13259356 | 12/21/2006 2:59 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Stargatt & Del One Delaware Federal | Monte T Squire, Young Conaway Taylor LLP-Wilmington | 12 Motion | Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings • Linked to (1) | 0.2MB |
| | | | | | 13 Notice | Defendant Del-One | 0.1MB |

|  |  |  |  |  |  | Delaware Federal Credit Union's Notice of Motion for Motion For Judgment On The Pleadings |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | 14 Proposed Order | Proposed Order of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
|  |  |  |  |  | 15 Certificate of Service | Certificate of Service of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
|  |  |  |  |  | 16 Exhibits | Exhibit A of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
|  |  |  |  |  | 17 Exhibits | Exhibit B of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
|  |  |  |  |  | 18 Exhibits | Exhibit C of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
|  |  |  |  |  | 19 Exhibits | Exhibit D of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
|  |  |  |  |  | 20 Exhibits | Exhibit E of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
|  |  |  |  |  | 21 Exhibits | Exhibit F of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
|  |  |  |  |  | 22 Exhibits | Exhibit G of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.1MB |
|  |  |  |  |  | 23 Exhibits | Exhibit H of Defendant Del-One Delaware Federal Credit Union's Motion for Judgment On The Pleadings | 0.3MB |
| 12992597 | 11/22/2006 11:09 AM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Gregory A Morris, Liguori Morris & Yiengst | 11 Substitution of Counsel | Substitution of Counsel | 0.1MB |
|  |  |  |  |  | Certificate of Service | Certificate of Service for Substitution of Counsel | 0.1MB |
| 12951612 | 11/17/2006 3:07 PM EST | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One | Monte T Squire, Young Conaway Stargatt & Taylor LLP- | 10 Entry of Appearance | Entry of Appearance of Young Conaway Stargatt & Taylor, LLP by Monte T. Squire. | 0.1MB |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Delaware<br>Federal | Wilmington | | Certificate of<br>Service | • Linked to (1)<br>Certificate of Service to<br>Entry of Appearance of<br>Young Conaway Stargatt<br>& Taylor, LLP by Monte T.<br>Squire | 0.1MB |
| 12926358 | 11/15/2006<br>4:30 PM EST | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Gregory A<br>Morris,<br>Liguori Morris &<br>Yiengst | 9 | Case<br>Information<br>Statement | Superior Court Civil Case<br>Information Statement<br>• Linked to (1) | 0.1MB |
| | | | | | | Answer | Defendant's Answer to<br>Complaint<br>• Linked to (1) | 0.1MB |
| | | | | | | Form 30<br>Interrogatories | Defendant's Answers to<br>Form 30 Interrogatories<br>• Linked to (1) | 0.1MB |
| | | | | | | Affidavit | Affidavit to Defendant's<br>Answers to Form 30<br>Interrogatories<br>• Linked to (1) | 0.1MB |
| | | | | | | Certificate of<br>Service | Certificate of Service for<br>Defendant's Answer to<br>Complaint and<br>Defendant's Answers to<br>Form 30 Interrogatories<br>• Linked to (1) | 0.1MB |
| 12799389 | 10/30/2006<br>5:00 PM EST | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 8 | Sheriffs Return | Sheriff Return on<br>Defendant Del One<br>Delaware Federal Credit<br>Union | 0.1MB |
| 12799382 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 1 | Case<br>Information<br>Statement | CIS Form | 0.1MB |
| 12799383 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 2 | Complaint | Complaint<br>• Linked from (10) | 0.1MB |
| 12799384 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 3 | Praecipe | Praecipe | 0.1MB |
| 12799385 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 4 | Summons | Summons | 0.1MB |
| 12799386 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware<br>Federal | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 5 | Exhibits | Exhibit to Complaint | 0.3MB |
| 12799387 | 10/20/2006<br>5:00 PM EDT | File<br>And<br>Serve | 06C-10-027-<br>RBY<br>Shahin, Nina vs<br>Del One<br>Delaware | Lisa Robinson,<br>DE Superior<br>Court-Kent<br>County | 6 | Certificate of<br>Value | Certificate of Value | 0.1MB |

A 82

| | | | Federal | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12799388 | 10/20/2006 5:00 PM EDT | File And Serve | 06C-10-027-RBY Shahin, Nina vs Del One Delaware Federal | Lisa Robinson, DE Superior Court-Kent County | 7 | Form 30 Interrogatories | Form 30 Interrogatories | 0.1MB |

1-21 of 21 transactions   <<Prev **Page 1 of 1** Next>>

EFiled: Dec 21 2006 2:59PM EST
Transaction ID 13259356

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the attached Motion For Judgment On The Pleadings will

be presented to the Court on January 19, 2007 at 11:00 a.m..

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com
*Attorneys for Defendant Del-One Delaware Federal Credit
Union*

Dated: December 21, 2006

DB02:5660594.1                                                    065810.1001

A-23

A 84

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that the attached Motion For Judgment On The Pleadings will

be presented to the Court at the earliest convenience of the Court and counsel.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6713
Email: msquire@ycst.com
*Attorneys for Defendant Del-One Delaware Federal Credit
Union*

Dated: December 15, 2006

H ME

Motion for Jud
on Pleadings

WILMINGTON
DE

MONTE T. SQUIRE
YOUNG CONAWAY STARGATT & TAYLOR, LLP
THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

Nina Shahin
103 Shimmecock Rd.
Dover, DE  19904

CERTIFIED MAIL

7005 0390 0001 4164 9605

A-86

EFiled: Feb 26 2007 5:05PM EST
Transaction ID 13928862
Case No. 06C-10-027-RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-10-027 RBY |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| DEL-ONE DELAWARE FEDERAL | ) | TRIAL BY JURY DEMANDED |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, upon consideration of Defendant Del-One Delaware Federal Credit Union's

Motion for Attorney's Fees and Costs and good cause for the Motion having been shown and

upon finding that Defendant is entitled to judgment in its favor,

IT IS HEREBY ORDERED, this _16th_ day of _March_____, 2007, that the
IN THE AMOUNT OF $750.00
Defendant's Motion for Attorney's Fees and Costs is GRANTED.

_____
Judge Robert B. Young

DB02:5792621.1                                                                                    065810.1001

**A 87**

# EXHIBIT 2

Supp. 259, 490 A.2d 552 (1985); *Supry v. Bolduc*, 112 N.H. 274, 293 A.2d 767 (1972). One such defense is the "absolute privilege." *Tatro*, 335 A.2d at 625–626. The absolute privilege is a common law rule, long recognized in Delaware, that protects from actions for defamation statements of judges, parties, witnesses and attorneys offered in the course of judicial proceedings so long as the party claiming the privilege shows that the statements issued as part of a judicial proceeding and were relevant to a matter at issue in the case. *Klein v. Sunbeam Corp.*, Del.Supr., 94 A.2d 385, 392 (1953). *See Hoover v. Van Stone*, D.Del., 540 F.Supp. 1118, 1121 (1982); *Nix v. Sawyer*, Del.Super., 466 A.2d 407, 410 (1983); *Short v. News Journal*, Del.Supr., 212 A.2d 718, 719 (1965). However, statements made outside of the course of judicial proceedings, such as those made during a newspaper interview concerning judicial proceedings, are not accorded the protection of the absolute privilege. *Id.*

Barker's argument for the existence of a sham litigation exception under Delaware law is premised on the Superior Court's opinion in *Nix v. Sawyer*, Del.Super., 466 A.2d 407 (1983). In *Nix*, the foundation of the plaintiff's defamation claim was a verified complaint and supporting sworn affidavits which had been filed by the *Nix* defendants in another action. 466 A.2d at 410. The defendants countered by filing a motion to dismiss based on the absolute privilege. The plaintiffs urged the *Nix* court "to adopt an exception in cases where the lawsuit advanced is proven to be a sham," citing for this proposition the case of *Cooper v. Armour*, 2d Cir., 42 F. 215 (1890). *Id.* at 411. The *Nix* court held that the plaintiffs there had failed to make "an exceedingly strong factual showing [necessary] in order to defeat operation of the privilege." The *Nix* court did *not* hold, however, that a sham litigation exception exists in Delaware. Instead, it merely stated in effect that, *even if* such an exception to the absolute privilege exists, it was not applicable to the facts then before the court. Our reading of *Nix* thus indicates that the court did not, as Barker claims, affirmatively adopt the exception. In fact,

the *Nix* court even pointed out that plaintiffs' reliance on *Cooper* was questionable when it noted that "the proposition for which plaintiffs cite the [*Cooper*] decision, is at best, only implied." *Id.* at 411, n. 5.

The well-recognized policy supporting the absolute privilege militates against creation of a sham litigation exception. *See Read*, 474 A.2d at 120.

The purpose served by the absolute privilege is to facilitate the flow of communication between persons involved in judicial proceedings and, thus, to aid in the complete and full disclosure of facts necessary to a fair adjudication. To accomplish this goal, the privilege protects judges, parties, attorneys, witnesses and other persons connected with litigation from the apprehension of defamation suits, thus permitting them to speak and write freely, without undue restraint. Moreover, the protection afforded by the privilege is absolute; so long as the statement is pertinent to, and made in the course of, a judicial proceeding, *even a showing of malice* will not divest the statement of its immune status.

*Hoover v. Van Stone*, D.Del., 540 F.Supp. 1118, 1122 (1982) (emphasis added) (citations omitted). As the *Nix* court pointed out, "the interest in encouraging a litigant's unqualified candor as it facilitates the search for truth is deemed so compelling that the privilege attaches even where the statements are offered maliciously or with knowledge of their falsity." 466 A.2d at 411. *See Butz v. Economou*, 438 U.S. 478, 512–13, 98 S.Ct. 2894, 2913–14, 57 L.Ed.2d 895, 919–20 (1978); *Petyan v. Ellis*, 200 Conn. 243, 510 A.2d 1337 (1986); *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 657 P.2d 101 (1983).

To allow claims of defamation in the context of judicial proceedings to proceed to costly discovery in an attempt to ferret out facts purporting to show a sham nature to the litigation would largely defeat the purpose of the privilege. Moreover, sufficient sanctions already exist to deter and punish frivolous litigation. *See, e.g.*, Super.Ct.Civ.R. 11. We therefore hold that no "sham litigation" exception to the de-

# EXHIBIT 3



7001 2510 0004 5726 3328

Attorney General of DE
820 N Franch St
Wilmington, DE 19801


**UNITED STATES POSTAL SERVICE®**

**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number **7001 2510 0004 5726 3328**
Status **Delivered**

Your item was delivered at 12.39 pm on January 10  2008 in
WILMINGTON. DE 19801  A proof of delivery record may be available
through your local Post Office for a fee

Additional information for this item is stored in files offline

*Restore Offline Details >*  ‹ ? ›    *Return to USPS.com Home >*

**Track & Confirm**

Enter Label/Receipt Number

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

## CERTIFICATE OF SERVICE

### I, NINA SHAHIN, CPA

Hereby certify that one true copy of this Plaintiff's Amendments to her Briefs in

Opposition to the Deputy Attorney's General Memorandum and Young Conaway

Stargatt & Taylor LLP's Motion to Dismiss the Plaintiff's Complaint under Rule 15(a) of

Federal Rules Of Civil Procedure has been personally delivered today, August 20th, 2008

to the attorneys at the  following addresses:

**Kevin R. Slattery**
Deputy Attorney General
Carvel State Office Building
829 North French Street/ 6th Floor
Wilmington, DE 19801

**Richard H. Morse**
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

**Norman  H. Brooks, Jr**.
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Theodore John Segletes, III**
Marks, O'Neal, O'Brian & Courtney, P.C.
913 North Market St., Suite 800
Wilmington, DE 19801

**Date: August 20, 2008**

(signature)

**Nina Shahin, CPA**