## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAMELA A. DARLING, MERRILL C. TRADER, )<br>ROSEMARY BETTS BEAUREGARD, ROBERT )<br>B. YOUNG, WILLIAM L. WITHAM, JACK B. )<br>JACOBS, CAROLYN BERGER, HENRY )<br>DUPONT RIDGELY, MYRON T. STEELE, )<br>LIGUORI, MORRIS & YIENGST, YOUNG, )<br>CONAWAY, STARGATT & TAYLOR, LLP, )<br>LINDA LAVENDER AND SHEILA A. )<br>DOUGHERTY, )<br>)<br>Defendants. ) | C.A. No. 08-295 GMS |

### STATE JUDICIAL DEFENDANTS' RESPONSE
### TO PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11

**COMES NOW** the above-captioned State judicial defendants who, through undersigned counsel, respond to the plaintiff's, Nina Shahin's ("Shahin"), Motion for Sanctions as follows:

(1) On or about May 20, 2008, Shahin filed her *pro se* complaint alleging violations of her civil rights, obstruction of justice, cover ups, coercion, intimidation and retaliation pursuant to Title 18 of the United States Code. All of these alleged violations arose out of judicial proceedings in which the above-captioned State judicial defendants either presided or participated as the official court reporters.

(2) Following service, the State judicial defendants filed their Motion to Dismiss with supporting Memorandum on July 14, 2008. (D.I. 22). The primary basis asserted in support of dismissal is judicial immunity.

(3) On July 18, 2008, Shahin filed her Motion for Sanctions pursuant to F.R.C.P. 11 against undersigned counsel for the State judicial defendants. (D.I. 25). In the second paragraph of her motion, Shahin alleges that counsel "falsified" the facts contained in the Nature and Stage of the Proceedings section of the State judicial defendants' Memorandum supporting their motion to dismiss. In the third paragraph of the motion, Shahin indicates that the credit union ("Del-One"--formerly the Delaware Federal Credit Union or DFCU) paid the erroneously deducted non-sufficient funds ("NSF") fee on the date of the court hearing. Under section A of the Nature and Stage of the Proceedings section of the State judicial defendants' Memorandum supporting their motion to dismiss, undersigned counsel had asserted that the Magistrate dismissed the action upon learning that Del-One had admitted the error and credited the NSF fee to the Shahin's account on the date of trial.

(4) On July 22, 2008, undersigned counsel responded to Shahin's Motion for Sanctions by modifying its assertion to read that Del-One had agreed to credit the NSF fee to the Shahin's account on the date of the trial. (D.I. 26). This statement more accurately reflected the facts found by Superior Court Judge Robert Young in his opinion of August 3, 2006. (Attached at Tab "A" to the State judicial defendants' Memorandum in Support of Motion to Dismiss Complaint ("Memorandum"))(D.I. 22). In Judge Young's opinion, he stated that "[t]he Magistrate held in favor of DFCU after learning that DFCU credited the Shahin's account for the $35.00 NSF fee." In the accompanying footnote, Judge Young notes that "DFCU credited the Shahin's account for the NSF fee on the day of the JP Court hearing."

(5) Undersigned counsel believed this correction would be sufficient to convince Shahin to withdraw her prematurely-filed Rule 11 motion. Unfortunately, in a statement in her Brief in Opposition (D.I. 29) to the State judicial defendants' Memorandum, Shahin considered the July 22, 2007 correction "inadequate". (D.I. 29, at page 13). Accordingly, undersigned counsel will address the remainder of Ms. Shahin's allegations contained in her motion for sanctions.

(6) In the second paragraph of her motion, Shahin contends that counsel falsified the result of the Magistrate's decision and that counsel's reliance on Judge Young's August 3, 2006 opinion was misplaced. While counsel contends that reliance upon a Superior Court decision that was eventually upheld by the Delaware Supreme Court does not constitute a Rule 11 violation, counsel further contends that Shahin is simply incorrect. Her Exhibit "A" to the motion is only the certification page of the Justice of the Peace Court's transcript. That certification page incorrectly recites the judgment of the Magistrate. As the transcript itself indicates at docket entry number 9:

> 9/6/05 a debt action is filed when a party owes money and refused or does not pay. In his case the defendant was never given the opportunity to pay the debt prior to the plaintiff filing case. After filing defendant reviewed their records and admitted they had made an error and offered to correct the error. This was refused by plaintiff. Defendant has agreed to credit plaintiff account in the amount of $35.00. Case dismissed with prejudice.

Furthermore, in "Attachment No. 5" to her Brief in Opposition (D.I. 29) to the State judicial defendants' Memorandum, Shahin includes the actual signed court order entered by Magistrate Pamela Darling that is identical to the above docket entry. (Attached at Tab "A"). Accordingly, there is more than a reasonable basis for undersigned counsel to

have made the statement (as amended) in the first section of the Nature and Stage of the Proceedings section of the Memorandum.

WHEREFORE, the State judicial defendants, through undersigned counsel, request that the court deny the plaintiff's Motion for Sanctions under F.R.C.P 11 and award counsel fees to them for the unnecessary defense of the motion.

                                               **STATE OF DELAWARE**
                                               **DEPARTMENT OF JUSTICE**

                                               /s/    *Kevin R. Slattery*
                                               Kevin R. Slattery, I.D. #2297
                                               Deputy Attorney General
                                               820 N. French Street, 6th Floor
                                               Wilmington, DE 19801
                                               (302) 577-8400
                                               Attorney for State Judicial
                                               Defendants

Dated: August 27, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>PAMELA A. DARLING, MERRILL C. TRADER, ROSEMARY BETTS BEAUREGARD, ROBERT B. YOUNG, WILLIAM L. WITHAM, JACK B. JACOBS, CAROLYN BERGER, HENRY DUPONT RIDGELY, MYRON T. STEELE, LIGUORI, MORRIS & YIENGST, YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, LINDA LAVENDER AND SHEILA A. DOUGHERTY,<br><br>　　　　　　Defendants. | C.A. No. 08-295 GMS |

## ORDER

At Wilmington, Delaware, this _____ day of _____, 2008,

IT IS SO ORDERED that plaintiff's Motion for Sanctions against counsel for the State judicial defendants is **DENIED** for the reasons stated in the State judicial defendants' response to the Motion for Sanctions.

IT IS FURTHER ORDERED that State judicial defendants are entitled to attorneys fees for their successful defense against the Motion for Sanctions. Counsel for the State judicial defendants shall submit his affidavit in support of his fee request to the court on or before _____, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　Gregory M. Sleet

# TAB "A"

Attachment No. 5

IN THE JUSTICE OF THE PEACE COURT OF
THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
COURT NO. 16

COURT ADDRESS:
JP COURT 16                          CIVIL ACTION NO. J0507004516
480 BANK LANE
DOVER, DE 19904
NINA M SHAHIN

----- VS -----

DE FEDERAL CREDIT UNION

NINA M SHAHIN
103 SHINNECOCK ROAD
DOVER , DE 19904-

NOTICE OF COURT ACTION

THE COURT HAS ENTERED A JUDGMENT OR ORDER IN THE FOLLOWING FORM:

9/6/05 A DEBT ACTION IS FILED WHEN A PARTY OWES MONEY AND REFUSED OR DOES NOT PAY. IN THIS CASE THE DEFENDANT WAS NEVER GIVEN OPPORTUNITY TO PAY THE DEBT PRIOR TO PLAINTIFF FILING CASE. AFTER FILING DEFENDANT REVIEWED THEIR RECORDS AND ADMITTED THEY HAD MADE AN ERROR AND OFFERED TO CORRECT THE ERROR. THIS WAS REFUSED BY PLAINTIFF. DEFENDANT HAS AGREED TO CREDIT PLAINTIFF ACCOUNT IN THE AMOUNT OF $35.00. CASE DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS __6__ DAY OF __Sept__, 2005

_____ (SEAL)
JUSTICE OF THE PEACE/COURT OFFICIAL

NOTICE OF APPEAL RIGHTS

ANY PARTY HAS THE RIGHT TO APPEAL THE JUDGMENT OF THE JUSTICE OF THE PEACE COURT TO THE COURT OF COMMON PLEAS OF THE ABOVE COUNTY WITHIN 15 DAYS OF THE DAY OF JUDGMENT NOT COUNTING THAT DAY AS ONE. IF THE JUDGMENT INVOLVES AN ACTION FOR SUMMARY POSSESSION IN A LANDLORD/TENANT CASE, THEN THE APPEAL MUST BE FILED AT THE JUSTICE OF THE PEACE COURT WHERE THE JUDGMENT WAS ORDERED WITHIN 5 DAYS AFTER THE DAY OF JUDGMENT TO A THREE JUSTICE OF THE PEACE PANEL. YOU MUST COMPLETE ALL OF THE APPEAL REQUIREMENTS WITHIN THOSE PERIODS. TO PREVENT DISMISSAL, THE APPEAL MUST NAME ALL OF THE PARTIES AS THEY WERE ORIGINALLY NAMED IN THE JUSTICE OF THE PEACE COURT ACTION. (THIS APPLIES EVEN IF THE ACTION WAS DISMISSED IN THE JUSTICE OF THE PEACE COURT AGAINST ONE OR MORE OF THE PARTIES.) ADDITIONAL INFORMATION ON APPEAL PROCEDURES IS FOUND IN THE ATTACHED SHEET ENTITLED "JUSTICE OF THE PEACE COURTS CIVIL POST-JUDGMENT PROCEDURES. (J.P. CIVIL FORM NO. 14A) IF NO APPEAL IS FILED, PARTIES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PAMELA A. DARLING, MERRILL C. TRADER, ROSEMARY BETTS BEAUREGARD, ROBERT B. YOUNG, WILLIAM L. WITHAM, JACK B. JACOBS, CAROLYN BERGER, HENRY DUPONT RIDGELY, MYRON T. STEELE, LIGUORI, MORRIS & YIENGST, YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, LINDA LAVENDER AND SHEILA A. DOUGHERTY, | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 08-295 GMS |
| Defendants. | ) |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on August 27, 2008, he caused the attached **JUDICIAL DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS** to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Ms. Nina Shahin
103 Shinnecock Road
Dover, DE 19904

Richard H. Morse, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street/ 17th Floor
Wilomington, DE 19899-0391

Norman H. Brooks, Jr., Esq.
Theodore John Segletes, III, Esq.
Marks, O'Niell, O'Brien & Courtney, P.C.
913 N. Market Street, Suite 800
Wilmington, DE 19801

**MANNER OF DELIVERY:**
  X   One true copy by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

s/s   *Kevin R. Slattery*
Kevin R. Slattery, I.D. #2297
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants