## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,

        Plaintiff;

v.

        C. A. No. 08-295 GMS

LIGUORI, MORRIS & YIENGST, et al,

        Defendants.

## RESPONSE OF NORMAN H. BROOKS, JR. AND THEODORE J. SEGLETES TO *PRO SE* PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

        Attorneys Norman H. Brooks, Jr. and Theodore J. Segletes hereby submit the following in response to the motion for sanctions filed against them by the *pro se* Plaintiff in the above-captioned matter.   Whereas Plaintiff's motion is procedurally and substantively deficient, Attorneys Brooks and Segletes respectfully request that it be DENIED, and that the Court award such other relief as the Court deems just and appropriate.

### I.      *Procedural Deficiencies*

        Plaintiff's motion for sanctions is procedurally deficient in light of her failure to comply with Fed. R. Civ. P. 11(c)(2), which requires a party seeking sanctions to give the opposition notice and permit a 21-day period in which to cure whatever perceived defect exists prior to filing a motion for sanctions.  Despite the fact that this procedural deficit was noted by Counsel for the Judicial Defendants and Counsel for Young Conaway in their preliminary responses to similar Rule 11 motions that Plaintiff filed against them, Plaintiff nonetheless filed this motion on August 12th with no notice to Attorneys Brooks or Segletes in satisfaction of Rule 11(a)(2). Had Plaintiff given Counsel such notice, they would have had the opportunity to cure any perceived defects, as they have.

## II.    Substantive Deficiencies

Plaintiff's motion must fail on its merits because it does not actually state a basis upon which sanctions may be imposed.  Each of these paragraphs will be discussed below in turn.

### A.    Plaintiff's Allegation that Attorneys Brooks and Segletes Misrepresented the Facts of the Case Has Been Rendered Moot.

Plaintiff takes issue with a footnote to the statement of the case included in the Opening Brief submitted by Liguori, Morris & Yiengst ("LMY") in support of its motion to dismiss. Specifically, she argues that the statement that LMY never represented the Delaware Federal Credit Union ("Del-One") with regard to the "Third Case" identified in her Complaint is factually incorrect.  Plaintiff's Motion for Sanctions, p. 1 (D.I. 34).  In a letter to the Court, Attorney Segletes explained that he had misunderstood the facts as presented to him and that the Plaintiff was generally correct in her assertion that LMY did initially represent Del-One in the Third Case for the period of one week.  Attorney Segletes appended to that letter three substitute pages to LMY's Motion to Dismiss, which contain more accurate factual statements that are consistent with Ms. Shahin's contentions.  (See Exhibit 1 of D.I. 36, LMY's Letter to Judge Sleet dated August 15, 2008, attached hereto in its entirety as Exhibit A).

The fact that the undersigned were willing to amend LMY's Opening Brief with these changes underscores the problem with the *pro se* plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 11(c)(2).  Had Plaintiff brought her concerns about the Statement of Facts contained in LMY's Opening Brief to the undersigned's attention *before* filing the instant motion, as she was required to do under the Rule, they could have amended the Brief and cured any defect without Court intervention[1]

---

[1] Even still, the undersigned recognizes that these efforts probably would not have prevented Plaintiff from making unfounded accusations of ethical violations against LMY's attorneys, as evidenced by the fact that she refused to

Notwithstanding the fact that undersigned timely amended LMY's Opening Brief to accurately reflect the factual background of the Third Case, the inaccurate statement initially presented to the Court was not prejudicial to the Plaintiff in any way. The fact that LMY entered its appearance and Answered Plaintiff's Complaint in that action, only to be replaced as Del-One's counsel one week later, does not add to the harm allegedly suffered by the Plaintiff, nor does it substantively change any of the arguments in LMY's Opening Brief in Support of Motion to Dismiss (D.I. 28).

Although the undersigned candidly amended the Opening Brief, Plaintiff has persisted in taking her position that their actions were somehow improper, going so far as to state in a letter to the Court that she "does not buy" their very reasonable explanation. (See D.I. 39, Letter from Plaintiff to Court Regarding her Motion for Sanctions, p. 2). She then attacks the credibility of Counsel based on her belief that their client, Mr. Morris, "made his way through the entire Delaware Court system…by lying [and] falsifying facts." *Id.* Aside from the inherent impropriety of the Plaintiff imputing her perception of Mr. Morris to his attorneys in this matter, the larger issue is that the Plaintiff is *not* the one charged with evaluating the credibility of the attorneys or the parties in this action. The undersigned have explained the mis-statement and have taken all appropriate steps to correct it. It is this Court's task, and *not* the Plaintiff's, to determine whether the actions were sufficient.

Although Plaintiff may not agree with the undersigned's position on the propriety of dismissal, this is no reason for Plaintiff to submit a letter to the Court that contends more unsubstantiated allegations of fraud and dishonesty. Although counsel is mindful of the fact that Plaintiff is proceeding *pro se*, and should be afforded a certain amount of latitude due to a lack of

---

withdraw the motion after the revisions were made and notwithstanding the undersigned's letter to her (Exhibit B) requesting its withdrawal.

formal legal training, this is simply no excuse for a "smear campaign" of unfounded and accusations against the undersigned Counsel, similar to her campaign against the judicial defendants. Her attempts to paint counsel as dishonest individuals are misguided, offensive, and inappropriate.

      B.      *Attorneys Brooks and Segletes Duly Notified the Plaintiff of Their Representation of Liguori, Morris & Yiengst in This Matter.*

Plaintiff's second basis for an award of sanctions is based on her allegations that "[b]oth attorneys from the form [sic] of Marks, O'Neal [sic], O'Brien, and Courtney, P.C. have never notified the Plaintiff that they represent the firm of Liguori Morris & Yiengst, so the Plaintiff learnt about their representation only on 07/31/2008 at the office of the clerk of the federal District Court when she filed her first motion in Opposition to the Deputy Attorney General's Motion to Dismiss." (See D.I. 34, pp. 2-3). In Counsel's August 15 letter to the Court, the undersigned admitted that he is without explanation as to why Ms. Shahin did not receive LMY Attorneys' Entries of Appearance. (Exhibit A, at pg. 2). As evidenced therein at Exhibit 2, Ms. Shahin was served with copies of each Entry of Appearance via United States Mail to the address she has listed on all pleadings and correspondence related to this case. (See. Ex. A at Ex. 2 thereof; see also D.I. 5 & 6). Neither the Entries of Appearance, nor any other filing in this case, has ever been returned as undeliverable.

More importantly, however, Plaintiff was not prejudiced in any way by her alleged failure to receive the Entries of Appearance. A review of Plaintiff's responsive briefs and letters in this matter demonstrates that Plaintiff, while she may have seen the undersigned's entry of appearance a week after LMY filed its own Motion to Dismiss, has not alleged that she did not receive the motion in a timely manner, or that she was not already on notice of the undersigned's representation of LMY when she eventually saw the formal Entry of Appearance. Moreover, she

clearly knew of the representation weeks before her Answering Brief in Opposition to LMY's Motion to Dismiss was actually due.  In fact, in the undersigned's letter to her, the undersigned specifically noted that he did not believe she was prejudiced by allegedly not receiving the service of the Entries of Appearance and asked if she disagreed with this position.  (Ex. B, pg. 1) In her responsive letter to the Court (D.I. 39) Plaintiff makes no allegation that the alleged failure of service unfairly prejudiced her in any way.

The record is clear that Plaintiff received all other documents filed by LMY's Counsel as she has responded accordingly.  Moreover, Plaintiff has at all times, acknowledged that the undersigned are counsel of record for LMY in this action, and has spoken directly with them on the telephone in their capacity as counsel for LMY.  Ms. Shahin was not the target of malicious intent or unethical conduct by LMY's counsel if in fact, she failed to receive their entries of appearance.

C.     *Plaintiff Now Agrees That <u>Bivens</u> Does Not Apply to Her Claims Against LMY*

Plaintiff's third basis for sanctions is an allegation that the undersigned "concealed" the case of *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which she argued was relevant to her claims, and supportive of a decision in her favor.  (See D.I. 34 at p. 2).  However, Plaintiff has since formally reversed her position on this issue.  (See D.I. 41; See also Exhibit C, Letter from Plaintiff to Court of August 26th, 2008).  Whereas Plaintiff now concedes that *Bivens* does not apply, her allegations that the undersigned wrongfully concealed the matter are moot.

### III.    Conclusion

Whereas Plaintiff's motion for sanctions is procedurally and substantively deficient, the undersigned respectfully request that it be dismissed in its entirety, and that the Court award counsel such relief as it deems just and appropriate.

Respectfully submitted,

**MARKS, O'NEILL,**
**O'BRIEN & COURTNEY, P.C.**

*/s/ Theodore J. Segletes, III*
Norman H. Brooks, Jr., Esq. (#2568)
Theodore J. Segletes, III, Esq. (#4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
*Attorneys for Defendant*
*Liguori, Morris & Yiengst*

Dated: August 29, 2008

# EXHIBIT A

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW

www.mooclaw.com

*DELAWARE OFFICE*
*Suite 800*
*913 N. Market Street*
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

*Norman H. Brooks, Jr.*
Member DE Bar
nbrooks@mooclaw.com

August 15, 2008

*<u>Via Electronic Filing</u>*
*<u>& First Class Mail</u>*

The Honorable Gregory M. Sleet, Chief Judge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 19
Wilmington, DE 19801

> Re:  **Shahin v. Liguori, Morris & Yiengst, et al.**
> **C. A. No. 08-295 GMS**
> **Our File No. 254-82175**

## Plaintiff's Motion for Sanctions

Dear Chief Judge Sleet:

I received Ms. Shahin's Motion for Rule 11 sanctions together with her Answering Brief in Opposition to Liguori, Morris & Yiengst's (LMY's) Motion to Dismiss with no prior notice fo the same consistent with Fed. R. Civ. P. 11(c)(2).

In light of her allegations and the papers referenced in her motion, I reviewed LMY's Opening Brief in Support of its Motion, as well as my notes and the supporting documentation utilized in preparation of the Brief. It appears that Ms. Shahin's statements to the effect that LMY represented Del-One for a brief period in connection with her "THIRD CASE" are accurate. The undersigned apparently misunderstood Attorney Morris' statements that LMY did not represent Del-One in the THIRD CASE when, in fact, on November 15, 2006 Attorney Morris answered Ms. Shahin's Superior Court Complaint on behalf of Del-One, and submitted answers to Rule 30 Interrogatories. One week later, Attorney Monté T. Squire substituted his appearance for that of Attorney Morris by way of a stipulated Substitution of Counsel.

This substitution arose from the fact that the third case, involving a personal injury, was covered by Del-One's insurance and its carrier selected separate counsel to represent Del-One in that action. Both attorneys electronically "signed" the substitution and provided space for Judge Young to issue the same as an Order of the Court. Such an agreement between attorneys which is in writing and filed with the Prothonotary will be considered by the Court consistent with Super. Ct. Civ. R. 90(c).

{DE114828.1}

| Philadelphia | Pennsauken | New York City | Pittsburgh | Towson | Doylestown | Elmsford |
|---|---|---|---|---|---|---|
| Pennsylvania | New Jersey | New York | Pennsylvania | Maryland | Pennsylvania | New York |

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
August 15, 2008
Page 2 of 2

    As a result of the foregoing, I have modified the footnote cited by Ms. Shahin as it appears on page 5 of LMY's Motion, added a sentence to page 9 to reflect Ms. Shahin's problem with the substitution, and changed the word "two" to the word "each" on page 12 for the sake of consistency. For convenience, copies of the revised pages are enclosed with this letter, the new language being underlined for quick reference. (Ex. 1) Had counsel received the appropriate notice of this issue consistent with Fed. R. Civ. P. 11(c)(2), these pages would have been offered prior to Ms. Shahin's having filed her Answering Brief. As such, counsel respectfully requests that it be permitted to substitute these corrected pages in their appropriate place in LMY's Brief. After reasonable inquiry, and to the best of my knowledge, information and belief, the remainder of the document contains factual contentions that have evidentiary support. I believe this should appropriately correct any perceived misinterpretation of the facts in accordance with Rule of Civil Procedure 11(c)(1)(A).

    Ms. Shahin's Motion also alleges that she was not made aware of the undersigned's entry of appearance until she filed her own Opposition to the Judicial Defendants' Motion to Dismiss. As noted on the enclosed certificate of service, (Ex. 2) copies of the Entry of Appearance were in fact mailed to Ms. Shahin on July 9, 2008. These were never returned as undeliverable and subsequent mailings clearly arrived at the listed address without incident. Counsel is without adequate explanation as to why Ms. Shahin would not have received the mailing.

    Finally, the undersigned hopes that the substitution of the foregoing pages, combined with the above explanation and with the well reasoned arguments of the other attorneys in this matter as to the applicability of *Bivins*, 403 U.S. 388 (1999), will persuade Ms. Shahin to voluntarily withdraw her motion for sanctions. The undersigned will follow up with her directly to inquire about such withdraw. Should she persist in pursuing her motion, the undersigned will file an answering brief within the time currently allowed for the same, seeking its denial and such other relief as the Court deems appropriate.

    Thank you for this consideration.

                                        Respectfully submitted,

                                        MARKS, O'NEILL, O'BRIEN
                                        & COURTNEY, P.C.

                                        By: _____
                                            Norman H. Brooks, Jr.
                                            Theodore J. Segletes, III

Enclosures:    1) Substitute Pages 5, 9, and 12 to LMY's Opening Brief
               2) Certificate of Service re: the Entries of Appearances of counsel for LMY

cc:    All counsel of record via electronic filing
       Ms. Nina Shahin via first class mail

TJS/hdm

EXHIBIT 1

## STATEMENT OF FACTS

Because LMY is seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must consider only the facts alleged in the Plaintiff's Complaint. Plaintiff's claims against LMY are based upon the following alleged facts[1]:

- "The [First] case was appealed to the Court of Common Pleas of the [sic] Kent County and was docketed under #05-09-0074AP. During hearing on the Attorney's Motion for Summary Judgment held on 12/21/2005 the presiding judge, Merrill C. Trader, mocked and dismissed the Plaintiff's responses, while allowing false statements made by the attorney to stand and eventually ruled against the Plaintiff in violation of the terms on which the [sic] Summary Judgment can be granted. The transcript of that hearing was modified to change the nature of the Plaintiff's claims as well as the scope and character of the proceedings." Complaint, pg. 2.

- "The [First] case was appealed [after its dismissal was affirmed by the Superior Court] to the Supreme Court of Delaware and was docketed under #472, 2006. In violation of the provisions of Rule 25 of the Supreme Court Rules of Civil Procedure the Attorney filed a Motion to Affirm which the panel of thee [sic] Judges [sic] (Berger, Jacobs, and Ridgely) affirmed thus providing a cover up for violations in all courts." *Id.*

- "The [Second] case was appealed [after its dismissal by the Justice of the Peace] to the Court of Common Pleas of the [sic] Kent Country [sic], [and] was docketed under

---

[1] The portions of Plaintiff's Complaint quoted herein come from the Plaintiff's allegations with regard to the first two cases. In the third case, Plaintiff erroneously alleges that "[t]he original attorney, Gregory Morris (from the defendant's firm of Liguori, Morris and Yiengst) was substituted in violation of the provision of the [sic] rule 90(b) of the Superior Court Rules of Civil Procedure...." Complaint, pg. 4. ~~However, neither Mr. Morris nor his firm ever represented Del-One with regard to the third case.~~ However, Mr. Squire's substitution for Mr. Morris by way of a written agreement stipulating to the substitution of counsel, which was electronically "signed" by both counsel and provided space for the Judge to enter it as an Order of the Court was in fact consistent with Rule 90(c) and Ms. Shahin was apparently not confused by this substitution, because she acknowledges that Young Conaway acted as Del-One's attorney for that action. Since Ms. Shahin does not apparently assign the conduct of counsel in the third action to LMY or Attorney Morris, counsel will limit its arguments to the FIRST and SECOND cases.

exception of obstruction of justice (18 U.S.C. §1503), none of the criminal acts listed in 18 U.S.C. §1961 are pled to any degree in the Plaintiff's Complaint. The sum total of Plaintiff's allegations against LMY are that LMY participated in a hearing whose transcript was allegedly later altered to change the nature of the proceedings that took place, that LMY moved the Delaware Supreme Court to affirm a Superior Court ruling in violation of Rule 25 of that Court's Rules of Civil Procedure, ~~and~~ that LMY colluded with the court reporter and the judge to deny her access to a transcript in a second case, and that Attorney Morris was improperly replaced as Del-One's counsel. None of these so-called "facts" fit within the violations of criminal law identified in 18 U.S.C. §1961, so they cannot be considered "predicate acts" that would enable the Plaintiff to establish a pattern of racketeering activity necessary to state a RICO claim.

Furthermore, even though obstruction of justice under 18 U.S.C. §1503 can be pled to establish a pattern of racketeering activity, the Plaintiff has not sufficiently alleged violations of this section against LMY because her claims are based upon events that occurred in state court, and the plain language of §1503 applies only to intimidating or tampering with "any grand or petit juror, or officer in or of any court of the United States." This language is a bright-line rule;

---

or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) an act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B)[.]"

which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have committed any of the acts governed by the statute.

Finally, no private cause of action exists under 18 U.S.C. § 1513 (*Rojas v. Debevoise & Plimpton*, 1994 U.S. Dist. LEXIS 9382 (S.D.N.Y. 1994)). This statute governs retaliations against witnesses, victims and informants for testimony or similar assistance given in "official proceedings". *18 U.S.C. § 1513.* Specifically, it governs persons who kill or attempt to kill a witness, victim or informant (*§ 1513(a)*); and persons who knowingly engage in any conduct and thereby cause bodily injury to a witness, victim or informant or damages the tangible property of a witness, victim or informant (*§ 1513(b)*). Again, Plaintiff has alleged nothing of the sort and again, even if the Court were to recognize a cause of action under the statute, which it should not, it would still be faced with a Complaint that fails to allege any set of facts upon which LMY could be found to have committed any of the acts governed by the statute.

### 4.   Potential Action under 42 U.S.C. § 1983.

Even if, under the generous pleading guidelines afforded *pro se* plaintiffs, the Court would consider the Complaint as having attempted to state a claim under 42 U.S.C. § 1983, such a claim would ultimately fail. Plaintiff here has not alleged any direct, supervisory, or responsible relationship whereby the acts of LMY in defending Del-One in ~~two~~ each of the three cases upon which Plaintiff bases her Complaint can be found to be actions taken "under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has alleged, in the most general terms, that LMY acted improperly in representing Del-One in first two cases she cites in her Complaint. Actions taken by LMY in furtherance of such representation are not actions taken under the color of state law. *See Polk v. Dodson*, 454 U.S. 312, 318 (1981)(A lawyer

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,                          :
                                      :
            Plaintiff,                :
                                      :
      v.                              :        C. A. No. 08-295 GMS
                                      :
LIGUORI, MORRIS & YIENGST,            :
                                      :
            Defendant.                :

---

### CERTIFICATE OF SERVICE

---

I, **Norman H. Brooks, Jr.,** hereby certify that on <u>July 9, 2008,</u> I electronically filed an **Entry of Special Appearance** with the Clerk of Court using CM/ECF.  I have served via first class mail two copies of foregoing to the Pro Se Plaintiff:

    Ms. Ninah Shahin
    103 Shinnecock Road
    Dover, DE  19904

                                   Norman H. Brooks, Jr., Esquire (2568)
                                   Marks, O'Neill, O'Brien & Courtney, P.C.
                                   913 North Market Street, #800
                                   Wilmington, DE 19801
                                   (302) 658-6538
                                   *Attorney for Defendant Liguori, Morris*
                                   *& Yiengst*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 08-295 GMS |
| | : | |
| LIGUORI, MORRIS & YIENGST, | : | |
| | : | |
| Defendant. | : | |

---

### CERTIFICATE OF SERVICE

---

I, **Theodore J. Segletes, III**, hereby certify that on this **15th day of August, 2008**, I caused to be electronically filed with the Clerk of the Court a true and correct copy of the foregoing letter to Chief Judge Gregory M. Sleet relating to Plaintiff's Motion for Sanctions using CM/ECF, which will send notification to all counsel of record that such filing is available for viewing and downloading.

I further certify that on this **15th day of August, 2008**, I caused a true and correct copy of the foregoing letter to Chief Judge Gregory M. Sleet relating to Plaintiff's Motion for Sanctions to be served upon the Plaintiff via First Class Mail at the following address:

Ms. Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MARKS, O'NEILL,**
**O'BRIEN & COURTNEY, P.C.**

_/s/ Theodore J. Segletes, III_
Theodore J. Segletes, III, Esq. (# 4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
tsegletes@mooclaw.com

{DE114900.1}

# EXHIBIT B

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
ATTORNEYS AT LAW

www.mooclaw.com

*DELAWARE OFFICE*
*Suite 800*
*913 N. Market Street*
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

*Norman H. Brooks, Jr.*
Member DE Bar
nbrooks@mooclaw.com

August 15, 2008

*Via First Class Mail*

Ms. Nina Shahin
103 Shinnecock Road
Dover, DE 19904

Re:   **Shahin v. Liguori, Morris & Yiengst, et al.**
      **C. A. No. 08-295 GMS**
      **Our File No. 254-82175**

## Plaintiff's Motion for Sanctions

Dear Ms. Shahin:

Enclosed, please find my recent letter to Judge Sleet regarding your recently filed Motion for Sanctions. In it, I have included 3 substitute pages for Liguori, Morris & Yiengst's Opening Brief in support of its Motion to Dismiss your Complaint against it. Please know that the statement you identified as inaccurate in your Motion was inadvertent and not intended to mislead the Court in any inappropriate way. With these substitute pages, it is my hope that you are satisfied that the factual statements in the Opening Brief are now corrected.

In your motion, you also indicate that you were not made aware that the attorneys of Marks, O'Neill, O'Brien & Courtney entered their appearance on behalf of Liguori, Morris & Yiengst until you filed your Opposition to the Judicial Defendants' Motion to Dismiss. As noted on the enclosed certificate of service, (attached as exhibit 2 to my letter to the Court) copies of the Entry of Appearance were mailed to you on July 9, 2008. These were never returned as undeliverable and my subsequent mailings clearly arrived without incident. I can't explain to why you would not have received the mailing, but do not believe it prejudiced you as you obviously received the Motion. Please let me know if you disagree.

Finally, as I am sure you are aware, the other attorneys in this matter have analyzed the *Bivins* case, 403 U.S. 388 (1999), that you note in your Motion and your Answering brief in Opposition to our Motion to Dismiss. It seems clear that this case stands for the proposition that a federal court may imply a civil cause of action to address injuries resulting from constitutional violations by federal officers. I agree with this analysis and do not believe it offers you a civil cause of action. As such, it was not addressed in the Opening Brief.

{DE114905.1}

| Philadelphia Pennsylvania | Pennsauken New Jersey | New York City New York | Pittsburgh Pennsylvania | Towson Maryland | Doylestown Pennsylvania | Elmsford New York |
|---|---|---|---|---|---|---|

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
August 15, 2008
Page 2 of 2

I hope the above modifications and discussion will persuade you to voluntarily withdraw you motion for sanctions. Please contact me at your earliest convenience should you wish to discuss this possibility any further. Should you persist in pursuing this motion, we intend to file an answering brief within the time currently allowed for the same, and will seek its denial and such other relief as the Court deems appropriate.

Thank you for your attention to this.

Sincerely,

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**

By: _____
        Norman H. Brooks, Jr.
        Theodore J. Segletes, III

Enclosure:    Letter to Judge Sleet re: Plaintiff's Motion for Sanctions w/ Exhibits
                    1) Substitute Pages 5, 9, and 12 to LMY's Opening Brief
                    2) Certificate of Service re: Entries of Appearances of counsel for LMY

TJS/hdm

{DE114905.1}

EXHIBIT C

*NINA SHAHIN, CPA, MAS, MST*
*103 SHINNECOCK RD. DOVER, DE 19904*
*Tel. (302) 678-1805*
*Fax (302) 678-0219*
**E-mail: nshahin@comcast.net**

---

**August 26, 2008**

**The Honorable Gregory M. Sleet, Chief Judge**
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 19
Wilmington, DE 19801

cc:    **Norman H. Brooks, Jr.**
       Marks, O'Neal, O'Brian & Courtney, P.C.
       913 North Market St., Suite 800
       Wilmington, DE 19801

       **Theodore John Segletes, III**
       Marks, O'Neal, O'Brian & Courtney, P.C.
       913 North Market St., Suite 800
       Wilmington, DE 19801

       **Kevin R. Slattery**
       Deputy Attorney General
       Carvel State Office Building
       829 North French Street/ 6th Floor
       Wilmington, DE 19801

       **Richard H. Morse**
       Young Conaway Stargatt & Taylor LLP
       The Brandywine Building
       1000 West Street, 17th Floor
       Wilmington, DE 19899-0391

RE:    **Shahin v. Liguori, Morris & Yiengst, et al.**
       **C.A. No. 08-295-GMS**

**PLAINTIFF'S POSITION REGARDING *BIVENS***

Dear Chief Judge Sleet:

This letter is written in response to a verbal telephone request from attorney from the firm of Marks, O'Neal, O'Brian & Courtney, P.C. regarding the Plaintiff's change in position regarding case of *Bivens*.

The Plaintiff withdrew her Motion for Sanctions against the attorney from the Young, Conaway Stargatt and Taylor LLP on the basis of her mistake regarding interpretation of *Bivens*.

Plaintiff would like to extend the same position taken in any other communications with the Court in relation to all other attorneys. The previous position regarding *Bivens* was wrong and, therefore, should be considered as wrong in all other communications so that other attorneys need not dispute that position individually.

Again, the Plaintiff would like to offer her apologies to all the parties concerned.

Respectfully,

*N. Shahin*

**Nina Shahin, CPA, MAS, MST**

## CERTIFICATE OF SERVICE

I, **Theodore J. Segletes, III**, hereby certify that on this **29**[th] **day of August, 2008**, I

caused a true and correct copy of the foregoing **Response to the Motion for Sanctions** against

Norman H. Brooks, Jr. and Theodore J. Segletes, III to be served upon counsel of record via First

Class Mail at the following addresses:

| | |
|---|---|
| DAG Kevin R. Slattery, Esq | Richard H. Morse, Esquire |
| Delaware Department of Justice | Young, Conaway, Stargatt & Taylor, LLP |
| 820 N. French Street, 8th Floor | P.O. Box 391 |
| Carvel Office Building | Wilmington, DE 19899-0391 |
| Wilmington, DE 19801 | (302) 571-6600 |
| (302) 577-8500 | Email: rmorse@ycst.com |
| Email: kevin.slattery@state.de.us | *Attorneys for Defendant* |
| *Attorney for State Judicial Defendants* | *Young, Conaway, Stargatt & Taylor, LLP* |

I further certify that on this **29**[th] **day of August, 2008**, I caused a true and correct copy of

the **Response to the Motion for Sanctions** against Norman H. Brooks, Jr. and Theodore J.

Segletes, III to be served upon the Plaintiff via First Class Mail at the following address:

Ms. Nina Shahin
103 Shinnecock Road
Dover, DE 19904

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

　　　 */s/ Theodore J. Segletes, III*
Theodore J. Segletes, III, Esq. (# 4456)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
F: (302) 658-6537
tsegletes@mooclaw.com