IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 08-295-SLR | |
| | ) | |
| PAMELA A. DARLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

Kevin R. Slattery, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Pamela A. Darling, Merrill C. Trader, Rosemary Betts Beauregard, Robert B. Young, William L. Witham, Jack B. Jacobs, Carolyn Berger, Henry DuPont Ridgely, Linda Lavender, and Sheila A. Dougerty.

Norman H. Brooks, Jr. and Theodore John Segletes, III, Esquires, Markes, O'Neill, O'Brien & Courtney, Wilmington, Delaware.  Counsel for Defendant Liguori Morris & Yiengst.

Richard H. Morse, Esquire, Young Conaway Stargatt & Taylor, LLP Wilmington, Delaware.  Counsel for Defendant Young Conaway Stargatt & Taylor, LLP.

**MEMORANDUM OPINION**

Dated: March 31, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Nina Shahin ("plaintiff") filed this lawsuit on May 20, 2008, against members of the Delaware judiciary, two law firms, and two court reporters alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[1] obstruction of justice pursuant to 18 U.S.C. §§ 1506, 1512, and 1513, and civil rights violations pursuant to 18 U.S.C. §§ 241 and 242.  The complaint asserts jurisdiction pursuant to 18 U.S.C. § 1512(h).  Plaintiff appears pro se and has paid the filing fee. Now before the court are defendants' motions to dismiss and plaintiff's motions for sanctions.  (D.I. 22, 23, 25, 27, 34, 39, 52)  Judicial defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The law firms move for dismissal pursuant to Rule 12(b)(6).

## II. BACKGROUND

Plaintiff alleges her civil rights were violated on three different occasions, all violations related to, or stemming from, cases against Del-One Delaware Federal Credit Union filed in Delaware State Courts.  Plaintiff and her husband were the plaintiffs in the cases.  Two cases were filed in the Justice of the Peace Court of Kent County, Delaware, Nos. J0507004516 (referred to by plaintiff as the first case),[2] and

---

[1]The complaint does not state under which RICO statute plaintiff proceeds.  *See* 18 U.S.C. § 1961 *et seq.*

[2]The history of No. J0507004516 is as follows:  Filed on June 28, 2005, in the Kent County Justice of the Peace Court #16; appealed to the Kent County Court of Common Pleas, Case No. 05-09-0074 AP; appealed to the Delaware Superior Court, Case No. 06A-01-004; appealed to the Delaware Supreme Court, No. 472, 2006, and petition for writ of certiorari to the United States Supreme Court, No. 06-1334, denied May 21, 2007.

J0506073516 (referred to by plaintiff as the second case),[3] and the third case, No. 06C-10-027-RBY, (referred to by plaintiff as the third case)[4] was filed in the Superior Court of the State of Delaware in and for Kent County.  Of the two cases filed in the Justice of the Peace Court, in No. J0507004516, plaintiff ultimately petitioned the United States Supreme Court for a writ of certiorari, but it was denied; the other, No. J0506073516, is currently on appeal before the Superior Court.  The third case, No. 06C-10-027-RBY, was on appeal before the Delaware Supreme Court at the time plaintiff filed her complaint.[5]  Plaintiff did not prevail in any of the cases and alleges that she was denied a fair trial in every court in the State of Delaware when judges, attorneys, and court reporters acted in collusion to subvert her constitutional rights, and they committed obstruction of justice, fraud, and racketeering.  She seeks damages in the amount of nine million dollars.

Plaintiff alleges, generally, deprivation of her rights under the color of law; abuse of service of process; violation of the oath of office; violations of rules of judges' professional conduct; tampering with a witness, victim, or an informant; collusion; trespassing and treason; obstruction of justice; coercion; intimidation; conspiracy

---

[3]The history of No. J0506073516 is as follows:  Filed on April 24, 2005; appealed to the Kent County Court of Common Pleas, Case No. 05-10-0113 AP; appealed to the Delaware Superior Court, Case No. 07C-02-001 WLW.

[4]The history of No. 06C-10-027 RBY is as follows:  Filed on October 20, 2006 in the Kent County Superior Court; appealed to the Delaware Supreme Court, No. 93, 2007, and petition for writ of certiorari to the United States Supreme Court, No. 08-676, denied January 26, 2008.

[5]The Delaware Supreme Court issued its opinion on June 9, 2008.  *Shahin v. Del-One Del. Fed. Credit Union*, 950 A.2d 659, 2008 WL 2332951 (Del. 2008) (table decision).

against rights, violations of rules of professional conduct; and fraud.  The allegations
against each defendant are as follows:

**Magistrate Pamela A. Darling** ("Magistrate Darling"), Justice of the Peace
Court.  Magistrate Darling denied plaintiff service of process by failing to mail plaintiff a
copy of defendants' response in the case before Magistrate Darling, during a hearing
she denied plaintiff (and her husband) the right to question a witness plaintiff had
subpoenaed, denied plaintiff the right to present evidence and testimony, and ruled
against plaintiff.[6]  (D.I. 1, at 2)  In her response to judicial defendants' motion to dismiss,
plaintiff asserts Magistrate Darling violated the United States Constitution, 18 U.S.C. §§
242 and 246, as well as the Delaware Judges' Code of Judicial Conduct.[7]  (D.I. 29, at
26)

**Judge Merrill C. Trader** ("Judge Trader"), Court of Common Pleas of Kent
County.  Judge Trader presided during a hearing on a motion for summary judgment,
mocked and dismissed plaintiff's responses while allowing the false statements of
opposing counsel to "stand," and eventually ruled against plaintiff.  (D.I. 1, at 2)  On

---

[6]In the first Kent County Superior Court proceeding, the Shahins complained that
Magistrate Darling acted improperly because the Shahins were not served with the
answer to the complaint, but the court did receive an answer.  (D.I. 22, ex. A, n.14)  The
Shahins complained that Magistrate Darling should have taken the initiative and served
them with the answer.  (*Id.*)  The Superior Court stated, "[i]ronically, the Shahins'
arguments about the propriety of the proceedings in the Justice of the Peace Court
action contradict their wish for a de novo review and are inappropriate.  (*Id.* at 7)

[7]The complaint makes no mention of 18 U.S.C. § 246.  Moreover, there is no
private right of action under § 246, a criminal statute.  *Brett v. Aaronson*, Civ. No.
6:08CV556ORL-19KRS, 2008 WL 2704400 (M.D. Fla. July 8, 2008); *Burke v. APT
Found.*, 509 F. Supp. 2d 169 (D. Conn. 2007); *Dugar v. Coughlin*, 613 F. Supp. 849 n.1
(S.D.N.Y. 1985).

January 17, 2007, Judge Trader held a hearing on appeal in his chambers and had ex parte communications with defense counsel and Judge Beauregard, the presiding judge. (*Id.* at 3)  In her response to judicial defendants' motion to dismiss, plaintiff asserts Judge Trader violated the United States Constitution, 18 U.S.C. § 241 and § 1512(c)(1) as an accessory after the fact pursuant to 18 U.S.C. § 3, as well as the Delaware Judges' Code of Judicial Conduct.[8]  (D.I. 29, at 28)

**Judge Rosemary Betts Beauregard** ("Judge Beauregard"), Court of Common Pleas of Sussex County.  Judge Beauregard ruled in favor of defendants based upon facts never proven in court.  (D.I. 1, at 3)  In her response to judicial defendants' motion to dismiss, plaintiff asserts that Judge Beauregard violated the United States Constitution, 18 U.S.C. § 241 as a principal and as an accessory after the fact pursuant to 18 U.S.C. §§ 2 and 3, as well as 18 U.S.C. § 1512(c)(1) which is considered "racketeering activity" under 18 U.S.C. § 1961(1).[9]  (D.I. 29, at 34-35)

**Judge Robert B. Young** ("Judge Young"), Superior Court of Kent County.  Judge Young presided and falsified the Justice of the Peace Court's decision to a "completely opposite conclusion" and ruled against plaintiff.  (D.I. 1, at 2)  Judge Young was also assigned Case No. 06C-10-027 RBY.  While the case was on appeal before the Delaware Supreme Court, Judge Young entered a decision awarding attorneys' fees to defense counsel.  (*Id.* at 4)  Plaintiff alleges this was a "trespassing" decision because Judge Young had no jurisdiction over the case.  (*Id.*)  In her response to

---

[8]The complaint makes no mention of accessories after the fact as limned in 18 U.S.C. § 3.

[9]The complaint makes no mention of principals as limned in 18 U.S.C. § 2.

-4-

judicial defendants' motion to dismiss, plaintiff asserts that Judge Young violated 18 U.S.C. § 241 and § 1506 as a principal and an accessory after the fact pursuant to 18 U.S.C. §§ 2 and 3. (D.I. 29, at 30-31, 38) The motion also asserts that Judge Young violated 42 U.S.C. § 1985(2).[10] (*Id.* at 38)

**Judge William L. Witham** ("Judge Witham"), Superior Court of Kent County. Judge Witham is not mentioned in the body of the complaint. However, in her response to judicial defendants' motion to dismiss, plaintiff asserts that the charges against Judge Witham stem from an issue related to tampering with sworn testimonies by witnesses in the Court of Common Pleas and on appeal on the issue of access to tapes of court hearings. She asserts that Judge Witham committed the felony of obstruction of justice as an accessory after the fact pursuant to 18 U.S.C. § 3, violated 18 U.S.C. § 241, and the Rules of Professional Conduct. (D.I. 29, at 35-36)

**Justices Jack B. Jacobs** ("Justice Jacobs"), **Carolyn Berger** ("Justice Berger"), and **Henry DuPont Ridgely** ("Justice Ridgely"), Delaware Supreme Court. The Delaware Supreme Court justices affirmed the decision of the lower courts, thus "providing a cover up for violations in all courts." (D.I. 1, at 2) In her response to judicial defendants' motion to dismiss, plaintiff also asserts that Justices Jacobs, Berger, and Ridgely violated 18 U.S.C. § 241 as well as 42 U.S.C. § 1985(2). (D.I. 29 at 31-32, 38)

---

[10]The complaint makes no mention of 42 U.S.C. § 1985(2), a civil rights conspiracy statute through obstruction of justice and/or intimidation of a party, witness, or juror.

-5-

**Chief Justice Myron T. Steele** ("Chief Justice Steele"),[11] Delaware Supreme

Court.[12]  Chief Justice Steele is not mentioned in the body of the complaint.  It may be

that the allegations regarding the Delaware Supreme Court's dismissal of plaintiff's

complaints of alleged wrongful acts by Magistrate Darling and Judge Trader are

directed towards Chief Justice Steele.  (D.I. 1, at 2-3)  Plaintiff alleges that the dismissal

"provided another cover up for the constitutional violations of [her] rights and

professional dishonesty of judges." (*Id.* at 3)  In her response to judicial defendants'

motion to dismiss, plaintiff asserts Chief Justice Steele violated the United States

Constitution, 18 U.S.C. § 242 as an accessory after the fact pursuant to 18 U.S.C. § 3,

and the Delaware Judges' Code of Judicial Conduct.  (D.I. 29, at 29)

**The law firms of Liguori Morris & Yiengst** ("LMY") and **Young Conaway**

**Stargatt & Taylor, LLP** ("Young Conaway").  In Case No. 06C-10-027 RBY, Gregory

Morris ("Morris"), an attorney with LMY, was "substituted in violation" of Superior Court

Rule 90(b) by attorney Monte T. Squire ("Squire"), an attorney with Young Conaway.

(*Id.* at 4)  Young Conaway is "owned" by the brother of Judge Stuart B. Young, the

presiding judge.  Judge Stuart B. Young is not a party in this case.

Squire filed a motion for judgment on the pleadings without providing plaintiff

notice of the hearing.  (*Id.*)  The hearing either did not take place, or was held ex parte

between the presiding judge and defense counsel.  A decision was entered against

---

[11]Misspelled in the complaint as "Steel."

[12]Chief Justice Steele is the Chief Justice of the Delaware Supreme Court and, it
appears, also presides over Court on the Judiciary of the State of Delaware when there
are judiciary complaints.  (*See* D.I. 29, ex. 8.)

plaintiff as a result of collusion between the judge and defense counsel, while excluding plaintiff from the judicial process. In her response to Young Conaway's motion to dismiss, plaintiff asserts that, during her third lawsuit, Young Conaway violated her civil rights pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 3, as an accessory after the fact, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971), and 42 U.S.C. § 1985(2).[13] (D.I. 60, at 9, 16) In her response to LMY's motion to dismiss, plaintiff asserts that the basic charge is based upon the elements of felonies under 18 U.S.C. § 3 by attorney Morris as an accessory after the fact, and 18 U.S.C.§§ 241 and 242 for conspiracy against rights. (D.I. 35, at 3, 8) She also states that LMY's attorney covered up criminal activities that denied plaintiff her constitutional rights pursuant to 18 U.S.C. § 1506 and committed fraud and perjury pursuant to 18 U.S.C. § 1621(2) by filing an "inappropriate" motion for summary judgment.[14] (*Id.* at 8)

**Court reporter Linda Lavender** ("Lavender"), Court of Common Pleas. Lavender is not mentioned in the body of the complaint. However, it is alleged that the transcript of a hearing held on December 21, 2005, in the Kent County Court of Common Pleas was modified to change the nature of plaintiff's claims as well as the

---

[13]Plaintiff did not raise *Bivens* claims in her original complaint. She raises the claim in responses to defendants' motions to dismiss and Rule 11 motions filed against defendants claiming that defense counsel failed to disclose the applicability of *Bivens*. (D.I. 34, 35, 37, 39, 60) Plaintiff subsequently reversed her position on the *Bivens* claims, apologized to defense counsel, and appears to have withdrawn the *Bivens* claims. (D.I. 47)

[14]The complaint does not mention 18 U.S.C. § 1621(2). This criminal statute, which prescribes penalties for perjury committed in federal proceedings, does not provide plaintiff with a private cause of action. *Grajales v. Hutcheson*, Civ. No. 1:07-CV-1876, 2008 WL 4491939 (M.D. Pa. Sept. 30, 2008).

scope and character of the proceedings.[15]  (D.I. 2, at 2)  It is also alleged that the

transcript of a January 17, 2007 hearing in the Court of Common Pleas was falsified to

change the essence of witnesses' and plaintiff's testimonies, as well as attorneys'

closing words.[16]  (*Id.* at 3)  In her response to judicial defendants' motion to dismiss,

plaintiff asserts that Lavender obstructed justice in violation of 18 U.S.C. § 1512(c)(1)

which is considered "racketeering activity" under 18 U.S.C. § 1961(1).  (D.I. 29, at 39-

40)

**Chief court reporter Sheila A. Dougherty** ("Dougherty"), Kent County Superior

Court.  Dougherty is not mentioned in the body of the complaint.  However, it is alleged

that the transcript of a hearing held in the Superior Court on September 21, 2007 was

falsified to change the character, scope and nature of the hearing.[17]  In her response to

judicial defendants' motion to dismiss, plaintiff asserts that Dougherty's actions fall

---

[15]The Court of Common Pleas denied the Shahins' request to review the tape of
the December 21, 2005 hearing and submit corrections of the transcript errors.  (D.I.
22, ex. A)  The Shahins argued that the transcript contained mistakes, omissions, and
unauthorized additions.  (*Id.* at n.3)  The Shahins filed a similar motion in the Kent
County Superior Court and, it too, denied the request.  (*Id.* at 3)

[16]The Shahins filed a motion in the Court of Common Pleas to amend portions of
the record from a January 17, 2007 hearing and to obtain access to the audiotape of
the proceedings.  (D.I. 29, ex. 12)  The Shahins claimed there were errors in the
transcript.  The Court of Common Pleas denied the request and the Shahins appealed
to the Kent County Superior Court.  (D.I. 22, ex. E)  The Shahins argued that the
transcript amendments and audio tape would reveal ex parte communications and
violations on the rule of witnesses.  (*Id.* at 4)  The Superior Court found that the lower
court's decision was supported by sufficient evidence and denied their motion.  (*Id.* at 6)

[17]The hearing concerned the issue of the January 17, 2007 transcript.  (D.I. 22,
ex. E)

-8-

under the definition of 18 U.S.C. § 1512(c)(1) which is considered "racketeering activity" under 18 U.S.C. § 1961(1). (D.I. 29, at 40)

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring her claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Judicial defendants move for dismissal under Rule 12(b)(1) on the face of the complaint. (D.I. 22)

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).[18] The court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200

---

[18]"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

(2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 515 F.3d at 234 (quoting *Twombly*, 127 S.Ct. at 1965 n.3) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must

-10-

be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## IV. DISCUSSION

### A. Sur-Reply/Amendment

Plaintiff filed responses to the motions to dismiss and, in turn, the defendants filed their respective replies. Plaintiff then filed an amendment to her briefs in opposition to the defendants' replies wherein she states that after considering the defendants' responses and their correspondence she "would like to add [] criminal charges against Judge Young, Chief Justice Steele, Justice Jacobs, Justice Ridgely, and Young Conaway, as well as the Deputy Attorney General who represents the judicial defendants. (D.I. 40) Young Conaway and judicial defendants object and move to strike plaintiff's "amendment" as filed in derogation of D. Del. LR 7.1.2(b), which precludes the filing of "additional papers" after the filing of a moving party's reply. (D.I. 42, 43) Plaintiff responds that Fed. R. Civ P. 15 allowed her to file the amendment. (D.I. 48)

Initially, the court notes that plaintiff did not seek leave to file the sur-reply. Also, it appears her real intent is to amend the complaint. As will be discussed, for a variety of reasons, the complaint fails to state a claim upon which relief may be granted. Accordingly, the court will strike the "amendment" found at D.I. 40 as plaintiff did not seek leave to file a sur-reply and, if an amendment of the complaint is her true intent, said proposed amendments advance legally deficient claims and, thus, are futile.

Before discussing the pending motions, the court further notes that in her responses, plaintiff advances claims and theories not found in her complaint. More

-11-

particularly, she advances claims utilizing criminal statutes 18 U.S.C. §§ 2, 3, 146, and 1621, as well as 42 U.S.C. § 1985(2), a civil rights conspiracy statute. See n.7, 8, 9, 10, 13, supra. The mere mention of new theories in her responses to the motions to dismiss does not automatically add those new theories to her complaint; they must be advanced in the pleadings. Accordingly, they will not be considered by the court.

## B. Failure to State a Claim

The complaint alleges RICO violations pursuant to 18 U.S.C. §§ 241, 242, 1506, 1512, and 1513, and asserts jurisdiction pursuant to 18 U.S.C. § 1512(h). Judicial defendants move for dismissal on the grounds that all of the statutory provisions cited by plaintiff are criminal and, because none of them provide for a private right of action, plaintiff lacks standing and the complaint must be dismissed for failure to state a claim upon which relief may be granted. (D.I. 22, at 23) Plaintiff responds that she "filed her lawsuit under different sections of exclusively Title 18 of the United States Code that is entitled 'Crimes and Criminal Procedure'; some of them under chapter 73 'Obstruction of Justice', and some of them under chapter 13 'Civil Rights' and some of them under Chapter 96 'Racketeer Influenced and Corrupt Organization act'. Therefore, the entire legal argument . . . is completely irrelevant and inapplicable to the analysis." (D.I. 29, at 2-3) She states that the intentional, continuous, and systematic level of collusion and corruption reaches the level of criminal conspiracy, is an offense against the United States as defined in Title 18 of the United States Code. (Id. at 19) Plaintiff argues that "some of the actions of the judges, attorneys, and court reporters reach the level of obstruction of justice and racketeering activity as mentioned in 18 U.S.C. §§ 1512 and 1961. (Id.)

-12-

Young Conaway moves for dismissal on the grounds that plaintiff failed to state a cause of action under RICO, failed to state a claim for obstruction of justice under 18 U.S.C. §§ 1506, 1512, and 1513, and failed to state a civil rights claim under 18 U.S.C. §§ 241 and 242 because the statutes do not provide for private rights of action. It also argues that the allegations against it cannot support any cause of action. Plaintiff responds that the only claims raised against Young Conaway are abuse of service of process, conspiracy against rights, fraud, collusion, intimidation, and violations of Rules of Professional Conduct. (D.I. 60, at 1) She indicates that she does not raise a RICO claim or an obstruction of justice claim against Young Conaway, but raises a *Bivens* claim pursuant to 18 U.S.C. §§ 3 and 24.[19] Finally, plaintiff contends that res judicata and collateral estoppel are inapplicable to the present case. (*Id.* at 4-5)

LMY moves for dismissal on basically the same grounds as Young Conaway. (D.I. 27, 28) Plaintiff responds that the basic claims against LMY and its attorney are based upon 18 U.S.C. §§ 3 and 241 and *Bivens*.[20] (D.I. 35, at 3) She acknowledges that violations of the rules of civil procedure and professional conduct do not provide a basis for liability, but contends that they are evidence of collusion between judges and attorneys in the conspiracy against her. Once again, plaintiff contends that res judicata and collateral estoppel are inapplicable to the present case. (*Id.*)

---

[19]Plaintiff subsequently withdrew her *Bivens* claims. *See* n.12, *supra.*

[20]Plaintiff subsequently withdrew her *Bivens* claims. *See* n.12, *supra.*

-13-

## 1. RICO

Plaintiff raises RICO claims against the defendants Judge Beauregard, court reporters Lavender and Dougherty, and LMY.[21] It may be that she intended to raise RICO claims against other judicial defendants, but that is not apparent from either the complaint or plaintiff's responses to the motions to dismiss.

While primarily a criminal statute, one provision of RICO offers a private right of action, providing that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate court and shall recover threefold the damages he sustains and the cost of the suit." 18 U.S.C. § 1964(c). Inasmuch as plaintiff proceeds pro se and her complaint does not set forth under which RICO statute she proceeds, the court liberally construes her claims as brought under 18 U.S.C. § 1964(c) and § 1962(c) and (d) as its underlying violations.

"[A] plaintiff may sue under § 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiff's injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006). To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir.2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires "at least two

---

[21]As will be discussed, Judge Beauregard has absolute judicial immunity from suit.

-14-

acts" of conduct indictable under various enumerated federal criminal statutes.[22] *Id.;* 18 U.S.C. § 1961(1), (5).

LMY argues that the RICO claim must fail because plaintiff has not sufficiently pled two predicate acts. It argues that none of the allegations against it fit the violations of criminal acts as identified in 18 U.S.C. § 1961 and, hence, cannot be considered "predicate acts."[23]  Plaintiff responds that the racketeering activity consists of the falsification of transcripts in three hearings (i.e., conduct) by a number of related judges, the attorney, court reporters and the defendant's representative in the State civil case (i.e., the enterprise), during three hearings (i.e., a pattern), all pursuant to 18 U.S.C. § 1512 (i.e., racketeering activity) by LMY's attorney Morris who  concealed the fact of the felony by Judge Young in his filing with the Delaware Supreme Court.[24]  (D.I. 35, at 6, 10)

With regard to judicial defendants, plaintiff argues that violations that occurred during her second case (filed April 24, 2005) are clear indications of collusion that resulted in falsification of the transcript of the January 17, 2007 hearing and this qualifies as obstruction of justice pursuant to 18 U.S.C. § 1512(c)(1) and racketeering

[22]Racketeering activity" means . . . (B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant) . . . .  18 U.S.C. § 1961(1).

[23]LMY discuses 18 U.S.C. § 1503 in its motion to dismiss.  The statute is not mentioned in the complaint and plaintiff states that it does not apply to her case.  (D.I. 35, at 6)

[24]Plaintiff states that 18 U.S.C. § 1513 is irrelevant as to the claims against LMY's attorney Morris.  (D.I. 35, at 10)

-15-

activity pursuant to 18 U.S.C. § 1961(1). (D.I. 29, at 9-10) She also argues that racketeering activity took place when the Delaware Supreme Court denied her access to the tape of the January 17, 2007 hearing. (Id. at 12)

Plaintiff relies upon 18 U.S.C. § 1512 as the statute under which the predicate acts occurred.[25] The reach of the witness tampering statute, 18 U.S.C. § 1512, is limited to tampering that affects an official federal proceeding or investigation.[26] United States v. Bell, 113 F.3d 1345, 1348 (3d Cir. 1997). Plaintiff does not allege that any defendant hindered, delayed, or prevented the communication of information to any law enforcement official or federal judge relating to any federal offense. Because all acts as alleged by plaintiff took place in state court proceedings, the alleged conduct would not be indictable under § 1512 and, therefore, they are not predicate acts. Consequently, plaintiff may not rely on alleged violations of § 1512 as predicate acts to support her RICO claim.

Even assuming that plaintiff sufficiently alleged predicate acts by the defendants, she fails to allege a pattern of racketeering. To plead a pattern of racketeering activity, plaintiff must allege, not only that each defendant committed at least two acts of prohibited racketeering activity but also, that the predicate acts are related and that they

---

[25]In essence, § 1512 proscribes using physical force, threats, or persuasion to tamper with a witness in an "official proceeding" or to hinder, delay or prevent the communication to a law enforcement official or federal judge of information relating to the possible commission of a federal offense. See 18 U.S.C. § 1512.

[26]An "official proceeding" is defined as, "a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury." 18 U.S.C. § 1515(a)(1)(A).

amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240, (1989). "A short term scheme threatening no future criminal activity will not suffice." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991). Where the allegations of the complaint, taken as true, do not support the existence of either long-term criminal conduct or the threat thereof, dismissal is appropriate. *H.J. Inc.*, 492 U.S. at 242.

The allegations in the complaint cover three distinct time-frames, from June 28, 2005 when the first case was filed, through May 21, 2007 when the United States Supreme Court denied certiorari; from April 24, 2005 when the second case was filed, through September 21, 2007 when the case was appealed to the Superior Court; and from October 20, 2006 when the third case was filed through June 9, 2008 when the case was decided by the Delaware Supreme Court. Assuming the truth of the allegations against the defendants, as the court must, the defendants' actions do not pose a threat of future criminal activity since all activity ends at the termination of each civil case. Finally, as to any RICO conspiracy claims (assuming plaintiff raises such a claim), while a § 1962(d) conspiracy claim is not dependent upon successfully bringing a substantive claim under § 1962(c), any such claim fails because plaintiff cannot establish a pattern of racketeering activity due to lack of continuity. *See Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990).

For the above reasons, the court will dismiss the RICO claims for failure to state a claim upon which relief may be granted.

-17-

## 2. Criminal Statutes

As discussed below, plaintiff also purports to raise civil claims under criminal statutes. Notably, none of the criminal statutes upon which plaintiff relies authorize a private cause of action. Additionally, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

### a. 18 U.S.C. § 241 and 242

Plaintiff alleges that defendants' actions violated 18 U.S.C. §§ 241-242. These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark,* 810 F. Supp. 613, 615 (E.D. Pa. 1992); *See United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (Third Circuit declines to create civil remedy under 18 U.S.C. §§ 241 and 242). Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold,* 403 F. Supp. 172 (E.D. Pa. 1975). Moreover, it is apparent from the orders and reported decision entered in each of the three cases forming the basis of this lawsuit, that plaintiff was not deprived of her constitutional rights. Therefore, the court will grant the motions to dismiss these claims. *See McCauley v. Computer Aid, Inc.*, 447 F. Supp. 2d 469, 477 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 810, 813 (3d Cir. 2007) (not reported).

### b. 18 U.S.C. § 1506

Plaintiff also relies on criminal statute 18 U.S.C. § 1506, which provides the criminal penalties for theft or alteration of records or process or false bail in proceedings in any court of the United States. This statute was not intended to be used in civil litigation or as a basis for a private right of action. *Tani v. President/CEO, Salomon Bros. Realty Corp./Citigroup*, Civ. No. CCB-03-2566, 2005 WL 1334604 (D. Md. May 31, 2005); *see also Hamilton v. Reed*, 29 F. App'x. 202, 204 (6th Cir. 2002) (not reported). Therefore, the court will grant the motions to dismiss all claims raised under § 1506.

### c. 18 U.S.C. § 1512

The complaint refers to § 1512 which criminalizes tampering with a witness, victim, or an informant. Plaintiff, however, has no private cause of action for the alleged violation of 18 U.S.C. § 1512. *Joynes v. Meconi*, Civ. No. 05-332-GMS, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006); *see Baker v. City of Hollywood*, Civ. No. 08-60294-CIV, 2008 WL 2474665, at *9 (S.D. Fla. June 17, 2008); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997). Accordingly, the court will grant the motions to dismiss all claims raised under § 1512.

### d. 18 U.S.C. § 1513

Section 1513 is the criminal statute for retaliation against a witness, victim, or an informant. A private right of action is not recognized under this criminal statute. *See Walsh v. United States*, Civ. No. 05-CV-818, 2006 WL 1617273 (M.D. Pa. June 9,

-19-

2006). Therefore, the court will grant the motions to dismiss the § 1513 claims.

### 3. Rules of Professional Conduct/Rules of Civil Procedure

The complaint alleges that Young Conaway and LMY violated the Rules of Professional Conduct.[27] Plaintiff acknowledges that violations of the rules of civil procedure and professional conduct do not provide a basis for civil liability, but claims they are evidence of collusion between the judges and LMY's attorney in "their conspiracy against [plaintiff's] rights and 'accessory after the fact.'" (D.I. 35, at 3)

The Delaware Lawyers' Rules of Professional Conduct do not create a basis for civil liability. *Marino v. Richards Layton & Finger*, 160 F. App'x 268, 269 (3d Cir. 2005) (not reported); *see Brooks-McCollum v. Shareef*, Civ. No. 05C-12-198MMJ, 2006 WL 3587246 (Del. Super. Nov. 1, 2006) (The Delaware Lawyers' Rules of Professional Conduct should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. They are not designed to be a basis for civil liability.).

Although not addressed by Delaware courts, other state courts have determined that alleged violations of state rules of civil procedure do not create a basis for civil liability. *See Douglas v. Anson Fin., Inc.*, Civ. No. 2-05-283-CV, 2006 WL 820402 (Tex. Ct. App. Mar. 30, 2006) (failure to comply with Texas rules of civil procedure does not give rise to a private cause of action); *McShane v. Recordex Acquisition Corp.*, Civ. No. 01117 Feb. Term 2003, 070576, 2003 WL 22805233 (Pa. Ct. Com. Pl. Nov. 14, 2003)(court unaware of any private causes of action established for violations of

---

[27]Young Conaway construes the allegations as violations of the Delaware Superior Court Rules of Civil Procedure. (D.I. 24, at 10)

-20-

Pennsylvania rules of evidence or civil procedure). Similarly, the federal rules of civil procedure do not create a private cause of action. *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007); *see Good v. Khosrowshahi*, 296 F. App'x 676 (10th Cir. 2008) (not reported) (holding that Rule 5.2 of the Federal Rules of Civil Procedure did not create a private right of action); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005); *Rogers v. Furlow*, 729 F. Supp. 657, 660 (D. Minn.1989).

Based upon the foregoing, the court will grant the motions to dismiss to the extent that plaintiff raises claims for violations of rules of civil procedure and/or professional conduct, as they fail to state a claim upon which relief may be granted.

### 4. Conclusory Allegations

The complaint speculates that there were ex parte communications between Judge Young and Young Conaway's attorney and claims collusion resulted in the court's decision against plaintiff. It also contains conclusory statements of collusion and ex parte communications among LMY attorney Morris and numerous Delaware judges.

A court shall properly reject any "conclusory recitations of law" pled within the complaint. *Commonwealth of Pennsylvania v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988); *see Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss"); *see also Thorpe v. Newell*, Civ. No. 05-572-SLR, 2005 WL 2179779 (D. Del. Sept. 9, 2005) (Allegations of conspiracy that are vague, conclusory and present no overt acts must be dismissed).

-21-

Plaintiff's complaint is rife with conclusory allegations. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-1965 (internal citation and quotation marks omitted). The conclusory allegations are insufficient to state a claim and provide another basis for dismissal of the complaint.

### C. 42 U.S.C. § 1983/*Bivens* Claims

To the extent that plaintiff raises civil rights claims pursuant to 42 U.S.C. § 1983 and/or *Bivens*, said claims cannot lie.[28] To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law," a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

With regard to any potential § 1983 claim as to judicial defendants and the court reporters, said claims are barred by *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). The law firm defendants are not

---

[28]As mentioned numerous times, plaintiff withdrew her *Bivens* claims. *See* n.12, *supra*.

-22-

state actors, but rather law firms who represented a defendant in civil actions filed by plaintiff. Because the law firm defendants are not "clothed with the authority of state law," the § 1983 claims against them also fail. *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio,* 361 F.3d 206, 216-17 (3d Cir. 2004).

Additionally, judicial defendants contend that the Eleventh Amendment to the United States Constitution bars suit in federal court for relief against a State by a private citizen absent the State's consent or specific Congressional abrogation of the immunity. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44 (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Absent a waiver on the part of the state or a valid congressional override, state officials acting in their official capacities, may not be sued in federal court by private individuals. *See Bowers v. The Nat'l Coll. Athletic Ass'n,* 475 F.3d 524, 550 (3d Cir. 2007); *Garcia v. State Univ. of N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir. 2001). It is clear from the allegations in the complaint that judicial defendants were clearly acting in their official judicial capacities. Accordingly, the claims against judicial defendants are barred by the Eleventh Amendment.

For the above reasons, the court will grant the motions to dismiss the § 1983 and *Bivens* claims.

## D. Judicial Immunity

Judicial defendants move for dismissal on the grounds of absolute judicial immunity. Plaintiff argues that judicial defendants lost their absolute immunity because

-23-

of the "criminality of their actions." (D.I. 29, at 19)

Judicial immunity is immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "A judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see also Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194 (3d Cir. 2000) (noting the impropriety of § 1983 suits against a judge where a judge acts as an adjudicator). Judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Whether an act is judicial depends upon: (1) whether it is a function normally performed by a judge; and (2) the expectation of the parties (i.e., whether the parties dealt with the judge in his or her judicial capacity). *Stump*, 435 U.S. at 359; *see Mireles v. Waco*, 502 U.S. at 12-13 (whether an act is judicial depends on "the 'nature' and 'function' of the act, not the 'act' itself.") A judge's functions include determining the admissibility, reliability and relevance of evidence while presiding over a case, and making decisions on the case before him or her. *See Trueman v. City of Chichester,* Civ. No. 04-5085, 2005 WL 2644995, at *1 (E.D. Pa. Oct. 12, 2005), *aff'd*, 289 F. App'x 529 (3d Cir. 2008) (not reported).

-24-

Immunity applies if the judge is acting as part of an alleged conspiracy. *Dennis v. Sparks*, 449 U.S. 24 (1980). Even in cases where a plaintiff alleges that a judge took his or her actions as a result of a conspiracy between the judge and other lawyers in the case, the judge is still protected from suit by judicial immunity. *See Dennis v. Sparks*, 449 U.S. at 27 (affirming dismissal of conspiracy claims against judge based on doctrine of judicial immunity); *Serra v. Salus*, Civ. No. 00-4344, 2000 WL 1886572, at *5-*6 (E.D. Pa. Dec. 15, 2000) (dismissing conspiracy claims against judge on basis of judicial immunity); *Currier v. Borough of Norristown*, Civ. No. 94-4613, 1995 WL 455855, at *1 (E.D. Pa. July 28, 1995) (same); *Cohen v. Duane, Morris & Heckscher*, Civ. No. 89-4424, 1989 WL 114695, at *1 (E.D. Pa. Sept. 29, 1989) (same); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (immunity applies to conspiracy to violate civil rights claims).

The allegations in the complaint indicate that all judicial defendants were performing the normal functions of a judicial officer and had jurisdiction over the matters over which he or she presided. Plaintiff takes exception to the handling of her cases in state court and recites a litany of complaints.[29] It is apparent that plaintiff's real

---

[29]Plaintiff, while proceeding pro se and having been granted leave to proceed in forma pauperis, filed a complaint similar to this one, alleging that her constitutional rights were violated by the State of Delaware and its judiciary. *Shahin v. Delaware,* Civ No. 07-373-GMS (D. Del. Nov. 14. 2007). The complaint was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) on the basis that the State was immune from suit and that amendment was futile. The memorandum explained that while plaintiff had not named any members of the Delaware judiciary, any claims for monetary damages for actions undertaken in their judicial capacity would be absolutely barred by judicial immunity. Plaintiff appealed, and the United States Court of Appeals for the Third Circuit dismissed plaintiff's appeal of the dismissal order stating that there was "no arguable basis to challenge the District Court's ruling." *Shahin v. Delaware*, 271 F. App'x. 257, 258 (3d Cir. 2008) (not reported).

complaint is that judicial defendants did not rule in her favor. Rather than accept those
rulings, plaintiff opted to file suit against any member of the Delaware judiciary involved
in her cases. Despite her numerous allegations, the majority of which are conclusory, it
is obvious that the defendant judicial officers did not act outside the scope of their
judicial capacities, or in the absence of their jurisdiction. *Mireles*, 502 U.S. at 11. The
court concludes that defendants Magistrate Darling, Judge Trader, Judge Beauregard,
Judge Young, Judge Witham, Justice Jacobs, Justice Berger, Justice Ridgely, and
Chief Justice Steele are entitled to absolute judicial immunity. Therefore, the court will
grant judicial defendants' motion to dismiss on the basis of judicial immunity and will
dismiss all claims against judicial defendants.

### E. Quasi-Judicial Immunity

As previously noted, the body of the complaint does not mention court reporters
Lavender and Dougherty by name. The complaint alleges, however, that transcripts
were modified to change the nature of claims and the scope and character of
proceedings, and falsified to change the essence of witness' and plaintiffs' testimonies,
and attorneys' closing words. Presumably these allegations are directed towards
Lavender and Dougherty. In her response to judicial defendants' motion to dismiss,
plaintiff "charges" that Lavender, who prepared a December 21, 2005 transcript from
the first case and a January 17, 2007 transcript from the second case, modified the
transcripts and said acts amounted to obstruction of justice pursuant to 18 U.S.C.
1512(c)(1).[30]  (D.I. 29 at 39-40)  Plaintiff's response also "charges" that Dougherty, who

---

[30]The court has previously determined that there is no private cause of action
under 18 U.S.C. § 1512.

prepared a transcript of a September 21, 2007 hearing in the second case, under the same statute, 18 U.S.C. § 1512(c)(1), changed or rearranged the "entire material of proceedings." (Id. at 40)

In addition to their other grounds for dismissal, judicial defendants move for dismissal of the claims against court reporters Lavender and Dougherty on the basis that they are entitled to "quasi-judicial immunity." (D.I. 22, at 18) Judicial defendants argue that there are no allegations that Lavender and Dougherty were performing in any role other than their official capacities as court reporters. They point out that when plaintiff contested the accuracy of transcripts, the State Courts considered her objections and found them "groundless." (D.I. 22, ex. A, E) Plaintiff argues that court reporters are not shielded against criminal charges in tampering with testimonies or unauthorized modifications of court proceedings. (D.I. 29, at 2)

Initially the court notes that a plaintiff does not have a constitutional right to an error free transcript. See, e.g., Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993); Carpenter v. Vaughn, 296 F.3d 138, 155 (3d Cir. 2002). "[A] constitutional violation would occur only if the inaccuracies in the transcript adversely affected appellate review in the state courts. The threshold question, therefore, is . . . whether plaintiff has alleged deficiencies in the trial transcript substantial enough to call into question the validity of the appellate process in the state courts." Carpenter, supra, at 155 (quoting Tedford, supra, at 747).

While court reporters are not entitled to absolute judicial immunity simply by virtue of their position, Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993), quasi-

-27-

judicial immunity applies to court staff, such as clerks of judicial records and court reporters, who are acting in their official capacities. *Martin v. Kline*, 105 F. App'x 367 (3d Cir. 2004) (not reported); *see also Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 769 (3d Cir. 2000); *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971); *Davis v. Philadelphia County*, 195 F. Supp. 2d 686, 689 (E.D. Pa. 2002).

It is evident that Lavender and Dougherty were acting in their official capacities as court reporters. *See Martin v. Kline*, 105 F. App'x 367 (3d Cir. 2004) (not reported) (court reporter entitled to immunity in suit for alleged mishandling of court transcript). Accordingly, the court will grant judicial defendants' motion to dismiss the claims against court reporters Lavender and Dougherty as they are immune from suit.

## F. Rooker-Feldman Doctrine

Judicial defendants contend that plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.[31] They argue that the essence of plaintiff's claims is that judicial defendants in the Delaware Courts have ruled against her. Plaintiff did not respond to this portion of judicial defendants' motion to dismiss.

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Federal review of a state court's final decision lies only with

---

[31]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court sua sponte. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

-28-

the United States Supreme Court. *Id.* The Supreme Court has narrowed the *Rooker-Feldman* doctrine, emphasizing that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The United States Court of Appeals for the Third Circuit explains that the *Rooker-Feldman* doctrine is not applicable when a party complains of an injury "not caused by the state-court judgment but instead attributable to defendants' alleged . . . violations that preceded the state-court judgment." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006).

The *Rooker-Feldman* doctrine bars plaintiff's claims against Magistrate Darling, Judge Trader, Judge Beauregard, Judge Young, Judge Witham, Justice Jacobs, Justice Berger, Justice Ridgely, Chief Justice Steele, Lavender, and Dougherty. Plaintiff's claims, while raised as criminal claims and civil rights claims, are that during the state court proceedings she was precluded from questioning a witness, denied the right to present evidence, ruled against, and that defendants held ex parte hearings, covered up violations of the judiciary during her court cases, modified, changed or mishandled court transcripts, and generally denied her the right to a fair trial. Because a ruling that plaintiff's constitutional rights were violated based on rulings by the judiciary and actions by the court reporters would require this court to find that the state court judgments were erroneous, the *Rooker-Feldman* doctrine bars plaintiff's claims

-29-

against Magistrate Darling, Judge Trader, Judge Beauregard, Judge Young, Judge
Witham, Justice Jacobs, Justice Berger, Justice Ridgely, Chief Justice Steele,
Lavender, and Dougherty.[32]  *See Marran v. Marran,* 376 F.3d 143, 153 (3d Cir. 2004);
*accord Ludwig v. Berks County, PA,* No. 07-3765, 2008 WL 3328281 (3d Cir. Aug. 12,
2008), *cert. denied,* –U.S.–, 129 S.Ct. 951 (2009).

## G.  Res Judicata/Collateral Estoppel

Young Conaway moves for dismissal of plaintiff's claim regarding inadequate
notice of the January 19, 2007 hearing on the basis that it is barred by collateral
estoppel. In ruling on the issue, the Delaware Supreme Court stated that "[d]espite
[plaintiff's] contention to the contrary, the record reflects that [the] motion was properly
noticed on December 21, 2006 with a hearing date scheduled for January 19, 2007."
*Shahin v. Delaware Fed. Credit Union,* No. 93, 2007, 2008 WL 2332951, at *1 (Del.
June 9, 2008).

LMY argues that collateral estoppel and res judicata applied by the time plaintiff
filed her third case, Civ. No. 06A-01-004, and refers to rulings in the Delaware Superior
Court and Supreme Court. At the Superior Court level, an opinion issued stating that
plaintiff's claims were barred by the doctrine of res judicata and otherwise failed to state

---

[32]As to the second case that is currently pending before the Superior Court, there
may be  claims that fall under the *Younger* abstention doctrine. *Middlesex County
Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 437 (1982); *Greg v. Pagano,*
287 F. App'x 155 (3d Cir. 2008) (not reported). Under *Younger,* the court must abstain
where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs
that are judicial in nature, (2) the state proceedings implicate important state interests,
and (3) the state proceedings afford an adequate opportunity to raise the federal
claims." *Middlesex County,* 457 U.S. at 432; *Gwynedd Properties, Inc. v. Lower
Gwynedd Twp.,* 970 F.2d 1195, 1200 (3d Cir. 1992).

any legally cognizable claim for relief. *Shahin v. Delaware Fed. Credit Unit*, 950 A.2d 659, 2008 WL 2332951, at *1 (Del. 2008) (not published). Following the grant of summary judgment in the state court proceedings and appeal of the same, the court noted that plaintiff had previously raised issues regarding the propriety of proceedings in the Court of Common Pleas and the Justice of the Peace Court, and had complained there were transcript errors. *See Shahin v. Delaware Fed. Credit Union*, Civ. No. 06A-01-004, 2006 WL 2382831 (Del. Super. Aug. 3, 2006), *aff'd*, 918 A.2d 1171 (Del. 2007). The court also addressed plaintiff's claims of alleged constitutional violations and found her position meritless because the violation of which she complained (i.e., the lack of a de novo review of the Justice of the Peace Court decision) had been granted. *Id.* at *2.

Plaintiff responds that the case has attributes of fraud, collusion, and violations of constitutional rights and, therefore, res judicata and collateral estoppel are inapplicable. (D.I. 35, at 3; D.I. 60, at 2)

Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21 (3d Cir. 2007) (not reported). "Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)). "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should

-31-

be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Id.* at 392.

Collateral estoppel, also known as issue preclusion, refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21 (3d Cir. 2007) (not reported). Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting Restatement (Second) of Judgments § 27 (1982)).

Plaintiff is barred under the doctrines of res judicata and collateral estoppel to relitigate claims previously resolved in the Delaware state courts. *See Burlington N.R.R. Co. v. Hyundai Merch. Marine Co., Ltd.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995). Notably, the Delaware Superior Court determined that, by the time plaintiff filed her third case, many of her claims were barred by res judicata. To the extent plaintiff seeks to raise additional claims alleging constitutional violations that could have been raised in her previous actions, those claims are also barred. *See CoreStates Bank, N.A.*, 176 F.3d at 194. Accordingly, the court will grant the motions to dismiss on the issues of res judicata and collateral estoppel.

### H. Supplemental State Claims

Because the complaint fails to state a federal claim, the court declines to

-32-

exercise jurisdiction over any supplemental state law claims plaintiff raises.  28 U.S.C. §

1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. RECUSAL

Plaintiff expresses her "strong belief" that the former judge assigned to this case

should recuse himself from this case pursuant to 28 U.S.C. § 455(b)(1) because he

"denied the plaintiff the benefits of the Delaware Constitution in case 06-289-GMS," and

in "case 07-373-GMS . . . [he] dismissed the case."  (D.I. 29, at 41)  At the time plaintiff

requested recusal, the case was assigned to Chief District Court Judge Gregory M.

Sleet.  The case has since been reassigned to the undersigned.  Accordingly, the

request for recusal will be denied as moot.  The court will deny plaintiff's request for a

three-judge district court pursuant to 28 U.S.C. § 2284.

## VI. CONCLUSION

For the above reasons, the court will grant judicial defendants' motion to dismiss,

will grant Young Conaway's motion to dismiss, and will grant LMY's motion to dismiss.

(D.I. 22, 23, 27)  The court will decline to exercise jurisdiction over any supplemental

state claims.  Plaintiff's amendments in her brief will be stricken.  The court will deny as

moot the remaining pending motions.  (D.I. 25, 34, 39, 52)  Plaintiff's request for recusal

will be denied as moot and her request for a three-judge court pursuant to 28 U.S.C. §

2284 will be denied.  An appropriate order will be entered.

-33-